UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **VOICE OF THE EXPERIENCED,** a membership organization on behalf of itself and its members; **and MYRON SMITH, DAMARIS JACKSON, NATE WALKER and DARRIUS WILLIAMS,** on behalf of themselves and all others similarly situated, | * * * * * * * * | **CIVIL ACTION**<br><br>**NO.:  3:23-cv-1304-BAJ-EWD** |
| **VERSUS** | * * | |
| **JAMES LEBLANC,** in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections**; TIMOTHY HOOPER,** in his official capacity as Warden of Louisiana State Penitentiary; **MISTY STAGG**, in her official capacity as Director of Prison Enterprises, Inc.; the **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS;** and **PRISON ENTERPRISES, INC.** | * * * * * * * * * * * * * | **JUDGE BRIAN A. JACKSON**<br><br>**MAGISTRATE JUDGE**<br>**ERIN WILDER-DOOMES** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

# MEMORANDUM IN SUPPORT OF
# DEFENDANTS' RULE 12 MOTION TO DISMISS

**NOW INTO COURT,** through undersigned counsel, come Defendants herein, **JAMES LEBLANC,** in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections, **TIMOTHY HOOPER,** in his official capacity as Warden of Louisiana State Penitentiary, **MISTY STAGG,** in her official capacity as Director of Prison Enterprises, **LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS** and **PRISON ENTERPRISES** ("Defendants"), who file this memorandum in support of its Rule 12 motion to

1

dismiss. Plaintiffs fail to state a §1983 claim for violations of the Thirteenth Amendment. These claims are barred by *Heck v. Humphrey*[1] and *Edwards v. Vannoy*.[2]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs, Voice of the Experienced (VOTE), Myron Smith, Damaris Jackson, Nate Walker and Darrius Williams, Kevias Hicks, Joseph Guillory, Kendrick Stevenson and Alvin Williams, bring this purported class action lawsuit. Plaintiffs challenge the constitutionality of inmates working on the Farm Lines at the Louisiana State Penitentiary in Angola (Angola). Plaintiffs seek injunctive and declaratory relief only and bring the following claims:

- §1983 claims for alleged violations of the Eighth Amendment against LeBlanc, Hooper and Stagg in their Official Capacities
- Violations of the ADA and RA against DPS&C and Prison Enterprises
- §1983 claims for alleged violations of the Thirteenth Amendment against LeBlanc, Hooper and Stagg in their Official Capacities

Regarding the Thirteenth Amendment claims, Plaintiffs assert that inmates who were convicted by a non-unanimous jury were not duly convicted under the Thirteenth Amendment, citing *Ramos v. Louisiana*, 140 S.Ct. 1390 (2020). This claim fails to state a claim for relief because: (1) the claims are barred under *Heck v. Humphrey*; and (2) the United States Supreme Court held that *Ramos* does not apply retroactively.

On December 7, 2023, Defendants filed a Rule 12 motion to dismiss, seeking to dismiss the Thirteenth Amendment claims. R.Doc. 15. On December 7, 2023, Plaintiffs filed an unopposed motion to amend their complaint to add additional plaintiffs only. R.Doc. 16. On December 15, 2023, this Court granted the motion for leave to file an amended complaint and terminated Defendant's motion pursuant to Local Rule 12. R.Doc. 19. Defendants refile this motion to dismiss.

---

[1] *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).
[2] *Edwards v. Vannoy*, 141 S. Ct. 1547, 1551, 209 L. Ed. 2d 651 (2021).

## II. LAW AND ARGUMENT

### A. Rule 12(b)(6) Standard

To survive a motion to dismiss, a complaint must allege facts that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-56, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). This standard is satisfied only when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-81, 129 S. Ct. 1937, 1949-51, 173 L. Ed. 2d 868 (2009).

