UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VOICE OF THE EXPERIENCED, A
MEMBERSHIP ORGANIZATION
ON BEHALF OF ITSELF AND ITS
MEMBERS, ET AL.

CIVIL ACTION

VERSUS

JAMES LEBLANC, ET AL.

NO. 23-01304-BAJ-EWD

## RULING AND ORDER

This action challenges the conditions of the forced agricultural labor presently conducted at the Louisiana State Penitentiary in Tunica, Louisiana, otherwise known as "Angola." (Doc. 21). More specifically, Plaintiffs object to the adequacy of certain heat-related procedures adopted by Angola for those incarcerated persons forced to work on the "Farm Line," (*id.*)., a specific agricultural program at Angola in which prisoners are allegedly compelled to perform arduous, non-productive physical labor. (Doc. 37-1 at p. 8). Count Three of Plaintiffs' Complaint alleges that Defendants have violated and continue to violate the Thirteenth Amendment by compelling certain Plaintiffs, and those similarly situated, into forced agricultural labor when those persons were not "duly convicted" by a unanimous jury. (Doc. 21 at pp. 48-49). Before the Court is Defendants' **Rule 12 Motion To Dismiss (Doc. 22)**, which argues that Plaintiffs' claims under the Thirteenth Amendment are barred under both *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Vannoy*, 593 U.S. 255 (2021). The Motion is opposed. (Doc. 33). For written reasons herein, Defendant's Motion will be **GRANTED**.

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When conducting its inquiry, the Court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (*citing Twombly*, 550 U.S. at 556).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).

The Thirteenth Amendment states that "[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII. Defendants do not contest that Plaintiffs are being placed into involuntary servitude, and instead assert that because Plaintiffs

2

were duly convicted, forcing them to serve on the Farm Line does not violate the Thirteenth Amendment. (Doc. 22-1 at p. 4 (citing *Ali v. Johnson*, 259 F.3d 317, 317 (5th Cir. 2001)).

Plaintiffs come to the opposite conclusion, and argue that, because convictions by non-unanimous juries are not ones in which the accused were "duly convicted," Defendants compulsion of certain Plaintiffs and those similarly situated to involuntary servitude violates the Constitution. (Doc. 33 at p. 12 (citing *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020) (holding that convictions by non-unanimous juries are unconstitutional)).[1] Despite reaching this conclusion, Plaintiffs assert that they are not challenging the validity of their convictions or seeking "immediate or speedier release" such that their exclusive remedy is a federal habeas petition, *Heck*, 512 U.S. at 481-482. Plaintiffs further argue that the Thirteenth Amendment claim is not an attempt to negate any element of the underlying criminal offenses of which those certain Plaintiffs were convicted, and that holding those certain Plaintiffs to be unduly convicted for purposes of the Thirteenth Amendment does not create "any implication about the invalidity of the plaintiffs' convictions or the length of their sentences." (Doc. 33 at p. 7).

Plaintiffs thereby ask the Court to arrive at a paradoxical conclusion and hold that while Plaintiffs' convictions and accompanying sentences are legally valid, those same convictions are not constitutionally sufficient for purposes of the Thirteenth Amendment. Despite the Court recognizing the frustrations of those persons

---

[1] *But see Edwards*, 593 U.S. 255 (2021) (holding that the non-unanimous jury rule announced in *Ramos* does not apply retroactively)).

convicted by non-unanimous juries, the Court is constrained to the dutiful application of established case law. In this case, direction from the Supreme Court and the U.S. Court of Appeals for the Fifth Circuit unequivocally points to Plaintiffs' claims being foreclosed as a matter of law.

Plaintiffs are unsuccessful in their attempt to avoid the "favorable termination rule" established in *Heck*. The argument Plaintiffs present, if accepted, necessarily results in the conclusion that the convictions for those persons convicted by non-unanimous juries were invalid. It is axiomatic that a person who was not duly convicted may not be subjected to incarceration, and Plaintiffs do not offer any plausible explanation as to how a conviction could be unconstitutional for purposes of only the Thirteenth Amendment. Plaintiffs are therefore foreclosed from bringing such claims in a 42 U.S.C § 1983 context, as they attempt to do here, absent a reversal on direct appeal, expungement by executive order, a declaration of invalidity by a state tribunal, or a federal court's issuance of a writ of habeas corpus. *See Smith v. Hood*, 900 F.3d 180, 185 (5th Cir. 2018). There is nothing conceptually distinct between Plaintiffs' claims and their related convictions and sentences, and, despite Plaintiffs' assertions to the contrary, the claims brought by Plaintiffs are "necessarily inconsistent" with their underlying convictions. *See id.* Because Plaintiffs have not satisfied the "favorable determination rule," their Thirteenth Amendment claims are barred. *See id.* Plaintiffs' other claims remain viable, and will be addressed in due course.

Accordingly,

**IT IS ORDERED** that Defendants' **Rule 12 Motion To Dismiss (Doc. 22)** be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Thirteenth Amendment claims be and are hereby **DISMISSED WITH PREJUDICE**.

Baton Rouge, Louisiana, this 5th day of June, 2024

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**