# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VOICE OF THE EXPERIENCED**, a membership organization on behalf of itself and its members; and **MYRON SMITH, DAMARIS JACKSON, NATE WALKER, DARRIUS WILLIAMS, KEVIAS HICKS, JOSEPH GUILLORY, KENDRICK STEVENSON,** and **ALVIN WILLIAMS,** on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**JAMES LEBLANC**, in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections; **TIMOTHY HOOPER**, in his official capacity as Warden of Louisiana State Penitentiary; **MISTY STAGG**, in her official capacity as Director of Prison Enterprises, Inc.; the **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS**; and **PRISON ENTERPRISES, INC.**<br><br>*Defendants*. | Civil Action No.: 3:23-cv-1304-BAJ-EWD |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DOCUMENTS**

## TABLE OF CONTENTS

Table of Authorities ................................................................................................................... ii
Background ............................................................................................................................... 1
Argument ................................................................................................................................... 5
Conclusion ................................................................................................................................. 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Autery* v. *SmithKline Beecham Corp.*,
   2010 WL 1489968 (W.D. La. Aug. 4, 2011) ................................................................. 5

*BASF Corp.* v. *Man Diesel & Turbo N. Am.*,
   Inc., 2014 WL 2876163, at *5 (M.D. La. June 24, 2014) ............................................... 6

*Brown* v. *Barnes & Noble, Inc.*,
   474 F. Supp. 3d 637 (S.D.N.Y. 2019) ............................................................................ 6

*Collins* v. *Geovera Specialty Ins. Co.*,
   2024 WL 1774002 (M.D. La. Apr. 24, 2024) ................................................................ 5

*Heller Healthcare Fin., Inc.* v. *Boyes*, No. Civ. A. 300CV1335D, 2002 WL
   1558337 (N.D. Tex. July 15, 2002) ............................................................................... 8

*Martin* v. *Fidelity National Title Ins. Co.*, 2011 WL 3349843, (E.D. La. Aug. 3,
   2011) .............................................................................................................................. 8

*Murray* v. *LeBlanc*,
   2023 WL 2028927 (M.D. La. Feb. 15, 2023) ............................................................ 6, 7

*Pan Am. Life Ins. Co.* v. *Louisiana Acquisitions Corp.*, 2017 WL 11700035
   (E.D. La. July 31, 2017) ................................................................................................ 8

*Scott* v. *Mobilelink Louisiana, LLC*,
   2022 WL 3009111 (M.D. La. July 28, 2022) ................................................................ 5

*United States* v. *Simon*,
   2022 WL 3051005 (M.D. La. Aug. 2, 2022) ................................................................. 7

*Steel* v. *ARI Mut. Ins. Co*,
   2015 WL 4429258 (E.D. La. July 20, 2015) ................................................................. 8

*White* v. *State Farm Mut. Auto. Ins. Co.*,
   2011 WL 3423388 (M.D. La. Aug. 4, 2011) ................................................................. 5

**Statutes**

Americans with Disabilities Act Amendment ..................................................................... 1, 2, 7

Rehabilitation Act of 1973 Section 504 .................................................................................. 1, 7

**Other Authorities**

Federal Rules of Civil Procedure Rule 26 ................................................................................1, 2

Federal Rules of Civil Procedure Rule 34 ............................................................................2, 5, 6

Rule 37 ..........................................................................................................................................1, 5

Plaintiffs, on behalf of themselves and those similarly situated, respectfully submit this memorandum of law in support of their motion, brought pursuant to Federal Rule of Civil Procedure 37(a), for an immediate conference and an order compelling Defendants' timely production of electronically stored information ("ESI") and further granting Plaintiffs permission to reopen any depositions for which Defendants failed to produce ESI from the deponent at cost to Defendants and within the existing discovery window.

