IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VOICE OF THE EXPERIENCED**, a membership organization on behalf of itself and its members; and **MYRON SMITH, DAMARIS JACKSON, NATE WALKER, DARRIUS WILLIAMS, KEVIAS HICKS, JOSEPH GUILLORY, KENDRICK STEVENSON**, and **ALVIN WILLIAMS**, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**JAMES LEBLANC**, in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections; **TIMOTHY HOOPER**, in his official capacity as Warden of Louisiana State Penitentiary; **MISTY STAGG**, in her official capacity as Director of Prison Enterprises, Inc.; the **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS**; and **PRISON ENTERPRISES, INC.**<br><br>*Defendants*. | Civil Action No.: 3:23-cv-1304-BAJ-EWD |

### DECLARATION OF JEREMY A. BENJAMIN IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DOCUMENTS

I, Jeremy A. Benjamin declare as follows:

1. I am an attorney with the law firm Paul, Weiss, Rifkind, Wharton & Garrison LLP, which, alongside The Promise of Justice Initiative and Rights Behind Bars, are counsel to Voice of the Experienced, Myron Smith, Damaris Jackson, Nate Walker, Darrius Williams, Kevias Hicks, Joseph Guillory, Kendrick Stevenson, and Alvin Williams on behalf of themselves and those similarly situated (collectively, "Plaintiffs"). I submit this declaration is support of Plaintiffs' motion to compel.

2. On February 9, 2024, Plaintiffs served document requests calling for the production of, among other things, various ADA- and Section-related documents. For example, Plaintiffs requested:

- Documents[1] sufficient to show Your policies, procedures, rules, regulations, and practices, including drafts, concerning requests for accommodations pursuant to the ADA . . .

- All Documents concerning the approval or denial of, or responses to, Plaintiffs' requests for accommodations pursuant to the ADA.

- All Documents concerning the approval or denial of, or responses to, any Incarcerated Person's request for accommodations pursuant to the ADA in connection with an Agricultural Program work assignment.

3. On April 9, 2024, Defendants responded to Plaintiffs' Document Requests through written responses and objections that did not include any objection to Plaintiffs' reasonable request for the production of ESI, and with a document production that included only a few scanned emails.

4. On June 19, Plaintiffs noticed the deposition of Ms. Oliveaux for July 23. On that same date, they noticed the depositions of other fact witnesses, including Warden Hooper, Dr. Lavespere, Mr. Guilino, and Ms. Stagg.

5. On June 21, at Defendants' request, Plaintiffs provided a proposed list of custodians and search terms.

6. On July 2, Plaintiffs served Defendant with a Rule 30(b)(6) deposition notice, which noticed the deposition for August 5. As of the date of this filing, Defendants have not identified the witnesses who will address the topics in that notice, nor have they responded to Plaintiffs' request that this deposition take place on August 5.

---

[1] In the "Definitions" section of the Document Requests, Plaintiffs stated that "Document" means, among other things, "emails."

2

7. On multiple occasions during the period described above, the parties have met and conferred concerning the production of ESI. At those meet and confers, Plaintiffs have repeatedly requested that Defendants produce relevant ESI.

8. Plaintiffs have accommodated numerous discovery-related requests from Defendants. Among other things, Plaintiffs have accommodated Defendants' late responses and objections to their discovery requests; they have accommodated Defendants' witnesses' schedules and have agreed to hold multiple depositions to assist counsel; they have agreed to narrowing search terms that Defendants considered too broad before ever reviewing documents, and they have agreed to make themselves available for deposition on just eight days' informal notice.

9. Despite multiple meet and confers and numerous email exchanges, the parties have been unable to resolve their dispute.

10. Attached hereto as Exhibit 1 is a true and correct copy of Defendants Initial Disclosures dated January 11, 2024.

11. Attached hereto as Exhibit 2 is a true and correct copy of email chain between Chelsea Payne, counsel for Defendants, and myself, bearing the subject line "VOTE v. LeBlanc - ESI production" and dated July 9, 2024.

12. Attached hereto as Exhibit 3 is a true and correct copy of email chain between Chelsea Payne, counsel for Defendants, and myself, bearing the subject line "Vote" and dated July 2, 2024.

13. Attached as hereto as Exhibit 4 is a true and correct copy of Defendants' Response to Plaintiffs' First Set of Requests for Production of Documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 10, 2024.

Respectfully submitted,

By: _____
Jeremy A. Benjamin
Paul, Weiss, Rifkind, Wharton & Garrison LLP
NY Bar No. 4770277 (*admitted pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3502
Fax: (212) 492-0502
jbenjamin@paulweiss.com

*Counsel for Plaintiffs*