# Exhibit 1

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VOICE OF THE EXPERIENCED,** a membership organization on behalf of itself and its members; **and MYRON SMITH, DAMARIS JACKSON, NATE WALKER, DARRIUS WILLIAMS, KEVIAS HICKS, JOSEPH GUILLORY, KENDRICK STEVENSON,** and **ALVIN WILLIAMS,** on behalf of themselves and all others similarly situated,<br><br>**VERSUS**<br><br>**JAMES LEBLANC,** in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections**; TIMOTHY HOOPER,** in his official capacity as Warden of Louisiana State Penitentiary; **MISTY STAGG**, in her official capacity as Director of Prison Enterprises, Inc.; the **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS;** and **PRISON ENTERPRISES, INC.** | **CIVIL ACTION**<br><br>**NO.: 3:23-cv-1304**<br><br>**JUDGE BRIAN A. JACKSON**<br><br>**MAGISTRATE JUDGE ERIN WILDER-DOOMES** |

## DEFENDANTS' INITIAL DISCLOSURES

**NOW INTO COURT,** through undersigned counsel, come Defendants herein, **JAMES LEBLANC,** in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections, **TIMOTHY HOOPER,** in his official capacity as Warden of Louisiana State Penitentiary, **MISTY STAGG,** in her official capacity as Director of Prison Enterprises, **LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS** and **PRISON ENTERPRISES** ("Defendants"), who submit the following mandatory disclosures in compliance with Rule 26(a) of the Federal Rules of Civil Procedure. Defendants reserves their

1

right to supplement and/or amend these disclosures based upon continuing investigation, receipt of documents from other parties and as otherwise appropriate. These disclosures are based upon the information reasonably available to Defendants as of the time of these disclosures and represent a good faith effort to identify information Defendants reasonably believe may be used to support their defenses. By making these disclosures, however, Defendants do not represent that they are identifying every witness, document or tangible thing it may use in support of their defense; rather, Defendants reserve the right to call any witness or present any exhibit or item not listed in these disclosures but determined through discovery or investigation. In addition, Defendants do not waive the right to object to the production of any document or tangible thing listed herein on the basis of any privilege or other valid objection.

## I. FRCP 26(a)(1)(A)(i) Individuals with Discoverable Information

The name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

1. Warden Hooper – may be reached through undersigned counsel. May have discoverable information regarding conditions and administration of the Farm Line at LSP.
2. Warden Sylvester – may be reached through undersigned counsel. May have discoverable information regarding conditions and administration of the Farm Line at LSP.
3. Dr. Toce – may be reached through undersigned counsel. May have discoverable information regarding medical records for Plaintiffs and putative class members.
4. Sharita Spears, DPS&C ADA coordinator – may be reached through undersigned counsel. May have discoverable information regarding policies, procedures, and practices related to accommodations for persons with disabilities.

5. Ashli Oliveaux, LSP ADA Coordinator – may be reached through undersigned counsel. May have discoverable information regarding policies, procedures, and practices related to accommodations for persons with disabilities.

6. Misty Stagg, Prison Enterprises – may be reached through undersigned counsel. May have discoverable information regarding claims against Prison Enterprises.

7. Department of Corrections Designee – may be reached through undersigned counsel. May have discoverable information regarding pertinent rules, regulations, and policies implemented by the Louisiana Department of Corrections.

8. LSP Designee – may be reached through undersigned counsel. May have discoverable information regarding pertinent rules, regulations, and policies implemented related to job assignments and the Farm Line.

9. Any witness currently or formally employed at the DPS&C, not yet known, who may have knowledge of the facts and circumstances given rise to this instant suit.

10. Any witness identified by Plaintiffs.

11. Any witness identified in discovery.

12. Any witness necessary for impeachment.

*The defendants shall supplement this list in accordance with 26(e)(1) as necessary*

## I.  26(a)(1)(A)(ii) - Documents, Compilations and Tangible Things

A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

1. Any records kept or maintained by DOC pertaining to the named plaintiffs' incarceration.

2. Plaintiffs' Master Prison Records.

3. Plaintiffs' medical records.

4. Louisiana State Penitentiary Directives, including:
   a. LSP Directive No. 12.003
   b. LSP Directive No. 13.063
   c. LSP Directive No. 13.067

3

       d. LSP Directive No. 19.001

       e. LSP Directive No. 19.004

5. Any pertinent policies and/or procedures of DPS&C, currently in effect or in effect at the time of the events giving rise to this lawsuit.
6. Any incentive pay logs for named plaintiffs.
7. Any document attached to plaintiff's Complaint.
8. Any and all documents produced by Plaintiff during discovery.
9. Any and all documents listed by the Plaintiff in his Initial Disclosures.
10. Any and all pertinent non-privileged documentation, recordings, reports, statements, photographs, video, or audio obtained by the defendant during the course of this litigation.

*The defendants shall supplement this list in accordance with 26(e)(1) as necessary*

## I. 26(a)(1)(A)(iii) - Computation of Damages and Supporting Documents

A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as required under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

    Defendants do not currently claim damages in this litigation.

## II. 26(a)(1)(A)(iv) - Insuring Agreements

For inspection and copying as required under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse payments made to satisfy the judgment.

    Not applicable.

Respectfully submitted,

**LIZ MURRILL**
**Attorney General**

By:     s/Andrew Blanchfield
Andrew Blanchfield, T.A. (#16812)
Email: ablanchfield@keoghcox.com
C. Reynolds LeBlanc (#33937)
Email: rleblanc@keoghcox.com
Chelsea A. Payne (#35952)
Email: cpayne@keoghcox.com
Special Assistant Attorneys General
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Facsimile: (225) 343-9612

## CERTIFICATE OF SERVICE

I hereby certify that I have this date delivered, by electronic mail, a copy of the above and foregoing Initial Disclosures on behalf of Defendants pursuant to Rule 26(a) to all counsel of record.

Baton Rouge, Louisiana, this 11th day of January, 2024.

        s/Andrew Blanchfield
           Andrew Blanchfield