# Exhibit 4

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VOICE OF THE EXPERIENCED,** a membership organization on behalf of itself and its members; **and MYRON SMITH, DAMARIS JACKSON, NATE WALKER, DARRIUS WILLIAMS, KEVIAS HICKS, JOSEPH GUILLORY, KENDRICK STEVENSON,** and **ALVIN WILLIAMS,** on behalf of themselves and all others similarly situated, | CIVIL ACTION<br><br>NO.: 3:23-cv-1304<br><br>JUDGE BRIAN A. JACKSON |
| **VERSUS** | |
| **JAMES LEBLANC,** in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections**; TIMOTHY HOOPER,** in his official capacity as Warden of Louisiana State Penitentiary; **MISTY STAGG**, in her official capacity as Director of Prison Enterprises, Inc.; the **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS;** and **PRISON ENTERPRISES, INC.** | MAGISTRATE JUDGE<br>ERIN WILDER-DOOMES |

### RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

NOW INTO COURT, through undersigned counsel, come defendants, **JAMES LEBLANC,** in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections, **TIMOTHY HOOPER,** in his official capacity as Warden of Louisiana State Penitentiary, **MISTY STAGG,** in her official capacity as Director of Prison Enterprises, **LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS** and **PRISON ENTERPRISES** ("Defendants"), who respond to plaintiffs' first set of requests for production as follows:

1

## GENERAL OBJECTIONS & COMMENTS

These objections apply to each and every response to the requests herein. All information provided in these responses is made without waiver of and subject to these objections:

1. Defendants object to the requests to the extent they are vague, unclear, ambiguous, and/or confusing, especially those that use undefined terms.

2. Defendants object to the discovery requests to the extent they seek documents or information that are already in the possession or control of the plaintiffs or plaintiffs' counsel, or that are equally available to the plaintiffs as they are to Defendants.

3. Defendants object to any purported statement of facts or implications regarding those facts or characterizations of the facts, events, circumstances or issues in this litigation as described in the requests. Any response by Defendants is not intended to indicate agreement with any alleged factual statements by plaintiffs.

4. Defendants reserve the right to supplement any responses herein as additional facts, documents and other information are obtained through discovery.

5. Defendants object to merits-based discovery prior to class certification.

6. Defendants object to the overbroad time frame indicated in these requests.

7. Defendants object to the extent any request improperly characterizes the Farm Line (which is run by LSP and harvests vegetables for inmate consumption using modern day farming techniques) and the row crops run by Prison Enterprises at LSP (which are harvested by state-of-the-art machinery). Any response by Defendants is not intended to indicate agreement with any alleged factual statements by plaintiffs.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NUMBER 1: All Documents and Communications concerning the Farm Line.

**RESPONSE**: **Objection. This request is vague, overbroad, unduly burdensome and not narrowly tailored to the needs of this case. Defendants further object to the extent this request seeks information related to merits-based discovery prior to class certification.**

**Reserving those objections, see documents produced herein in response to these requests, which may be responsive to this request.**

REQUEST FOR PRODUCTION NUMBER 2:  All Documents and Communications concerning Plaintiffs.

**RESPONSE**: **Objection. This request is vague, overbroad, and unduly burdensome. Reserving those objections, see documents produced herein which include plaintiffs' institutional files, medical records and ARPs.**

REQUEST FOR PRODUCTION NUMBER 3: Documents sufficient to identify Incarcerated Persons assigned to the Farm Line.

**RESPONSE**: **This request is vague, overbroad, unduly burdensome and not narrowly tailored to the needs of this case. Further objection is made to the requests which seeks inmates assigned to the farm line since September 2020. This time period is overbroad and unduly burdensome, especially given the claims brought in this lawsuit are subject to a one year prescriptive period. Defendants further object to the extent this request seeks information related to merits-based discovery prior to class certification. Reserving those objections, see attached incentive pay rosters from September 2022 to present.**

REQUEST FOR PRODUCTION NUMBER 4:  Documents sufficient to identify Incarcerated Persons who worked on the Farm Line.

