# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **VOICE OF THE EXPERIENCED,** a membership organization on behalf of itself and its members; **and MYRON SMITH, DAMARIS JACKSON, NATE WALKER, DARRIUS WILLIAMS, KEVIAS HICKS, JOSEPH GUILLORY, KENDRICK STEVENSON,** and **ALVIN WILLIAMS,** on behalf of themselves and all others similarly situated, | * * * * * * * * * * * | **CIVIL ACTION**<br><br>**NO.: 3:23-cv-1304**<br><br>**JUDGE BRIAN A. JACKSON** |
| **VERSUS** | * * | |
| **JAMES LEBLANC,** in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections**; TIMOTHY HOOPER,** in his official capacity as Warden of Louisiana State Penitentiary; **MISTY STAGG**, in her official capacity as Director of Prison Enterprises, Inc.; the **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS;** and **PRISON ENTERPRISES, INC.** | * * * * * * * * * * * | **MAGISTRATE JUDGE ERIN WILDER-DOOMES** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

**NOW INTO COURT,** through undersigned counsel, come Defendants herein, **JAMES LEBLANC,** in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections, **TIMOTHY HOOPER,** in his official capacity as Warden of Louisiana State Penitentiary, **MISTY STAGG,** in her official capacity as Director of Prison Enterprises, **LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS** and **PRISON ENTERPRISES** ("Defendants"), who file this opposition to Plaintiffs' motion to compel.

1

## I.    Introduction

Defendants have been working non-stop to meet the barrage of discovery requests, deposition requests, email searches—all within the compressed discovery schedule that this court set on June 18. Regarding the issue of email searches, in early June, the parties agreed that <u>plaintiffs would provide a list of proposed custodians, search terms, and a time period for the email search</u>. That list was not provided until June 21. Plaintiffs' assertions that Defendants should have obtained email boxes prior to June 21 are unfounded. Defendants could not collect email boxes until plaintiffs provided the <u>requested custodians as well as the time frame for the search</u>. Defendants have worked diligently to collect, process and perform searches on the fifteen (15) custodians and twenty (20) complex search terms that Plaintiffs selected. Instead of limiting the email searches as this court requested,[1] Plaintiffs doubled down and now complain about the time it takes to undertake this enormous ESI search.

Without any notice to Defendants, and only a few email communications starting July 9, Plaintiffs filed this instant motion to compel. Plaintiffs seek to compel defendants to produce ESI—something that Defendants are in the processing of doing. Plaintiffs further seek an order compelling the re-opening any depositions if ESI is not provided "in advance of those depositions to allow Plaintiffs to prepare."  There was no agreement between the parties that all emails could or would be produced in advance of each deposition. Given the massive ESI request and the compressed discovery schedule, this would be impossible. Lastly, Plaintiffs further seek to disqualify Ashli Oliveaux from testifying at trial because she will be out on medical leave until after the discovery deadline, even though she will be deposed prior to the start of her medical leave. This request should be denied.

---

[1] Exhibit 1, Transcript, pg. 9-10; 54.

Defendants have been diligent in complying with their disoccvery obligations. Due to Plaintiffs' over broad requests to search 15 custodians and technical difficulties encountered in downloading the 117 GB of data, the search of Ms. Oliveaux's email box could not be completed within the time frame unilaterally selected by Plaintiffs. Defendants continue to undertake the massive ESI searches and the email communications will be produced once complete. The motion should be denied.

## II.    Background

In February 2024, plaintiffs issued their initial discovery requests, which include over 70 request for production of documents. Within that discovery, Plaintiffs issued an over broad request for any an all email communications concerning the Farm Line. Defendants objected to the request but advised plaintiffs that they were willing to meet and confer on a list of custodians and search terms for the email communications.[2] At this time, the parties were working under the initial scheduling order which set trial in 2025.

On June 4, 2024, the parties conducted a discovery conference. With regards to the request for email communications, plaintiffs advised that they would propose custodians, search terms and time frames.[3] Again, as of June 4, 2024, there was no agreement to the date ranges on the email searches. To obtain an email box from the Office of Technology services, an identified time frame must be requested. Plaintiffs' original time frame in their discovery requests was ten years, which was extremely overbroad. At this point, the ball was in Plaintiffs' court to provide their proposed list of custodians and date ranges.

---

[2] R.Doc. 77-6, Discovery responses.
[3] Exhibit 2, 6/4/24 Email from Lydia Wright.

