**EXHIBIT 3**

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF LOUISIANA

VOICE OF THE EXPERIENCED, a membership
organization on behalf of itself and its members; and
MYRON SMITH, DAMARIS JACKSON, NATE
WALKER, DARRIUS WILLIAMS, KEVIAS HICKS,
JOSEPH GUILLORY, KENDRICK STEVENSON, and
ALVIN WILLIAMS, on behalf of themselves and all
others similarly situated,

*Plaintiffs*,

- against -

JAMES LEBLANC, in his official capacity as Secretary of
the Louisiana Department of Public Safety and
Corrections; TIMOTHY HOOPER, in his official capacity
as Warden of Louisiana State Penitentiary; MISTY
STAGG, in her official capacity as Director of Prison
Enterprises, Inc.; the LOUISIANA DEPARTMENT OF
PUBLIC SAFETY & CORRECTIONS; and PRISON
ENTERPRISES, INC.,

*Defendants*.

Civil Action No.: 3:23-cv-1304-
BAJ-EWD

### PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS
### DIRECTED TO DEFENDANTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules

of the United States District Court for the Middle District of Louisiana ("Local Civil Rules"),

Plaintiffs Voice of the Experienced ("VOTE"), Myron Smith, Damaris Jackson, Nate Walker,

Darrius Williams, Kevias Hicks, Joseph Guillory, Kendrick Stevenson, and Alvin Williams

(collectively, "Plaintiffs"), by their undersigned attorneys, hereby request that Defendants James

LeBlanc, Timothy Hooper, Misty Stagg, the Louisiana Department of Public Safety and Corrections,

and Prison Enterprises, Inc. (collectively, "Defendants") produce for inspection and copying the

documents requested herein, beginning within thirty (30) days of service in accordance with the

definitions and instructions set forth below.  Production shall be at the offices of Paul, Weiss, Rifkind,

Wharton & Garrison, 1285 Avenue of the Americas, New York, New York 10019-6064, or at such

other time and place as may be agreed upon by counsel.

### DEFINITIONS

Wherever used in the Plaintiffs' First Request for Production of Documents Directed to

Defendants (the "Requests"), the following terms shall have the meanings set forth below:

1.      "Action" means the above-captioned litigation, *Voice of the Experienced et al.,* v.

*LeBlanc et al.*, Civil Action No.: 3:23-cv-1304-BAJ-EWD (M.D. La.).

2.      "ADA" means Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131-

12134, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

3.      "Agricultural Program" means any agricultural or farming labor program operated at

LSP by any Defendant, including but not limited to the Farm Line.

4.      "And" or "or" shall be construed conjunctively or disjunctively, whichever makes

the request more inclusive.

5.      "ARP" means the Administrative Remedy Procedure implemented and administered

by Defendant Louisiana Department of Public Safety and Corrections pursuant to LA. Rev. Stat.

Ann. § 15:1171(A).

6.      "Complaint" means the Amended Complaint filed in the Action on December 15,

2023, available at ECF No. 21.

7.      "Concerning" means concerning, relating to, or referring to, and includes, but is not

limited to, analyzing, commenting on, comprising, connected with, constituting, containing,

contradicting, describing, embodying, establishing, evidencing, memorializing, mentioning,

pertaining to, recording, regarding, reflecting, responding to, setting forth, showing, or supporting,

directly or indirectly, or having any connection, association, relevance, relation, pertinence, or

applicability to, or any implication for, or bearing upon, the subject matter of these Requests.

8.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether by letter, e-mail, text message, application (including, but not limited to, social media and/or collaboration and communication applications, on any device, including but not limited to computers, smartphones, or tablets), notes, memoranda, verbal, or otherwise.

9.      "Document" means all emails, writings, drawings, graphs, charts, analyses, projections, calculations, photographs, sound recordings, images, and other data or data compilations, and includes all drafts, final versions, and attachments to such documents.

10.     "Farm Line" means the compulsory agricultural or farming labor program operated at LSP, not conducted by Trustees, including but not limited to Lines 15b, 24, and 25.

11.     "Incentive Pay" means compensation paid by any Defendant to Incarcerated Persons at LSP for work performed at LSP and/or participation in any program at LSP.

12.     "Including" means including without limitation.

13.     "Initial Disclosures" means the initial disclosures served by Defendants on January 11, 2024.

14.     "LDPSC" means Louisiana Department of Public Safety and Corrections.

15.     "LSP" means Louisiana State Penitentiary located at 17544 Tunica Trace, Angola, LA 70712, and includes, without limitation, any premises or facilities associated with the Louisiana State Penitentiary.

16.     "Incarcerated Person" means, without limitation, any natural person or individual incarcerated at LSP.

17.     "Trustee" or "Trusty" refers to any Incarcerated Persons who has demonstrated good conduct over a period of time and who has been granted a status by the prison administration that, among other things, permits greater freedom of movement at the prison.

