UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VOICE OF THE EXPERIENCED,** a membership organization on behalf of itself and its members; **and MYRON SMITH, DAMARIS JACKSON, NATE WALKER, DARRIUS WILLIAMS, KEVIAS HICKS, JOSEPH GUILLORY, KENDRICK STEVENSON,** and **ALVIN WILLIAMS,** on behalf of themselves and all others similarly situated, | CIVIL ACTION<br><br>NO.: 3:23-cv-1304<br><br>JUDGE BRIAN A. JACKSON |
| VERSUS | |
| **JAMES LEBLANC,** in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections**; TIMOTHY HOOPER,** in his official capacity as Warden of Louisiana State Penitentiary; **MISTY STAGG**, in her official capacity as Director of Prison Enterprises, Inc.; the **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS;** and **PRISON ENTERPRISES, INC.** | MAGISTRATE JUDGE<br>ERIN WILDER-DOOMES |

**\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \***

## DEFENDANTS' MEMORANDUM IN RESPONSE TO R.DOC. 70

**NOW INTO COURT,** through undersigned counsel, come Defendants herein, **JAMES LEBLANC,** in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections, **TIMOTHY HOOPER,** in his official capacity as Warden of Louisiana State Penitentiary, **MISTY STAGG,** in her official capacity as Director of Prison Enterprises, **LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS** and **PRISON ENTERPRISES** ("Defendants"), who file this memorandum as directed in Doc. 70 concerning proposed remediations. This Court ordered Defendants to propose remedies which shall contain estimates dates for the implementation of its terms. R.Doc. 70. Pursuant to the Fifth Circuit's

1

ruling on July 12, 2024, parts (3)-(5) of this Court's order are stayed pending appeal.[1] As such, Defendants address parts (1) and (2) herein.

1. **Shade and "Adequate Rest"**

Part 1 of this Court's order provides the following:

> Correct the deficiencies of Directive No. 13.067 noted herein, including the lack of shade and adequate rest provided to incarcerated persons laboring on the Farm Line.

As Defendants previously advised this Court on June 21, 2024, immediately following the hearing on June 18, 2024, LSP ordered 10x10 foot pop-up canopy tents to provide a shaded break area for offenders assigned to the Farm Line. R.Doc. 64, pg. 3. This practice was implemented on June 24, 2024, and documented in the Daily Line Counts. This practice was also confirmed in depositions this week. LSP will continue to provide the shade tents to the Farm Line.

Pursuant to Directive 13.067, when a heat alert is issued five-minute organized breaks are provided every thirty minutes. LSP has followed this practice and continues to follow this practice. LSP now documents these breaks on its Daily Line Counts. See for example R.Doc. 74-2, 82-2.[2] LSP continues to follow its Heat Pathology Directive, as confirmed this week in depositions of LSP employee who works in the field daily.

2. **Sunscreen and Equipment**

Part 2 of this Court's order provides the following:

> Correct the problems with Defendants' equipment policies noted herein, including the failure to provide sunscreen and other necessary protective clothing and equipment to those laboring on the Farm Line

As Defendants previously advised this Court on June 21, 2024, immediately following the hearing on June 18, 2024, LSP began offering sunscreen to all offenders assigned to the Farm Line.

---

[1] Defendants reserve all rights and arguments concerning the original order in the pending appeal.
[2] Defendants note that Line 6A and 6B are indoors at the processing plant. As such, those lines are not subject to Directive 13.067.

R.Doc. 64, pg. 3.  The field officers keep sunscreen on their person and offer to each offender. This practice was implemented on June 21, 2024, and is documented in the Daily Line Counts.

Regarding protective clothing and equipment, the ruling only identifies "lace up boots" as a potential "problem" with Defendants' equipment policy. This Court noted that the policy identifies "work boots" which the court believed to be rubber boots. In opposition to the TRO, Defendants provided photographs of the lace up boots provided to offenders. R.Doc. 49-7. As named plaintiff Joseph Guillory confirmed in his deposition this week, LSP does provide lace up boots, but he did not like those boots and preferred to wear the rubber boots. LSP will continue to provide the lace up boots as shown in R.Doc. 49-7.

If the Court should require anything else from Defendants, undersigned counsel can participate in a status conference.

                          Respectfully submitted,

                          **KEOGH, COX & WILSON, LTD.**

By:    s/Andrew Blanchfield
        Andrew Blanchfield, T.A. (#16812)
        Email: ablanchfield@keoghcox.com
        C. Reynolds LeBlanc (#33937)
        Email: rleblanc@keoghcox.com
        Chelsea A. Payne (#35952)
        Email: cpayne@keoghcox.com
        Post Office Box 1151
        Baton Rouge, Louisiana 70821
        Telephone:  (225) 383-3796
        Facsimile:  (225) 343-9612

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, and a copy of the above and foregoing was this day forwarded by the Court's ECF Delivery System to all counsel of record.

Baton Rouge, Louisiana, this 19th day of July, 2024.

                                            s/Andrew Blanchfield
                                            Andrew Blanchfield