UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

VOICE OF THE EXPERIENCED, a membership organization on behalf of itself and its members; **and MYRON SMITH, DAMARIS JACKSON, NATE WALKER, DARRIUS WILLIAMS, KEVIAS HICKS, JOSEPH GUILLORY, KENDRICK STEVENSON, and ALVIN WILLIAMS,** on behalf of themselves and all others similarly situated,

VERSUS

**JAMES LEBLANC,** in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections; **TIMOTHY HOOPER,** in his official capacity as Warden of Louisiana State Penitentiary; **MISTY STAGG,** in her official capacity as Director of Prison Enterprises, Inc.; the **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS;** and **PRISON ENTERPRISES, INC.**

CIVIL ACTION

NO.: 3:23-cv-1304

JUDGE BRIAN A. JACKSON

MAGISTRATE JUDGE
ERIN WILDER-DOOMES

## ORDER

Considering the Unopposed Motion for Entry of Joint Stipulated Protective Order (R. Doc. 87), the proposed Joint Stipulated Protective Order (R. Doc. 87-1), and for good cause shown;

**IT IS ORDERED** that the Unopposed Motion for Entry of Joint Stipulated Protective Order (R. Doc. 87) is **GRANTED,** and the attached Joint Stipulated Protective Order is entered into the record of the above-referenced matter. Modifications by the Court are bolded for ease of reference.

The parties are also reminded that regardless of any designation of documents exchanged in discovery as confidential pursuant to the Protective Order Regarding Confidential Information, the United States Court of Appeals for the Fifth Circuit requires a "stricter balancing standard" to

determine whether any documents may be filed into the court record under seal. *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416-421 (5th Cir. 2021).

Signed in Baton Rouge, Louisiana, on July 24, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VOICE OF THE EXPERIENCED,** a membership organization on behalf of itself and its members; **and MYRON SMITH, DAMARIS JACKSON, NATE WALKER, DARRIUS WILLIAMS, KEVIAS HICKS, JOSEPH GUILLORY, KENDRICK STEVENSON,** and **ALVIN WILLIAMS,** on behalf of themselves and all others similarly situated, <br><br> **VERSUS** <br><br> **JAMES LEBLANC,** in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections**; TIMOTHY HOOPER,** in his official capacity as Warden of Louisiana State Penitentiary; **MISTY STAGG**, in her official capacity as Director of Prison Enterprises, Inc.; the **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS;** and **PRISON ENTERPRISES, INC.** | **CIVIL ACTION** <br><br> **NO.: 3:23-cv-1304** <br><br> **JUDGE BRIAN A. JACKSON** <br><br> **MAGISTRATE JUDGE ERIN WILDER-DOOMES** |

**JOINT STIPULATED PROTECTIVE ORDER**

**I.  Scope**

1. This Stipulation is entered into to facilitate the production, exchange, and discovery of documents and information by any party or non-party that contain private medical information, including but not limited to "Protected Health Information" as defined under the Health Insurance Portability and Accountability Act, 45 C.F.R. § 160.103 and "Individually Identifiable Health Information" as defined under the Health Insurance Portability and Accountability Act, 45 C.F.R. § 160.103.

1

2. This Stipulation also governs the taking of photographs and video recordings during the Plaintiffs' inspection of the premises of Louisiana State Penitentiary located at 17544 Tunica Trace, Angola, Louisiana, 70712 ("Angola").

3. This Stipulation shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure.

## II. Definitions

4. "Defendants" means the individuals and entities listed in the above caption, their counsel and persons employed by their counsel.

5. "Discovery" means all information, documents, and things subject to discovery or used as evidence in this action, whether produced by any party or a third party, including, but not limited to, documents and information produced pursuant to Fed. R. Civ. P. 26, testimony adopted at depositions pursuant to Fed. R. Civ. P. 30 or 31, answers to interrogatories pursuant to Fed. R. Civ. P. 33, documents produced pursuant to Fed. R. Civ. P. 34, information obtained from inspections of premises or things pursuant to Fed. R. Civ. P. 34, and answers to requests for admissions pursuant to Fed. R. Civ. P. 36.

6. "Inspection" means the agreement between the Parties made pursuant to Federal Rule of Civil Procedure 34(a)(2) that Plaintiffs be permitted to inspect, survey, measure, photograph, videotape, test, and/or sample the premises of the Louisiana State Penitentiary located at 17544 Tunica Trace, Angola, Louisiana 70712 ("Angola").

7. "Parties" means Plaintiffs, Defendants, their respective counsel and persons employed by their counsel.

8. "Plaintiffs" means Plaintiffs named in the above-captioned action and members of the putative class.

9. "Plaintiffs' Counsel" means Plaintiffs' attorneys, as well as other attorneys employed by or associated with Plaintiffs' attorneys for purposes of this litigation, non-attorney employees of Plaintiffs' attorneys, and contractors retained by Plaintiffs' attorneys for purposes of this litigation.

