**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000
DIRECT DIAL: (212) 373-3502
EMAIL: JBENJAMIN@PAULWEISS.COM

BEIJING
BRUSSELS
HONG KONG
LONDON
LOS ANGELES

SAN FRANCISCO
TOKYO
TORONTO
WASHINGTON, DC
WILMINGTON

January 10, 2024

**Via ECF**
Hon. Brian A. Jackson
Russell B. Long Federal Building and United States Courthouse
777 Florida Street, Suite 139
Baton Rouge, LA 70801

Re:   *Voice of the Experienced, et al.* v. *LeBlanc, et al.*, No. 3:23-cv-1304-BAJ-EWD

Dear Judge Jackson,

We write on behalf of Plaintiffs in the above-captioned action in connection with their request for this Court to appoint an expert pursuant to Federal Rule of Evidence 706. Specifically, we write to inform the Court that Plaintiffs are withdrawing that request for the reasons set forth below.

Plaintiffs previously requested that this Court install a Rule 706 expert to advise the Court concerning the sufficiency and implementation of Defendants' purported changes to their heat-related policies and practices.  *See* ECF Nos. 144, 150.  At the time Defendants announced those changes, discovery in this action had concluded, trial had been adjourned, and a new trial date had not yet been set.  Given that the 2024 heat season has passed, that trial will occur in mid-April before the 2025 heat season will begin, and that Plaintiffs will be entitled to additional discovery, appointment of a Rule 706 expert at this phase would be logistically challenging and of limited utility.

Accordingly, Plaintiffs will not move for the appointment of a Rule 706 expert at this time but reserve all rights to move for either a Rule 706 expert or special master[1] in the future.

Respectfully submitted,

*/s/ Jeremy A. Benjamin*

Jeremy A. Benjamin

---

[1] Plaintiffs note that they requested a court-appointed expert as opposed to a "Special Master," *see* 18 U.S.C. § 3626(g)(8), because of the restrictions the Prison Litigation Reform Act ("PLRA") imposes regarding the appointment of Special Masters in the context of prison litigation.  Among other things, the PLRA mandates a specific selection process, *see* 18 U.S.C. § 3626(f)(2), constrains the Special Master to a quasi-judicial role, *see* 18 U.S.C. § 3626(f)(6)(A), and forbids *ex parte* communication, *see* 18 U.S.C. § 3626(f)(6)(B).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Brian A. Jackson   2

cc:     All Counsel of Record (via ECF)