UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VOICE OF THE EXPERIENCED,** a membership organization on behalf of itself and its members; **and MYRON SMITH, DAMARIS JACKSON, NATE WALKER, DARRIUS WILLIAMS, KEVIAS HICKS, JOSEPH GUILLORY, KENDRICK STEVENSON,** and **ALVIN WILLIAMS,** on behalf of themselves and all others similarly situated, <br><br> **VERSUS** <br><br> **JAMES LEBLANC,** in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections**; TIMOTHY HOOPER,** in his official capacity as Warden of Louisiana State Penitentiary; **MISTY STAGG**, in her official capacity as Director of Prison Enterprises, Inc.; the **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS;** and **PRISON ENTERPRISES, INC.** | **CIVIL ACTION** <br><br> **NO.: 3:23-cv-1304** <br><br> **JUDGE BRIAN A. JACKSON** <br><br> **MAGISTRATE JUDGE ERIN WILDER-DOOMES** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO INCENTIVE PAY

**NOW INTO COURT,** through undersigned counsel, come Defendants herein, **JAMES LEBLANC,** in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections, **TIMOTHY HOOPER,** in his official capacity as Warden of Louisiana State Penitentiary, and **THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS** ("Defendants"), file this reply memorandum in support of their motion in limine to exclude any evidence or testimony regarding incentive pay. Plaintiffs attempt to collaterally attack incentive pay rates and canteen prices that apply to all offenders in DOC

1

custody, and not just the offenders working the Farm Line at LSP. However, the law is well settled that prisoners do not have a constitutional right to incentive pay. As such, in this Eighth Amendment challenge to the Farm Line job assignment, the fact or rate of incentive pay is not relevant, and therefore should be excluded.

Plaintiffs do not dispute that prisoners have no constitutional right to be paid for work performed in prison[1] or that forcing prisoners to work without pay is not cruel and unusual punishment under the Eighth Amendment. *Wendt v. Lynaugh*, 841 F.2d 619, 621 (5th Cir. 1988). Nor do they dispute that the rate of any incentive pay is "by grace of the state." *Id*. Yet, they continue to make conclusory arguments that that evidence of incentive pay is relevant to their Eighth Amendment claims.

Plaintiffs' opposition actually demonstrates that the issue of incentive pay is irrelevant and will only confuse the issues. Plaintiffs argue that all incarcerated people are left with "less disposable income"[2] because of the canteen prices, citing to a Louisiana Legislative Audit from eight years ago. This lawsuit is not about canteen prices for all incarcerated persons. Nor is it about the policies concerning inmate banking that apply to all DOC offenders.[3] The issue in this lawsuit is solely whether the current operation of the Farm Line violates the Eighth Amendment. Because it is well established that the amount of incentive pay is not a constitutional question, incentive pay rates have no bearing on Plaintiffs' constitutional claims.

---

[1] *Rochon v. Louisiana State Penitentiary Inmate Acct.*, 880 F.2d 845, 846 (5th Cir. 1989)
[2] This argument is directly contradicted by the Fifth's Circuits ruling in *Loving v. Johnson*, 455 F.3d 562, 563 (5th Cir. 2006). Citing to the Seventh Circuit, the Fifth Circuit noted that "People are not imprisoned for the purpose of enabling them to make a living."
[3] While Plaintiffs assert that if an offender needs medical care but cannot afford the copay, he will fall into debt, this argument is contrary to the very policy Plaintiffs cite. Directive 13.032 (A)(4) states that co-payment fees **shall be waived** for sick call inmates who have $200 or less in their drawing account. See R.Doc. 171-4, p.3.

Plaintiffs' attempt to collaterally attack incentive pay rates and canteen prices will only serve to confuse the issues and waste judicial resources. The law is well settled that offenders have no constitutional rights to incentive pay. As such, the amount of incentive pay rates of offenders assigned to the Farm Line is not "of consequence" in determining whether the Farm Line violates the Eighth Amendment. F.R.E. 401. Plaintiffs cannot circumvent this well-settled law by using incentive pay rates to prove their Eighth Amendment claim. As such, the evidence is irrelevant and should be excluded.

Finally, while Plaintiffs argue that a motion in limine is not proper for a bench trial, it is fundamental that evidence must be relevant in order to be admissible. F.R.E. 402. Further, in an attempt to streamline the issues and presentation of evidence at trial, a pre-trial ruling that irrelevant evidence is exclude is proper. Defendants pray that their motion be granted and that any evidence or testimony concerning incentive pay rates be excluded.

Respectfully submitted,

**LIZ MURRILL**
**Attorney General**

By:   s/Andrew Blanchfield
      Andrew Blanchfield, T.A. (#16812)
      Email: ablanchfield@keoghcox.com
      C. Reynolds LeBlanc (#33937)
      Email: rleblanc@keoghcox.com
      Chelsea A. Payne (#35952)
      Email: cpayne@keoghcox.com
      Special Assistant Attorneys General
      Post Office Box 1151
      Baton Rouge, Louisiana 70821
      Telephone: (225) 383-3796
      Facsimile: (225) 343-9612

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, and a copy of the above and foregoing was this day forwarded by the Court's ECF Delivery System to all counsel of record.

Baton Rouge, Louisiana, this 24th day of January, 2025.

    s/Andrew Blanchfield    
Andrew Blanchfield
