## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VOICE OF THE EXPERIENCED**, a membership organization on behalf of itself and its members; and **MYRON SMITH, DAMARIS JACKSON, NATE WALKER, DARRIUS WILLIAMS, KEVIAS HICKS, JOSEPH GUILLORY, KENDRICK STEVENSON,** and **ALVIN WILLIAMS,** on behalf of themselves and all others similarly situated,<br><br>     *Plaintiffs*,<br><br>  v.<br><br>**JAMES LEBLANC**, in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections; **TIMOTHY HOOPER**, in his official capacity as Warden of Louisiana State Penitentiary; **MISTY STAGG**, in her official capacity as Director of Prison Enterprises, Inc.; the **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS**; and **PRISON ENTERPRISES, INC.**<br><br>     *Defendants*. | Civil Action No.: 3:23-cv-1304-BAJ-EWD |

## JOINT MOTION TO ADJOURN EVIDENTIARY HEARING

  **NOW INTO COURT**, through undersigned counsel, come Voice of the Experienced, Myron Smith, Damaris Jackson, Nate Walker, Darrius Williams, Kevias Hicks, Joseph Guillory, and Alvin Williams, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), and James LeBlanc, Timothy Hooper, Misty Stagg, Louisiana Department of Corrections, and Prison Enterprises, Inc. (collectively, "Defendants" and together with Plaintiffs, the "Parties"), through their counsel, jointly move this Court for an Order pursuant to Federal Rule of Civil Procedure 16(b)(4) to adjourn the evidentiary hearing for class certification to any

consecutive two-day period between the dates of April 23, 2025 and April 29, 2025, as dates previously scheduled for a trial on the merits in this matter, or as soon thereafter as the Court's schedule permits. A motion seeking expedited consideration of the Joint Motion is being filed herewith.

## BACKGROUND

On February 19, 2025, the Court heard oral argument on Plaintiffs' pending Motion for Class Certification (the "Motion"). Following oral argument, the Court ordered a two-day evidentiary hearing on issues related to class certification scheduled to take place on March 27, 2025 and March 28, 2025, and the pre-trial conference and trial be continued without date pending a decision by the Fifth Circuit in a matter unrelated to the Motion. Following this Order, the Parties requested a status conference which took place on March 6, 2025. Pursuant to discussions with the Court during this status conference, the Parties have met and conferred on their respective positions and availability and now jointly seek to move to adjourn the evidentiary hearing on class certification to any consecutive two-days between April 23, 2025 and April 29, 2025.

## ARGUMENT

Under Federal Rule of Civil Procedure 16(b)(4), good cause is established when a party can "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Pearl* v. *Walmart Supercenter Store No. 1266*, 2020 WL 5733195, at *2 (M.D. La. Sept. 24, 2020) (quoting *Marathon Fin. Ins. Inc., RRG* v. *Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009)). There are four factors to consider when determining whether good cause has been shown: "(1) the party's explanation for the requested extension; (2) the importance of the requested extension; (3) the potential prejudice in granting the extension; and (4) the availability of a continuance to cure such prejudice." *Id.*

Good cause exists to adjourn the evidentiary hearing on class certification. The Parties have diligently proceeded with the briefing and oral argument schedule as to class certification and other pertinent deadlines relevant to a pending trial, the date for which is to be reset following the conclusion of a matter currently before the Fifth Circuit. Despite the Parties' best efforts, due to the importance of the issues within the class certification motion, the necessity to present relevant and comprehensive evidence, and the scheduling constraints of certain witnesses, the Parties require additional time to prepare for the presentation of evidence related to these issues. Absent an adjournment of the evidentiary hearing, the Parties will be prejudiced because they will have insufficient time for the requisite preparation and may not be able to secure the presence of certain key witnesses. The Parties are cognizant of and in agreement about the importance of proceeding in an efficient and timely fashion given the pendency of the heat season and therefore seek to conduct the evidentiary hearing during such period that the Parties had intended to participate in a trial on the merits. The Parties, accordingly, satisfy each of the four factors required to establish good cause.

