# Exhibit 15

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VOICE OF THE EXPERIENCED,** a membership organization on behalf of itself and its members; **and MYRON SMITH, DAMARIS JACKSON, NATE WALKER, DARRIUS WILLIAMS, KEVIAS HICKS, JOSEPH GUILLORY, KENDRICK STEVENSON,** and **ALVIN WILLIAMS,** on behalf of themselves and all others similarly situated, | CIVIL ACTION<br><br>NO.: 3:23-cv-1304<br><br>JUDGE BRIAN A. JACKSON |
| **VERSUS** | |
| **JAMES LEBLANC,** in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections**; TIMOTHY HOOPER,** in his official capacity as Warden of Louisiana State Penitentiary; **MISTY STAGG**, in her official capacity as Director of Prison Enterprises, Inc.; the **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS;** and **PRISON ENTERPRISES, INC.** | MAGISTRATE JUDGE ERIN WILDER-DOOMES |

## RESPONSES TO PLAINTIFFS' THIRD SET OF INTERROGATORIES

NOW INTO COURT, through undersigned counsel, come defendants, **JAMES LEBLANC,** in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections, **TIMOTHY HOOPER,** in his official capacity as Warden of Louisiana State Penitentiary, and **LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS** ("Defendants"), who respond to plaintiffs' third set of interrogatories as follows:

1

## GENERAL OBJECTIONS & COMMENTS

These objections apply to each and every response to the requests herein. All information provided in these responses is made without waiver of and subject to these objections:

1. Defendants object to the requests to the extent they are vague, unclear, ambiguous, and/or confusing, especially those that use undefined terms.

2. Defendants object to the discovery requests to the extent they seek documents or information that are already in the possession or control of the plaintiffs or plaintiffs' counsel, or that are equally available to the plaintiffs as they are to Defendants.

3. Defendants object to any purported statement of facts or implications regarding those facts or characterizations of the facts, events, circumstances or issues in this litigation as described in the requests. Any response by Defendants is not intended to indicate agreement with any alleged factual statements by plaintiffs.

4. Defendants reserve the right to supplement any responses herein as additional facts, documents and other information are obtained through discovery.

5. Defendants object to merits-based discovery prior to class certification.

6. Defendants object to the overbroad time frame indicated in these requests.

7. Defendants object to the extent any request improperly characterizes the Farm Line (which is run by LSP and harvests vegetables for inmate consumption using modern day farming techniques) and the row crops run by Prison Enterprises at LSP (which are harvested by state-of-the-art machinery). Any response by Defendants is not intended to indicate agreement with any alleged factual statements by plaintiffs.

## RESPONSES TO SECOND SET OF INTERROGATORIES

INTERROGATORY NO. 1: State in detail the measures You have taken in response to the Remedial Measures Order or "voluntarily" since the issuance of that order concerning the operation of the Farm Line and heat pathology identification and prevention, the date by which You claim to have implemented those measures with respect to each of lines 15, 15b, 24, and 25, and for each occurrence since that time, the date, measure(s), and line on which You have failed to provide the aforementioned measures with respect to any of lines 15, 15b, 24, and 25.

**RESPONSE**:

**Sunscreen has been provided to all lines beginning June 21, 2024. LSP is not aware of any instances where sunscreen was not provided.**

**Tents were provided for those lines working in the fields beginning June 24, 2024. For those lines that are mobile, shade is provided via the buses that follow the offenders throughout their work shift. LSP is not aware of any instances where shade was not provided.**

**Beginning in August 2024, LSP began constructing shade wagons for the lines that do field work. The shade wagons were completed on the first week of October. LSP began implementing the shade wagons on October 3, 2024. Again, for those lines that do not do field work and are mobile, shade is provided via the buses that follow the offenders throughout their work shift.**

**LSP had always placed drinking coolers in use on raised surfaces for all lines. Only empty coolers were placed on the ground after they were used. In August 2024, LSP implemented multiple tents at each field. Tents and seating were placed in a manner to ensure inmates are not touching or encroaching the personal space of other inmates.**

