# Exhibit 47



Keogh, Cox & Wilson, Ltd.
701 Main Street, Baton Rouge, LA 70802
P.O. Box 1151, Baton Rouge, LA 70821
P 225 383 3796  F 225 343 9612

keoghcox.com

ANDREW BLANCHFIELD, Partner
ablanchfield@keoghcox.com

November 1, 2024

Honorable Brian A. Jackson
United States District Judge
Middle District of Louisiana
Russell B. Long Federal Courthouse
777 Florida Street, Suite 139
Baton Rouge LA  70801

      RE:    Voice of the Experienced (VOTE), et al v. LeBlanc, et al
                Civil Action No. 3:23-cv-1304-BAJ-EWD
                Our File No: 10.2332195

Dear Judge Jackson:

      Defendants write this letter to address inaccuracies in Plaintiffs' letter dated October 24, 2024.

      At the outset, as the State has explained to the Fifth Circuit, the Court's July 2 preliminary injunction has now expired by operation of law. *See* Appellants' Br., No. 24-30420 (5th Cir.), R.Doc. 65. That is because, as this Court explained, the PLRA places significant time constraints on preliminary relief: "Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court [(1)] makes the findings required under subsection (a)(1) for the entry of prospective relief and [(2)] makes the order final before the expiration of the 90-day period." R.Doc. 70, p. 74 (quoting 18 U.S.C. § 3626(a)(2)). Neither prerequisite is satisfied here. *See* Appellants' Br. 12-18, No. 24-30420 (5th Cir.), R.Doc. 65. Accordingly, the measures that Defendants are taking today, and that are outlined in Defendants' October 18 letter, are purely voluntary. Defendants seek to demonstrate at trial, if any, that there is no Eighth Amendment or ADA violation.

      Defendants continue to implement changes to the field operations, as outlined in their letter dated October 18, 2024. Contrary to Plaintiffs' allegations, Defendants are implementing the same changes to Line 15b, the grass cutting crew. Line 15b is a moving grass crew that cuts grass with weed eaters.[1] Offenders working Line 15b are brought to and from each work site by bus.[2] The bus stays with Line 15b at each worksite. Water, ice and Gatorade are kept on the bus. Offenders take their breaks on the bus, and have a shaded area for rest breaks with access to ice

---

[1] See Exhibit A, Affidavit of Roland Sylvester.
[2] *Id.*

Honorable Brian A. Jackson
November 1, 2024
Page 2

and water.[3] Offenders working Line 15b can also have access to the ice, water, or shade at any time during their shift, even outside the organized breaks.[4] In addition, offenders working Line 15b are provided protective eye wear and have access to hats and lace up boots.[5]

Plaintiffs' letter simply mischaracterizes Defendants' letter and prior notices to this Court. Pursuant to this Court's request, Defendants informed the Court of policy changes taking effect on October 20, 2024. Defendants assert that the policy changes, including the updates to the medication and chronic illness list, further bolster their position that there is no Eighth Amendment or ADA violation. Defendants continue to provide ice, water, cups, shade, seating, protective equipment, sunscreen and 15-minute rest breaks every 45 minutes. Defendants have codified these measures into its policy and added additional medications and chronic illnesses that warrant an evaluation for a heat pathology duty status. Defendants refer to their initial letter regarding the decision to increase the heat alert threshold to 91 degrees, which is in accordance with the National Weather Center, and the medication and chronic illness lists that require an evaluation by medical provider to assess an offender for a heath precaution duty status. The policy includes a requirement that if a medical provider, <u>in exceptional cases</u>, does not issue a heat precaution duty status, the rationale for that decision must be documented in the medical record. Plaintiffs' repeated assertions that Defendants are in "bad faith" in advising the Court of policy changes are without merit.

Lastly, Plaintiffs cited no support for this Court to appoint an expert at Defendants' cost. Defendants' experts, including their Pharm D expert, assisted in creating these policy changes and will testify in support of the same. As always, Defendants stand ready to reply to any questions the Court may have with respect to these modifications or the current conditions of the Farm Line.

Respectfully,

**LIZ MURRILL**
**Attorney General**

By: _____
Andrew Blanchfield (#16812)
Special Assistant Attorney General

AB:pd
Enclosures

---

[3] *Id.*
[4] *Id.*
[5] *Id.*