UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **VOICE OF THE EXPERIENCED,** a membership organization on behalf of itself and its members; **and MYRON SMITH, DAMARIS JACKSON, NATE WALKER, DARRIUS WILLIAMS, KEVIAS HICKS, JOSEPH GUILLORY, KENDRICK STEVENSON,** and **ALVIN WILLIAMS,** on behalf of themselves and all others similarly situated, | * * * * * * * * * * | CIVIL ACTION<br><br>NO.: 3:23-cv-1304<br><br>JUDGE BRIAN A. JACKSON |
| **VERSUS** | * * | |
| **JAMES LEBLANC,** in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections**; TIMOTHY HOOPER,** in his official capacity as Warden of Louisiana State Penitentiary; **MISTY STAGG**, in her official capacity as Director of Prison Enterprises, Inc.; the **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS;** and **PRISON ENTERPRISES, INC.** | * * * * * * * * * * * * * * | MAGISTRATE JUDGE<br>ERIN WILDER-DOOMES |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PORTIONS OF FOURTH DECLARATION OF DR. SUSI VASSALLO

**NOW INTO COURT,** through undersigned counsel, come Defendants herein, **JAMES LEBLANC,** in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections, **TIMOTHY HOOPER,** in his official capacity as Warden of Louisiana State Penitentiary, and the **LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS** ("Defendants"), who move to strike portions of Fourth Declaration of Dr. Susi Vassallo (R.Doc. 201-3).

In connection with their Application for Preliminary Injunction, Plaintiffs submitted a Fourth Declaration of Dr. Vassallo. More than six months after expert deadlines have passed, Plaintiffs submit an expert declaration that sets forth new opinions not included in her original expert reports. While some of her opinions in the Fourth Declaration repeat opinions from her first three declarations, Dr Vassallo raises new complaints with HCP8, all of which existed when she submitted her original expert reports, and even before suit was filed.

The Fifth Circuit has held that where opinions in a supplemental expert report go "beyond 'proving up' the opinions contained in [the original] report" and were not included in the original report, the opinions should be stricken.[1] Providing these new opinions after expert deadlines is far from "harmless," as Plaintiffs rely on these new opinions not previously disclosed to seek a preliminary injunction and rewrite DPCS's policies. Because Dr. Vassallo's Fourth Declaration fails to comply with FRCP 26, these new opinions must be stricken.

I. **Procedural Background**

Plaintiffs filed this purported class action in September 2023. R.Doc. 1. A scheduling order was issued in January 2024, which provided separate deadlines for class certification and merits. R.Doc. 25. On June 11, 2024, this Court granted the parties' joint motion to extend class related deadlines. R.Doc. 59. Following the hearing on Plaintiffs' preliminary injunction, this Court vacated the scheduling order set a fast-track scheduling order that included discovery, expert and class certification deadlines. R.Doc. 63. Trial was initially scheduled for September 30, 2024, and was continued upon joint motion of the parties to November 18, 2024. R.Doc. 106. Expert reports and discovery were completed in September 2024. R.Doc. 106. After the class certification motion

---

[1] *Sobrino –Barrera v. Anderson Shipping Co.,* 495 F. App'x 430, 433 (5th Cir.2012).

and Defendants' *Daubert* motions were filed, on October 18, 2024, this Court continued the trial without date. R.Doc. 131.

On December 6, the Court issued the Fifth Amended Scheduling Order, allowing Plaintiffs to conduct limited discovery only as to revised HCP8. R.Doc. 158. Trial was set for April 21, 2025, and later continued without date. R.Doc. 158, 193.

Plaintiffs' expert, Dr. Vassallo, issued her first Declaration on May 8, 2024, wherein she made opinions regarding alleged deficiencies in HCP8.[2] She issued her First Supplemental Declaration concerning named plaintiffs' medical records on May 28, 2024.[3] On August 26, 2024, Dr. Vassallo issued her Second Supplemental Declaration following her inspection at LSP.[4] Dr. Vassallo was deposed on September 26, 2024, wherein she confirmed her testimony would be limited to the three declarations submitted.[5]

On March 26, 2025, Plaintiffs filed their Second Application for Preliminary Injunction. Plaintiffs submitted a Fourth Supplemental Declaration of Dr. Vassallo. R.Doc.  For the first time, Dr. Vassallo opines that HCP8 is deficient because it sets out "heat precautions applicable only from May 1 to October 31 each year." R.Doc. 201-3, para. 7. Dr. Vassallo was well aware that HCP8 set forth a heat season when she prepared her first three declarations.

Second, Dr. Vassallo, for the first time, opines that HCP8 is deficient because it requires heat monitoring every two hours. R.Doc. 201-3, para. 8. Again, this provision of the policy existed before suit was filed.

