# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VOICE OF THE EXPERIENCED**, a membership organization on behalf of itself and its members; and **MYRON SMITH, DAMARIS JACKSON, NATE WALKER, DARRIUS WILLIAMS, KEVIAS HICKS, JOSEPH GUILLORY, KENDRICK STEVENSON, and ALVIN WILLIAMS**, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**JAMES LEBLANC**, in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections; **TIMOTHY HOOPER**, in his official capacity as Warden of Louisiana State Penitentiary; **MISTY STAGG**, in her official capacity as Director of Prison Enterprises, Inc.; the **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS**; and **PRISON ENTERPRISES, INC.**<br><br>*Defendants*. | Civil Action No.: 3:23-cv-1304-BAJ-EWD |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXTEND TEMPORARY RESTRAINING ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 65(b)(2)**

Pursuant to Federal Rule of Civil Procedure 65(b)(2), Plaintiffs move this Court to extend the May 23, 2025 temporary restraining order (ECF No. 253) (the "TRO") until the earlier of: (i) an additional fourteen (14) day period or (ii) the issuance of an order on Plaintiffs' pending Motion for a Preliminary Injunction.

## **BACKGROUND**

Plaintiffs filed their motion for a second temporary restraining order and preliminary injunction (the "Motion") on March 26, 2025. *See* ECF No. 201. Pursuant to that Motion, Plaintiffs sought, solely with respect the Farm Line, (i) a <u>TRO</u> immediately requiring Defendants to issue a "heat alert" whenever the heat index meets or exceeds 88°F and to monitor the heat index every 30 minutes; (ii) a <u>preliminary injunction</u>, requiring the same and additional relief, and (iii) the <u>appointment of an expert pursuant to FRE 706</u>. Defendants filed their opposition to the Motion on April 11, 2025, *see* ECF Nos. 212, 223, and Plaintiffs filed their reply on April 18, 2025, *see* ECF Nos. 224, 231. On April 22, 2025, the Court held oral argument on Plaintiffs' Motion and additionally admitted certain evidence presented during a hearing on April 22–24, 2025. Post-hearing briefs were submitted on May 16, 2025. ECF Nos. 249, 250.

On May 23, 2025, the Court issued a Ruling and Order granting Plaintiffs' requested TRO, and noting that "Plaintiffs' Motion for a Preliminary Injunction will be addressed separately."[1] *See* ECF No. 253.

Pursuant to Rule 65(b)(2) of the Federal Rules of Civil Procedure, the TRO expired on June 6, 2025. As of this filing, the Court has not issued a ruling with respect to Plaintiffs' Motion for a Preliminary Injunction.

---

[1] Defendants have filed an appeal of the May 23 TRO—which they characterize as a preliminary injunction—primarily on the grounds that it supposedly does not contain express findings allegedly required under the PLRA. *See VOTE* v. *LeBlanc*, No. 25-30322 (5th Cir.). Plaintiffs will oppose that appeal.

Since the Court issued the TRO, heat conditions on the Farm Line, if anything, have, worsened. *See* ECF No. 260.

## LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure authorizes the Court to grant, "with good cause," an extension of a temporary restraining order for a 14-day period. FED. R. CIV. P. 65(b)(2). The Rule also provides that "[t]he reasons for an extension must be entered in the record." *Id.* Courts in the Fifth Circuit have found "good cause" for an extension when "the grounds for originally granting the temporary restraining order continue to exist," *Hernandez* v. *Erazo*, 2022 WL 17490682, at *3 (W.D. Tex. Oct. 31, 2022), and when "the court need[s] time to fully consider the parties' motions and arguments." *Tiede* v. *Collier*, 2023 WL 6345966, at *1 (W.D. Tex. Sep. 28, 2023); *see also SEC* v. *AriseBank*, 2018 WL 10419828, at *1 (N.D. Tex. March 9, 2018).

