IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VOICE OF THE EXPERIENCED**, a membership organization on behalf of itself and its members; and **MYRON SMITH, DAMARIS JACKSON, NATE WALKER, DARRIUS WILLIAMS, KEVIAS HICKS, JOSEPH GUILLORY, KENDRICK STEVENSON, and ALVIN WILLIAMS**, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**JAMES LEBLANC**, in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections; **TIMOTHY HOOPER**, in his official capacity as Warden of Louisiana State Penitentiary; **MISTY STAGG**, in her official capacity as Director of Prison Enterprises, Inc.; the **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS**; and **PRISON ENTERPRISES, INC.**<br><br>*Defendants*. | Civil Action No. 3:23-cv-1304-BAJ-EWD |

**PLAINTIFFS' SUPPLEMENTAL BRIEF
IN SUPPORT OF CLASS CERTIFICATION**

On June 12, 2025, this Court ordered additional briefing regarding whether to consider PX 40, 41, 42, and 49 for purposes of class certification. ECF 267. It should, because each exhibit is a published study or report upon which Dr. Susi Vassallo relied in rendering her opinion that incarcerated men forced to work the Farm Line—including those who are younger and relatively healthier—are at a substantial risk of serious harm due to their prolonged exposure to heat indices above 88 degrees. Defendants squandered the opportunity to cross examine Dr. Vassallo about the science underlying her opinions, and they cannot now claim to be prejudiced by their own litigation

1

choices. Considering the relaxed evidentiary standard applicable at this pretrial stage, all four exhibits should be considered part of the class certification record.

### A. The studies are relevant and were timely disclosed.

#### 1. PX 40 - Davis (2003)

Davis used a scatter plot to examine the relationship between the apparent temperature (heat index) and the risk of heat-related mortality (death).[1] *See* ECF 257-4 (Apr. 23 Tr.) at 57:19-23. Those scatter plots form a J-shaped curve, which indicates a sharp increase in mortality at a heat index of 30°C/86°F. *Id.* at 57:24-58:4. Dr. Vassallo testified that this J-shaped curve is well-established epidemiological research. *Id.* at 58:5-22 ("This J-shaped curve appears in the global literature many times, many cities, many studies."). Based on Davis and other studies replicating the curve, Dr. Vassallo concluded—as she did in *Ball* and *Gates*—that the heat alert threshold for the Farm Line should be set at a heat index of 88°F. *Id.* at 58:23-59:4.

Dr. Vassallo has reiterated these facts time and again. *See* ECF 37-1 at ¶ 33 ("The risk of heat stroke and heat-related disorders increases sharply when the heat index exceeds 888º Fahrenheit."); ECF 201-3 at ¶ 15 (replicating the Davis scatter plot); *see also* ECF 257-4 at 56:7-8 (Mr. Jones: "Plaintiffs' Exhibit 40 was cited in Dr. Vassallo's Fourth Declaration."). Dr. Vassallo even discussed the J-shaped curve during her deposition on September 24, 2024. *See* DX 7 (Vassallo dep.) at 82:8-21 ("There's a large literature, it's all epidemiological . . . that has exactly the same hockey stick or J-shaped curve. . . .").

#### 2. PX 41 - Petitti (2016)

Using administrative data to assess hospitalization and emergency department visits, Petitti found that the risk of heat-related injury (morbidity) sharply increases at 88°F.[2] *See* ECF 257-4

---

[1] Davis RE, et al. Changing heat-related mortality in the United States. *Environ Health Perspect*. 2003;111(14):1712-1718, 1714, https://doi.org/10.1289/ehp.6336
[2] Petitti DB, et al. 2016. Multiple trigger points for quantifying health impacts: new evidence from a hot climate. Environ Health Perspect 124:176–183, http://dx.doi.org/10.1289/ehp.1409119

(Apr. 23 Tr.) at 60:15-61:14. Dr. Vassallo has made this point time and again. *See* ECF 201-3 at ¶ 15 (Vassallo Fourth Supp. Decl., March 14, 2025) ("Studies have shown that the incidence of heat-related emergency department visits, hospitalizations, and death increases sharply when the heat index reaches the mid- to high-80s."); DX 7 (Vassallo dep.) at 82:16-21 ("[A]s the temperature or the heat indices rise in that sudden, abrupt way, ER visits, morbidity, mortality, hospitalizations and death rise. . . ."); *see also* ECF 257-4 at 56:8-10 (conceding that PX 41 was cited in Dr. Vassallo's "report or an additional declaration").

According to Dr. Vassallo's unrebutted testimony, heat-related morbidity and mortality are underreported and undercounted—including at the Louisiana State Penitentiary—in part because administrative data may not recognize heat as a contributing factor or direct cause of injury. *See* ECF 257-4 at 60:20-62:1; ECF 54 at ¶ 3; ECF 37-3 at ¶ 45 ("[Many] medical events cause pain and suffering, permanent injury, or death, while not directly attributed to being caused by heat exposure.").

### 3. PX 42 - Skarha (2023)

Skarha, a study of heat in Texas prisons, confirms Dr. Vassallo's opinion that the stress of incarceration, combined with the increased prevalence of chronic health conditions and mental illness in incarcerated populations, heighten the risks of heat-related illness and accelerated aging.[3] *See* ECF 257-4 at 64:10-65:18; *see also id.* at 56:10-11 (Mr. Jones: "Plaintiffs' Exhibit 42 was cited in the Fourth Declaration."). At the hearing, Dr. Vassallo testified incarcerated populations, including the class members here, are particularly vulnerable to high temperatures. *Id.* at 65:6-18; 66:4-25; 117:17-118:5; *see also* ECF 37-3 at ¶¶ 76-78, 99-102.

