UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VOICE OF THE EXPERIENCED,** a membership organization on behalf of itself and its members; **and MYRON SMITH, DAMARIS JACKSON, NATE WALKER, DARRIUS WILLIAMS, KEVIAS HICKS, JOSEPH GUILLORY, KENDRICK STEVENSON,** and **ALVIN WILLIAMS,** on behalf of themselves and all others similarly situated, <br><br> **VERSUS** <br><br> **JAMES LEBLANC,** in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections**; TIMOTHY HOOPER,** in his official capacity as Warden of Louisiana State Penitentiary; **MISTY STAGG**, in her official capacity as Director of Prison Enterprises, Inc.; the **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS;** and **PRISON ENTERPRISES, INC.** | CIVIL ACTION <br><br> NO.: 3:23-cv-1304 <br><br> JUDGE BRIAN A. JACKSON <br><br> MAGISTRATE JUDGE ERIN WILDER-DOOMES |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR RENEWED INJUNCTIVE RELIEF

Plaintiffs' Motion for Renewed Injunctive Relief demands "a renewed, successive preliminary injunction granting the same relief encompassed within this Court's May 23, 2025 Temporary Restraining Order (ECF No. 253)." R.Doc. 280 at 1. In addition to the reasons Defendants previously offered for denying Plaintiffs' request for a second preliminary injunction, the Court should deny Plaintiffs' Motion for the three overarching reasons identified below.

**I.    The PLRA Bars the Entry of Identical, Successive Preliminary Injunctions.**

**A.** Plaintiffs' Motion does not get off the ground because its request—for a "renewed, successive preliminary injunction" granting the same relief granted by the May 23 injunction

1

order—is squarely barred by the PLRA. The PLRA provides that "[p]reliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court [(a)] makes the findings required under subsection (a)(1) for the entry of prospective relief and [(b)] makes the order final before the expiration of the 90-day period." 18 U.S.C. § 3626(a)(2). Under this provision (and as all agree), this Court's May 23 preliminary injunction will expire on August 21 unless the two conditions above are satisfied. Put otherwise, Plaintiffs cannot obtain an "extension" of the May 23 preliminary injunction order unless the two conditions above are satisfied.

Plaintiffs have forfeited any attempt to satisfy *both* conditions—in particular, they never reference, let alone try to satisfy, this Court's independent obligation to "make[]" any new order "*final* before the expiration of the 90-day period." *Id.* (emphasis added). As the Eleventh Circuit has held, the word "final" there means a permanent injunction. Thus, "the entry of a permanent injunction is necessary to prevent a preliminary injunction from expiring by operation of law after 90 days under the PLRA's 'unless' clause." *Georgia Advocacy Office v. Jackson*, 4 F.4th 1200, 1211 (11th Cir. 2021), *vacated on settlement grounds* 33 F.4th 1325 (11th Cir. 2022). Or, as the D.C. Circuit has put it, the injunction "will terminate on its 90th day unless *the court has rendered it permanent* and made specific findings [required by § 3626(a)(1)(A)]." *Banks v. Booth*, 3 F.4th 445, 448 (D.C. Cir. 2021) (emphasis added).

This follows from the ordinary meaning of finality. A "final" order traditionally refers to one that is "dispositive of the entire case"—and it stands "in direct contrast to interlocutory orders," which address only intermediate matters in the case. *Jackson*, 4 F.4th at 1211 (citation omitted). The most natural way to read the PLRA's text, therefore, is that a district court's obligation to "make[] the order final" means entering a permanent injunction that resolves the case.

