UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VOICE OF THE EXPERIENCED, A  CIVIL ACTION
MEMBERSHIP ORGANIZATION ON
BEHALF OF ITSELF AND ITS
MEMBERS, ET AL.

VERSUS

JAMES LEBLANC, ET AL.  NO. 23-01304-BAJ-EWD

RULING AND ORDER

Before the Court is Plaintiffs' **Motion For Renewed Injunctive Relief (Doc. 280)** and **Motion for Expedited Consideration** of same (Doc. 281). Plaintiffs ask the Court to issue a successive preliminary injunction granting the same relief encompassed in the Court's May 23, 2025 Temporary Restraining Order (Doc. 253). (Doc. 280 at 1). Defendants oppose the Motion. (Doc. 286). Plaintiffs filed a Reply Brief. (Doc. 291).

For the following reasons, Plaintiffs' Motion for Renewed Injunctive Relief (Doc. 280) is **GRANTED IN PART** and **DENIED IN PART** and Plaintiffs' Motion for Expedited Consideration (Doc. 281) is **GRANTED.**

I.  BACKGROUND

On May 23, 2025, the Court issued a Temporary Restraining Order, ordering the following relief: (1) Defendants shall issue a "Heat Alert" on the Farm Line at LSP whenever the heat index meets or exceeds 88 degrees Fahrenheit; and (2) Defendants shall monitor the heat index on the Farm Line at LSP every 30 minutes. (Doc. 253, the "Court's May 23 Ruling"). The factual background and

procedural history of this case is detailed, at length, in the Court's May 23 Ruling. (Doc. 253 at 1–8). The Court will not repeat the background of the case here, but will supplement to include the developments that have occurred in the intervening 90 days.

On August 5, 2025, the United States Court of Appeals for the Fifth Circuit issued an Unpublished Opinion and Judgment, vacating the Court's July 2, 2024 Order ("July 2 Order"), and remanding the matter to this Court for further proceedings in accordance with its Mandate and Judgment ("August 5 Mandate and Judgment," Fifth Circuit Docket No. 24-30420, Doc. 123; Doc. 124).

Following the August 5 Mandate and Judgment, the Court ordered that the parties brief the effect of the August 5 Mandate and Judgment on the current procedural posture of this case. (Doc. 294). The deadline for this briefing has not yet passed. Under the Prison Litigation Reform Act ("PLRA"), however, "[p]reliminary injunctive relief shall automatically expire on the date that is 90 days after its entry[.]" 18 U.S.C.A. § 3626(a)(2). The ninetieth day after the Court issued its May 23 Ruling passed yesterday, and thus, the Court must address Plaintiffs' requested relief without the benefit of the parties' full briefing on the matter.

Nevertheless, for the reasons described below, the Court finds that there has been no change in fact or law warranting a departure from the Heat Alert threshold of 88 degrees Fahrenheit. For the same compelling reasons described in the Court's May 23 Ruling, the Court finds that a successive preliminary injunction requiring the issuance of a "Heat Alert" on the Farm Line at LSP whenever the heat index meets

or exceeds 88 degrees Fahrenheit is warranted. Such relief will be in place for an additional 90 days, at which point, if necessary, the parties may re-urge the issue.

## II. DISCUSSION

In its May 23 Ruling, the Court emphasized, after hearing extensive testimony during an evidentiary hearing, as follows:

> Plaintiffs have shown that incarcerated persons working on the Farm Line at LSP are at substantial risk of suffering serious harm under Defendants' current heat index monitoring and Heat Alert practices. The Heat Alert threshold is medically significant because many protections—including bringing heat sensitive persons indoors, providing water and ice, and giving work breaks at specified intervals—are mandatory only once a heat alert is called. (Doc. 201-3 at ¶ 9). And for a Heat Alert to be accurately called, more contemporaneous data collected in more frequent intervals is necessary.
>
> As it stands, incarcerated persons working on the Farm Line at LSP will not receive medically significant protections until a Heat Alert is called at a heat index of 91 degrees Fahrenheit, sometime within a 2-hour window of when the heat index actually reached 91 degrees Fahrenheit. Defendants' current policies and practices place incarcerated persons at LSP at substantial risk of suffering serious harm.
>
> Plaintiffs have also shown that Defendants have likely been deliberately indifferent to such risks, increasing the Heat Alert threshold from 88 to 91 degrees Fahrenheit after the Court placed Defendants on notice that they must improve conditions on the Farm Line at LSP to preserve human health and safety, and failing to modify their policies despite their full knowledge that the temperature in Louisiana can sharply increase in a two-hour period. (*See* Doc. 70).

Plaintiffs rightly argue that although the May 23 Ruling is set to expire by operation of law under the PLRA, none of the material facts underlying the May 23 Ruling have changed, nor has the necessity of the relief the Court ordered. (*See* Doc. 280-1 at 5). Should the injunctive relief ordered in the Court's May 23 Ruling lapse, Plaintiffs argue that Defendants will revert to policies that are likely

3

unconstitutional and that place incarcerated persons on the Farm Line at grave risk. (*Id.* at 6). To prevent that from happening, Plaintiffs urge the Court to enter an identical successive preliminary injunction, renewing the protections the Court ordered in its May 23 Ruling, for another 90 days. (*Id.*).

The Court issued a lengthy Ruling describing the factual and legal bases as to why the issuance of an Order requiring Defendants to maintain a Heat Alert threshold of 88 degrees Fahrenheit was necessary to preserve human health and safety. (Doc. 253). Because there have been no intervening changes in fact or law, the Court finds that a successive preliminary injunction is warranted to once again preserve human health and safety. For the reasons described below, Defendants' arguments opposing the issuance of this successive preliminary injunction do not persuade otherwise.

