UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VOICE OF THE EXPERIENCED,** a membership organization on behalf of itself and its members; **and MYRON SMITH, DAMARIS JACKSON, NATE WALKER, DARRIUS WILLIAMS, KEVIAS HICKS, JOSEPH GUILLORY, KENDRICK STEVENSON,** and **ALVIN WILLIAMS,** on behalf of themselves and all others similarly situated, <br><br> **VERSUS** <br><br> **JAMES LEBLANC,** in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections**; TIMOTHY HOOPER,** in his official capacity as Warden of Louisiana State Penitentiary; **MISTY STAGG**, in her official capacity as Director of Prison Enterprises, Inc.; the **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS;** and **PRISON ENTERPRISES, INC.** | **CIVIL ACTION** <br><br> **NO.: 3:23-cv-1304** <br><br> **JUDGE BRIAN A. JACKSON** <br><br> **MAGISTRATE JUDGE ERIN WILDER-DOOMES** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

# DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STAY AUGUST 22 RULING AND ORDER

MAY IT PLEASE THE COURT:

Defendants respectfully move the Court to stay its August 22 Ruling and Order (R.Doc. 297) pending appeal.

As the Court is aware, the Prison Litigation Reform Act (PLRA) provides that "[p]reliminary injunctive relief shall automatically expire *on the date that is 90 days after its entry*, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final *before* the expiration of the 90-day period." 18 U.S.C. § 3626(a)(2)

1

(emphasis added). Thursday, August 21, was "the date that is 90 days after [] entry" of the May 23 injunction order, *id.*, which means that the May 23 injunction expired Wednesday night at midnight. Moreover, this Court did not enter any order—let alone a final order—"before" August 21 that could have kept the preliminary relief alive. *Id.*

Nonetheless, the Court's August 22 Ruling and Order grants a "successive preliminary injunction"—specifically ordering the same relief that this Court ordered in the May 23 injunction order: that Defendants call Heat Alerts at 88 degrees Fahrenheit rather than 91 degrees Fahrenheit. R.Doc. 297 at 4. With all respect, that Order is unlawful. *First*, it overrides the PLRA's plain text requiring any extension of the preliminary relief to be entered *before* the expiration of the original injunction. Here, it is undisputed that this Court issued its Order *after* the expiration of the original injunction. The PLRA thus plainly bars the relief ordered in the August 22 Order. *Second*, even if the Court *could* revive expired injunctive relief, the Order does not comply with the PLRA's requirements in § 3626(a)(2): (1) it does not make the findings required by subsection (a)(1), and (2) it does not render a "final" order, *i.e.*, a permanent injunction.

Respectfully, this Order is unlawful. Defendants request that the Court stay the Order pending Defendants' immediate appeal.

*(Signatures on Following Page)*

2

Respectfully submitted,

**LIZ MURRILL**
**Attorney General**

By:    s/Andrew Blanchfield
Andrew Blanchfield, T.A. (#16812)
Email: ablanchfield@keoghcox.com
Christopher K. Jones (#28101)
Email: cjones@keoghcox.com
C. Reynolds LeBlanc (#33937)
Email: rleblanc@keoghcox.com
Chelsea A. Payne (#35952)
Email: cpayne@keoghcox.com
Special Assistant Attorneys General
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Facsimile: (225) 343-9612

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, and a copy of the above and foregoing was this day forwarded by the Court's ECF Delivery System to all counsel of record.

Baton Rouge, Louisiana, this 22nd day of August, 2025.

        s/Andrew Blanchfield
        Andrew Blanchfield