# United States Court of Appeals
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

August 26, 2025

Mr. Michael L. McConnell
Middle District of Louisiana, Baton Rouge
United States District Court
777 Florida Street
Room 139
Baton Rouge, LA 70801

  No. 24-30420  Voice of the Experienced v. Westcott
         USDC No. 3:23-CV-1304

Dear Mr. McConnell,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

       Sincerely,

       LYLE W. CAYCE, Clerk

       *Melissa Mattingly*
      By: _____
      Melissa V. Mattingly, Deputy Clerk
      504-310-7719

cc:
 Mr. Jorge Benjamin Aguinaga
 Mr. Jeremy Benjamin
 Mr. Andrew Blanchfield
 Mr. Joshua Hill Jr.
 Ms. Caitlin Ann Huettemann
 Ms. Arielle McTootle
 Ms. Samantha Bosalavage Pourciau
 Ms. Anna Manchester Stapleton
 Ms. Leah Weiser
 Ms. Lydia Wright

**Certified as a true copy and issued as the mandate on** Aug 26, 2025

**Attest:** *Lyle W. Cayce*

**Clerk, U.S. Court of Appeals, Fifth Circuit**

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
August 5, 2025
Lyle W. Cayce
Clerk

No. 24-30420

VOICE OF THE EXPERIENCED, *a membership organization on behalf of itself and its members*; MYRON SMITH, *Individually and on behalf of all others similarly situated*; DAMARIS JACKSON, *Individually and on behalf of all others similarly situated*; NATE WALKER, *Individually and on behalf of all others similarly situated*; DARRIUS WILLIAMS, *Individually and on behalf of all others similarly situated*; KEVIAS HICKS; JOSEPH GUILLORY; KENDRICK STEVENSON; ALVIN WILLIAMS,

*Plaintiffs—Appellees,*

versus

GARY WESTCOTT, *Secretary, Louisiana Department of Public Safety and Corrections*; TIM HOOPER, *Warden, Louisiana State Penitentiary*; MISTY STAGG, *in her official capacity as Director of Prison Enterprises, Incorporated*; LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; PRISON ENTERPRISES, INCORPORATED,

*Defendants—Appellants.*

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:23-CV-1304

Before DENNIS, OLDHAM, and DOUGLAS, *Circuit Judges*.

# JUDGMENT

This cause was considered on the record on appeal and was argued by counsel.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is VACATED, and the cause is REMANDED to the District Court for further proceedings in accordance with the opinion of this Court.

IT IS FURTHER ORDERED that each party bear its own costs on appeal.

The judgment or mandate of this court shall issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. See Fed. R. App. P. 41(b). The court may shorten or extend the time by order. See 5th Cir. R. 41 I.O.P.

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
August 5, 2025
Lyle W. Cayce
Clerk

No. 24-30420

─────────────

VOICE OF THE EXPERIENCED, *a membership organization on behalf of itself and its members*; MYRON SMITH, *Individually and on behalf of all others similarly situated*; DAMARIS JACKSON, *Individually and on behalf of all others similarly situated*; NATE WALKER, *Individually and on behalf of all others similarly situated*; DARRIUS WILLIAMS, *Individually and on behalf of all others similarly situated*; KEVIAS HICKS; JOSEPH GUILLORY; KENDRICK STEVENSON; ALVIN WILLIAMS,

*Plaintiffs—Appellees,*

*versus*

GARY WESTCOTT, *Secretary, Louisiana Department of Public Safety and Corrections*; TIM HOOPER, *Warden, Louisiana State Penitentiary*; MISTY STAGG, *in her official capacity as Director of Prison Enterprises, Incorporated*; LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; PRISON ENTERPRISES, INCORPORATED,

*Defendants—Appellants.*

─────────────

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:23-CV-1304

─────────────

No. 24-30420

Before DENNIS, OLDHAM, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

This is an appeal of a preliminary injunction in a prison-conditions case out of Louisiana State Penitentiary. The preliminary injunction expired automatically in September 2024 per the Prison Litigation Reform Act ("PLRA"). Accordingly, the appeal is moot—as all parties agree. The only question left for us to answer is whether we should also vacate the preliminary injunction under the doctrine of *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950). The answer is yes.

I

This prison-conditions case concerns "farming labor programs" at Louisiana State Penitentiary, sometimes called "Angola." Plaintiffs are a putative class of Angola inmates and Voice of the Experienced, an advocacy group. Defendants are various Louisiana officials and entities. In December 2023, plaintiffs brought claims under 42 U.S.C. § 1983, the Americans With Disabilities Act, and the Rehabilitation Act of 1973 challenging the farming programs. Relevant here, plaintiffs allege that the farming programs subject inmates to dangerously high summer heat without adequate protection, in violation of the Eight Amendment.

On May 13, 2024, plaintiffs moved for a temporary restraining order ("TRO") and a preliminary injunction. They asked the district court to enjoin defendants from operating the farming programs when the heat index reached or exceeded 88 degrees. On July 2, 2024, the district court granted plaintiffs' motion in part. The court issued a TRO requiring prison officials

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

2

to take five corrective steps and to "submit a memorandum containing their proposed remedies" within seven days of the order.

Defendants immediately noticed their appeal of the order. The next day, July 3, defendants moved in this court for an emergency administrative stay and a stay pending appeal. On July 5, 2024, a motions panel of this court granted an administrative stay.

On July 12, 2024, the motions panel granted in part and denied in part defendants' motion for a stay pending appeal and vacated the administrative stay. The motions panel first assessed its jurisdiction to review the district court's order, which was styled as a TRO. The panel concluded that the order had the practical effect of an injunction and was therefore appealable. The panel also concluded that the compressed timeline made it impracticable for defendants to seek a stay from the district court first as normally required by Federal Rule of Appellate Procedure 8(a)(1)(A). Analyzing the stay factors under *Nken v. Holder*, 556 U.S. 418 (2009), the motions panel stayed parts (3), (4), and (5) of the order, but not parts (1) and (2).

On September 30, 2024, the preliminary injunction expired automatically under the PLRA. The PLRA provides: "Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period." 18 U.S.C. § 3626(a)(2). September 30 marked 90 days from the preliminary injunction's issuance on July 2.[1] The parties agree that the preliminary injunction has expired by operation of law.

---

[1] Plaintiffs suggest that it may be appropriate instead to measure the 90 days from August 15, 2024, when the district court issued a Remedial Measures Order further

No. 24-30420

The parties have continued to litigate this case below. *See, e.g.*, Dkt. 211 (motion for writ of habeas corpus), 201 (application for a second temporary restraining order and preliminary injunction), 189 (hearing on class certification). On May 23, 2025, the district court granted a new order, styled as a TRO, relying on its expired July 2, 2024, order to find that defendants have exhibited deliberate indifference.

## II

Like the previous motions panel, we conclude that the district court's order had the "practical effect" of a preliminary injunction and is therefore reviewable under 28 U.S.C. § 1292(a)(1). *Abbott v. Perez*, 585 U.S. 579, 594 (2018); *see also Trump v. J.G.G.*, 145 S. Ct. 1003, 1005 (2025). But we (A) lack Article III subject matter jurisdiction over this appeal because it is moot. So we (B) vacate the July 2 preliminary injunction because the voluntary action of the prevailing party below caused the mootness.

## A

The "judicial Power of the United States" extends only to certain "Cases" and "Controversies." U.S. CONST. art. III, §§ 1–2. That jurisdictional limit means that "to invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (cleaned up). This requirement applies "at all stages of review, not merely at the time the complaint is filed." *Moore v. Harper*, 600 U.S. 1, 14 (2023) (quotation omitted). "Mootness doctrine addresses whether an intervening circumstance has deprived the plaintiff of a personal stake in the outcome of the lawsuit." *Id.* (quotation and

---

implementing the unstayed portions of the preliminary injunction. Regardless, it has been 90 days from that date too.

4

citation omitted). A case therefore "becomes moot . . . when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (cleaned up). A federal court must assess its jurisdiction before reaching the merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). And if it lacks jurisdiction, "the court cannot proceed at all in any cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1869).

"Generally, when an injunction expires by its own terms, it is moot and there is nothing to review." *Yates v. Collier*, 677 F. App'x 915, 917 (5th Cir. 2017) (per curiam) (cleaned up); *see also Smith v. Edwards*, 88 F.4th 1119, 1126 (5th Cir. 2023) ("Because the preliminary injunction has expired, there is no remedy we can provide Defendants at this point.").

Here, there is no live controversy regarding the July 2 preliminary injunction, so "the parties lack a legally cognizable interest in the outcome" of this appeal. *Nike*, 568 U.S. at 91. The July 2 preliminary injunction expired automatically 90 days after its entry per the terms of the PLRA. 18 U.S.C. § 3626(a)(2). The parties agree that the district court did not make the requisite findings to "make[] the order final before the expiration of the 90-day period." *Id.* Moreover, our ruling on the merits of the July 2 preliminary injunction would not redress any legally cognizable interest of the parties. Reversing would not help defendants, who are not currently enjoined by the July 2 order. And affirming would not help plaintiffs, who are not currently benefitting from the July 2 injunction. Accordingly, this appeal is moot.

B

The remaining question is whether we should also vacate the preliminary injunction under the *Munsingwear* doctrine. Under Supreme Court and Fifth Circuit precedent, the answer is yes.

1

"*Munsingwear* practice is well settled." *Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, 5 (2023); *see also United States v. Microsoft Corp.*, 138 S. Ct. 1186, 1188 (2018) (per curiam) ("This case, therefore, has become moot. Following the Court's established practice in such cases, the judgment on review is accordingly vacated . . . ."). Vacatur of the judgment below "clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented." *Munsingwear*, 340 U.S. at 40. "The point of vacatur is to prevent an unreviewable decision 'from spawning any legal consequences,' so that no party is harmed by what we have called a 'preliminary' adjudication." *Camreta v. Greene*, 563 U.S. 692, 713 (2011) (quoting *Munsingwear*, 340 U.S. at 40–41).

When a case on appeal becomes moot, it is not only the practice but also "the *duty* of the appellate court to set aside the decree below and to remand the cause with directions to dismiss." *Great W. Sugar Co. v. Nelson*, 442 U.S. 92, 93 (1979) (per curiam) (quoting *Duke Power Co. v. Greenwood County*, 299 U.S. 259, 267 (1936) (per curiam)). "[V]acatur *must* be decreed for those judgments whose review is, in the words of *Munsingwear*, 'prevented through happenstance.'" *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 23 (1994) (quotation omitted) (emphasis added). In other words, vacatur is mandatory where an appeal has "become moot due to circumstances unattributable to any of the parties." *Karcher v. May*, 484 U.S. 72, 82 (1987). And "vacatur must be granted where mootness results from the unilateral action of the party who prevailed in the lower court." *U.S. Bancorp*, 513 U.S. at 23. Furthermore, these "cases establish that the practice of vacating the judgment below is binding on the courts of appeals as well as the Supreme Court." Stephen M. Shapiro et al., Supreme Court Practice § 19.5 (11th ed. 2019).

2

Two Fifth Circuit cases confirm these principles.

In *Yates v. Collier*, a per curiam panel of our court found an appeal moot where the underlying preliminary injunction against prison officials expired automatically under the PLRA. 677 F. App'x at 918. Turning to the vacatur question, the panel recognized that "vacatur must be granted where mootness results from the unilateral action of the party who prevailed in the lower court." *Id.* (quoting *Staley v. Harris County*, 485 F.3d 305, 310 (5th Cir. 2007) (en banc)). "[B]ecause the prisoners allowed their preliminary injunction to expire," the mootness resulted from the unilateral actions of the party who prevailed below. *Id.* Accordingly, the panel "vacate[d] the district court's order." *Id.*

Another panel reached the same result on similar facts in *Smith v. Edwards*. 88 F.4th at 1127. There, like in *Yates*, the panel found the appeal of a preliminary injunction moot where it had automatically expired under the PLRA. *Id.* at 1124. Citing *Yates*, the *Smith* panel held that defendants' appeal had been "frustrated by the vagaries of circumstance" because of the preliminary injunction's automatic expiration where plaintiffs had not sought to make it permanent. *Id.* at 1127 (quotation omitted). Thus, vacatur was warranted. *Id.*

3

So too here. This appeal is moot because the preliminary injunction expired automatically under the PLRA. The mootness has resulted from the unilateral actions of the party who prevailed below—namely, the plaintiff prisoners who allowed the July 2 preliminary injunction to expire and did not seek to make it permanent under 18 U.S.C. § 3626(a)(2). And defendants' appeal has been frustrated by operation of the PLRA, not their own actions.

No. 24-30420

So vacatur is warranted here. *See Yates*, 677 F. App'x at 918; *Smith*, 88 F.4th at 1127.

Even if the blame for the preliminary injunction's mootness does not fall on the plaintiff prisoners, vacatur is still warranted. On that view of the facts, this appeal's mootness still resulted from "happenstance." *U.S. Bancorp*, 513 U.S. at 23 (quoting *Munsingwear*, 340 U.S at 40). Vacatur must be granted where an appeal "has become moot due to circumstances unattributable to any of the parties." *Ibid.* (quotation omitted). The PLRA's 90-day expiration clock is such a circumstance.

Regardless, this appeal presents a heartland application of *Munsingwear* vacatur. By vacating the preliminary injunction, we "clear[] the path for future relitigation," *Munsingwear*, 340 U.S. at 40, between the parties on issues such as class certification, other preliminary relief, and ultimately a full bench trial on the merits and permanent relief. The preliminary injunction below was a "preliminary adjudication," and vacatur would "prevent [this] unreviewable decision from spawning any legal consequences." *Camreta*, 563 U.S. at 713 (cleaned up).[2]

4

*U.S. Bancorp* is not to the contrary. In that case, the Supreme Court addressed whether *Munsingwear* vacatur should issue where mootness resulted from the parties' settlement. *U.S. Bancorp*, 513 U.S. at 25. The Court concluded that the logic of *Munsingwear* did not extend to mootness by settlement because, in that situation, the party who lost below "has voluntarily forfeited his legal remedy by the ordinary processes of appeal or

---

[2] No further relief issued by the district court in this case can be premised on the validity of its July 2, 2024 order. The July 2 order has been expired since September 2024 and is now vacated, so it has no legal consequences in this litigation.

8

certiorari." *Id.* As a result, the lower court "judgment is not unreviewable, but simply unreviewed by [that party's] own choice." *Id.*

*U.S. Bancorp* makes clear that vacatur, as an "equitable remedy," *id.*, is not available "when mootness did not deprive the appealing party of any review to which he was entitled," *Camreta*, 563 U.S. at 712 n.10. For example, in *Karcher v. May*, "the Munsingwear procedure [was] inapplicable" only because "the losing party . . . declined to pursue its appeal." 484 U.S. at 83. But "vacatur [is] proper" if, "when the mooting event occurred, [the appellant] was pursuing his right to present argument on appeal." *Camreta*, 563 U.S. at 712 n.10 (quoting *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 74 (1997)) (cleaned up).

In this case, the State was pursuing its right to appeal when this case became moot by operation of law. That situation calls for *Munsingwear* vacatur.

\* \* \*

The district court's July 2, 2024 order is therefore VACATED.