## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VOICE OF THE EXPERIENCED**, a membership organization on behalf of itself and its members; and **MYRON SMITH, DAMARIS JACKSON, NATE WALKER, DARRIUS WILLIAMS, KEVIAS HICKS, JOSEPH GUILLORY, KENDRICK STEVENSON**, and **ALVIN WILLIAMS**, on behalf of themselves and all others similarly situated, | |
| *Plaintiffs*, | Civil Action No. 3:23-cv-1304-BAJ-EWD |
| v. | |
| **JAMES LEBLANC**, in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections; **TIMOTHY HOOPER**, in his official capacity as Warden of Louisiana State Penitentiary; **MISTY STAGG**, in her official capacity as Director of Prison Enterprises, Inc.; the **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS**; and **PRISON ENTERPRISES, INC.**, | |
| *Defendants*. | |

## PLAINTIFFS' BRIEF REGARDING EFFECT OF
## THE FIFTH CIRCUIT'S JUDGMENT IN *VOTE I*

## **TABLE OF CONTENTS**

RELEVANT BACKGROUND .................................................................................................1

     A.    First Injunction...................................................................................................1

     B.    Motion for Class Certification ..........................................................................2

     C.    Second Injunction .............................................................................................2

     D.    Third Injunction ...............................................................................................3

     E.    The Pending Preliminary Injunction Motion ...................................................4

ARGUMENT ...................................................................................................................4

I.     THE *VOTE I* AND *VOTE II* ORDERS VACATED THE JULY 2024 AND MAY 2025 TEMPORARY RESTRAINING ORDERS, BUT EVIDENCE PRESENTED IN CONNECTION WITH THOSE INJUNCTIONS REMAINS RELEVANT ...................................................................................................5

II.    THIS COURT RETAINS AUTHORITY TO DECIDE THE MOTION FOR CLASS CERTIFICATION AND TO PROCEED TO TRIAL ON THE MERITS ...........6

CONCLUSION................................................................................................................7

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alaska Elec. Pension Fund* v. *Flowserve Corp.*,
    572 F.3d 221 (5th Cir. 2009) ...................................................................7

*Alice L.* v. *Dusek*,
    492 F.3d 563 (5th Cir. 2007) ...............................................................6, 7

*Louisiana* v. *Becerra*,
    2022 WL 445159 (5th Cir. Feb. 14, 2022) ...........................................6

*Democratic Nat'l Comm.* v. *Republican Nat'l Comm.*,
    673 F.3d 192 (3d Cir. 2012)....................................................................5

*Voice of the Experienced* v. *LeBlanc*,
    No. 25-30322 (5th Cir.) ..........................................................1, 3, 4, 5, 6

*Voice of the Experienced* v. *LeBlanc*,
    No. 25-30478 (5th Cir.) ..........................................................1, 3, 4, 6, 7

*Voice of the Experienced* v. *Westcott*,
    No. 24-30420 (5th Cir.) ..........................................................1, 2, 4, 5, 6

**Statutes**

18 U.S.C. § 3626(a)(2)..............................................................................1, 3, 5, 6

**Other Authorities**

Federal Rule of Civil Procedure 23 ............................................................7

Pursuant to ECF No. 294, Plaintiffs respectfully submit this brief advising the Court as to the effect of the Fifth Circuit's August 5, 2025 decision in *VOTE I*, No. 123-1 (the "*VOTE I* Order"), on the procedural posture of this case.[1]

## RELEVANT BACKGROUND

### A.    First Injunction

On May 13, 2024, Plaintiffs filed their first motion for preliminary injunctive relief, seeking an order prohibiting Defendants from operating the Farm Line at Louisiana State Penitentiary ("LSP") when the heat index exceeded 88°F.  *See* ECF No. 37.  On July 2, 2024, the Court partially granted Plaintiffs' motion, directing Defendants to take immediate measures to address likely constitutional violations.  *See* ECF No. 70 (the "July 2024 Order").  Defendants appealed the July 2024 Order and sought a stay pending appeal.  A panel of the Fifth Circuit granted in part and denied in part Defendants' stay motion, allowing those aspects of the injunction that applied only to the Farm Line to go into effect but ruling that other parts were overbroad under the Prison Litigation Reform Act ("PLRA").  *See VOTE I*, No. 41-1.  Subsequently, on August 15, 2024, this Court directed Defendants to take specific remedial measures on the Farm Line to address the deficiencies identified in the July 2024 Order.  ECF No. 109.

The injunctive relief issued by the July 2024 Order expired by operation of law 90 days after its entry.  *See* 18 U.S.C. § 3626(a)(2).  Thus, the parties briefed Defendants' appeal of the July 2024 Order with both sides agreeing that because the injunctive relief had expired, the appeal was moot, and the sole live issue was whether to vacate the preliminary injunction.  *See VOTE I*,

---

[1]    Citations to "*VOTE I*" refer to the docket of *Voice of the Experienced* v. *Westcott*, No. 24-30420 (5th Cir.).  Citations to "*VOTE II*" refer to the docket of *Voice of the Experienced* v. *LeBlanc*, No. 25-30322 (5th Cir.).  Citations to "*VOTE III*" refer to the docket of *Voice of the Experienced* v. *LeBlanc*, No. 25-30478 (5th Cir.).

Nos. 65, 72, 79. On August 5, 2025, the Fifth Circuit found that the appeal was moot and vacated the July 2024 Order. *See VOTE I* Order.

### B.    Motion for Class Certification

While the appeal of the July 2024 Order was pending, Plaintiffs continued to prosecute their case more broadly. On September 30, 2024, Plaintiffs filed their motion for class certification, *see* ECF No. 120, and that motion was fully briefed by October 31, 2024, *see* ECF Nos. 136, 147. The Court heard oral argument on the motion on February 19, 2025, *see* ECF No. 189, and held an evidentiary hearing from April 22 to April 24, 2025, *see* ECF Nos 233, 234, 235. That class certification motion remains pending.

### C.    Second Injunction

Additionally, in March 2025, with dangerously hot weather conditions fast approaching and no trial date calendared, *see* ECF No. 193 (February 27, 2025 order continuing trial without date), Plaintiffs filed their second motion for preliminary injunctive relief, seeking, *inter alia*, (1) a temporary restraining order requiring Defendants to issue a Heat Alert on the Farm Line whenever the heat index met or exceeded 88°F and to monitor the heat index on the Farm Line every 30 minutes, and (2) a preliminary injunction providing the same and additional relief, *see* ECF No. 201. Plaintiffs were compelled to file that motion to protect the health and safety of men forced to labor on the Farm Line in the face of Defendants' ongoing failure to implement adequate remedial measures to address the known risks of high heat, and in particular as a result of Defendants' decision to make their heat pathology policies *less* protective by raising the Heat Alert threshold in those policies from a heat index of 88°F to a heat index of 91°F.

The parties presented oral argument on Plaintiffs' second motion for preliminary injunctive relief on April 22, 2025, *see* ECF No. 233, and the Court heard live testimony on issues relevant to the motion during the hearing that took place in April 2025, *see* ECF Nos. 233, 234, 235. The

testimony presented at the hearing included extensive evidence demonstrating that the risk of heat-related illness increases sharply when the heat index reaches 88°F, that Defendants have long known of this risk, and that Defendants nevertheless raised the Heat Alert threshold to 91°F without any legitimate justification in scientific literature or agency guidance, or even from their own purported expert. *See* ECF No. 257-4 at 57:5–61:14 (Vassallo); *id.* at 180:17–181:25, 201:2–209:7 (Lavespere); ECF No. 257-5 at 76:24–77:19, 90:22–95:19, 114:18–115:6, 116:3–8 (Keldie).

On May 23, 2025, the Court issued the requested temporary restraining order, requiring Defendants to issue a Heat Alert whenever the heat index met or exceeded 88°F and to monitor the heat index every 30 minutes. *See* ECF No. 253 (the "May 2025 Order"). The Court indicated it would rule on Plaintiffs' application for a preliminary injunction separately. *Id.*

Defendants appealed. *See* ECF No. 254. The parties briefed the appeal on an expedited basis, and the Fifth Circuit heard oral argument on August 4, 2025. *See VOTE II*, Nos. 1, 49, 82. Pursuant to the PLRA's 90-day clock, *see* 18 U.S.C. § 3626(a)(2), the injunctive relief provided by the May 2025 Order expired on August 21, 2025. On August 28, 2025, the Fifth Circuit issued a ruling holding that the appeal was mooted when the May 2025 injunction expired, and vacating the May 2025 Order. *See VOTE II*, No. 96-1 (the "*VOTE II* Order"), at 5–8.

### D.    Third Injunction

In anticipation of the expiration of the May 2025 injunction, Plaintiffs moved for a renewed, successive injunction providing the same relief. *See* ECF No. 280. This Court partially granted that motion on August 22, 2025, requiring Defendants to issue a Heat Alert on the Farm Line whenever the heat index meets or exceeds 88°F but declining to renew the portion of the injunction requiring heat monitoring every 30 minutes. ECF No. 297 (the "August 2025 Order").

Defendants immediately appealed the August 2025 Order. *VOTE III*, No. 1. They also moved for a stay pending appeal, which Plaintiffs opposed. *VOTE III*, Nos. 5, 32. In its August

28, 2025 ruling vacating the May 2025 injunction, a panel of the Fifth Circuit denied the motion to stay without prejudice to refiling another motion to stay. *See VOTE II* Order at 8.

### E.     The Pending Preliminary Injunction Motion

The Court has not yet ruled on Plaintiffs' motion for a second preliminary injunction. Given the current procedural posture of the case, and in order to clear the path to trial and final judgment on the merits, Plaintiffs now respectfully ask the Court to carry their pending motion for a second preliminary injunction with the case.[2]

### ARGUMENT

The *VOTE I* Order has minimal substantive effect on the current procedural posture of this case. The same is true of the *VOTE II* Order. Vacatur, in both cases, merely confirms that this Court may not, going forward, rely on the July 2024 Order or the May 2025 Order. But, with respect to both *VOTE I* and *VOTE II*, vacatur does not require this Court to ignore evidence presented in connection with those proceedings, particularly when considering Defendants' subjective awareness of the substantial risks of serious harm posed by extreme heat. As a procedural matter, neither the *VOTE I* Order, the *VOTE II* Order, nor the pending *VOTE III* appeal prevent this Court from ruling on Plaintiffs' motion for class certification or setting a date for trial on the merits. As the *VOTE I* Order pointed out, vacatur "clear[s] the path" forward for this litigation, including proceeding to "a full bench trial on the merits and permanent relief." *See VOTE I* Order at 8 (quoting *United States* v. *Munsingwear, Inc.*, 340 U.S. 36, 40 (1950)). Indeed, setting a trial date in time to allow for a ruling before the next period of frequent extreme heat, ideally in early 2026, would avoid the need for further preliminary relief and interlocutory appeals.

---

[2]     Plaintiffs reserve all rights with respect to the evidence and arguments offered in support of that motion and all rights to pursue the relief sought therein at trial or, if necessary, in a subsequent motion for preliminary relief.

I.    **THE *VOTE I* AND *VOTE II* ORDERS VACATED THE JULY 2024 AND MAY 2025 TEMPORARY RESTRAINING ORDERS, BUT EVIDENCE PRESENTED IN CONNECTION WITH THOSE INJUNCTIONS REMAINS RELEVANT**

The *VOTE I* Order contains two straightforward holdings: *first*, that Defendants' appeal of the July 2024 Order was mooted when the injunctive relief granted by that Order expired pursuant to the PLRA, and, *second*, that the July 2024 Order was accordingly vacated. *See VOTE I* Order, at 4–8. The *VOTE II* Order held the exact same. *See VOTE II* Order, at 5–8. The impact of these vacatur decisions is that "[n]o further relief issued by [this Court] can be premised on the validity of [the July 2024 Order or the May 2025 Order] . . . [because they now have] no legal consequences in this litigation." *VOTE I* Order, at 8 n.2. Because the July 2024 Order and the May 2025 Order have been vacated, this Court cannot rely on them as precedent in issuing future rulings in this case.

Practically speaking, however, the vacatur of the July 2024 and May 2025 Orders has little to no impact on the current procedural posture of this litigation. In issuing the renewed injunctive relief now in effect, the Court expressly did not rely on the now-vacated July 2024 or May 2025 Orders; instead, the August 2025 Order relied on the "*evidence* presented to the Court for the purpose of the May 23, 2025 Ruling" and the lack of changed circumstances. August 2025 Order at 6 n.1 (emphasis added). That evidence remains relevant regardless of the expiration of the injunctions and vacatur of the Orders for which it was first submitted. *See Democratic Nat'l Comm.* v. *Republican Nat'l Comm.*, 673 F.3d 192, 219 (3d Cir. 2012) (even after court's decision relying on certain evidence was vacated as moot, court properly considered that evidence in subsequent proceeding because "vacatur did not disturb" the previous "factual determination[s]").

While the vacatur of the July 2024 and May 2025 Orders deprives those Orders of having future legal force, the *evidence* presented in connection with and discussed in those Orders remains proper to consider. *See id.* at 219 n.27 (despite vacatur on one issue, "all of the evidence submitted

by the parties with respect to that issue remains part of the record in this case"). For example, in support of their first motion for preliminary injunctive relief, Plaintiffs submitted a declaration from Dr. Susi Vassallo which explained that according to scientific studies, there is a sharp increase in heat-related risks when the heat index reaches approximately 88°F. *See* ECF No. 201-5 ¶ 67. In the July 2024 Order, this Court credited Dr. Vassallo's declaration and other evidence as supporting the conclusion that at heat indices at or above 88°F, the risk of heat-related injury is high. *See* July 2024 Order, at 40–41, 47. The *VOTE I* and *VOTE II* Orders do not alter the validity of this evidence or the propriety of the Court's reliance on it, so this Court can continue to rely on Dr. Vassallo's prior testimony and other previously submitted evidence with respect to future proceedings to find that Defendants have demonstrated deliberate indifference to known risks.

## II.    THIS COURT RETAINS AUTHORITY TO DECIDE THE MOTION FOR CLASS CERTIFICATION AND TO PROCEED TO TRIAL ON THE MERITS

Neither the *VOTE I* Order, the *VOTE II* Order, nor the pending *VOTE III* appeal impact this Court's authority to rule on Plaintiffs' pending motion for class certification. *See* ECF No. 120. The *VOTE I* Order and the *VOTE II* Order did not address any issue raised in the class certification motion, so they have no effect on that motion whatsoever.

Nor does the pending appeal of the August 2025 Order deprive this Court of jurisdiction to certify the class and subclass or to proceed to trial and final judgment. Where an interlocutory appeal is taken, "the district court may still proceed with matters not involved in the appeal." *Alice L.* v. *Dusek*, 492 F.3d 563, 564–65 (5th Cir. 2007) (quoting *Taylor* v. *Sterrett*, 640 F.2d 663, 667–68 (5th Cir. 1981)); *Louisiana* v. *Becerra*, 2022 WL 445159, at *2 (5th Cir. Feb. 14, 2022) ("An appeal . . . of a preliminary injunction does not divest the trial court of jurisdiction or prevent it from taking other steps in the litigation.").

Here, the pending appeal addresses the propriety of successive injunctions under the PLRA

and whether the August 2025 Order complied with the PLRA's "NNI" parameters. *See VOTE III*, Nos. 5, 32. Neither issue is implicated by the pending motion for class certification, which addresses the narrow question of whether Plaintiffs have satisfied the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(2). *See* ECF No. 120. And, trial in this case would not involve the propriety of successive preliminary injunctions or whether the Court had previously engaged in an appropriate NNI analysis. Finally, to the extent the pending motion or trial involve overlapping factual bases or similar legal issues as the appeal, that does not deprive this Court of jurisdiction, because the motion and judgment on the merits remain legally distinct from the appeal. *See Alice L.*, 492 F.3d at 565 (where the "factual basis" of matters on appeal "overlap[s]" with issues before the district court, the district court retains jurisdiction to address issues so long as the "claims are legally distinct"); *see also Alaska Elec. Pension Fund* v. *Flowserve Corp.*, 572 F.3d 221, 233 (5th Cir. 2009) (district court retained jurisdiction to grant summary judgment despite pendency of interlocutory appeal that involved "practically identical" questions, because issues on appeal did not involve analysis "for purposes of the merits"). Accordingly, the path is clear for this Court to rule on Plaintiffs' motion for class certification and to set a trial date.

## CONCLUSION

Plaintiffs respectfully encourage the Court to carry Plaintiffs' pending motion for a second preliminary injunction with the case, rule on their motion for class certification at its earliest opportunity, and set a trial date for early 2026.

Dated: August 29, 2025

**THE PROMISE OF JUSTICE INITIATIVE**

*/s/ Samantha Pourciau*
Samantha Pourciau, La. Bar No. 39808
Kara Crutcher (PHV) IL Bar No. 6337639
Michael Allen, La. Bar No. 41142
1024 Elysian Fields Avenue
New Orleans, LA 70117

Tel: (504) 529-5955
sbosalavage@defendla.org
kcrutcher@defendla.org
mallen@defendla.org

**RIGHTS BEHIND BARS**

*/s/ Lydia Wright*
Lydia Wright, La. Bar No. 37926416
Amaris Montes (PHV) MD Bar No. 2112150205
1800 M St. NW Fnt. 1 #33821
Washington, D.C. 20033
Tel: (202) 455-4399
lydia@rightsbehindbars.org
amaris@rightsbehindbars.org

**PAUL, WEISS, RIFKIND, WHARTON
 & GARRISON LLP**

*/s/ Joshua Hill Jr.*
Joshua Hill Jr. (PHV) NY Bar No. 4297826
Jeremy A. Benjamin (PHV) NY Bar No. 4770277
Michael McGregor (PHV) NY Bar No. 5510490
Arielle B. McTootle (PHV) NY Bar No. 5993217
Ricardo Sabater (PHV) NY Bar No. 5993217
Leah R. Weiser (PHV) NY Bar No. 6027601
Chizoba D. Wilkerson (PHV) NY Bar No. 5903943
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000
jhill@paulweiss.com
jbenjamin@paulweiss.com
mmcgregor@paulweiss.com
amctootle@paulweiss.com
rsabater@paulweiss.com
lweiser@paulweiss.com
cwilkerson@paulweiss.com

*Attorneys for Plaintiffs and the Proposed Classes*