## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VOICE OF THE EXPERIENCED,** a membership organization on behalf of itself and its members; **and MYRON SMITH, DAMARIS JACKSON, NATE WALKER, DARRIUS WILLIAMS, KEVIAS HICKS, JOSEPH GUILLORY, KENDRICK STEVENSON,** and **ALVIN WILLIAMS,** on behalf of themselves and all others similarly situated,<br><br>**VERSUS**<br><br>**JAMES LEBLANC,** in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections**; TIMOTHY HOOPER,** in his official capacity as Warden of Louisiana State Penitentiary; **MISTY STAGG**, in her official capacity as Director of Prison Enterprises, Inc.; the **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS;** and **PRISON ENTERPRISES, INC.** | **CIVIL ACTION**<br><br>**NO.: 3:23-cv-1304**<br><br>**JUDGE BRIAN A. JACKSON**<br><br>**MAGISTRATE JUDGE ERIN WILDER-DOOMES** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## DEFENDANTS' RESPONSE TO THE COURT'S AUGUST 15 ORDER

On August 15, 2025, the Court directed the parties to file briefs "regarding the effect" of the Fifth Circuit's vacatur of this Court's July 2, 2024, preliminary-injunction order. R.Doc. 294. Yesterday, the Fifth Circuit also vacated this Court's May 23, 2025, preliminary-injunction order. Accordingly, Defendants submit this response, which covers both vacaturs.

Vacatur of a court decision "clears the path for future *re*litigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance." *United States v. Munsingwear, Inc.*, 340 U.S. 36, 41 (1950) (emphasis added). That means, at a minimum, that arguments sounding in "[e]stoppel" and "res judicata" that are based on a vacated decision are

1

not viable. *Id.* at 39. After all, "relitigation" means litigation anew—not litigation that piggybacks on the vacated decision. In the Supreme Court's words, vacatur "prevent[s]" the vacated decision "from spawning *any* legal consequences." *Id.* at 41 (emphasis added). That concept accords with vacatur in the administrative law context where vacatur of an agency action "undoes," "expunges," and "unwinds" the agency action. *Data Mktg. P'ship, LP v. DOL*, 45 F.4th 846, 859 (5th Cir. 2022) (citation omitted).

The Fifth Circuit's vacatur of this Court's July 2, 2024, preliminary-injunction order follows these principles. The Fifth Circuit observed that—in this Court's May 23, 2025, preliminary-injunction order—this Court "rel[ied] on its expired July 2, 2024, order to find that defendants have exhibited deliberate indifference." *Voice of the Experienced v. Westcott*, 2025 WL 2222990, at *2 (5th Cir. Aug. 5, 2025). The Fifth Circuit also said that this was improper: "No further relief issued by the district court in this case can be premised on the validity of its July 2, 2024 order. The July 2 order has been expired since September 2024 and is now vacated, so it has no legal consequences in this litigation." *Id.* at *4 n.2. Put otherwise, "[t]he preliminary injunction below was a 'preliminary adjudication,' and vacatur [] 'prevent[s] [the July 2] decision from spawning any legal consequences.'" *Id.* at *4.

The upshot of the Fifth Circuit's vacatur is that the May 23, 2025, preliminary-injunction order was itself invalid. That is because this Court improperly "premised" that order on the expired July 2 order. Had Defendants obtained appellate review of the May 23, 2025, preliminary-injunction order, therefore, they likely would have prevailed. As the Court is aware, however, the May 23 injunction expired on August 21—and yesterday, the Fifth Circuit vacated the May 23 order. *Voice of the Experienced v. LeBlanc*, 2025 WL 2481382 (5th Cir. Aug. 28, 2025). The only

question now, therefore, is what these combined vacaturs mean for the Court's third preliminary injunction entered on August 22, R.Doc. 297—and for the rest of this litigation.

The August 22 order is invalid for many reasons already briefed to this Court. But relevant to this Court's specific request for briefing, it is invalid because it enters injunctive relief identical to the May 23 injunctive relief—which was, in turn, premised on the July 2, 2024, order. *Id.* at 6 ("Turning to the Heat Alert threshold, the Court finds that no facts or law have changed in the intervening 90 days to change the necessity of the 88 degree Fahrenheit Heat Alert threshold."). The Court stated that it was "not relying on its July 2, 2024 Order to make this finding—instead, the Court is relying on new evidence presented to the Court for the purpose of the May 23, 2025 Ruling." *Id.* at 6 n.1.

Respectfully, the Court misunderstood the Eighth Amendment analysis in this respect. The August 22 order discussed *only* an alleged substantial risk of harm to Plaintiffs—which is where the Court stated it was not relying on the July 2 order. *See id.* at 6–7. That was the only justification the Court gave for issuing a new injunction. But that is not the whole Eighth Amendment analysis—and the Court did not address the previous error identified by the Fifth Circuit: The Eighth Amendment also requires a defendant's subjective "deliberate indifference," and that was where the May 23 order expressly and improperly "rel[ied] on [the] expired July 2, 2024, order." *Westcott*, 2025 WL 2222990, at *2, *4 n.2. The August 22 order does not make a subjective deliberate-indifference finding. And the implication is that the Court simply carried through its reasoning from the May 23 order (relying on the July 2 order) which the Fifth Circuit said was impermissible. Accordingly, the August 22 order squarely violates the Fifth Circuit's own precedents in this case which are law of the case.

As for the remaining litigation, the fundamental effect of the Fifth Circuit's vacaturs is that the vacated decisions are nullities: They are unwound, erased, and expunged. They cannot be the basis for any future decisions by this Court, nor can the parties rely on them to advance any arguments. It is as if those vacated orders were never issued.

Respectfully submitted,

**LIZ MURRILL**
**Attorney General**

By:    s/Andrew Blanchfield
        Andrew Blanchfield, T.A. (#16812)
        Email: ablanchfield@keoghcox.com
        Christopher K. Jones (#28101)
        Email: cjones@keoghcox.com
        C. Reynolds LeBlanc (#33937)
        Email: rleblanc@keoghcox.com
        Chelsea A. Payne (#35952)
        Email: cpayne@keoghcox.com
        Special Assistant Attorneys General
        Post Office Box 1151
        Baton Rouge, Louisiana 70821
        Telephone:  (225) 383-3796
        Facsimile:  (225) 343-9612

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, and a copy of the above and foregoing was this day forwarded by the Court's ECF Delivery System to all counsel of record.

Baton Rouge, Louisiana, this 29th day of August, 2025.

        s/Andrew Blanchfield
        Andrew Blanchfield