IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VOICE OF THE EXPERIENCED**, a membership organization on behalf of itself and its members, and **MYRON SMITH, DAMARIS JACKSON, NATE WALKER, DARRIUS WILLIAMS, KEVIAS HICKS, JOSEPH GUILLORY, KENDRICK STEVENSON**, and **ALVIN WILLIAMS**, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**JAMES LEBLANC**, in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections; **TIMOTHY HOOPER**, in his official capacity as Warden of Louisiana State Penitentiary; **MISTY STAGG**, in her official capacity as Director of Prison Enterprises, Inc.; the **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS**; and **PRISON ENTERPRISES, INC.**,<br><br>*Defendants*. | Civil Action No. 3:23-cv-1304-BAJ-EWD |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO STAY
THE AUGUST 22, 2025 INJUNCTION ORDER PENDING APPEAL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

RELEVANT BACKGROUND ..................................................................................................2

    A.    The May 23 Injunction................................................................................................2

    B.    The August 22 Injunction ..........................................................................................3

    C.    The *VOTE II* Ruling...................................................................................................3

ARGUMENT ..............................................................................................................................4

I.    DEFENDANTS FAIL TO SHOW LIKELIHOOD OF SUCCESS ON THE MERITS. ......................................................................................................................4

    A.    The August 22 Order Is Not an Extension of Prior Injunctive Relief, but a Successive Preliminary Injunction, Which is Permitted Under the PLRA..............5

    B.    The August 22 Order Satisfies the "Need, Narrowness, and Intrusiveness" Requirements of the PLRA. ...................................................................................6

    C.    Defendants Do Not Challenge the Merits of the Court's Substantive Analysis...................................................................................................................8

II.    DEFENDANTS FAIL TO DEMONSTRATE IRREPARABLE HARM. .........................9

III.    THE BALANCE OF EQUITIES AND THE PUBLIC INTEREST WEIGH AGAINST A STAY................................................................................................................9

CONCLUSION..........................................................................................................................10

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alloway* v. *Hodge*,
  72 F. App'x 812 (10th Cir. 2003) ...................................................................................6

*Barber* v. *Bryant*,
  833 F.3d 510 (5th Cir. 2016) .........................................................................................4

*Boire* v. *Pilot Freight Carriers, Inc.*,
  515 F.2d 1185 (5th Cir. 1975) .......................................................................................9

*Book People, Inc.* v. *Wong*,
  91 F.4th 318 (5th Cir. 2024) ..........................................................................................9

*Cole* v. *Collier*,
  No. 4:14-cv-01698 (S.D. Tex. Oct. 12, 2017) ...............................................................5

*Gates* v. *Cook*,
  376 F.3d 323 (5th Cir. 2004) .....................................................................................5, 7

*Gonannies, Inc.* v. *Goupair.Com, Inc.*,
  464 F. Supp. 2d 603 (N.D. Tex. 2006) ..........................................................................9

*Jackson Women's Health Org.* v. *Currier*,
  760 F.3d 448 (5th Cir. 2014) .........................................................................................9

*Mayweathers* v. *Newland*,
  258 F.3d 930 (9th Cir. 2001) .........................................................................................6

*Melendez* v. *Sec'y, Fla. Dep't of Corr.*,
  2022 WL 1124753 (11th Cir. Apr. 15, 2022) ................................................................6

*Monroe* v. *Bowman*,
  122 F.4th 688 (7th Cir. 2024) ........................................................................................6

*Nken* v. *Holder*,
  556 U.S. 418 (2009) ...................................................................................................4, 9

*Voice of the Experienced* v. *LeBlanc*,
  No. 25-30322 (5th Cir.) .................................................................................................3

*Voice of the Experienced* v. *LeBlanc*,
  No. 25-30478 (5th Cir.) .................................................................................................3

# TABLE OF AUTHORITIES
## (Continued)

Page(s)

*W. Sur. Co.* v. *PASI of LA, Inc.*,
  334 F. Supp. 3d 764 (M.D. La. 2018) ................................................................................9

**Statutes**

18 U.S.C. § 3626 (PLRA) ............................................................................................... *passim*

**Other Authorities**

Eighth Amendment ...........................................................................................................4, 8

**PRELIMINARY STATEMENT**

In a May 23, 2025 Order, this Court granted preliminary injunctive relief requiring Defendants to issue a Heat Alert on the Farm Line whenever the heat index meets or exceeds 88°F and to monitor the heat index every 30 minutes. ECF No. 253 (the "May 23 Order"). Recognizing that this injunction expired by operation of law on August 21, 2025, the Court, on August 22, 2025, granted in part Plaintiffs' motion for renewed injunctive relief. ECF No. 297 (the "August 22 Order"). Based on the plentiful record evidence demonstrating that an 88°F Heat Alert threshold is necessary and appropriate, and after concluding that none of the material facts or science had changed, the Court held that a "successive preliminary injunction [wa]s warranted to once again preserve human health and safety." *Id.* at 4. Accordingly, the Court ordered a new injunction requiring Defendants to issue a Heat Alert on the Farm Line whenever the heat index meets or exceeds 88°F. *Id.* at 8. The Court ordered this preliminary relief for a period of 90 days. *Id.* at 3.

Despite having voluntarily implemented an 88°F heat index threshold for years, and then for an additional three months pursuant to the May 23 Order, Defendants now—for the first time—seek to stay the August 22 injunction requiring that they temporarily maintain that same practice. *See* ECF No. 299. In the one-page brief submitted in support of their motion to stay, Defendants raise two arguments arising out of Section 3626(a) of the Prison Litigation Reform Act ("PLRA"), both of which fundamentally misunderstand not only the nature of the August 22 Order, but also the mandates of the PLRA itself. *See* ECF No. 299-1 ("Motion" or "Mtn.").

*First*, Defendants argue that the August 22 Order is unlawful because it extends the May 23 Order after that Order expired, allegedly in violation of the PLRA. As the Court made clear, though, the August 22 Order did not extend the May 23 injunction, but instead issued a new, successive injunction. Thus, the specific clause of the PLRA Defendants rely on is inapplicable here.

*Second*, Defendants argue that the PLRA requires express, written findings of necessity, narrowness, and non-intrusiveness, that are allegedly absent from the August 22 Order. In fact, there is no such requirement in the PLRA, and the August 22 Order fully complies with the PLRA's requirements regarding preliminary relief.

Defendants also fail to challenge the substance of the August 22 Order and do not even address, much less satisfy, the other factors they have the burden to prove to obtain a stay—specifically, that they will suffer irreparable injury absent a stay and that the equities favor a stay. Indeed, the current injunction serves the crucial function of preventing likely constitutional violations and providing life-saving temporary heat protections as this case moves towards trial. Defendants' motion to stay this relief should be denied.

## **RELEVANT BACKGROUND**

Because this Court is familiar with the facts underlying this litigation, Plaintiffs summarize only those developments that are most relevant to Defendants' motion to stay.

### A.     The May 23 Injunction

In March 2025, Plaintiffs moved for preliminary injunctive relief seeking, *inter alia*, a temporary restraining order requiring Defendants to issue a Heat Alert on the Farm Line whenever the heat index met or exceeded 88°F and to monitor the heat index on the Farm Line every 30 minutes. *See* ECF No. 201. On May 23, 2025, the Court granted the requested temporary restraining order in full.[1] *See* May 23 Order at 1. Defendants appealed. *See* ECF No. 254. The May 23 injunction expired by operation of law on August 21, 2025. *See* 18 U.S.C. § 3626(a)(2).

---

[1] In its May 23 Order, the Court stated that it would address in a separate ruling Plaintiffs' motion for a preliminary injunction pursuant to which Plaintiffs sought broader heat-related relief. *See* May 23 Order at 1. Given the current procedural posture of the case, and in order to clear the path to trial and final judgment on the merits, Plaintiffs, while reserving all rights, have requested that the Court carry that pending motion with the case. *See* ECF 304 at 4.

2

**B.    The August 22 Injunction**

In anticipation of the May 23 Order expiring, Plaintiffs moved the Court to issue a renewed, successive injunction providing identical relief.  *See* ECF No. 280.  On August 22, 2025, the Court granted Plaintiffs' motion in part, requiring Defendants to issue a Heat Alert on the Farm Line whenever the heat index meets or exceeds 88°F, but declining to require heat index monitoring every 30 minutes.  August 22 Order at 7–8.  The Court explained that this injunction was appropriate based on "the same compelling reasons" underlying the May 23 Order, the evidence presented in connection with the May 23 Order—including highly credible expert testimony from Dr. Susi Vassallo, scientific studies, and agency guidance—and the fact that "there ha[d] been no intervening changes in fact or law" since the May 23 Order was issued.  *Id.* at 2–3, 4, 6–7.

Defendants immediately noticed an appeal of the August 22 Order.  *VOTE III*, No. 1.[2]  They also filed in the Court of Appeals a motion to stay the August 22 injunction pending the resolution of their appeal.  *VOTE III*, No. 5.  Nearly simultaneously, Defendants filed the instant Motion with this Court.  *See* ECF No. 299.

**C.    The *VOTE II* Ruling**

On August 28, 2025, the Fifth Circuit held that the expiration of the May 23 injunction mooted Defendants' appeal and vacated the May 23 Order.  *See VOTE II*, No. 96-1 at 5–8.  In the same ruling, the panel denied Defendants' motion to stay without prejudice to refiling another motion to stay on the *VOTE III* docket.  *See id.* at 8.  As of this filing, Defendants have yet to file such a renewed motion to stay the August 22 Order with the Fifth Circuit.

---

[2]    Citations to "*VOTE II*" refer to the docket of *Voice of the Experienced* v. *LeBlanc*, No. 25-30322 (5th Cir.). Citations to "*VOTE III*" refer to the docket of *Voice of the Experienced* v. *LeBlanc*, No. 25-30478 (5th Cir.).

## **ARGUMENT**

Defendants' motion to stay the injunction should be denied. Aside from two conclusory paragraphs complaining that the August 22 Order is unlawful, Defendants make no effort to explain how they satisfy the requirements for a stay. "A stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result." *Barber* v. *Bryant*, 833 F.3d 510, 511 (5th Cir. 2016) (quoting *Nken* v. *Holder*, 556 U.S. 418, 427 (2009)). In seeking a stay pending appeal, Defendants bear the burden of demonstrating that four factors are met: (1) a "strong showing" of likelihood to succeed on the merits; (2) "irreparabl[e] injur[y] absent a stay"; (3) that "issuance of the stay will [not] substantially injure the other parties interested in the proceeding"; and (4) that "the public interest" supports a stay. *Nken*, 556 U.S. at 434 (quoting *Hilton* v. *Braunskill*, 481 U.S. 770, 776 (1987)). Likelihood of success on the merits and irreparable injury are "the most critical" factors, and the movant must make a strong showing of each. *Id.* at 434–35.

Defendants are unable to carry their burden, and their Motion should be denied.

**I.    DEFENDANTS FAIL TO SHOW LIKELIHOOD OF SUCCESS ON THE MERITS.**

Attempting to show a likelihood of success, Defendants assert two tired procedural arguments under the PLRA, neither of which has merit. *First*, they reassert that the PLRA bars successive preliminary injunctions like the August 22 Order (it does not), and *second*, they argue that the PLRA requires express, written "need, narrowness, intrusiveness" findings when courts issue preliminary injunctive relief (it does not). Tellingly, Defendants do not challenge the substance of the Court's Eighth Amendment analysis in any fashion, and thus effectively concede their deliberate indifference to the substantial heat-related risks faced by men on the Farm Line.

4

### A. The August 22 Order Is Not an Extension of Prior Injunctive Relief, but a Successive Preliminary Injunction, Which is Permitted Under the PLRA.

Relying upon (and misconstruing) the final sentence of Section 3626(a) of the PLRA, Defendants first argue that the August 22 Order is "unlawful" both because it "extend[ed]" the May 23 Order after that Order had expired, in violation of a PLRA mandate that "any extension of [] preliminary relief [] be entered *before* the expiration of the original injunction," and because any such "extension" must take the form of a "final" order. Mtn. at 1–2.

These arguments are a straw man because the particular clause of Section 3626(a)(2) on which they are based is inapplicable here. That final sentence of Section 3626(a) concerns situations where a court *extends* a preliminary injunction into final injunctive relief. The August 22 Order, however, expressly was not an "extension" of the May 23 Order, nor did it make any injunctive relief "final." Rather, Plaintiffs sought, and this Court granted, a new, "*successive* preliminary injunction." ECF No. 280-1 at 1–2 (emphasis added); August 22 Order at 2–3. The August 22 Order was thus a separate injunction that, while ordering some relief that overlapped with the relief granted by the May 23 Order, did not extend or make final that prior injunction. *See* August 22 Order at 3–4. This fact, which the Court expressly stated, *id.* at 5, is only bolstered by the fact that the Court declined to "re-issue" the monitoring aspect of its May 2025 Order, distinguishing the relief in the August 22 Order from the relief in the May 23 Order, *see id.* at 7.

Further, nothing in the text or structure of the PLRA supports Defendants' underlying assertion that once a single, 90-day preliminary injunction expires, courts are thereafter prohibited from later granting a new injunction to prevent likely constitutional violations. *See* Mtn. at 2. In fact, the Fifth Circuit and its district courts have clearly permitted multiple injunctions in the same litigation. *See, e.g.*, *Gates* v. *Cook*, 376 F.3d 323, 344 (5th Cir. 2004) (affirming three injunctions); Mem. and Ord. at 2, *Cole* v. *Collier*, No. 4:14-cv-01698 (S.D. Tex. Oct. 12, 2017), ECF No. 854

5

(issuing identical, successive injunctive relief to remediate dangerously hot prison conditions). And *every* court of appeals to have addressed the permissibility of successive preliminary injunctions has upheld them. *See, e.g.*, *Mayweathers* v. *Newland*, 258 F.3d 930, 936 (9th Cir. 2001) (affirming issuance of a second and identical preliminary injunction, as "[n]othing in the [PLRA] limits the number of times a court may enter preliminary relief"); *Monroe* v. *Bowman*, 122 F.4th 688, 697 (7th Cir. 2024) (holding that plaintiffs "may ask the district court for a new injunction, preliminary or permanent," under the PLRA); *Melendez* v. *Sec'y, Fla. Dep't of Corr.*, 2022 WL 1124753, at *20–21 (11th Cir. Apr. 15, 2022) (affirming second preliminary injunction after first expired under the PLRA); *Alloway* v. *Hodge*, 72 F. App'x 812, 817 (10th Cir. 2003) (endorsing *Mayweathers*' approach).

Finally, Defendants' reading of the PLRA would yield untenable results. It cannot be that the PLRA strips district courts of their power to enter successive injunctions to prevent likely constitutional violations once a single 90-day window has passed. Rather, the PLRA's 90-day rule simply forces courts to reevaluate any grant of preliminary injunctive relief every 90 days to determine again whether such relief continues to be warranted. Consistent with that requirement, the Court here found that "a successive preliminary injunction is warranted to once again preserve human health and safety" because "none of the material facts underlying the May 23 Ruling have changed, nor has the necessity of the relief the Court ordered." August 22 Order at 3–4.

### B. The August 22 Order Satisfies the "Need, Narrowness, and Intrusiveness" Requirements of the PLRA.

Defendants also argue that the August 22 Order is "unlawful" because it does not make the findings they allege are required under Section 3626(a)(1) of the PLRA. Mtn. at 2. To be clear, however, orders for preliminary injunctive relief, such as the August 22 Order, are governed by Section 3626(a)(2) of the PLRA, which, unlike Section 3626(a)(1), does not require the court to

6

make "findings" when issuing preliminary injunctive relief at all, unless that relief is being made "final." *See* 18 U.S.C. § 3626(a)(2) ("Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period").

As discussed above, the Court did not "extend" the May 23 Order, or make it "final." Thus, in the situation presented here, i.e., the issuance of a successive, temporary injunction, Section 3626(a)(2) simply requires that the preliminary relief "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2); *see also Gates*, 376 F.3d at 336 n.8 (rejecting argument that Section 3626(a) requires "written findings" of need, narrowness, and non-intrusiveness). The August 22 Order satisfies those requirements.

The relief mandated in the August 22 Order is necessary to protect incarcerated men from exposure to unconstitutional levels of risk;[3] narrow insofar as it applies only "on the Farm Line at LSP";[4] and minimally intrusive in that it requires Appellants to do nothing more than call a Heat Alert when the heat index reaches the scientifically supported threshold of 88°F, as they have done for years.[5] ECF No. 280-1 at 12–16. However, even assuming for the sake of argument that this

---

[3] August 22 Order at 6–7 (holding that the relief ordered continues to be crucial "[t]o protect human health and safety," based on evidence presented during an evidentiary hearing, including live testimony from thermoregulation expert Dr. Susi Vassallo who explained "the necessity of the 88 degree Fahrenheit Heat Alert threshold"); *see also id.* at 7 (noting that "[a] Heat Alert threshold of 88 degrees Fahrenheit is also well-supported in the law—numerous courts have found that a heat index of 88 degrees Fahrenheit or higher poses a substantial risk of adverse health outcomes").

[4] August 22 Order at 8.

[5] August 22 Order at 7.

7

Court was required to make explicit, written "findings" to that effect—it was not—the August 22 Order clears that hurdle.

As the August 22 Order acknowledged, the May 23 Order was rooted in an in-depth analysis of "the factual and legal bases as to why the issuance of an Order requiring Defendants to maintain a Heat Alert threshold of 88 degrees Fahrenheit was necessary to preserve human health and safety." August 22 Order at 4. In the May 23 Order, the Court expressly addressed Defendants' arguments that the relief ordered is overbroad, clarifying that "[f]or the avoidance of doubt, this relief applies only to the Farm Line at LSP." May 23 Order at 14. Finally, the Court acknowledged that the relief ordered was non-intrusive, noting that Defendants had previously maintained a Heat Alert threshold of 88°F, *id.* at 4, and expressly rejecting Defendants' argument that forcing them to return to that threshold was improper because it would "prevent them from creating and enforcing their own policies," *id.* at 37.

The August 22 Order required Defendants take even narrower and less-intrusive steps than the May 23 Order, and rested on "the same compelling reasons" and evidence. August 22 Order at 2, 6 n.1. Accordingly, the instant relief granted by the August 22 Order clearly fits within the PLRA's terms.

    **C.**    **Defendants Do Not Challenge the Merits of the Court's Substantive Analysis.**

Defendants' Motion does not mention or challenge this Court's merits finding that Defendants are deliberately indifferent to a substantial risk of serious harm in contravention of the Eighth Amendment. This concession demonstrates that Defendants have no argument to challenge the Court's substantive findings, nor any meaningful justification for maintaining a Heat Alert threshold at a heat index of 91°F. Defendants do not contest, and therefore concede, that without the preliminary injunctive relief issued by the August 22 Order, the Farm Line would operate under conditions that constitute cruel and unusual punishment in violation of the Eighth Amendment.

8

## II. DEFENDANTS FAIL TO DEMONSTRATE IRREPARABLE HARM.

Defendants fail to make the requisite "strong showing" that they will suffer irreparable harm absent a stay—in fact, they fail to make any arguments about irreparable harm at all. *See Nken*, 556 U.S. at 434–35. For *years*, Defendants set their Heat Alert threshold at a heat index of 88°F, and only recently—in October 2024—revised their policies to raise that threshold to 91°F. ECF No. 132 at 2. When the Court issued its May 23 Order requiring Defendants to continue to apply their historic 88°F Heat Alert threshold, just as the August 22 Order does, Defendants did not seek a stay pending appeal. Thus Defendants cannot claim that maintaining their historic Heat Alert threshold for another 90 days now suddenly causes them irreparable harm. *See Boire* v. *Pilot Freight Carriers, Inc.*, 515 F.2d 1185, 1193 (5th Cir. 1975) (affirming denial of injunctive relief where movant delayed three months in seeking it); *Gonannies, Inc.* v. *Goupair.Com, Inc.*, 464 F. Supp. 2d 603, 609 (N.D. Tex. 2006) ("[A] delay in seeking relief rebut[ted] any presumption of irreparable harm"); *W. Sur. Co.* v. *PASI of LA, Inc.*, 334 F. Supp. 3d 764, 799 (M.D. La. 2018) ("Absent a good explanation," substantial delay in seeking relief demonstrates "there is no apparent urgency to the request").

## III. THE BALANCE OF EQUITIES AND THE PUBLIC INTEREST WEIGH AGAINST A STAY.

Defendants likewise do not attempt to satisfy their burden of showing that the balance of the equities and public interest factors favor a stay. When a constitutional violation is occurring, as it is here, the public interest favors an injunction. *Book People, Inc.* v. *Wong*, 91 F.4th 318, 341 (5th Cir. 2024); *Jackson Women's Health Org.* v. *Currier*, 760 F.3d 448, 458 n.9 (5th Cir. 2014). The August 22 injunction is necessary to mitigate the substantial threat of harm to Plaintiffs' lives, health, and safety in the absence of court intervention; this interest far outweighs any purported

9

inconvenience that Defendants might claim to suffer. The balance of equities and the public interest weigh against a stay.

## **CONCLUSION**

For the foregoing reasons, this Court should deny Defendants' motion for a stay pending appeal.

Dated: September 10, 2025

**THE PROMISE OF JUSTICE INITIATIVE**

*/s/ Samantha Pourciau*
Samantha Pourciau, La. Bar No. 39808
Kara Crutcher (PHV) IL Bar No. 6337639
Michael Allen, La. Bar No. 41142
1024 Elysian Fields Avenue
New Orleans, LA 70117
Tel: (504) 529-5955
sbosalavage@defendla.org
kcrutcher@defendla.org
mallen@defendla.org

**RIGHTS BEHIND BARS**

*/s/ Lydia Wright*
Lydia Wright, La. Bar No. 37926
Amaris Montes (PHV) MD Bar No. 2112150205
1800 M St. NW Fnt. 1 #33821
Washington, D.C. 20033
Tel: (202) 455-4399
lydia@rightsbehindbars.org
amaris@rightsbehindbars.org

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

*/s/ Joshua Hill Jr.*
Joshua Hill Jr. (PHV) NY Bar No. 4297826
Jeremy A. Benjamin (PHV) NY Bar No. 4770277
Arielle B. McTootle (PHV) NY Bar No. 5993217
Ricardo Sabater (PHV) NY Bar No. 5993217
Leah R. Weiser (PHV) NY Bar No. 6027601
Chizoba D. Wilkerson (PHV) NY Bar No. 5903943
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000

jhill@paulweiss.com
jbenjamin@paulweiss.com
amctootle@paulweiss.com
rsabater@paulweiss.com
lweiser@paulweiss.com
cwilkerson@paulweiss.com

*Attorneys for Plaintiffs and the Proposed Classes*