When the court assesses whether this standard is satisfied in the context of the allegations made in a case, "all well-pleaded facts are viewed in the light most favorable to the plaintiffs, but plaintiffs must allege *facts* that support the elements of the cause of action in order to make out a valid claim." *Bombet v. Donovan*, No. Civ. A. 13-118-SDD-SC, 2015 WL 65255, at *2 (M.D. La. Jan. 5, 2015) (emphasis added). The court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.*, citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Furthermore, "[a] complaint does not 'suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.*, citing *Wilson v. Kirby Corporation*, 2012 WL 1565415 (E.D. La. 5/1/12), *quoting Ashcroft, supra*, 556 U.S. at 677, 129 S.Ct. at 1949.

When, as here, a complaint fails to satisfy these standards, "this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007), *citing Twombly, supra*, 127 S.Ct. at 1966 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, at 234).

### B. Plaintiffs' Thirteenth Amendment Claims Must be Dismissed

The Thirteenth Amendment states:

Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the States, or any place subject to their jurisdiction.

It is well-settled that inmates may be required to work as a part of their sentence, and that such a requirement does not violate any prohibition against slavery contained in the Thirteenth Amendment. See *Ali v. Johnson*, 259 F.3d 317, 317 (5th Cir. 2001)("This appeal leads us to reiterate that inmates sentenced to incarceration cannot state a viable Thirteenth Amendment claim if the prison system requires them to work."). Further, the Fifth Circuit has continuously that the requirement that incarcerated prisoners work without pay does not constitute involuntary servitude in violation of the Thirteenth Amendment. *Wendt v. Lynaugh*, 841 F.2d 619, 620 (5th Cir.1988); *Watson v. Graves*, 909 F.2d 1549, 1552 (5th Cir. 1990).

Despite this well-settled law, Plaintiffs assert that some inmates are being subject to compulsory labor in violation of the Thirteenth Amendment. Plaintiffs assert that those inmates who were convicted by a non-unanimous jury were not "duly convicted" under the Thirteenth Amendment, citing to *Ramos v. Louisiana*, 140 S.Ct. 1390 (2020).

In *Ramos*, the Supreme Court held that a state jury must be unanimous to convict a criminal defendant of a serious offense, which repudiated the Court's 1972 decision in *Apodaca v. Oregon*, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184, which had allowed non-unanimous juries in state criminal trials. Following this ruling, both the Louisiana Supreme Court and the United States Supreme Court held that the new criminal procedural rule announced in *Ramos* does not apply retroactively. *Edwards v. Vannoy*, 141 S. Ct. 1547, 1551, 209 L. Ed. 2d 651 (2021); *State v. Reddick*, 2021-01893 (La. 10/21/22), 351 So. 3d 273, 274.

Now Plaintiffs assert that those inmates who were convicted by non-unanimous juries were not "duly convicted" under the Thirteenth Amendment and seek an injunction prohibiting DPS&C from requiring those inmates to work on the farm lines at Angola. Plaintiffs fail to state a claim for violations of the Thirteenth Amendment because (1) *Heck v. Humphrey* prohibits a prisoner's §1983 claim where any judgment would imply the invalidity of the underlying conviction; and (2) Plaintiffs' back door attempt to retroactively apply a change in criminal procedural rules are prohibited under *Edwards*.

1. **Plaintiffs' claims are barred by *Heck v. Humphrey***

In *Heck v. Humphrey,* the United States Supreme Court held that a prisoner's §1983 claim is not cognizable where "a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. 477 (1994). Before a court can entertain such a claim in a §1983 action, the individual must show that his conviction or sentence has been overturned or called into question in a separate proceeding, such as a habeas corpus proceeding. *Damond v. LeBlanc*, 552 F. App'x 353, 354 (5th Cir. 2014).

However, *Heck* is but one in a line of Supreme Court cases delineating the circumstances in which a prisoner may challenge his confinement in a §1983 action. In *Wilkinson v. Dotson*, the Supreme Court analyzed its precedent from *Preiser v. Rodriguez*,[3] *Wolff v. McDonnell*,[4] *Heck,* and *Edwards v. Balisok*[5] and noted that:

> "these cases, taken together, indicate that a state prisoner's §1983 action is barred (absent prior invalidation – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to a conviction or internal prison proceedings)—if success in that action would *necessarily demonstrate the invalidity of confinement or its duration*."[6]

---

[3] 411 U.S. 475 (1973).
[4] 418 U.S. 539 (1974)
[5] 520 U.S. 641 (1997).
[6] 544 U.S. 74, 81-82 (2005)(emphasis added).

Therefore, the starting point in the instant analysis is whether success on Plaintiffs' claims would necessarily demonstrate or imply the invalidity of their convictions.

Plaintiffs' entire theory under the Thirteenth Amendment claim is that those purported class members were not "duly convicted." In *Heck*, the Supreme Court expressly held that 1983 claims are "not appropriate vehicles for challenging the validity of outstanding criminal judgments" where the claims "necessarily require the plaintiff to prove the unlawfulness of his conviction." *Heck v. Humphrey*, 512 U.S. 477, 486. Plaintiffs allege the following:

> In violation of their Sixth and Fourteenth Amendment rights, see *Ramos*, 140 S.Ct. at 1394, VOTE members, Plaintiff Williams, and all NUJ subclass members were convicted by non-unanimous juries. As a result, they were not "duly" convicted for purposes of the Thirteenth Amendment. See *Wendt*, 841 F.2d at 620. Because they were not "duly" convicted, they are not within the category of persons excluded from the protection of the Thirteenth Amendment.[7]

A ruling in Plaintiffs' favor on this claim, i.e., a finding that they were not "duly convicted," would necessarily imply the invalidity of their convictions. This is exactly the type of claim that is prohibited by *Heck* and its progeny.

Plaintiffs' statements in their complaint that they do not seek to challenge any individual's conviction on federal collateral review is insufficient to overcome *Heck*. "*Heck* requires the district court to consider 'whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (citation omitted). Under this analysis, Plaintiffs' Thirteenth Amendment claims are barred by *Heck*.

---

[7] R.Doc. 21, para. 202.

## 2. The *Ramos* ruing does not apply retroactively

It is well settled that the *Ramos* decision holding that a state jury must be unanimous to convict a criminal defendant of a serious offense: (1) was a pronouncement of a new criminal procedural rule; and (2) does not apply retroactively. See *Edwards v. Vannoy*, 141 S. Ct. 1547, 1551, 209 L. Ed. 2d 651 (2021). While Plaintiffs assert that they do not seek a retroactive application of *Ramos*, that is in fact exactly what they seek. Plaintiffs' entire claim is premised on a finding that those who were not convicted by a unanimous jury were not "duly convicted" for the purposes of the Thirteenth Amendment. This claim necessarily includes a retroactive application of the *Ramos* decision. *Edwards* precludes such a finding. As such, the Thirteenth Amendment claims must be dismissed.

## III. CONCLUSION

Plaintiffs fail to state a claim for relief under the Thirteenth Amendment. These claims are barred under *Heck* because a ruling in Plaintiffs' favor, that they were not "duly convicted," would necessarily imply the invalidity of their convictions. In addition, Plaintiff's attempt to retroactively apply a new rule of criminal procedure has been rejected by the Supreme Court. As such, these claims should be dismissed.

*(Signatures on Following Page)*

Respectfully submitted,

**JEFF LANDRY**
**Attorney General**

By:   s/Andrew Blanchfield
Andrew Blanchfield, T.A. (#16812)
Email: ablanchfield@keoghcox.com
C. Reynolds LeBlanc (#33937)
Email: rleblanc@keoghcox.com
Chelsea A. Payne (#35952)
Email: cpayne@keoghcox.com
Special Assistant Attorneys General
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Facsimile: (225) 343-9612

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, and a copy of the above and foregoing was this day forwarded by the Court's ECF Delivery System to all counsel of record.

Baton Rouge, Louisiana, this 28th day of December, 2023.

   s/Andrew Blanchfield
   Andrew Blanchfield