## BACKGROUND

Plaintiffs initiated this action by filing a class action complaint (ECF No. 1 (the "Complaint")) on September 16, 2023, which they subsequently amended (ECF No. 21 (the "Amended Complaint")) on December 15, 2023. In both the Complaint and Amended Complaint, Plaintiffs asserted causes of action under the Eighth Amendment, the Thirteenth Amendment, and Title II of the Americans with Disabilities Act (the "ADA") and Section 504 of the Rehabilitation Act of 1973 ("Section 504").

On January 11, 2024, Defendants served disclosures (the "Initial Disclosures") pursuant to Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure (the "Rules") in which they named Ashli Oliveaux, ADA Coordinator for the Louisiana State Penitentiary, as a person who may have "discoverable information regarding policies, procedures, and practices related to accommodations for persons with disabilities." (Ex. 1.) Defendants' Initial Disclosures also identified Defendants Warden Timothy Hooper and Prison Enterprise Director Misty Stagg, each a named Defendant, as persons who may have relevant knowledge. (*Id.*) Despite Defendants so identifying these and other individuals, Defendants did not begin collecting these likely witnesses' ESI. (Ex. 2.)

On February 9, 2024, Plaintiffs served document requests (the "Document Requests") pursuant to Rules 26 and 34 calling for the production of, among other things, various ADA- and Section 504-related documents. For example, Plaintiffs requested:

- Documents[1] sufficient to show Your policies, procedures, rules, regulations, and practices, including drafts, concerning requests for accommodations pursuant to the ADA . . .

- All Documents concerning the approval or denial of, or responses to, Plaintiffs' requests for accommodations pursuant to the ADA.

- All Documents concerning the approval or denial of, or responses to, any Incarcerated Person's request for accommodations pursuant to the ADA in connection with an Agricultural Program work assignment.

(Benjamin Decl. ¶ 2; Ex. 4.)

On April 9, 2024, Defendants belatedly responded to Plaintiffs' Document Requests through written responses and objections that did not include any objection to Plaintiffs' reasonable request for the production of ESI, and with a document production that included only a few scanned emails. (Benjamin Decl. ¶ 3.)

On May 13, 2024, Plaintiffs filed a motion for a temporary restraining order and preliminary injunction (ECF No. 37 ("PI Motion")). In response, Defendants filed affidavits from, among others, Ms. Oliveaux, Ms. Stagg, Dr. Randy Lavespere, and Tommy Guilino. (ECF Nos. 46-14, 46-26, 46-36, 49-21.) Despite having submitted affidavits from these individuals to the Court, Defendants did not begin collecting their ESI. (Ex. 2.)

On June 18, 2024, the Court heard oral arguments on the PI Motion at which it reset discovery deadlines in this action, including setting a discovery cut-off of August 9. (ECF No. 65.) Counsel for Defendants stated that they would not be able to produce email data on that

---

[1] In the "Definitions" section of the Document Requests, Plaintiffs stated that "Document" means, among other things, "emails." (Benjamin Decl. ¶ 3 n.1.)

2

timeline. (*Id.* at 55.) The Court urged the parties and the general counsel for Defendant Louisiana Department of Corrections to work together to complete discovery on the timeline set by the Court. (*Id.* at 56.) Despite the expedited timeframe for discovery set by the Court and the specific discussion on the record concerning the production of ESI, Defendants still did not begin collecting the ESI of any of the named Defendants, any persons identified in the Initial Disclosures, any of the individuals who had submitted affidavits in support of Defendants' opposition to the PI Motion, or any of the other individuals identified in Defendants' documents and pleadings at this time. (Ex. 2.)

Also on June 19, Plaintiffs noticed the deposition of Ms. Oliveaux for July 23. (Benjamin Decl. ¶ 4.) On that same date, they noticed the depositions of seven other fact witnesses, including Warden Hooper, Dr. Lavespere, Mr. Guilino, and Ms. Stagg. (*Id.*) Defendants still did not begin collecting those individuals' ESI. (Ex. 2.)

Nearly two weeks later, on July 2, Defendants informed Plaintiffs that the only date Ms. Oliveaux would be available for deposition was on July 12, just ten days later, stating that Ms. Oliveaux could not sit for a deposition on any other date as she will be on leave beginning July 16. (Ex. 3.) On July 2, Defendants also proposed deposition dates for Huey Pidgeon and Mr. Guilino (July 15); Warden Hooper and Samantha Lanus (July 26); and Dr. Lavespere and Ms. Stagg (July 29).[2] (*Id.*)

Meanwhile, on June 21, at Defendants' request, Plaintiffs provided a proposed list of ESI custodians and search terms. (Benjamin Decl. ¶ 5.)

---

[2] Also on July 2, Plaintiffs served Defendant with a Rule 30(b)(6) deposition notice, which noticed the deposition for August 5. As of the date of this filing, Defendants have not identified the witnesses who will address the topics in that notice, nor have they responded to Plaintiffs' request that this deposition take place on August 5. (Benjamin Decl. ¶ 6.)

3

On July 9, with Ms. Oliveaux's, Mr. Pidgeon's, and Mr. Guilino's depositions just days away and having still not received ESI from Defendants, Plaintiffs requested a status update on Defendants' ESI search. (Ex. 2.) Plaintiffs noted that depositions are about to commence and reserved the right to call back any deponents whose depositions occur prior to Defendants' production of responsive ESI. (*Id.*) In response, Defendants for the first time informed Plaintiffs that, despite Defendants' having identified her as early as January as a person with potentially relevant information, Defendants had only requested Ms. Oliveaux's emails on or after June 21, had only received them on July 3, had not yet processed them such that search terms could be applied, and would not be prepared to review and produce her emails before her deposition. (*Id.*) Defendants maintained, however, that Ms. Oliveaux would not be available for deposition on any date other than July 12. (*Id.*)

On the same date, Defendants provided for the first time a search term "hit count" summary for six proposed custodians and asked Plaintiffs to narrow some of those terms. (*Id.*) Of the custodians included in the summary, only one, Mr. Pidgeon, was a custodian whose deposition had been noticed. Defendants informed Plaintiffs that the remaining deponents' emails "are in the process of being uploaded to their document review software" and then will need to be processed before search terms could be applied. (*Id.*)

On multiple occasions during the period described above, the parties have met and conferred concerning the production of ESI. At those meet and confers, Plaintiffs have repeatedly requested that Defendants produce relevant ESI. (Benjamin Decl. ¶ 7.)

Plaintiffs have accommodated numerous discovery-related requests from Defendants. Among other things, they have accommodated Defendants' late responses and objections to their discovery requests; they have accommodated Defendants' witnesses' schedules and have agreed

4

to hold multiple depositions on a single day to assist counsel; they have agreed to narrow search terms that Defendants considered too broad (even before Defendants reviewed responsive documents); and they have agreed to make themselves available to take and defend depositions on as little as eight days' informal notice. (Benjamin Decl. ¶ 8.)

## **ARGUMENT**

Defendants should be compelled to timely produce responsive ESI from each deponent, and plaintiffs should be permitted to reopen any deponent's deposition for which ESI was not timely produced at cost to defendants.

A party seeking discovery through a Rule 34 document request "may move to compel responses and for appropriate sanctions under Rule 37(a)(3)(B)" where an opposing party fails to produce responsive documents. *Collins* v. *Geovera Specialty Ins. Co.*, 2024 WL 1774002, at *1 (M.D. La. Apr. 24, 2024); Fed. R. Civ. P. 37(a)(3)(B).

Under Rule 34(a)(1), "[a] party may serve on any other party a request . . . to produce . . . any designated documents or electronically stored information" that are within the "party's possession, custody, or control." In response to a Rule 34 request, a party must "make a reasonable search of all sources reasonably likely to contain responsive documents." *White* v. *State Farm Mut. Auto. Ins. Co.*, 2011 WL 3423388 (M.D. La. Aug. 4, 2011) (citation omitted). In conducting that search, a party is "charged with knowledge of what its agents know or what is in records available to it." *Autery* v. *SmithKline Beecham Corp.*, 2010 WL 1489968 (W.D. La. Aug. 4, 2011).

It is well established that "ESI is very often responsive to requests for production. . . . [A] party resisting discovery of ESI based on undue burden, must make a specific showing that 'the information is not reasonably accessible because of undue burden or cost.'" *Scott* v. *Mobilelink Louisiana, LLC*, 2022 WL 3009111, at *5 (M.D. La. July 28, 2022) (citing Fed. R. Civ. P. 26(b)(2)(B)). Thus, Rule 34 requests for documents, are understood to "seek the production of

5

electronically stored information." *BASF Corp.* v. *Man Diesel & Turbo N. Am.*, Inc., 2014 WL 2876163, at *5 (M.D. La. June 24, 2014). Thus, "'a Rule 34 request for production of 'documents' should be understood to encompass, and the response should include, electronically stored information unless discovery in the action has clearly distinguished between electronically stored information and 'documents.'" *Id.* (quoting Fed. R. Civ. P. 34(a) 2006 Amendment advisory committee's note).

"To the extent the parties did not develop a comprehensive plan regarding how ESI would be handled in discovery, that does not excuse Defendants from failing to conduct a diligent search for responsive documents and ESI." *Murray* v. *LeBlanc*, 2023 WL 2028927, at *3 (M.D. La. Feb. 15, 2023). "'A producing party generally has an obligation to collect and review ESI pursuant to its own search protocol . . . and to provide the requesting party with the names of custodians whose ESI was searched, date ranges for the searches, and any search terms applied.'" *Id.* (quoting *Brown* v. *Barnes & Noble, Inc.*, 474 F. Supp. 3d 637, 646 n.5 (S.D.N.Y. 2019)). "Rather than insisting on weighing in on an ESI protocol before an ESI search is done, a requesting party may rely on a producing party to do its own search to expedite ESI production and the discovery process." *Brown*, 474 F. Supp. 3d 646 n.5.

Under these well established rules, Defendants had a clear obligation under the Rules to conduct a reasonable search for ESI from the individuals they knew were likely to have relevant emails and other ESI. A reasonable search would include, at a minimum, a search of the emails sent by or to any named Defendant, including Warden Hopper and Ms. Stagg; individuals who Defendants listed on their initial disclosures; including Warden Hooper, Ms. Oliveaux, and Ms. Stagg; and individuals who Defendants chose as affiants to support their opposition to Plaintiffs' PI Motion, including Ms. Oliveaux, Dr. Lavespere, and Mr. Guilino. Plaintiffs' failure

6

to begin collecting that data until June 21 or later, and inability to now timely produce responsive emails in advance of those witnesses' depositions, is prejudicial to Plaintiffs.

To the extent Defendants now object to the production of ESI in response to the Document Requests, such objection is without merit, *see Murray*, 2023 WL 2028927, at *3, and has been waived by virtue of its having not being timely raised, *see United States* v. *Simon*, 2022 WL 3051005, at *3 (M.D. La. Aug. 2, 2022) ("Where a party does not provide timely objections to . . . requests for production, they have waived their objections to these discovery requests.") (citing *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989)).

Defendants' failures with respect to Ms. Oliveaux are particularly prejudicial. Ms. Oliveaux appears to be responsible for ADA-related practices at Louisiana State Penitentiary and, therefore, is a key witness in connection with Plaintiffs' ADA and Section 504 claims. Yet nearly two weeks after Plaintiffs noticed Ms. Oliveaux's deposition, Defendants announced that she is available to sit for deposition on only a single day within the discovery window (only ten days after Defendants informed Plaintiffs of this development), and then, nearly another week after that, first informed Plaintiffs that her ESI still had not even been processed and would not be available for production in advance of that deposition date.

Defendants' discovery-related conduct is prejudicial to Plaintiffs with respect to other witnesses as well. Mr. Guilino's deposition is set to occur on July 15. It appears that Defendants will not have processed his ESI yet either. Minutes ago, Defendants produced over what appears to be 12,000 pages of materials, some portion of which may relate to Mr. Pidgeon, whose deposition is also scheduled on July 15. The depositions of Warden Hooper, Dr. Lavespere, and Ms. Stagg, are quickly approaching. Yet Defendants have not processed, reviewed, or produced

7

their ESI either. It is manifestly unfair to require Plaintiffs to depose these key witnesses without the discovery to which they are entitled being produced in a timely fashion.

Accordingly, Defendants should be compelled to produce ESI from each witness whose deposition has been duly noticed sufficiently in advance of those depositions to allow Plaintiffs to adequately prepare. Should Defendants not provide that ESI, Plaintiffs should be permitted to reopen any such deposition at cost to Defendants. With respect to Ms. Oliveaux, who Defendants claim will be unavailable to sit for deposition on any date after the production of her ESI, the Court should preclude her testimony at trial, or, at a minimum, allow Plaintiffs an opportunity to reopen her deposition outside the discovery window. *See Steel* v. A*RI Mut. Ins. Co*, 2015 WL 4429258, at \*4 (E.D. La. July 20, 2015) ("The appropriate sanction in this case is to preclude [the fact witness] from testifying at trial because plaintiff was not able to depose him."); *Pan Am. Life Ins. Co.* v. *Louisiana Acquisitions Corp*., 2017 WL 11700035, \*5 (E.D. La. July 31, 2017) ("Courts routinely re-open depositions when the original depositions were incomplete or when further information is discovered after a first deposition.") (citing *Martin* v. *Fidelity National Title Ins. Co.*, 2011 WL 3349843, \*1 (E.D. La. Aug. 3, 2011); *Heller Healthcare Fin., Inc.* v. *Boyes*, 2002 WL 1558337, at \*1 (N.D. Tex. July 15, 2002) (allowing second deposition after new, relevant documents were discovered after first deposition)).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request an immediate conference, and further request that the Court grant their motion to compel the production of deponents' ESI sufficiently in advance of their deposition to permit Plaintiffs time to prepare for those depositions and order Defendants to reopen at their own expense and within the discovery window, any deposition for which they failed to produce ESI.

8

Respectfully Submitted,
Dated: July 10, 2024

**THE PROMISE OF JUSTICE INITIATIVE**

*/s/ Lydia Wright*
Lydia Wright, La. Bar No. 37926
Samantha Bosalavage, La. Bar No. 39808
Claude-Michael Comeau, La. Bar No. 35454
1024 Elysian Fields Avenue
New Orleans, LA 70117
Tel: (504) 529-5955
lwright@defendla.org
sbosalavage@defendla.org
ccomeau@defendla.org

**RIGHTS BEHIND BARS**

*/s/ Oren Nimni*
Oren Nimni (PHV) MA Bar No. 691821
Amaris Montes (PHV) MD Bar No. 2112150205
416 Florida Avenue NW, Ste. 26152
Washington, D.C. 20001
Tel: (202) 455-4399
oren@rightsbehindbars.org
amaris@rightsbehindbars.org

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

*/s/ Joshua Hill Jr.*
Joshua Hill Jr. (PHV) NY Bar No. 4297826
Jeremy A. Benjamin (PHV) NY Bar No. 4770277
Arielle B. McTootle (PHV) NY Bar No. 5993217
Ricardo Sabater (PHV motion pending)
Leah R. Weiser (PHV) NY Bar No. 6027601
1285 Avenue of the Americas,
New York, NY 10019-6064
Tel: (212) 373-3000
jhill@paulweiss.com
jbenjamin@paulweiss.com
amctootle@paulweiss.com
lweiser@paulweiss.com

*Attorneys for Plaintiffs and the Proposed Classes*