**RESPONSE**: **This request is duplicative, vague, overbroad, unduly burdensome and not narrowly tailored to the needs of this case. Further objection is made to the requests which seeks inmates assigned to the farm line since September 2020. This time period is overbroad and unduly burdensome, especially given the claims brought in this lawsuit are subject to a one year prescriptive period. Defendants further object to the extent this request seeks information related to merits-based discovery prior to class certification. Reserving those objections, see attached incentive pay rosters from September 2022 to present.**

REQUEST FOR PRODUCTION NUMBER 5: Documents sufficient to show the work assignment records of Incarcerated Persons who were assigned to work and performed work in connection with any Agricultural Program, including Documents sufficient to show (i) the number of Incarcerated Persons working; (ii) how long they worked; and (iii) over what dates they worked.

**RESPONSE**: **This request is duplicative, vague, overbroad, unduly burdensome and not narrowly tailored to the needs of this case. Further objection is made to the requests which seeks inmates assigned to the farm line since September 2020. This time period is overbroad and unduly burdensome, especially given the claims brought in this lawsuit are subject to a one year prescriptive period. Defendants further object to the extent this request seeks information related to merits-based discovery prior to class certification.**

**Reserving those objections, see the institutional files of the named plaintiffs and incentive pay rosters from September 2022 to present.**

REQUEST FOR PRODUCTION NUMBER 6:  All Documents concerning Plaintiffs' medical records.

**RESPONSE: See objections and response to Request for Production No. 2.**

REQUEST FOR PRODUCTION NUMBER 7:  All Documents and Communications between and among Defendants and Plaintiffs concerning Plaintiffs' work assignments.

**RESPONSE:  Objection. This request is vague, overbroad, and unduly burdensome. Reserving those objections, see documents produced herein which may have responsive documents, including plaintiffs' ARPs.**

REQUEST FOR PRODUCTION NUMBER 8:  Documents sufficient to show Your policies, rules, regulations, and practices, including drafts, concerning the operation of all Agricultural Programs at LSP, from September 18, 2013 through and including the present.

**RESPONSE:  Objection. This request is vague, ambiguous, overbroad and unduly burdensome. Defendants further object to the overbroad ten year time frame, which is not reasonably calculated to lead to the discovery of admissible evidence nor is it narrowly tailored to the needs of this case. Reserving those objections, see attached policies that may be relevant to this lawsuit.**

REQUEST FOR PRODUCTION NUMBER 9:  Documents sufficient to show Your policies, procedures, regulations, and practices, including drafts, concerning the assignment of Incarcerated Persons to the Farm Line, from September 18, 2013 through and including the present.

**RESPONSE:  Objection. This request is vague, ambiguous, overbroad and unduly burdensome. Defendants further object to the overbroad ten year time frame, which is not reasonably calculated to lead to the discovery of admissible evidence nor is it narrowly tailored to the needs of this case. Reserving those objections, see attached policies that may be relevant to this lawsuit.**

REQUEST FOR PRODUCTION NUMBER 10:  All Documents concerning the disciplinary system at LSP, including any Disciplinary Matrix, from September 18, 2013 through and including the present.

**RESPONSE:  Objection. This request is vague, ambiguous, overbroad and unduly burdensome. Defendants further object to the overbroad ten year time frame, which is not reasonably calculated to lead to the discovery of admissible evidence nor is it narrowly tailored to the needs of this case. Reserving those objections, see attached policies concerning discipline.**

REQUEST FOR PRODUCTION NUMBER 11:  Any and all handbooks or Disciplinary Rules and Procedures for Adult Offenders, including any drafts, provided to any Incarcerated Person, from September 18, 2013 through and including the present.

**RESPONSE:  Objection. This request is vague, ambiguous, overbroad and unduly burdensome. Defendants further object to the overbroad ten year time frame, which is not reasonably calculated to lead to the discovery of admissible evidence nor is it narrowly tailored to the needs of this case. Reserving those objections, see attached policies concerning discipline.**

REQUEST FOR PRODUCTION NUMBER 12:  All Documents concerning disciplinary actions taken in response to the following rule violations against any Incarcerated Person.

   (a) Disciplinary actions taken in response to violations of Rule 27 (Work Offenses, Schedule A)

   (b) Disciplinary actions taken in response to violations of Rule 28 (Work Offenses, Aggravated, Schedule B)

**RESPONSE: This request is vague, overbroad, unduly burdensome and not narrowly tailored to the needs of this case. Further, the time period is overbroad and unduly burdensome, especially given the claims brought in this lawsuit are subject to a one year prescriptive period. Defendants further object to the extent this request seeks information related to merits-based discovery prior to class certification. Lastly, this request is overbroad in that it seeks information concerning disciplinary violations for jobs other than the Farm Line.**

REQUEST FOR PRODUCTION NUMBER 13:  All Documents concerning any disciplinary action taken against an Incarcerated Person related in whole or in part to the Farm Line, including but not limited to Documents concerning (i) the type and duration of disciplinary action; (ii) any revocation or deprivation of privileges; and/or (iii) any time spent in cell, administrative segregation, or solitary or isolated confinement for disciplinary reasons.

**RESPONSE: This request is vague, overbroad, unduly burdensome and not narrowly tailored to the needs of this case. Further, the time period is overbroad and unduly burdensome, especially given the claims brought in this lawsuit are subject to a one year prescriptive period. Defendants further object to the extent this request seeks information related to merits-based discovery prior to class certification. Reserving those objections, see the named plaintiffs' institutional files, which would contain any responsive information for the named plaintiffs.**

REQUEST FOR PRODUCTION NUMBER 14:   All Documents and Communications concerning any disciplinary actions taken against Your employees, staff, contractors, or other persons resulting from their work supervising any Agricultural Programs.

5

**RESPONSE**: **This request is vague, overbroad, unduly burdensome and not narrowly tailored to the needs of this case. Further, the time period is overbroad and unduly burdensome, especially given the claims brought in this lawsuit are subject to a one year prescriptive period. Defendants further object to the extent this request seeks information related to merits-based discovery prior to class certification. Reserving those objections, upon information and belief, there have been no disciplinary violations for LSP employees in connection with the farm line since September 2022.**

REQUEST FOR PRODUCTION NUMBER 15: All Documents concerning disciplinary actions taken or threatened against Plaintiffs.

**RESPONSE**: **Objection. This request is vague, overbroad, unduly burdensome and not narrowly tailored to the needs of this case. Reserving those objections, see the named plaintiffs' institutional files, which would contain any responsive information for the named plaintiffs.**

REQUEST FOR PRODUCTION NUMBER 16: Documents sufficient to show Your policies, procedures, rules, regulations, and practices, including drafts, concerning requests for accommodations pursuant to the ADA, from September 18, 2013 through and including the present.

**RESPONSE**: **This request is vague, overbroad, unduly burdensome and not narrow needs of this case. Defendants further object to the overbroad ten year time frame, which is not reasonably calculated to lead to the discovery of admissible evidence nor is it narrowly tailored to the needs of this case. Defendants object to requests of drafts of policies. Reserving those objections, see policies regarding ADA.**

REQUEST FOR PRODUCTION NUMBER 17: All Documents concerning the approval or denial of, or responses to, Plaintiffs' requests for accommodations pursuant to the ADA.

**RESPONSE**: **Objection. This request is vague, ambiguous, overbroad and unduly burdensome. Defendants further object to the overbroad ten year time frame, which is not reasonably calculated to lead to the discovery of admissible evidence nor is it narrowly tailored to the needs of this case. Reserving those objections, see attached documents.**

REQUEST FOR PRODUCTION NUMBER 18: All Documents concerning the approval or denial of, or responses to, any Incarcerated Person's request for accommodations pursuant to the ADA in connection with an Agricultural Program work assignment.

**RESPONSE**: **This request is vague, overbroad, unduly burdensome and not narrowly tailored to the needs of this case. Defendants further object to the overbroad ten year time frame, which is not reasonably calculated to lead to the discovery of admissible evidence nor is it narrowly tailored to the needs of this case. Defendants further object to the extent**

this request seeks information related to merits-based discovery prior to class certification. Reserving those objections, see attached documents.

REQUEST FOR PRODUCTION NUMBER 19: Documents sufficient to show Your policies, procedures, rules, regulations, and practices, including drafts, and practices concerning the provision of medical care to Incarcerated Persons assigned to work in connection with any Agricultural Program, from September 18, 2013 through and including the present.

**RESPONSE: This request is vague, overbroad, unduly burdensome and not narrowly tailored to the needs of this case. Further, the time period is overbroad and unduly burdensome, especially given the claims brought in this lawsuit are subject to a one year prescriptive period. Defendants further object to the extent this request seeks information related to merits-based discovery prior to class certification. Reserving those objections, see heath pathology directives and policies.**

REQUEST FOR PRODUCTION NUMBER 20: Documents sufficient to show Your receipt, if any, of all federal grants, monies, or funds that you have received.

**RESPONSE: Objection. This request is vague, overbroad, unduly burdensome and not narrowly tailored to the needs of this case. Prison Enterprises does not receive federal monies. DPS&C received federal funds, but nothing related to agriculture.**

REQUEST FOR PRODUCTION NUMBER 21: All contracts and agreements between and among You and any other Defendant concerning any Agricultural Program, including but not limited to the Farm Line.

**RESPONSE: Objection. This request is vague, overbroad, unduly burdensome and not narrowly tailored to the needs of this case. Upon information and belief, none.**

REQUEST FOR PRODUCTION NUMBER 22: Documents sufficient to show the locations at which the Farm Line is operated at LSP.

**RESPONSE: Objection, this request is vague and overbroad. Reserving those objections, see map produced herein.**

REQUEST FOR PRODUCTION NUMBER 23: Documents sufficient to show the locations at which any Agricultural Program other than the Farm Line operates at LSP.

**RESPONSE: Objection, this request is vague and overbroad. Reserving those objections, see map produced herein.**

REQUEST FOR PRODUCTION NUMBER 24: Documents concerning the yield of any and all Agricultural Programs at LSP.

**RESPONSE: This request is vague, overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Defendants further object to the overbroad ten**

7

year time frame, which is not reasonably calculated to lead to the discovery of admissible evidence nor is it narrowly tailored to the needs of this case. Defendants further object to the extent this request seeks information related to merits-based discovery prior to class certification. Reserving those objections, see attached yields from the Farm Line.

REQUEST FOR PRODUCTION NUMBER 25: Documents sufficient to show the commercial profit and productivity of any and all Agricultural Programs.

**RESPONSE: This request is vague, overbroad, unduly burdensome and not calculated to lead to the discovery of admissible evidence. Defendants further object to the overbroad ten year time frame, which is not reasonably calculated to lead to the discovery of admissible evidence nor is it narrowly tailored to the needs of this case. Defendants further object to the extent this request seeks information related to merits-based discovery prior to class certification. Regarding the Farm Line, no such document exist because the Farm Line vegetables are only used to feed inmates. Regarding the crops operated by PE, see attached documents.**

REQUEST FOR PRODUCTION NUMBER 26: Documents sufficient to show any crop insurance policies that You have in connection with crops planted, cultivated, or tended in connection with any and all Agricultural Programs.

**RESPONSE: This request is vague, overbroad, unduly burdensome, not narrowly tailored to the needs of this case and not reasonably calculated to the discovery of admissible evidence. Reserving those objections, LSP does not have crop insurance for the vegetables grown on Farm Line. See attached documents for crop insurance related to row crops.**

REQUEST FOR PRODUCTION NUMBER 27: Documents concerning the specific types of crops planted, cultivated, or tended at LSP, and the locations at which each type of crop is planted, cultivated, or tended.

**RESPONSE: Objection, this request is vague and overbroad. Reserving those objections, the vegetables grown on Farm Line for consumption rotate. See yields produced herein.**

REQUEST FOR PRODUCTION NUMBER 28: Documents sufficient to show the decision-making process regarding the locations at which each type of crop is planted, cultivated, or tended at LSP, including the individuals, groups, or departments involved in making those decisions.

**RESPONSE: Objection, this request is vague and overbroad. Reserving those objections, upon information and belief, none.**

REQUEST FOR PRODUCTION NUMBER 29: All Documents concerning to the effects of heat, extreme weather, or other emergency conditions on work assignments.

**RESPONSE: Objection. This request is vague and ambiguous. Reserving those objections, see attached heat pathology regulations and directives.**

REQUEST FOR PRODUCTION NUMBER 30: All Documents, including but not limited to, any logs or similar Documents recording or monitoring weather conditions at LSP, including, but not limited to, temperature and heat indexes at LSP.

**RESPONSE: Objection. This request is vague and ambiguous. Defendants further object to the overbroad ten year time frame, which is not reasonably calculated to lead to the discovery of admissible evidence nor is it narrowly tailored to the needs of this case. Reserving those objections, see attached log book.**

REQUEST FOR PRODUCTION NUMBER 31: All Documents concerning the cancellation or modification of work assignments on the Farm Line due to heat, extreme weather, or other emergency conditions.

**RESPONSE: Objection. This request is vague and ambiguous. Defendants further object to the overbroad ten year time frame, which is not reasonably calculated to lead to the discovery of admissible evidence nor is it narrowly tailored to the needs of this case. Reserving those objections, see daily line counts.**

REQUEST FOR PRODUCTION NUMBER 32: All Documents concerning Your policies, procedures, rules, regulations, and practices, including drafts, relating to eligibility for and receipt of Incentive Pay from September 18, 2013 through and including the present.

**RESPONSE: Objection. This request is vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Reserving those objections, see policies on incentive pay.**

REQUEST FOR PRODUCTION NUMBER 33: All Documents and Communications concerning setting, raising, lowering, or otherwise changing the Incentive Pay rate at any Department of Correction facility, including LSP.

**RESPONSE: Objection. This request is vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Reserving those objections, see policies on incentive pay.**

REQUEST FOR PRODUCTION NUMBER 34: Documents sufficient to show the calculation, payment, and receipt of Incentive Pay for Plaintiffs.

**RESPONSE: Objection is made to the timer period, which is not narrowly tailored to the needs or the case or reasonably calculated to the discovery of admissible evidence. Reserving those objections, see incentive pay rosters and banking statements.**

REQUEST FOR PRODUCTION NUMBER 35: Documents sufficient to show the calculation, payment, and receipt of Incentive Pay for Incarcerated Persons assigned to work on the Farm Line.

9

**RESPONSE: This request is vague, overbroad, unduly burdensome and not narrowly tailored to the needs of this case. Further, the time period is overbroad and unduly burdensome, especially given the claims brought in this lawsuit are subject to a one year prescriptive period. Defendants further object to the extent this request seeks information related to merits-based discovery prior to class certification. Reserving those objections, see incentive pay rosters.**

REQUEST FOR PRODUCTION NUMBER 36: Documents sufficient to show the calculation, payment, and receipt of Incentive Pay for Incarcerated Persons assigned to work in connection with any Agricultural Program other than the Farm Line.

**RESPONSE: Objection. This request is vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Reserving those objections, see incentive pay worksheet.**

REQUEST FOR PRODUCTION NUMBER 37: Documents sufficient to show canteen or commissary prices from September 18, 2013 through and including the present, including records of all items available for purchase or acquisition by Incarcerated Persons.

**RESPONSE: Objection. This request is overly broad, not reasonably calculated to the discovery of admissible evidence and not narrowly tailored to the needs of the case. Canteen prices have no bearing on Plaintiffs' ADA or 8th Amendment claims.**

REQUEST FOR PRODUCTION NUMBER 38: Documents sufficient to show Your policies, procedures, rules, regulations, and practices, including drafts, concerning setting, increasing, reducing, or otherwise changing canteen or commissary prices from September 18, 2013 through and including the present.

**RESPONSE: Objection. This request is overly broad, not reasonably calculated to the discovery of admissible evidence and not narrowly tailored to the needs of the case. Canteen prices have no bearing on Plaintiffs' ADA or 8th Amendment claims.**

REQUEST FOR PRODUCTION NUMBER 39: All Documents concerning the use of pesticides in connection with any Agricultural Program, including but not limited to, Documents sufficient to show the amount and type of pesticides sprayed, the location that pesticides are sprayed, the frequency with which pesticides are sprayed, and the proximity of laborers to any spraying.

**RESPONSE: Objection. This request is vague and ambiguous. Defendants further object to the overbroad ten year time frame, which is not reasonably calculated to lead to the discovery of admissible evidence nor is it narrowly tailored to the needs of this case. Reserving those objections, see attached documents.**

10

REQUEST FOR PRODUCTION NUMBER 40:  All Documents showing any logs or notes related to the spraying of pesticides at LSP.

**RESPONSE: Objection. This request is vague and ambiguous. Defendants further object to the overbroad ten year time frame, which is not reasonably calculated to lead to the discovery of admissible evidence nor is it narrowly tailored to the needs of this case. Reserving those objections, see attached documents.**

REQUEST FOR PRODUCTION NUMBER 41:  Documents sufficient to show any trainings or policies, procedures, rules, regulations, and practices, including drafts, related to the spraying or administration of pesticides.

**RESPONSE: Objection. This request is vague and ambiguous. Defendants further object to the overbroad ten year time frame, which is not reasonably calculated to lead to the discovery of admissible evidence nor is it narrowly tailored to the needs of this case. Reserving those objections, see attached documents.**

REQUEST FOR PRODUCTION NUMBER 42:  Documents sufficient to show LSP's compliance with federal and state regulations concerning pesticide treatment, including the maintenance of spray logs.

**RESPONSE: Objection. This request is vague and ambiguous. Defendants further object to the overbroad ten year time frame, which is not reasonably calculated to lead to the discovery of admissible evidence nor is it narrowly tailored to the needs of this case. Reserving those objections, see attached documents.**

REQUEST FOR PRODUCTION NUMBER 43:  Documents sufficient to show the duties, responsibilities, and qualifications of Your employees, staff, contractors, or other persons supervising any and all Agricultural Programs.

**RESPONSE: Objection. This request is vague and overly broad as it seeks information not related to the Farm Line at LSP. Reserving those objections, see job descriptions.**

REQUEST FOR PRODUCTION NUMBER 44:  Documents sufficient to show any training received by Your employees, staff, contractors, or other persons assigned to administer any and all Agricultural Programs concerning medical, health, and safety needs, including medical emergencies or heat-related injuries.

**RESPONSE: Objection. This request is vague and overly broad as it seeks information not related to the Farm Line at LSP. Reserving those objections, see attached documents.**

REQUEST FOR PRODUCTION NUMBER 45:  Documents concerning the training provided to Incarcerated Persons assigned to work in connection with any Agricultural Program.

**RESPONSE: Objection. This request is vague and overly broad as it seeks information not related to the Farm Line at LSP. Reserving those objections, see job descriptions and**

11

**training from PE. There are no written materials for inmates working the Farm Line at LSP.**

REQUEST FOR PRODUCTION NUMBER 46: Documents concerning the equipment, including but not limited to tools or protective gear, provided to Incarcerated Persons assigned to work in connection with any Agricultural Program.

**RESPONSE: Objection. This request is vague and overly broad as it seeks information not related to the Farm Line at LSP. Reserving those objections, see attached policies.**

REQUEST FOR PRODUCTION NUMBER 47: All Documents concerning the ability to access ice, water, shade, bathrooms, and rest periods for Incarcerated Persons who are assigned to work in connection with any Agricultural Program, including but not limited to records and log books.

**RESPONSE: Objection. This request is vague, overly broad and unduly burdensome. Reserving those objections, see the attached daily line counts and heat pathology directive.**

REQUEST FOR PRODUCTION NUMBER 48: Documents sufficient to show grievances or complaints concerning any Agricultural Program at LSP.

**RESPONSE: Objection. This request is vague, overly broad and unduly burdensome. Defendants further object to the overbroad ten year time frame, which is not reasonably calculated to lead to the discovery of admissible evidence nor is it narrowly tailored to the needs of this case. Further objection is made to merits-based discovery prior to class certification. Reserving those objections, the ARP database cannot be searched using this criteria. See attached ARPs for named plaintiffs.**

REQUEST FOR PRODUCTION NUMBER 49: All Documents concerning medical requests, injuries and/or incidents reported by Incarcerated Persons assigned to work in connection with any Agricultural Program, regardless of whether such requests, injuries and/or incidents occurred while working on an Agricultural Program, including but not limited to heat-related medical incidents or injuries.

**RESPONSE: Objection. This request is vague, overly broad and unduly burdensome. Defendants further object to the overbroad ten year time frame, which is not reasonably calculated to lead to the discovery of admissible evidence nor is it narrowly tailored to the needs of this case. Further objection is made to merits-based discovery prior to class certification. Reserving those objections, medical records cannot be searched using this criteria. Upon information and belief, none.**

REQUEST FOR PRODUCTION NUMBER 50: All Documents concerning any requests for accommodations pursuant to the ADA for reassignment from any Agricultural Program.

**RESPONSE: Objection. This request is vague, overly broad and unduly burdensome. Defendants further object to the overbroad ten year time frame, which is not reasonably calculated to lead to the discovery of admissible evidence nor is it narrowly tailored to the**

needs of this case. Further objection is made to merits-based discovery prior to class certification. Reserving those objections, see attached ARPs.

REQUEST FOR PRODUCTION NUMBER 51: Documents showing Your policies, procedures, practices, rules, regulations and practices, including drafts, concerning the ARP process.

**RESPONSE: Objection is made to the request for draft policies as not reasonably calculated to lead to the discovery of admissible evidence. Reserving those objections, see attached policies.**

REQUEST FOR PRODUCTION NUMBER 52: All Documents concerning any ARP request filed by Plaintiffs.

**RESPONSE: Objection. This request is vague, overly broad and unduly burdensome. Defendants further object to the overbroad ten year time frame, which is not reasonably calculated to lead to the discovery of admissible evidence nor is it narrowly tailored to the needs of this case. Further objection is made to merits-based discovery prior to class certification. Reserving those objections, see attached ARPs.**

REQUEST FOR PRODUCTION NUMBER 53: All Documents concerning any ARP filing related to any Agricultural Program.

**RESPONSE: Objection. This request is vague, overly broad and unduly burdensome. Defendants further object to the overbroad ten year time frame, which is not reasonably calculated to lead to the discovery of admissible evidence nor is it narrowly tailored to the needs of this case. Further objection is made to merits-based discovery prior to class certification. Reserving those objections, the ARP database cannot be searched using this criteria. See attached ARPs for named plaintiffs.**

REQUEST FOR PRODUCTION NUMBER 54: All Communications between any Defendants regarding any Agricultural Program.

**RESPONSE: Objection. This request is vague, ambiguous, overly broad and unduly burdensome. The request is not narrowly tailored to the needs of the case. Defendants will agree to searches of agreed upon custodians, using agreed upon search terms and time frame.**

REQUEST FOR PRODUCTION NUMBER 55: All Documents concerning any lawsuits, monetary awards, damages, or other forms of formal or informal settlements involving any Incarcerated Persons resulting from an ARP filing.

**RESPONSE: Objection. This request is vague, ambiguous, overly broad and unduly burdensome. The request is not narrowly tailored to the needs of the case.**

REQUEST FOR PRODUCTION NUMBER 56: All Documents concerning any lawsuits, monetary awards, damages, or other forms of formal or informal settlements involving any Incarcerated Persons in connection with any Agricultural Program.

**RESPONSE: Objection. This request is vague, ambiguous, overly broad and unduly burdensome. Defendants do not have a mechanism to search for such information.**

REQUEST FOR PRODUCTION NUMBER 57: Organizational charts for all offices, units, or subdivisions of Defendants, including lists of all positions within such offices, units, or subdivisions, and the person and qualifications of that person occupying each position.

**RESPONSE: Objection. This request is vague, ambiguous, overly broad and unduly burdensome. The request is not narrowly tailored to the needs of the case. Reserving those objections, see organization chart for the Farm line.**

REQUEST FOR PRODUCTION NUMBER 58: Documents sufficient to show every program operated by Prison Enterprises at LSP.

**RESPONSE: Objection. This request is vague, ambiguous, overly broad and unduly burdensome. The request is not narrowly tailored to the needs of the case. Reserving those objections, see documents regarding agricultural programs at LSP.**

REQUEST FOR PRODUCTION NUMBER 59: Documents sufficient to show Prison Enterprises' profits and/or losses for any program operated at LSP.

**RESPONSE: Objection. This request is vague, ambiguous, overly broad and unduly burdensome. The request is not narrowly tailored to the needs of the case. Reserving those objections, see profit and loss statements.**

REQUEST FOR PRODUCTION NUMBER 60: Documents sufficient to show Prison Enterprises' costs related to operating any Agricultural Program at LSP.

**RESPONSE: Objection. This request is vague, ambiguous, overly broad and unduly burdensome. The request is not narrowly tailored to the needs of the case. Reserving those objections, see profit and loss statements.**

REQUEST FOR PRODUCTION NUMBER 61: Documents sufficient to show Prison Enterprises' payment of Incentive Pay to any Person at LSP.

**RESPONSE: Objection. This request is vague, ambiguous, overly broad and unduly burdensome. The request is not narrowly tailored to the needs of the case. Reserving those objections, incentive pay rosters for the Farm Line.**

REQUEST FOR PRODUCTION NUMBER 62: Documents sufficient to show Prison Enterprises' management structure, including but not limited to organizational charts.

**RESPONSE: Objection. This request is vague, ambiguous, overly broad and unduly burdensome. The request is not narrowly tailored to the needs of the case. Reserving those objections, see organizational chart.**

REQUEST FOR PRODUCTION NUMBER 63: Documents, including but not limited to invoices, receipts, and communications, concerning the distribution or sale of any agricultural commodity produced at LSP to any other correctional facility.

**RESPONSE: Objection. This request is vague, ambiguous, overly broad and unduly burdensome. The request is not narrowly tailored to the needs of the case. LSP does not sell vegetables harvested on the Farm Line.**

REQUEST FOR PRODUCTION NUMBER 64: Documents, including but not limited to invoices, receipts, and communications concerning the distribution or sale of any agricultural commodity produced at LSP to any other entity.

**RESPONSE: Objection. This request is vague, ambiguous, overly broad and unduly burdensome. The request is not narrowly tailored to the needs of the case. LSP does not sell vegetables harvested on the Farm Line.**

REQUEST FOR PRODUCTION NUMBER 65: All Documents concerning Your collaboration or partnership with any private agricultural producers or processors in Louisiana.

**RESPONSE: Objection. This request is vague, ambiguous, overly broad and unduly burdensome. The request is not narrowly tailored to the needs of the case. Reserving those objections, upon information and belief, none.**

REQUEST FOR PRODUCTION NUMBER 66: Documents sufficient to show any accreditations that LSP or Prison Enterprises currently has.

**RESPONSE: Objection. This request is vague, ambiguous, overly broad and unduly burdensome. The request is not narrowly tailored to the needs of the case. Reserving those objections, see ACA accreditation.**

REQUEST FOR PRODUCTION NUMBER 67: To the extent not produced in response to any Request herein, copies of each Document You reviewed, consulted, or identified in preparing Your Initial Disclosures, including but not limited to LSP Directive No. 12.003, LSP Directive No. 13.063, LSP Directive No. 13.067, LSP Directive 19.001, and LSP Directive No. 19.004 and any attachments and/or drafts thereto.

**RESPONSE: See attached.**

REQUEST FOR PRODUCTION NUMBER 68: Documents relating to any expert witness You intend to call at the trial in this Action, including, but not limited to, any oral or written report and any supporting data or information.

**RESPONSE**: Objection. This request is premature. Defendants will supplement this request in accordance with the scheduling order.

REQUEST FOR PRODUCTION NUMBER 69: All documents You intend to use or rely upon at any deposition, hearing, or trial in this Action.

**RESPONSE**: Objection. This request is premature. Reserving those objections, see attached documents.

REQUEST FOR PRODUCTION NUMBER 70: All Documents concerning any Communications, between or among (i) any of You, and (ii) and any other persons or entities, regarding this Action.

**RESPONSE**: Objection. This request is overbroad, unduly burdensome and seeks information protected by the attorney client privileged or work product doctrine.

*Defendants reserve the right to supplement and/or amend these responses as additional information becomes available.*

        Respectfully submitted,

        **LIZ MURRILL**
        **Attorney General**

By:    s/Andrew Blanchfield
        Andrew Blanchfield, T.A. (#16812)
        Email: ablanchfield@keoghcox.com
        C. Reynolds LeBlanc (#33937)
        Email: rleblanc@keoghcox.com
        Chelsea A. Payne (#35952)
        Email: cpayne@keoghcox.com
        Special Assistant Attorneys General
        Post Office Box 1151
        Baton Rouge, Louisiana 70821
        Telephone: (225) 383-3796
        Facsimile: (225) 343-9612

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of the above and foregoing has been served upon the following counsel of record via electronic mail only:

| | |
|---|---|
| Lydia Wright<br>Samantha Bosalavage<br>Claude-Michael Comeau<br>Kenyatta Barthelemy<br>The Promise of Justice Initiative<br>1024 Elysian Fields Avenue<br>New Orleans, LA 70117<br>lwright@defendla.org<br>sbosalavage@defendla.org<br>ccomeau@defendla.org<br>kbarthelemy@defendla.org | Amaris Montes<br>Rights Behind Bars<br>416 Florida Avenue NW, Ste. 26152<br>Washington, DC 20001<br>amaris@rightsbehindbars.org<br><br>Joshua Hill, Jr.<br>Jeremy A. Benjamin<br>Arielle B. McTootle<br>Leah R. Weiser<br>Paul, Weiss, Rifkind, Wharton<br>  & Garrison, LLP<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>jhill@paulweiss.com<br>jbenjamin@paulweiss.com<br>amctootle@paulweiss.com<br>lweiser@paulweiss.com |

Baton Rouge, Louisiana, this 9th day of April, 2024.

                                           s/Andrew Blanchfield
                                           Andrew Blanchfield