At the hearing on June 18, 2024, when discussing the proposed discovery deadlines, undersigned counsel advised the Court that the significant email searches may pose issues.[4] This Court encouraged the parties to work together and that if necessary, Plaintiffs should re-evaluate their search term requests so that the deadline could be met.[5]

On June 21, 2024, at 4:21 p.m., Plaintiffs issued their proposed custodians. Instead of limiting the custodians and search terms as this Court suggested, Plaintiffs included 15 separate custodians with 20 search terms per the 15 custodians.[6] The proposed ESI search also did not include a specified date range, which was left blank.[7]

On June 24, the next business day, counsel conducted a discovery conference. Counsel for Defendants asked counsel for plaintiffs to identify a date range for the email requests. The parties then agreed to a three-year date range. At the same discovery conference, undersigned counsel explained the process for collecting, uploading, OCRing and searching the email communications: (1) DPSC would request the email boxes from the Office of Technology services; (2) undersigned counsel's office would then have to download the email boxes to the servers; (3) each email box would have to be uploaded to the document management software system, which, depending on the size of the email boxes could take over 24 hours to upload per custodian; (4) each email box would need to be OCRed and TIFFed, which again can take more then 24 hours depending on the file size; (5) running searches could begin. That is, theoretically, it could take two days per the 15 custodians (which could equal 30 days) to upload and OCR/TIFF the email box to be ready to begin performing the requested searches. Counsel for Plaintiffs did not raise issues with the time

---

[4] Exhibit 1, Transcript, pg. 9-10; 54.
[5] Exhibit 1, Transcript, pg. 9-10; 54.
[6] The 15 custodians included: 1) Gabriel Hebert 2) Tommy Guilino 3) Misty Stagg 4) James LeBlanc 5) Timothy Hooper 6) Amber Vittorio 7) Bill Hawkins 8) Randy Lavespere (affiant to Defendants' reply) 9) Paul Toce 10) Darren Cashio 11) Ashli Oliveaux 12) Lars Ducote 13) Jennifer Stickells 14) Warden Sanders 15) Huey Pidgeon
[7] Exhibit 3, Plaintiffs' Appendix to Second Set of Discovery, served on June 21, 2024.

4

frames provided nor did they request that any email searches be complete prior to the start of any deposition. Further, undersigned counsel advised that DPSC would immediately request the email boxes of the 15 custodians. Counsel for Plaintiffs did not voice concerns that Defendants had not collected email boxes prior to that date; presumably because this procedure was agreed to by the parties.

During the conference, counsel for defendants advised Plaintiffs that certain search terms were very likely to produce too many hits (such as "dizz!," faint," "duty status," and "field"). Instead of limiting these terms, counsel for plaintiffs requested hit counts for each term, then the parties would confer about limiters.  In order to continue to facilitate discovery, Defendants agreed.

The same day of the conference, DPSC requested the email boxes from OTS. Undersigned counsel received and downloaded the email boxes for Huey Pidgeon, Gabriel Hebert, Lars Ducote, Jennifer Stickells, Darren Cashio and Amber Vittorio from June 27-June 28.[8] Due to the file sizes of the remaining email boxes of Ashli Oliveaux, Randy Lavespere, Tim Hooper, Paul Toce, Misty Stagg, Nicholas Sanders, and Bill Hawkins, undersigned counsel was not able to download those files to the system until July 3, 2024.[9] For example, while the first 6 email boxes were about 10GB each, the last email boxes were around 20GB each. In total, all emails boxes exceed 117GB.

Between the parties' discovery conference on June 24 and July 9, counsel for Plaintiffs did not once raise any questions or concerns regarding the status of the email searches. On July 9, Plaintiffs requested the status of Ashly Oliveaux's email search. Undersigned counsel advised of the difficulties in downloading the massive email box and that the searches would not be complete prior to her deposition. Again, there was no agreement that email searches would be completed

---

[8] Exhibit 4, Affidavit of Chelsea Payne.
[9] *Id*.

prior to depositions. Nor is that reasonable given the number of custodians, number of search terms, and the necessary deposition schedule given Ashli Oliveaux's medical leave.

Between June 28 and July 8, Defendants uploaded, OCR/TIFF, and searched the first six email boxes.[10] On July 9, undersigned counsel provided the hit counts for the 6 email boxes.[11] While undersigned counsel again raised objections to the overbroad search terms such as "dizz!," faint," "duty status," and "field," we agreed to review all search results for Huey Pidgeon and Gabriel Hebert. Those 12,000 pages were produced on July 10, 2024.[12] On July 11, 2024, counsel for plaintiffs requested hit counts for new limiters for proposed search terms. The parties continue to work through hit counts for those emails boxes.[13]

Since the hearing on June 18, plaintiffs have propounded the following disocvery: (1) eighteen Request for Admissions; (2) eleven additional Request for Production, bringing the total to eighty-one; (3) setting depositions of eight DPSC employees; (4) a DPSC Rule 30(b)(6) notice with eighteen separate topics (which was not provided to Defendants until July 2);[14] (5) fifteen proposed custodians with twenty search terms each for email communications. Defendants have worked diligently to fulfill these discovery obligations, to include setting depositions while balancing deponent availability, collecting documents for new discovery requests, and undertaking extensive ESI searches.

---

[10] Exhibit 4, Affidavit of Chelsea Payne.
[11] The first six email boxes were smaller file sizes and therefore downloaded more quickly. While Plaintiffs claim Defendants did not "prioritize" email boxes of deponents, Defendants were constrained by the file sizes and ability to (1) download the large files onto undersigned counsel firm's system; and (2) uploading the same files into Eclipse, the document management software that is used to OCR/TIFF, search and produce .pst files. Affidavit of Chelsea Payne.
[12] Exhibit 4, Affidavit of Chelsea Payne.
[13] *Id*.
[14] Rule 30(b)(6) deposition notice.

### III.    Law and Argument

**1.   Plaintiffs improperly seek an order to compel defendants to produce documents that (1) Defendants have agreed to produce; and (2) are diligently working to produce**

The entire basis of Plaintiffs' motion ignores the parties' agreement concerning email searches. On June 4, 2024, counsel for plaintiffs agreed in writing that **plaintiffs would provide a list of custodians, search terms, and the time frame for the searches**. To suggest that Defendants should have obtained email boxes prior to plaintiffs identifying their proposed custodians or a proposed date range[15] for the emails is disingenuous. Plaintiffs sent their proposed custodians and the close of business on Friday, June 21. Immediately following the parties' discovery conference on the next business day (June 24) wherein the parties agreed to a 3-year time frame, Defendants requested the email boxes that Plaintiffs proposed within the date parameters that the parties agreed to.[16] Defendants are diligently and actively reviewing and producing emails pursuant to that agreement. It has not even been 30 days since Plaintiffs propounded their proposed custodians, search terms and date parameters. There is nothing to compel.

Defendants assert that Plaintiffs have not been prejudiced by the ongoing email production. Despite this Court's urging to limit search terms in order to complete discovery within a six-week window, Plaintiffs seek extensive email searches including 15 separate custodians (totaling over 117GB) with 20 search terms each. In addition to these ESI searches, Plaintiffs seek to depose 8 LSP/DPSC witnesses, along with a Rule 30(b)(6) that include 18 separate topics. The parties never agreed to produce ESI prior to the start of depositions, and Plaintiffs' counsel was made aware of

---

[15] Plaintiffs' initial discovery requests sought 10 years' worth of documentation. Defendants properly objected to that time frame.
[16] Exhibit 4, Affidavit of Chelsea Payne.

the lengthy process to collect, OCR, search, and review the 15 email boxes. No objections were made until July 9.

Defendants have and continue to diligently work to produce the ESI. Plaintiffs provided their custodian list on June 21 and the parties agreed to the date parameters on June 24. Over 12,000 pages have been produced to date, and the parties are currently conferring on large hit counts for four separate email boxes. Once the parties agree to those search terms, Defendants will review and produce those email boxes, while simultaneously working to prepare the remaining email boxes for production. Plaintiff's request to compel production that is currently ongoing, and less than 30 days from the parties agreeing on the custodians, is improper.

### 2. Plaintiffs' request for an order compelling the re-opening of depositions based on availability of ESI should be denied

Plaintiffs request that they be allowed to re-open any depositions if ESI is not provided "in advance of those depositions to allow Plaintiffs to prepare." R.Doc. 77-1, p. 12. No time frame is provided. Again, given the extremely compressed discovery schedule, along with the massive amount of ESI that Defendants must search, review and produce, keeping depositions open past the discovery deadline is not practicable. Defendants are amenable to pushing the discovery schedule and trial date to accommodate the massive discovery plaintiffs seek. However, holding open depositions will make the discovery cut off meaningless. Further, plaintiffs' request to prevent Ashli Oliveaux from testifying at trial should be denied. Defendants are producing her for a deposition before she takes medical leave that will at least last until mid-August. Prohibiting her from testifying at trial even though she will be deposed prior to going out on medical leave is improper and should be denied.

**IV.    Conclusion**

Plaintiffs' motion to compel should be denied. In the alternative, the discovery schedule and trial date should be extended in order to accommodate the extensive discovery Plaintiffs seek.

Respectfully submitted,

                                    **KEOGH, COX & WILSON, LTD.**

                            By:    s/Andrew Blanchfield
                                    Andrew Blanchfield, T.A. (#16812)
                                    Email: ablanchfield@keoghcox.com
                                    C. Reynolds LeBlanc (#33937)
                                    Email: rleblanc@keoghcox.com
                                    Chelsea A. Payne (#35952)
                                    Email: cpayne@keoghcox.com
                                    Post Office Box 1151
                                    Baton Rouge, Louisiana 70821
                                    Telephone:  (225) 383-3796
                                    Facsimile:  (225) 343-9612


**CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, and a copy of the above and foregoing was this day forwarded by the Court's ECF Delivery System to all counsel of record.

Baton Rouge, Louisiana, this 11th day of July, 2024.


                            s/Andrew Blanchfield
                            Andrew Blanchfield