18.    "You" or "Your" means any and/or all Defendants, together with any of their agents, attorneys, representatives, or any other Person acting under their control or on their behalf, including, but not limited to, their attorneys Elizabeth Murrill, Andrew Blanchfield, T.A., C. Reynolds LeBlanc, and Chelsea A. Payne.

19.    The use of the singular form of any word in these Requests includes the plural and vice versa.

20.    Use of a verb in any tense shall be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of the Request any Documents or information that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

1.    Any ambiguity as to any Request shall be construed so as to require the production of the greater number of Documents.  Examples of responsive items set forth in any Request should not be construed to limit the scope of the Request.

2.    In responding to these Requests, You shall produce all responsive Documents which are in Your possession, custody, or control, or which are in the possession, custody, or control of Your agents, attorneys, representatives, affiliates, or any other Person acting under Your control or on Your behalf.  A Document shall be deemed to be within Your control if You have the right to secure the Document or a copy of the Document from another Person having possession, custody, or control of the Document.

3.    These Requests are continuing in nature under Federal Rule of Civil Procedure 26(e). Any Document identified after service of any response to these Requests that would have been produced in response had the Document then been identified shall promptly be produced whenever You find, locate, acquire, or become aware of such Document, up until the resolution of this Action.

4.      In accordance with Federal Rule of Civil Procedure 34(b)(2), each Request shall be responded to fully, unless it is in good faith objected to, in which event the reasons for the objection shall be stated with specificity, and the objection must state whether any responsive materials are being withheld on the basis of that objection.  If an objection pertains only to a portion of a Request, or to a word, phrase, or clause contained in a Request, You shall state Your objection to that portion only and respond to the remainder of the Request.

5.      If any Document responsive to these Requests is withheld by You under a claim of privilege (including attorney-client privilege or the work-product doctrine), You shall, consistent with Federal Rule 26(b)(5) and Local Civil Rule 26(c), identify the nature of the privilege that is being claimed in a separate privilege log accompanying your responses, and if the privilege is being asserted in connection with a claim or defense governed by state law, set forth the state privilege rule being invoked.  You shall also indicate, as to the information requested, whether any such Documents exist.  If a portion of a document contains information subject to a claim of privilege, only that portion shall be redacted, and the remainder shall be produced.

6.      All Documents responsive to the Requests shall be produced in an orderly manner (and with appropriate markings or other identification) so that the Plaintiffs and their attorneys will be able to identify the source of the Document, the file in which it was maintained, and the individual or group to whom such file belonged.

7.      Each requested Document shall be produced in its entirety, along with any attachments, drafts and non-identical copies, including without limitation copies that differ by virtue of handwritten or other notes or markings.  If a Document responsive to these Requests cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.  Documents contained in file folders, loose-leaf binders and notebooks with tabs or labels identifying such Documents are to be produced intact together with

such file folders, loose-leaf binders, or notebooks.  All labels identifying such Documents, files, folders, or binders shall be copied.  Documents attached to each other should not be separated, and all such attached Documents shall be produced.

8.    If any Document responsive to these Requests has been destroyed, discarded, or lost, or is otherwise not capable of being produced, identify each such Document and set forth the following information: (a) the date of the Document; (b) a description of the subject matter of the Document; (c) the name and address of each Person who prepared, received, viewed, or had possession, custody, or control of the Document; (d) the date when the Document was destroyed, discarded, or lost; (e) the identity of the Person who directed that the Document be destroyed, who directed that the Document be discarded, or who lost the Document; and (f) a statement of the reasons for and circumstances under which the Document was destroyed, discarded, or lost.

9.    Per the parties' discussions, all electronically stored information (including but not limited to emails, Word documents, Excel files, and PowerPoint files) shall be produced by Defendants (a) as Bates-stamped, searchable pdf files and (b) in native format with accompanying original metadata.

10.    If no Documents or things exist that are responsive to a particular paragraph of these Requests, so state in writing.

11.    Objection will be made at the time of trial to any attempt to introduce evidence which is sought by these Requests and to which no disclosure has been made.

12.    Unless otherwise indicated, the time period covered by these Requests is from January 1, 2022 through and including the present (the "Relevant Time Period") and shall include all events or circumstances which occurred during such period, as well as related Documents and information produced or created during that period.  However, if a document prepared prior to January 1, 2022 is necessary for a correct or complete understanding of any Document covered by a Request, the

Document shall be produced.  If any Document is undated and the date of its preparation cannot be determined, the Document shall be produced if otherwise responsive to the Request.

**DOCUMENTS REQUESTED**

71.    All Documents showing that breaks were or were not provided consistent with Health Care Policy No. HCP8.

72.    Documents sufficient to show the precise hours when the persons assigned to the Farm Line leave to go out to and return from the fields.

73.    LDPSC's Disciplinary Rules and Procedures handbooks for the past 10 years.

74.    LDPSC's Disciplinary/Sanctions Matrices for the past 10 years.

75.    LSP's menus and log books or other documentation of the meals actually served at LSP each day.

76.    Receipts, invoices, or other documentation sufficient to show the type, quantity, and cost of produce (vegetables and fruit) purchased by LSP for consumption by people incarcerated at LSP.

77.    Receipts, invoices, or other documentation sufficient to show the type, quantity, and cost of produce (vegetables and fruit) produced by incarcerated men on the Farm Line for consumption by people incarcerated at LSP.

78.    Documents sufficient to show whether incarcerated men are required to pay for their medical care, including but not limited to sick calls from men assigned to the Farm Line, and the circumstances under which incarcerated men are responsible for costs associated with their medical care.

79.    Documents sufficient to show disciplinary action taken in response to any incarcerated person's failure to satisfy a work quota while assigned to the Farm Line.

80.   Documents sufficient to show disciplinary action taken in response to any incarcerated person's failure to attend or show up for a work call-out for a shift on the Farm Line.

81.   Documents sufficient to show all requests for accommodation under the ADA related to work, work programs, or labor at LSP and the outcome of those requests.

Dated: New York, New York
         June 21, 2024

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
Joshua Hill Jr. (PHV) NY Bar No. 4297826
Jeremy A. Benjamin (PHV) NY Bar No. 4770277
Arielle B. McTootle (PHV) NY Bar No. 5993217
Leah R. Weiser (PHV) NY Bar No. 6027601
1285 Avenue of the Americas,
New York, NY 10019-6064
Tel: (212) 373-3000
jhill@paulweiss.com
jbenjamin@paulweiss.com
amctootle@paulweiss.com
lweiser@paulweiss.com

THE PROMISE OF JUSTICE INITIATIVE
Lydia Wright, La. Bar No. 37926
Samantha Bosalavage, La. Bar No. 39808
Claude-Michael Comeau, La. Bar No. 35454
Kenyatta Barthelemy, La. Bar No. 40664
1024 Elysian Fields Avenue
New Orleans, LA 70117
Tel: (504) 529-5955
lwright@defendla.org
sbosalavage@defendla.org
ccomeau@defendla.org
kbarthelemy@defendla.org

**RIGHTS BEHIND BARS**
Oren Nimni (PHV) MA Bar No. 691821
Amaris Montes (PHV) MD Bar No. 2112150205
416 Florida Avenue NW, Ste. 26152
Washington, D.C. 20001
Tel: (202) 455-4399
oren@rightsbehindbars.org
amaris@rightsbehindbars.org

*Attorneys for Plaintiffs and the Proposed Classes*

# APPENDIX A

**I.     ESI DATA REPOSITORIES – entities that house ESI**

1) Louisiana Department of Public Safety and Corrections (email servers, shared drives, computer hard drives, or other devices in which information is stored, saved, or archived in the ordinary course of business).

2) Prison Enterprises, Inc.

**II.     CUSTODIANS – individuals that created, sent, or received ESI, or persons who have access to the drives that are necessary to be searched for a custodian who has since left state employment:**

1) Gabriel Hebert (affiant to Defendants' reply)
2) Tommy Guilino (affiant to Defendants' reply)
3) Misty Stagg
4) James LeBlanc
5) Timothy Hooper
6) Amber Vittorio (response to ROG 1)
7) Bill Hawkins (Nursing director, response to ROG 1)
8) Randy Lavespere (affiant to Defendants' reply)
9) Paul Toce (former Medical Director of LSP)
10) Darren Cashio (supervises EMTs)
11) Ashli Oliveaux (ADA coordinator for LSP)
12) Lars Ducote (appointed as ADA coordinator on 1/3/2024)
13) Jennifer Stickells (appointed as ADA coordinator on 1/3/2024)
14) Warden Sanders (Camp D)
15) Huey Pidgeon (Corporal Major – Security Support over field)

**APPENDIX B**

I.   **Responsive Custodian Email ESI and ESI housed on DOC or PE servers created between <mark>XX</mark> and the present using one or more of the following search terms will be produced (subject to properly logged redactions for assertions of privilege)**:

1) "Farm Line"
2) "Field" OR (Line /3 24) OR (Line /3 25) OR (Line /3 15b)
3) "Heat Alert" OR "Heat advisory!"
4) "Heat Pathology"
5) "Heat" /5 ("stroke" OR "stress")
6) "Disciplin!" & ("Line" OR "field")
7) "Accommodat!" & ("Line" OR "field")
8) "Daily Line Count"
9) "Line Roster"
10) "Heat Precaution"
11) "Duty Status"
12) Faint* OR (Pass* /3 "out") OR (fall* /3 "out")
13) "Dizz!"
14) "Nauseous" OR "nausea"
15) "Water cooler"
16) "Gatorade" OR "sports drink"
17) ("ice" OR "water") /5 "break"
18) "medium custody line"
19) "maximum custody line"
20) "SDE" & ("heat" OR " field")

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on June 21, 2024, I served a true and correct copy of **PLAINTIFFS' SECOND**

**REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS** on

Andrew Blanchfield (ablanchfield@keoghcox.com), Chelsea Payne (cpayne@keoghcox.com), and

Reynolds LeBlanc (rleblanc@keoghcox.com), counsel for Defendants, via e-mail.

Jeremy A. Benjamin