10. "Protected Health Information" (hereinafter, PHI) has the meaning set forth in the Health Insurance Portability and Accountability Act, 45 C.F.R. § 160.103.

11. "Individually Identifiable Health Information" (hereinafter, IIHI) has the meaning set forth in the Health Insurance Portability and Accountability Act, 45 C.F.R. § 160.103.

### III. Access to and Protection of Records Containing PHI and IIHI

12. **Applicability:** All documents containing IIHI and/or PHI shall be presumed without further designation to be subject to the provisions set forth below in paragraphs 13–24.

13. Notwithstanding paragraph 12 above, a Party may opt to designate any document as containing PHI or IIHI by stamping it with the following statement "Confidential." Any Party may challenge the applicability of this Order to documents so stamped by notifying the opposing counsel in writing. Should the Parties be unable to resolve the dispute, any Party may file an appropriate motion with the Court pursuant to L.R. 37 and Fed. R.Civ. P. 26(c).

14. **Limits on Disclosure:** Except upon express permission of the subject of the medical or mental health record, or their legal representative or other person authorized to provide such permission, the Parties will not disclose PHI or IIHI except to: (1) the subject of the health record; (2) the Parties' counsel's staff, experts or consultants retained for the

3

purpose of this litigation, subject to the limits set forth below; (3) LSP health care staff to the extent necessary for providing health care to the subject of the record or to the extent necessary to defend or prosecute litigation; (4) deponents and trial witnesses, subject to the limits set forth below; (5) court reporters and other court personnel as is necessary to conduct this litigation; or (6) any other person agreed upon by the Parties and confirmed in writing.

15. **Permissible Uses**: Persons authorized to access unredacted documents containing PHI or IIHI under this Order shall use the information only for the purpose of this specific action/litigation specified by the style above (including appeals and trials), and shall not use such information for any other purpose.

16. **Deponents and Witnesses:** A deponent or trial witness may, during preparation for deposition or trial, or during deposition or trial, be shown and examined about PHI or IIHI to the extent that such information is relevant to his or her testimony. In such instances, deponents and trial witnesses shall be informed of, familiar with, and subject to the disclosure provisions of this Order.

17. **Experts and Consultants**: All experts and consultants retained by the Parties for the purpose of this litigation shall subject to and shall review and be familiar with the terms of this Order.

18. **Protection of Information:** All persons allowed access to PHI or IIHI pursuant to this Order shall take reasonable and necessary steps to maintain all such materials and information, and any copies, notes, extracts, summaries, or descriptions of such materials, as confidential and shall not disseminate such confidential information, except as permitted by this Order.

**IV. Special Provisions Regarding HIPAA**

19. This Order authorizes Defendants to produce documents containing PHI or IIHI during the course of discovery to Plaintiffs' Counsel or to permit inspection, copying, and/or scanning of same by Plaintiffs' Counsel, even if the PHI or IIHI or other private medical information concerns incarcerated individuals who are nonparties. When producing any documents containing PHI or IIHI or other private medical information, Defendants shall attempt to designate it as confidential material; however, such designation shall not be necessary for documents like medical records whose nature as protected health information is otherwise self-evident. Moreover, the failure of any Party to designate protected health information as confidential material shall not excuse the Party utilizing or relying upon the same from any duties imposed herein or by law respecting protected health information.

20. This Order constitutes a "qualified protective order" pursuant to the Privacy Rules, 45 C.F.R. § 164.512(e)(1)(v), promulgated under the Health Insurance Portability and Accountability Act (HIPAA).

21. A person's acquisition or disclosure of his or her own protected health information is not governed by this Order in any way. Disclosure of PHI or IIHI or other private medical information to the person who is the subject of that medical record is not governed or restricted by the Order in any way.

## V.  Photographs and Video Recordings at Site Inspection

22. As agreed upon by the Parties, Plaintiffs' Counsel shall be permitted to inspect, survey, measure, photograph, videotape, test and/or sample the properties and any operations at the Inspection.

23. Any photographs or video recordings taken by Plaintiffs' Counsel shall be for use in this litigation only.  The Parties agree to limit copying or reproducing photographs or video recordings taken at the Inspection to the extent practicable. The Parties will not disclose any photograph or video recording except to:  (1) the Parties' counsel staff, experts, or consultants retained for the purpose of this litigation, subject to the limitations set forth in paragraphs 14–18 above; (2) deponents and trial witnesses, subject to the limitations set forth in paragraphs 14–18 above; (3) court reporters and other court personnel as is necessary to conduct this litigation; or (4) any other person agreed upon by the Parties and confirmed in writing.

24. If any Party intends to use the photographs or video recordings taken during the Inspection in court filings, the Party agrees to file such photographs or video recordings under seal.[1]

## VI.  Additional Provisions

25. **No Impact on Arguments Regarding Privilege:** This Order shall not limit either Party's ability to make arguments regarding the attorney-client privilege, the work product immunity, or any other privilege, right, or immunity, including arguments regarding the applicability or inapplicability of any privilege, right, or immunity, or the presence or absence of a waiver thereof.

---

[1] **This Order does not, standing alone, authorize the filing of any document into the record under seal. Any party wishing to file a document designated as confidential into the record under seal pursuant to this Joint Stipulated Protective Order must make the appropriate showing required to obtain such relief.** *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416-421 (5th Cir. 2021).

26. **Modification, Objection, and Further Application Permitted:** Nothing in this Order shall prevent any Party or other person from: a) applying to the Court for modification of this Order or further protective orders relating to discovery in this litigation; b) applying to the Court for an order seeking the addition or removal of a redaction or designation of a document as containing private medical information, including but not limited to PHI and/or IIHI; c) objecting to a discovery request; or d) applying to the Court for an order compelling production of documents or an answer to a discovery request.

27. **Continuing Jurisdiction**: The terms of this Protective Order shall survive the final termination of this litigation and shall continue to fully apply to all materials containing IIHI and/ or PHI until further order of this Court. Following the final termination of this litigation, the court shall retain and have jurisdiction over the Parties and all persons who received access to such materials.

28. **Return or Destruction of Protected Health Information**: Upon the final termination of this litigation, any protected health information accessed pursuant to this Order shall be returned or destroyed (including any copies made thereof) as required by the Privacy Rules, 45 C.F.R. § 164.512(e)(1)(v)(B), promulgated under the Health Insurance Portability and Accountability Act (HIPAA), except where such information has been incorporated into Attorney Work Product. If destroyed, that fact shall be certified by affidavit and submitted to Defendants. Any document filed under seal with the court shall be handled by the court in accordance with its procedures at the conclusion of the litigation.[2]

---

[2] **Under the Court's General Order No. 2019-4: "[A]ll pleadings and other papers filed under seal in civil and criminal actions shall be maintained under seal for thirty days following the final disposition of the action. After that time, all sealed pleadings and other paper shall be placed in the case record unless a District Judgment or Magistrate Judgment, upon motion and for good cause shown, orders that the pleading or other paper be maintained under seal….[T]he deadline for filing any motions regarding the unsealing of any document shall be within thirty days of the final disposition of any action and shall contain a concise statement of reasons maintaining**

7

29. **Return or Destruction of Inspection Photographs or Video Recordings**: Upon the final termination of this litigation, any photographs or video recordings taken at the Inspection shall be returned or destroyed (including any copies made thereof), except where such information has been incorporated into Attorney Work Product. If destroyed, that fact shall be certified by affidavit and submitted to Defendants. Any document filed under seal shall be handled by the court in accordance with its procedures at the conclusion of the litigation.

          Respectfully submitted,

          **KEOGH, COX & WILSON, LTD.**

          By:    s/Andrew Blanchfield
                Andrew Blanchfield, T.A. (#16812)
                Email: ablanchfield@keoghcox.com
                C. Reynolds LeBlanc (#33937)
                Email: rleblanc@keoghcox.com
                Chelsea A. Payne (#35952)
                Email: cpayne@keoghcox.com
                Post Office Box 1151
                Baton Rouge, Louisiana 70821
                Telephone: (225) 383-3796
                Facsimile: (225) 343-9612

*(Counsel for Defendants)*

- and –

*(Signatures Continued on Following Page)*

---

**the pleading or other paper under seal."**

s/ Lydia Wright
Lydia Wright, La. Bar No. 37926
Samantha Bosalavage, La. Bar No. 39808
Claude-Michael Comeau, La. Bar No. 35454
**THE PROMISE OF JUSTICE INITIATIVE**
1024 Elysian Fields Avenue
New Orleans, LA 70117
Telephone: (504) 529-5955
lwright@defendla.org
sbosalavage@defendla.org
ccomeau@defendla.org

Oren Nimini (PHV)
MA Bar No. 691821
Amaris Montes (PHV)
MD Bar No. 2112150205
**RIGHTS BEHIND BARS**
416 Florida Avenue NW, Ste. 26152
Washington, D.C.  20001
Telephone: (202) 455-4399
oren@rightsbehindbars.org
amaris@rightsbehindbars.org

Joshua Hill, Jr.
Jeremy A. Benjamin
Arielle B. McTootle
Leah R. Weiser
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP**
1285 Avenue of the Americas
New York, NY  10019-6064
jhill@paulweiss.com
jbenjamin@paulweiss.com
amctootle@paulweiss.com
lweiser@paulweiss.com

*(Attorneys for Plaintiffs and the Proposed Classes)*