Further, pursuant to the Court's request at the status conference, the Parties identify the following witnesses that they expect to call at the evidentiary hearing. Subject to the Court's approval, the Parties propose that expert witnesses, indicated below with asterisks "*", be allowed to testify via Zoom. Defendants note that their *Daubert* Motions as to Plaintiffs' experts Dr. Evelynn Hammonds and Dr. Joshua Sbicca are still pending. Defendants request clarity as to whether these motions will be ruled on prior to the hearing.

| Plaintiffs | Defendants |
|---|---|
| Dr. Susi Vassallo* | Dr. Carl Keldie* |
| Dr. Evelynn Hammonds* | Dr. Deleca Barnes* |
| Dr. Joshua Sbicca* | Ashli Oliveaux |
| Ashli Oliveaux | Dr. Lavespere |
| Dr. Randy Lavespere | Roland Sylvester |

| Damaris Jackson | Orlando Scott |
|---|---|
| Kevias Hicks | Justin Coley |
| Patrick Jones | |

Plaintiffs intend to file writs to secure the presence of Mr. Jackson, Mr. Hicks, and Mr. Jones; Defendants will not oppose those requests. Finally, the Parties propose that all exhibits submitted in conjunction with the Motion shall be deemed admitted and in evidence for purposes of the Motion.

## CONCLUSION

**WHEREFORE**, the Parties jointly and respectfully request an adjournment of the class certification evidentiary hearing as currently scheduled to any consecutive two-day period between April 23, 2025 and April 29, 2025 as the Court's schedule permits and that an order granting this motion be entered accordingly.

Dated: March 13, 2025

THE PROMISE OF JUSTICE INITIATIVE

*/s/ Samantha Pourciau*
Samantha Pourciau, La. Bar No. 39808
Kara Crutcher (PHV) IL Bar No. 6337639
1024 Elysian Fields Avenue
New Orleans, LA 70117
Tel: (504) 529-5955
sbosalavage@defendla.org
kcrutcher@defendla.org

**RIGHTS BEHIND BARS**

*/s/ Lydia Wright*
Lydia Wright, La. Bar No. 37926416
Amaris Montes (PHV) MD Bar No. 2112150205
D Dangaran, D.C. Bar No. 90023981
416 Florida Avenue NW, Se. 26152
Washington, D.C. 20001

Tel: (202) 455-4399
lydia@rightsbehindbars.org
amaris@rightsbehindbars.org
d@rightsbehindbars.org

**PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP**

*/s/ Jeremy A. Benjamin*
Joshua Hill Jr. (PHV) NY Bar No. 4297826
Jeremy A. Benjamin (PHV) NY Bar No. 4770277
Michael McGregor (PHV) NY Bar No. 5510490
Arielle B. McTootle (PHV) NY Bar No. 5993217
Ricardo Sabater (PHV) NY Bar No. 5993217
Leah R. Weiser (PHV) NY Bar No. 6027601
Chizoba D. Wilkerson (PHV) NY Bar No. 5903943
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000
jhill@paulweiss.com
jbenjamin@paulweiss.com
mmcgregor@paulweiss.com
amctootle@paulweiss.com
rsabater@paulweiss.com
lweiser@paulweiss.com
cwilkerson@paulweiss.com

*Attorneys for Plaintiffs and the Proposed Classes*


**LIZ MURRILL**
**Attorney General**

*/s/ Andrew Blanchfield*
Andrew Blanchfield, T.A. (#16812)
C. Reynolds LeBlanc (#33937)
Chelsea A. Payne (#35952)
Christopher Jones
Special Assistant Attorneys General
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone:  (225) 383-3796
ablanchfield@keoghcox.com
rleblanc@keoghcox.com
cpayne@keoghcox.com
cjones@keoghcox.com

*Attorneys for Defendants*