**Beginning August 26, 2024, LSP replaced the 5-minute breaks every 30 minutes with 15-minute breaks every 45 minutes. As always, offenders can work at their own pace and take breaks as needed. LSP is not aware of any instances where breaks were not provided.**

**LSP has and continues to provide drinking cups to offenders working the Farm Line. LSP is not aware of any instances where cups were not provided.**

INTERROGATORY NO. 2: Identify all Persons involved in or responsible for conceiving, developing, approving, implementing, and monitoring the "changes" described in the Update Letters.

**RESPONSE**: **Objection. This request is vague, ambiguous, overbroad and contains a compound question. Reserving those objections, changes implemented at LSP were approved by Warden Hooper. Field Supervisors are responsible for implementing those changes. Regarding HPC 8, DPSC worked with its retained experts, Dr. Keldie and Dr. Barnes and undersigned counsel regarding changes to the policy. Dr. Lavespere, Stayce Rodriquez and other DPSC employees, including DPSC Medical Directors, were involved in the changes to the policy. Each facility is responsible for implementing the changes to HPC 8. Dr. Toce and Ashli Oliveaux have been involved with the implementation at LSP.**

INTERROGATORY NO. 3: State Your Process for modifying or amending the 2018 HCP8 to develop the "HCP8 Modifications" described in the Update Letters.

3

**RESPONSE**: **DPSC worked with its retained experts, Dr. Keldie and Dr. Barnes and undersigned counsel regarding changes to the policy.**

INTERROGATORY NO. 4:  State all bases for, and all sources relied upon or consulted in connection with the "HCP8 Modifications" described in the Update Letters.

**RESPONSE**: **See export reports of Dr. Keldie and Dr. Barnes, including attachments.**

INTERROGATORY NO. 5: State in detail your Process for increasing the heat index at which a Heat Alert is announced from 88 degrees in the 2018 HCP8 to 91 degrees as set forth in HCP8.

**RESPONSE**: **See export reports of Dr. Keldie and Dr. Barnes, including attachments. See also https://www.weather.gov/ama/heatindex and https://www.cdc.gov/niosh/docs/2016-106/pdfs/2016-106.pdf?id=10.26616/NIOSHPUB2016106 (p. 91).**

INTERROGATORY NO. 6:  Identify all meetings of the P&T Committee during the Relevant Time Period, specifying the date of each meeting and each person in attendance, including, if applicable, their position or title at LSP and/or DOC.

**RESPONSE: Defendants will supplement this response.**

INTERROGATORY NO. 7:  State in detail the Process by which healthcare practitioners evaluate incarcerated persons diagnosed with conditions on the Medical Conditions Exclusion list for Heat Precaution Duty Status, including the Process by which healthcare practitioners utilize the "clinical decision support tool" described in the Update Letters.

**RESPONSE:  Objection. This request is vague and ambiguous. Reserving those objections, the clinical decision support tool is attached to the policy and assists with the classification and severity of conditions on Attachment B of HCP8. Health Care Practitioners would consult Attachment B as needed to assess the conditions and their severity.**

**Regarding the facility at issue in this case, LSP has made the decision to provide duty statuses to all offenders who are prescribed a medication on Attachment A or are diagnosed with a medical condition on Attachment B, unless the offender opts out of the duty status after the offender has been educated on the risks.**

INTERROGATORY NO. 8:  State in detail the bases for denying Heat Precautions Duty Status to any person with a condition listed on the Medical Conditions Exclusion List or taking medications encompassed under the Heat Pathology Medication List, and any policies, directives, rules, guidelines, required approvals, or other parameters that direct, inform, or limit medical staff's discretion in connection with such denials.

4

**RESPONSE**:  Objection. This request is vague and ambiguous. Reserving those objections, at LSP, offenders will not be "denied" Heat Precautions duty statuses. Offenders who meet the criteria in HCP8 will be educated and provided a duty status, unless they opt out or refuse.

INTERROGATORY NO. 9:  State Your Process for notifying and training LSP personnel about the "changes" described in the Update Letters, including, but not limited to, any modifications made to HCP8's Staff Training in modifying or amending the 2018 HCP8

**RESPONSE**:  All health care practitioners have been provided the updated HCP8, including the medication list and medical condition list. Dr. Toce has conducted numerous meetings with health care practitioners regarding the changes to HCP8, as well as LSP's decision to issue heat precaution duty statuses to all offenders who have been prescribed medications on Attachment A or been diagnosed with a medical condition listed on Attachment B.

INTERROGATORY NO. 10:  State all steps You have taken to implement HCP8 at LSP, including steps taken to identify any incarcerated person who is prescribed a medication on the Heat Pathology Medication List or is diagnosed with a medical condition on the Medical Conditions Exclusion List.

**RESPONSE**:  Objection. This request is vague, ambiguous and overbroad. Reserving those objections, LSP has pulled all offenders who are prescribed medications on Attachment A and has begun to issue Heat Precautions Duty Statuses. LSP and DPSC HQ are working to pull offenders with illnesses on Attachment B. Beginning January 20, 2024, all new intakes will be provided a duty status review based on HCP8 and issued a duty status if they are prescribed a medication on Attachment A or illness on Attachment B, unless it is refused. In addition, there will be a duty status review for all clinical encounters, to include a review of the medications and diagnosed illnesses. Again, a duty status will be issued if they are prescribed a medication on Attachment A or illness on Attachment B, unless it is refused.

INTERROGATORY NO. 11:  State the facts and circumstances of Darrius Williams' most recent assignment to Camp D and the Farm Line.

**RESPONSE**:  Objection, this request is vague, ambiguous and overbroad. Further objection is made because the request exceeds the Court's order that additional discovery be limited to changes to HCP8. Reserving those objections, there was an administration re-classification error that was promptly corrected. Williams did not go out to the Farm Line.

5

*Defendants reserve the right to supplement and/or amend these responses as additional information becomes available.*

                      Respectfully submitted,

                      **LIZ MURRILL**
                      **Attorney General**

By:     s/Andrew Blanchfield
          Andrew Blanchfield, T.A. (#16812)
          Email: ablanchfield@keoghcox.com
          C. Reynolds LeBlanc (#33937)
          Email: rleblanc@keoghcox.com
          Chelsea A. Payne (#35952)
          Email: cpayne@keoghcox.com
          Special Assistant Attorneys General
          Post Office Box 1151
          Baton Rouge, Louisiana 70821
          Telephone: (225) 383-3796
          Facsimile: (225) 343-9612

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of the above and foregoing has been served upon the following counsel of record via electronic mail only:

| | |
|---|---|
| Lydia Wright | Amaris Montes |
| Samantha Bosalavage | Rights Behind Bars |
| Claude-Michael Comeau | 416 Florida Avenue NW, Ste. 26152 |
| Kenyatta Barthelemy | Washington, DC 20001 |
| The Promise of Justice Initiative | amaris@rightsbehindbars.org |
| 1024 Elysian Fields Avenue | |
| New Orleans, LA  70117 | Joshua Hill, Jr. |
| lwright@defendla.org | Jeremy A. Benjamin |
| sbosalavage@defendla.org | Arielle B. McTootle |
| ccomeau@defendla.org | Leah R. Weiser |
| kbarthelemy@defendla.org | Paul, Weiss, Rifkind, Wharton & Garrison, LLP |
| | 1285 Avenue of the Americas |
| | New York, NY  10019-6064 |
| | jhill@paulweiss.com |
| | jbenjamin@paulweiss.com |
| | amctootle@paulweiss.com |
| | lweiser@paulweiss.com |

      Baton Rouge, Louisiana, this 24th day of January, 2025.

                                      s/Andrew Blanchfield
                                      Andrew Blanchfield