Third, Dr. Vassallo for the first time, opines that HCP8's reliance on heat index from the National Weather Service is insufficient and instead opines that Wet Bulb Globe Temperature

---

[2] Dr. Vassallo Declaration dated 5, 8, 2024, R.Doc. 201-5.
[3] Dr. Vassallo First Supplemental Declaration, R.Doc. 201-15.
[4] Dr. Vassallo Second Supplemental Declaration, R.Doc. 201-14.
[5] Deposition of Dr. Vassallo, Exhibit A, page 107-108 and 137.

should be used. R.Doc. 201-3, para. 18-28. Dr. Vassallo was well aware of the procedures that LSP uses to monitor heat index, which was actually the same standard that Dr. Vassallo espoused in her first three declarations. In fact, these procedures were proposed by Plaintiffs' counsel, who indicated that the Nation Weather Service heat index was the "gold standard." R.Doc. 64. Yet, after expert deadlines have long passed, Dr. Vassallo provides these new opinions in support of Plaintiffs' Preliminary Injunction. These opinions are not included in her original expert reports and must be stricken.

II.     **Law and Argument**

Under the Federal Rules of Civil Procedure, a party must disclose the identity of any expert witness it may use at trial and generally must accompany this disclosure with a written report prepared and signed by the witness. Fed. R. Civ. P. 26(a)(2)(B). The report must contain, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). An expert report must provide the substance of the testimony the expert will offer along with his reasons. *Denley v. Hartford Ins. Co. of Midwest*, 2008 WL 2951926, at *4 (E.D. La. Jun. 29, 2008) (citing Rule 26 Advisory Committee Note, 1983 Amendments). Further, supplemental "disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir.1996).

In *Sobrino-Barrera v. Anderson Shipping Co.*, 495 F. App'x 430, 433 (5th Cir. 2012), the Fifth Circuit upheld the district court's striking of an expert affidavit that contained opinions not in his original report. Defendants filed a motion for summary judgment, which plaintiffs opposed with an affidavit from their expert. Defendants moved to strike the affidavit arguing that it contained new opinions not disclosed in discovery and was untimely. The Fifth Circuit noted that

"[o]pinions not properly disclosed in accordance with that rule may be excluded "unless the failure was substantially justified or is harmless."" The Fifth Circuit concluded that the opinions in the affidavit were not included in his original expert report and went beyond "proving up" opinions contained in that original report.

The same reasoning applies here. Dr. Vassallo's new opinions on the heat season and the frequency and procedures of heat index monitoring were not included in her first three expert declarations. These opinions are not "proving up" her original opinions. In fact, her new opinions on the use of heat index are contrary to her original declarations.

Further, the very same policy provisions included in her new opinions existed when her first three declarations were filed. Yet, her first three declarations failed to include any opinions on HCP8's use of a heat season, the frequency of heat index monitoring or the methods for monitoring temperature.

The violation of FRCP 26 is not harmless. Plaintiffs rely on the new opinions of Dr. Vassallo to seek a preliminary injunction from the Court requiring Defendants to (1) remove the heat season in HCP8; (2) monitor heat index every 30 minutes; and (3) require Defendants to pay for a court appointed expert to install a wet bulb globe monitoring. Given the nature of a preliminary injunction, Defendants were given 16 days to respond to the motion. Because the motion relies on the opinions of Dr. Vassallo that were not previously disclosed, the failure to comply with FRCP 26 prejudices Defendant. As such, any opinions not included in Dr. Vassallo's first three declarations must be stricken to include paragraphs 7, 8 and 18-28.

        Respectfully submitted,

        **LIZ MURRILL**
        **Attorney General**

By:   <u>s/Andrew Blanchfield</u>
       Andrew Blanchfield, T.A. (#16812)
       Email: ablanchfield@keoghcox.com
       Christopher K. Jones (#28101)
       Email: cjones@keoghcox.com
       C. Reynolds LeBlanc (#33937)
       Email: rleblanc@keoghcox.com
       Chelsea A. Payne (#35952)
       Email: cpayne@keoghcox.com
       Special Assistant Attorneys General
       Post Office Box 1151
       Baton Rouge, Louisiana 70821
       Telephone: (225) 383-3796
       Facsimile: (225) 343-9612

### CERTIFICATE OF SERVICE

    I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, and a copy of the above and foregoing was this day forwarded by the Court's ECF Delivery System to all counsel of record.

    Baton Rouge, Louisiana, this 11th day of April, 2025.

                    <u>s/Andrew Blanchfield</u>
                    Andrew Blanchfield