## ARGUMENT

Good cause exists for the Court to grant an extension of the TRO:

*First*, the grounds for granting the TRO continue to exist. Incarcerated people working on the Farm Line at LSP continue to be at substantial risk of suffering serious harm due to extreme heat, which is not mitigated by Defendants' heat monitoring policies and procedures. Order at 34–35. Indeed, with the onset of summer, the heat index on the Farm Line at LSP will only continue to rise, making the previously granted temporary relief even more necessary. Absent a court order, Defendants will not voluntarily protect men on the Farm Line from heat-related injury. In fact, Defendants have already sought to appeal the (unappealable) TRO this Court issued after (again) finding that Plaintiffs are likely to prevail in demonstrating Defendants' deliberate indifference to those men's well-being, Order at 19, 35, that incarcerated people on the Farm Line face immediate risk of irreparable injury, *id.* at 19, 35–36, that the public interest favors an injunction, *id.* at 19, 36–37, and that the potential harms suffered by Plaintiffs continue to outweigh Defendant's

concerns as to the creation and enforcement of their heat pathology policies, *id.* at 37. The Court further determined that the relief sought and ordered, which focused solely on specific heat-related practices as applied to the Farm Line, complied with the PLRA insofar as it was narrowly drawn, extends no further than necessary to correct the harm, and is the least intrusive means necessary to correct that harm.[2] 18 U.S.C. § 3626(a)(2). None of the bases for these findings have changed.

*Second*, good cause exists to extend the TRO in order to provide the Court additional time to fully consider the parties' respective positions as to the pending Motion for a Preliminary Injunction. As the Court is well aware, the extensive evidentiary record, briefing, and oral argument on that motion requires time-consuming analysis and review of the key issues presented and the broader relief requested. Indeed, in its TRO, the Court expressly noted that a decision on the requested preliminary injunction would require more time. Order at 1, 38.

*Finally*, nothing in the PLRA bars Plaintiff's requested extension. 18 U.S.C. § 3626(a)(2).

Accordingly, good cause exists for an extension of the TRO, and the requested extension is appropriate and warranted.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion and extend the May 23, 2025 TRO until the earlier of: (i) an additionally fourteen (14) day period or (ii) the issuance of an order on Plaintiffs' pending Motion for a Preliminary Injunction.

Dated: June 7, 2025

**THE PROMISE OF JUSTICE INITIATIVE**

*/s/ Samantha Pourciau*
Samantha Pourciau, La. Bar No. 39808
Kara Crutcher (PHV) IL Bar No. 6337639

---

[2] Defendants' argument on appeal that the Court did not make these findings is legally and factually baseless. *See VOTE*, No. 25-30322, Dkt. 32.

3

        1024 Elysian Fields Avenue
        New Orleans, LA 70117
        Tel: (504) 529-5955
        sbosalavage@defendla.org
        kcrutcher@defendla.org

        **RIGHTS BEHIND BARS**

        */s/ Lydia Wright*
        Lydia Wright, La. Bar No. 37926416
        Amaris Montes (PHV) MD Bar No. 2112150205
        1800 M St. NW Fnt. 1 #33821
        Washington, D.C. 20033
        Tel: (202) 455-4399
        lydia@rightsbehindbars.org
        amaris@rightsbehindbars.org

        **PAUL, WEISS, RIFKIND, WHARTON**
        **& GARRISON LLP**

        */s/ Jeremy A. Benjamin*
        Joshua Hill Jr. (PHV) NY Bar No. 4297826
        Jeremy A. Benjamin (PHV) NY Bar No. 4770277
        Michael McGregor (PHV) NY Bar No. 5510490
        Arielle B. McTootle (PHV) NY Bar No. 5993217
        Ricardo Sabater (PHV) NY Bar No. 5993217
        Leah R. Weiser (PHV) NY Bar No. 6027601
        Chizoba D. Wilkerson (PHV) NY Bar No. 5903943
        1285 Avenue of the Americas
        New York, NY 10019-6064
        Tel: (212) 373-3000
        jhill@paulweiss.com
        jbenjamin@paulweiss.com
        mmcgregor@paulweiss.com
        amctootle@paulweiss.com
        rsabater@paulweiss.com
        lweiser@paulweiss.com
        cwilkerson@paulweiss.com

        *Attorneys for Plaintiffs and the Proposed Classes*