---

[3] Skarha J, et al. (2023) Heat-related mortality in U.S. state and private prisons: A case cross over analysis. PLoS ONE 18(3): e0281389. https://doi.org/10.1371/journal.pone.0281389

### 4. PX 49 - Louisiana Department of Health Report (2024)

Finally, the LDH Report underscores Dr. Vassallo's opinion that even younger and relatively heathy individuals in Louisiana are at risk of heat-related injuries.[4] *See* ECF 257-4 at 62:2-64:9. In fact, it demonstrates that Louisiana workers under the age of 34 have the highest rates of emergency department visits due to heat-related illness. *Id.* at 63:17-22. Dr. Vassallo discussed the LDH Report in her first declaration, dated May 13, 2024. *See* ECF 37-3 at ¶ 92 (discussing LDH Report and citing graph reflecting emergency department visits in Louisiana); *see also* ECF 257-4 at 56:21-57:2. Plaintiffs filed it alongside their first application for a TRO/Preliminary injunction, ECF 37-45, and an older version of the Report was cited—twice—in Plaintiffs' amended complaint, ECF 21.

### B. The Court has broad discretion to admit all four studies for class certification.

Defendants' only preserved objection is that "this additional evidence . . . was not disclosed to us until this late date after [class certification] briefing was closed." ECF 257-4 at 52:19-24.[5] The objection should be overruled on several grounds.

*First*, this Court has broad discretion to overrule Defendants' evidentiary objections, *see Batiste v. Lewis*, 976 F.3d 493, 500 (5th Cir. 2020), particularly in light of the relaxed evidentiary standards at class certification, *see Humphrey v. LeBlanc*, No. CV 20-233-JWD-SDJ, 2023 WL 6457919, at *7 (M.D. La. Oct. 4, 2023). The Court can even take judicial notice of the publicly-available studies and the facts therein, which are "not subject to reasonable dispute." Fed. R. Evid. 201(b); *see Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ("[T]he district court took

---

[4] Louisiana Department of Health, *Heat-Related Illness in Louisiana: Review of Emergency Department and Hospitalization Data from 2010–2020 (v2)* (Mar. 2024), https://ldh.la.gov/assets/docs/lah/Statewide_Heat_Related_Illness_Report.pdf

[5] Defendants waived any objection to admissibility of PX 40, 41, 42, or 49 for purposes of the second TRO/PI. ECF 257-4 at 173:16-18 ("I don't think we have . . . any objection as long as it's not related to the motion for class certification.").

appropriate judicial notice of publicly-available documents . . . which were matters of public record directly relevant to the issue at hand.").

*Second*, there was no untimely disclosure. The LDH Report has been in the record since May 2024. ECF 37-45. Dr. Vassallo has discussed all the relevant material—*i.e.*, the J-shaped curves indicating that heat-related morbidity and mortality increase exponentially at 88°F and the data demonstrating the unique vulnerabilities of incarcerated populations—in and since her very first declaration. All four studies were admitted, <u>without objection</u>, in support of Plaintiffs' Application for a Second TRO/PI. *See* ECF 257-4 at 108:4-109:7 (finding Dr. Vassallo's testimony relevant to the issues in the TRO); *id.* at 173:16-18 (forfeiting any objection to admission of the exhibits for the TRO). Of course, Plaintiffs also disclosed their hearing exhibit list to Defendants on April 14, 2025 (nine days before Dr. Vassallo's testimony) and uploaded it to JERS on April 18, 2025.

*Finally*, there is no risk of prejudice to Defendants from admission of the exhibits for class certification. At the evidentiary hearing, the Court invited Defendants to identify any possible prejudice that could result. ECF 257-4 at 54:5-18. The Court even suggested postponing the hearing for 30 days to permit Defendants and their experts to review the exhibits and to re-depose Dr. Vassallo. *Id.* at 53:9-13. Defendants declined both invitations. *Id.* at 53:9-54:22.

C. <u>Conclusion</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court consider PX 40, 41, 42, and 49 for purposes of class certification.

Dated: June 26, 2025

        **THE PROMISE OF JUSTICE INITIATIVE**

        */s/ Samantha Pourciau*
        Samantha Pourciau, La. Bar No. 39808

5

Kara Crutcher (PHV) IL Bar No. 6337639
1024 Elysian Fields Avenue
New Orleans, LA 70117
Tel: (504) 529-5955
sbosalavage@defendla.org
kcrutcher@defendla.org

**RIGHTS BEHIND BARS**

*/s/ Lydia Wright*
Lydia Wright, La. Bar No. 37926416
Amaris Montes (PHV) MD Bar No. 2112150205
1800 M St. NW Fnt. 1 #33821
Washington, D.C. 20033
Tel: (202) 455-4399
lydia@rightsbehindbars.org
amaris@rightsbehindbars.org

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

*/s/ Jeremy Benjamin*
Joshua Hill Jr. (PHV) NY Bar No. 4297826
Jeremy A. Benjamin (PHV) NY Bar No. 4770277
Michael McGregor (PHV) NY Bar No. 5510490
Arielle B. McTootle (PHV) NY Bar No. 5993217
Ricardo Sabater (PHV) NY Bar No. 5993217
Chizoba D. Wilkerson (PHV) NY Bar No. 5903943
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000
jhill@paulweiss.com
jbenjamin@paulweiss.com
mmcgregor@paulweiss.com
amctootle@paulweiss.com
rsabater@paulweiss.com
cwilkerson@paulweiss.com

*Attorneys for Plaintiffs and the Proposed Classes*