This reading also follows from basic principles of statutory interpretation. Plaintiffs appear to suggest that the PLRA simply requires this Court "to complete or perfect the order by making all the required findings for the entry of preliminary injunctive relief." *Id.* at 1212. But that would create obvious "surplusage" in the statute. *Id.*; *see, e.g.*, *Cambranis v. Blinken*, 994 F.3d 457, 465 (5th Cir. 2021) (reaffirming "the well-established canon of statutory interpretation that courts should construe statutes to avoid rendering language and requirements to be surplusage"). That is because the statute already *independently* requires a court to "make[] the findings required under subsection (a)(1)"—that is condition (a) highlighted above. 18 U.S.C. § 3626(a)(2). That the statute *separately* requires a court to make its order "final"—this is condition (b) highlighted above—thus cannot be read to just repeat the requirement that the court make the requisite findings required by condition (a). As the Eleventh Circuit explained, such a reading would "collapse the two requirements into a single requirement, effectively reading the 'final order' requirement out of the statute. This would contravene the rule that a statute ought to be interpreted, where possible, to give effect to all its language." *Jackson*, 4 F.4th at 1213.

Perhaps most important, moreover, is that the State already has pressed this position on appeal *in this litigation*—and the Fifth Circuit *agreed*. The question of "extending" preliminary injunctive relief arose in the State's appeal of this Court's July 2 injunction order in the context of who—the State or Plaintiffs—was at fault for the expiration of that order and thus mootness of the appeal. The State told the Fifth Circuit that, under binding Fifth Circuit precedent noting a plaintiff prisoner's ability to seek an "extension" of a preliminary injunction, it was Plaintiffs' fault because they never sought to extend the July 2 order. Reply Br. at 6, 8–9 n.3, *Voice of the Experienced v. Westcott*, No. 24-30420 (5th Cir. Jan. 9, 2025). Further, the State "urge[d]" the Fifth Circuit "to

3

confirm that, 'given the PLRA's reference to a "final" order, only a *permanent* injunction can "extend" a preliminary injunction under [the] PLRA.'" *Id.* at 9 n.3 (citation omitted).

This week, a unanimous Fifth Circuit panel (Oldham, Douglas, Dennis) agreed with the State in vacating the July 2 injunction order. *See Voice of the Experienced v. Westcott*, 2025 WL 2222990 (5th Cir. Aug. 5, 2025) (*VOTE I*). "[T]he plaintiff prisoners [] allowed the July 2 preliminary injunction to expire," said the Fifth Circuit. *Id.* at *3. In addition, as the State had urged, the Fifth Circuit emphasized that a "preliminary injunction's automatic expiration" naturally results "where plaintiffs [have] not sought *to make it permanent*." *Id.* (emphasis added). And that was Plaintiffs' error here: They "did not seek to make [the July 2 preliminary injunction] permanent under 18 U.S.C. § 3626(a)(2)." *Id.*

For all the reasons above, Plaintiffs' request for a second preliminary injunction mirroring the May 23 preliminary injunction is squarely foreclosed—by *VOTE I* itself and on all the textual grounds explained above. Plaintiffs' Motion, of course, does "not seek to make [the May 23 preliminary injunction] permanent." *Id.* In fact, it does not even mention the PLRA's finality requirement. Accordingly, the Court should deny Plaintiffs' Motion out of hand.

**B.** Plaintiffs have no serious answers. For starters, they filed their Motion before the Fifth Circuit issued its *VOTE I* decision, which squarely rejects their requested preliminary injunction. Defendants thus cannot fault Plaintiffs for making an argument that is now foreclosed by a Fifth Circuit decision in this very litigation—but it is foreclosed nonetheless.

Plaintiffs' other arguments go nowhere. For example, they cite scattered decisions for the proposition that "district courts regularly renew preliminary injunction relief under the PLRA by issuing successive, identical preliminary injunctions like the one requested here." R.Doc. 280-1 at 7–8. None of those decisions are binding here (especially now that *VOTE I* governs)—and more

4

significantly, none of those decisions actually analyze the text of § 3626(a)(2), much less gives the term "final" its ordinary meaning (or any meaning at all).

Plaintiffs also claim that "[t]he Fifth Circuit has implicitly blessed [successive, identical preliminary injunctions] as not running afoul of the PLRA." *Id.* at 8 (citing *Smith v. Edwards*, 88 F.4th 1119, 1127 (5th Cir. 2023); *Yates v. Collier*, 677 F. App'x 915, 918 (5th Cir. 2017)). That misrepresents *Smith* and *Yates*. Those cases, in part, faulted prisoner plaintiffs for not seeking "an extension" of preliminary injunctive relief. *Smith*, 88 F.4th at 1127 (citing *Yates*, 677 F. App'x at 918). As the unanimous *VOTE I* decision shows, the reference to an "extension" did not suggest a successive, identical preliminary injunction; it was a reference to the prisoner plaintiffs' failure to "seek to make [the original preliminary injunctions] *permanent*." 2025 WL 2222990, at *3 (emphasis added). *Smith* and *Yates* thus never "implicitly blessed" what *VOTE I* now makes clear is squarely prohibited under the PLRA: successive, identical preliminary injunctions.

Finally, Plaintiffs invoke (R.Doc. 280-1 at 8) this Court's statement that "federal courts nationwide have issued successive orders for either preliminary or permanent injunctive relief in similar cases." R.Doc. 253 at 17. Respectfully, the Court's statement did not acknowledge the Eleventh Circuit's decision in *Jackson* or wrestle with the textual analysis above. But more importantly, *VOTE I* now makes clear that in the Fifth Circuit—and certainly in *this* litigation, *see, e.g.*, *In re Felt*, 255 F.3d 220, 225–26 (5th Cir. 2001) (detailing the law-of-the-case doctrine)—prisoner plaintiffs cannot obtain successive, identical preliminary injunctions. Instead, the only means available under the PLRA for extending preliminary relief is the entry of a *permanent* injunction that reflects the findings required by § 3626(a)(1)(A). Plaintiffs' Motion must be denied.

5

## II. The Pending Appeal of the May 23 Injunction Order Independently Requires Denial of Plaintiffs' Motion.

Defendants' pending appeal of the May 23 injunction order likewise requires the denial of Plaintiffs' Motion. That is because this Court lacks jurisdiction to enter a second, identical preliminary injunction.

"Generally, a notice of appeal divests the district court of jurisdiction over the judgment or order that is the subject of the appeal." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 578 (5th Cir. 1996). Accordingly, as Plaintiffs admit, "a district court generally lacks jurisdiction to alter an injunction while an interlocutory appeal is pending." R.Doc. 280-1 at 8. But, as Plaintiffs also note, the Fifth Circuit has permitted district courts to "take actions to 'maintain[] the status quo' during the pendency of that appeal." *Id.* (quoting *Sierra Club*, 73 F.3d at 578); *see Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 190 n.2 (5th Cir. 2008) ("While the validity of an injunction is on appeal, the district court's power is limited to 'maintaining the status quo' pursuant to Rule 62(c) of the Federal Rules of Civil Procedure."). Here, however, Plaintiffs cannot invoke that "status quo" exception for two independent reasons.

*First*, through the PLRA, Congress has displaced any inherent equitable powers (or authority under Rule 62(c)) that this Court might otherwise have to enter successive, identical preliminary injunctions. *See Miller v. French*, 530 U.S. 326, 328 (2000) ("curbing the courts' equitable discretion was a principal objective of the PLRA"); *Jackson v. Stinnett*, 102 F.3d 132, 136 (5th Cir. 1996) ("To the extent that the Rules Enabling Act (as expressed in Rule 24(a)) actually conflicts with the PLRA, we hold that the statute repeals the Rule."); *Harris v. Garner*, 216 F.3d 970, 982 (11th Cir. 2000) ("If there were a conflict between [a Federal Rule of Civil Procedure] and the PLRA, the rule would have to yield to the later-enacted statute to the extent of the conflict." (citing cases)). As just discussed, *supra* Section I, the PLRA prohibits an extension of preliminary

6

injunctive relief unless a district court enters a permanent injunction that makes the requisite § 3626(a)(1)(A) findings. As a result, even if the Court ordinarily could enter successive, identical preliminary injunctions "to maintain the status quo" while the injunctive relief is on appeal, the PLRA displaces that authority here.

*Second*, if—as Defendants have urged the Fifth Circuit—the Fifth Circuit *reverses* this Court's May 23 injunction order in the next few days, then that would implicate yet another independent PLRA bar on Plaintiffs' request for a second, identical injunction. Specifically, Plaintiffs' request depends on the PLRA's statement that "[p]reliminary injunctive relief shall automatically expire on the date that is 90 days after its entry" unless the court satisfies the conditions discussed above. 18 U.S.C. § 3626(a)(2). But "preliminary injunctive relief" in that sentence refers back to *properly entered* preliminary relief identified in the previous sentence—that is, "[p]reliminary injunctive relief [that is] narrowly drawn, extend[s] no further than necessary to correct the harm the court finds requires preliminary relief, and [is] the least intrusive means necessary to correct that harm." *Id.* If the Fifth Circuit reverses the May 23 injunction order, however, that will be a binding determination that the May 23 injunctive relief was *not* proper. Because that injunction never should have issued in the first place, therefore, Plaintiffs cannot invoke the PLRA's "expiration" sentence as a means of copying and pasting preliminary injunctive relief that the Fifth Circuit has deemed unlawful (assuming the Fifth Circuit does so).

### III.    Even If Plaintiffs' Motion Were Not Procedurally Barred, They Have Not Substantiated the Requisite Findings.

Finally, even setting aside all the above defects, Plaintiffs do not meet the PLRA's stringent requirements for entering injunctive relief—and that is so in at least three respects.

*First*, the Court cannot "grant new relief" unless, at a minimum, "it specifically finds that a current and ongoing constitutional violation exists." *Ruiz v. United States*, 243 F.3d 941, 947 (5th

Cir. 2001).[1] Plaintiffs say that everything today is the "same" as it was when the Court entered the May 23 injunction order, and so the Court can essentially just copy-and-paste the original finding of a violation to extend the relief for another 90 days. That is wrong.

As Plaintiffs told the Fifth Circuit at oral argument this week, they believe that this Court was "confus[ed]" when it determined that LSP's monitoring the Heat Alert every two hours violates the Constitution. Oral Arg. Audio at 36:45–38:00, tinyurl.com/5n8cx9k9. As Plaintiffs "recognize[d]" on appeal, *id.*—and as this Court's own May 23 order states—LSP has no such policy. It departs from the Department's default two-hour policy and adopts instead a more-protective policy: As the Court's order says, "The 2025 Directive No. 13.067 further directs LSP to monitor and record outside temperatures *every hour*." R.Doc. 253 at 5 (emphasis added). This Court has never determined that LSP's *one-hour* monitoring policy violates the Constitution. If the Court had considered that policy and conducted the proper Eighth Amendment analysis, it would have needed to show that LSP's choice to assess the heat index every hour (rejecting the less-protective two-hour requirement), as opposed to every 30 minutes, effectively reflected "criminal recklessness." *Valentine v. Collier*, 956 F.3d 797, 802 (5th Cir. 2020). With all respect, that is not a serious proposition.

Plaintiffs try to persuade the Court otherwise by arguing that the one-hour monitoring policy might not catch *every* quick rise in temperature, and so the Court should order 30-minute monitoring. R.Doc. 280-1 at 10. But that argument is directly contrary to Supreme Court and Fifth Circuit precedent. The Supreme Court has emphasized that defendants are not subjectively

---

[1] The Fifth Circuit recently has observed that "[c]ourts are split" on whether the PLRA "positively forbids injunctive relief absent a 'current and ongoing' violation at the time of judgment." *Dockery v. Cain*, 7 F.4th 375, 380 n.4 (5th Cir. 2021). That split is not implicated here because we are not at final judgment. But, even if the split were implicated, *Ruiz* already has staked the Fifth Circuit's position on the question: A current, ongoing violation must exist before a court may grant new prospective relief.

8

deliberately indifferent if they "responded reasonably to the risk, *even if the harm ultimately was not averted.*" *Farmer v. Brennan*, 511 U.S. 825, 844 (1994) (emphasis added). So long as Defendants reasonably cut the Department's two-hour monitoring period in half (and indeed, that is reasonable), therefore, Plaintiffs' search for examples where a 30-minute monitoring period would be more optimal (in their view) goes nowhere. And that leads to the Fifth Circuit's admonition that, "[a]s judges, our conscribed role is not to assess whether prison officials could have done more," "[n]or is it to micromanage prison operations." *Valentine v. Collier*, 978 F.3d 154, 158 (5th Cir. 2020). That is precisely what Plaintiffs are asking this Court to do. The monitoring issue presents no current, ongoing violation.

As for the Heat Index threshold issue: As a preliminary matter, the Fifth Circuit observed that this Court's May 23 injunction order "rel[ied] on [the] expired July 2, 2024, order to find that defendants have exhibited deliberate indifference." *VOTE I*, 2025 WL 2222990, at *2; *see* R.Doc. 253 at 33–34 (basing deliberate-indifference finding on July 2 order). The Fifth Circuit went out of its way to emphasize that "[n]o further relief issued by the district court in this case can be premised on validity of its July 2, 2024 order. The July 2 order has been expired since September 2024 and is now vacated, so it has no legal consequences in this litigation." *VOTE I*, 2025 WL 2222990, at *4 n.2. Accordingly, the Court cannot again rely on the July 2 order to find deliberate indifference as to the 91-degree threshold for calling Heat Alerts—particularly when the Court never limited Defendants to an 88-degree threshold to begin with in the July order.

Moreover, as Defendants have urged the Fifth Circuit, the Court cannot focus on the 91-degree threshold in isolation because, where a defendant has undertaken remedial measures in response to litigation, the deliberate-indifference inquiry must be "satisfied [] in respect to the response itself." *Hare v. City of Corinth*, 74 F.3d 633, 649 n.5 (5th Cir. 1996). That is the case

9

here—as Defendants' original briefing explains, Defendants have made sweeping changes to policies, built shade wagons and shade pavilions, and ensured that protective measures (like shade, ice, and water) are in place regardless whether a Heat Alert is called. To find deliberate indifference, therefore, the Court would have to find that the totality of this response is unconstitutional—not just that the Heat Alert threshold standing alone could be viewed as "less protective." The Heat Alert threshold does not function in a vacuum; it functions alongside all of Defendants' other remedial measures. And that emphatically forecloses any finding of a violation.

*Second*, and in a similar vein, Plaintiffs have not shown that their requested relief is "narrowly drawn, extend[s] no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(a). As just explained, there is no established violation of a constitutional right—and thus, Plaintiffs' requested relief by definition is not narrow, necessary, or least intrusive.

*Third*, even if the Court could make the PLRA-required findings, Defendants preserve the argument that this Court must make those findings on a particularized, provision-by-provision basis. *See Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1278 (11th Cir. 2020) ("§ 3626(a)(1)(A) 'require[s] particularized findings that each requirement imposed by the preliminary injunction satisfies each of the need-narrowness-intrusiveness criteria.'" (quoting *United States v. Sec'y, Fla. Dep't of Corr.*, 778 F.3d 1223, 1228 (11th Cir. 2015))). Defendants acknowledge that this argument is presently foreclosed by *Gates v. Cook*, 376 F.3d 323, 336 n.8 (5th Cir. 2004). Accordingly, that is why they raise this argument for preservation purposes only.

\* \* \*

The Court should deny the Motion.

| | |
|---|---|
| **CERTIFICATE OF SERVICE** | Respectfully submitted, |
| I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, and a copy of the above and foregoing was this day forwarded by the Court's ECF Delivery System to all counsel of record. | **LIZ MURRILL**<br>**Attorney General** |
| | By:   s/Andrew Blanchfield<br>Andrew Blanchfield, T.A. (#16812)<br>Email: ablanchfield@keoghcox.com<br>Christopher K. Jones (#28101)<br>Email: cjones@keoghcox.com<br>C. Reynolds LeBlanc (#33937)<br>Email: rleblanc@keoghcox.com<br>Chelsea A. Payne (#35952)<br>Email: cpayne@keoghcox.com<br>Special Assistant Attorneys General<br>Post Office Box 1151<br>Baton Rouge, Louisiana 70821<br>Telephone: (225) 383-3796<br>Facsimile: (225) 343-9612 |
| Baton Rouge, Louisiana, this 8th day of August, 2025.<br><br>    s/Andrew Blanchfield<br>    Andrew Blanchfield | |