### A. Successive Injunctions Generally.

First, Defendants argue that a successive preliminary injunction is procedurally inappropriate because the PLRA bars the issuance of identical and successive preliminary injunctions. (Doc. 286 at 1). The Court has already addressed the appropriateness of successive preliminary injunctions generally and will not do so again here. (Doc. 253 at 17–18).

### B. Successive Injunctions in Light of the Circuit's August 5 Mandate and Judgment.

Second, Defendants urge the Court to find that the Circuit's August 5 Mandate and Judgment forecloses the relief Plaintiffs seek—a successive preliminary injunction. (Doc. 285 at 1–5). Plaintiffs disagree, contending that nothing in the

4

Circuit's August 5 Mandate and Judgment forecloses this new, successive injunction. (Doc. 291 at 10).

The Court has studied the Circuit's August 5 Mandate and Judgment. Based on the Court's review, it appears that the Circuit did not address whether successive, identical preliminary injunctions are appropriate. Instead, the Circuit emphasized the procedure to make a preliminary injunction permanent under the PLRA:

> This appeal is moot because the preliminary injunction expired automatically under the PLRA. The mootness has resulted from the unilateral actions of the party who prevailed below—namely, the plaintiff prisoners who allowed the July 2 preliminary injunction to expire and did not seek to make it permanent under 18 U.S.C. § 3626(a)(2). And defendants' appeal has been frustrated by operation of the PLRA, not their own actions. So vacatur is warranted here. *See Yates*, 677 F. App'x at 918; *Smith*, 88 F.4th at 1127.

(Fifth Circuit Docket No. 24-30420, Doc. 123-1 at 7–8). Here, Plaintiffs explicitly state that they are not seeking to make the Court's May 23 Ruling permanent. (Doc. 291 at 10–11). The Circuit's August 5 Mandate and Judgment does not appear to foreclose the relief issued here but rather addresses a different procedural path.

### C. Whether Pending Appeal Bars Successive Injunctive Relief.

Third, Defendants argue that their pending appeal of the Court's May 23 Ruling requires the Court to deny Plaintiffs' Motion. (Doc. 286 at 6). Although Defendants acknowledge that the Fifth Circuit permits district courts to take actions to maintain the status quo during the pendency of an appeal, Defendants argue that Plaintiffs cannot invoke that "status quo" for two reasons. (*Id.* (citing *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 578 (5th Cir. 1996); *see Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 190 n.2 (5th Cir. 2008) ("While the validity

5

of an injunction is on appeal, the district court's power is limited to 'maintaining the status quo' pursuant to Rule 62(c) of the Federal Rules of Civil Procedure."). Applying circular reasoning, Defendants argue that somehow the PLRA's purported bar on successive, identical injunctive relief prevents the Court from maintaining the status quo here. The Court has already addressed this argument and will not do so again.

Defendants next argue that if the Fifth Circuit reverses this Court's May 23 Ruling, then a second Order mandating the same relief would be improper. (Doc. 286 at 7). Because the Circuit has not made such a finding, this argument has no bearing on the current state of the case.

### D. Relief Warranted.

Finally, Defendants challenge the substance of the Court's May 23 Ruling. Turning first to the Heat Alert threshold, the Court finds that no facts or law have changed in the intervening 90 days to change the necessity of the 88 degree Fahrenheit Heat Alert threshold. Before issuing the May 23 Ruling, the Court held a three-day evidentiary hearing and heard testimony from several witnesses, including Dr. Susi Vassallo.[1] (Doc. 233–235).

As the Court emphasized in its May 23 Ruling, Dr. Vassallo, a licensed physician and expert in thermoregulation, credibly testified that incarcerated persons working on the Farm Line at LSP are at substantial risk of serious harm due to their prolonged exposure to heat indices above 88 degrees Fahrenheit. (Doc. 253 at 21). Dr. Vassallo relied on data from the Occupational Health and Safety

---

[1] The Court is not relying on its July 2, 2024 Order to make this finding—instead, the Court is relying on new evidence presented to the Court for the purpose of the May 23, 2025 Ruling.

6

Administration, National Weather Service, and scientific literature, described extensively in the Court's May 23 Ruling. (*Id.* at 21–31). The Court's May 23 Ruling was also informed by the fact that the Fifth Circuit and other district courts within the Fifth Circuit have repeatedly relied on Dr. Vassallo's expertise to make similar findings. (Doc. 253 at 24–25).

A Heat Alert threshold of 88 degrees Fahrenheit is also well-supported in the law—numerous courts have found that a heat index of 88 degrees Fahrenheit or higher poses a substantial risk of adverse health outcomes. (Doc. 253 at 31–32). To protect human health and safety, the Court finds that successive injunctive relief is warranted regarding the Heat Alert threshold.

Turning finally to the frequency of heat index monitoring, Defendants contend that they monitor the heat index on the Farm Line at LSP every hour, not every two hours. (Doc. 286 at 8). Accordingly, the difference at issue is one of thirty minutes. The Court will not re-issue this relief at this time.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion For Renewed Injunctive Relief (Doc. 280)** is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiffs' **Motion for Expedited Consideration of Motion For Renewed Injunctive Relief (Doc. 281)** is **GRANTED**. The Court has considered Plaintiffs' Motion expeditiously.

**IT IS FURTHER ORDERED** that Defendants shall issue a "Heat Alert" on the Farm Line at LSP whenever the heat index meets or exceeds 88 degrees Fahrenheit.

Baton Rouge, Louisiana, this 22nd day of August, 2025

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA