IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VOICE OF THE EXPERIENCED**, a membership organization on behalf of itself and its members; and **MYRON SMITH, DAMARIS JACKSON, NATE WALKER, DARRIUS WILLIAMS, KEVIAS HICKS, JOSEPH GUILLORY, KENDRICK STEVENSON**, and **ALVIN WILLIAMS**, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**JAMES LEBLANC**, in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections; **TIMOTHY HOOPER**, in his official capacity as Warden of Louisiana State Penitentiary; **MISTY STAGG**, in her official capacity as Director of Prison Enterprises, Inc.; the **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS**; and **PRISON ENTERPRISES, INC.**,<br><br>*Defendants*. | Civil Action No. 3:23-cv-1304-BAJ-EWD |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO ADMIT CLASS CERTIFICATION EVIDENTIARY HEARING TESTIMONY**

Over three days in April 2025, the Court heard approximately 14 hours of testimony from twelve witnesses on Plaintiffs' Motion for Class Certification. *See* ECF Nos. 257-3, 257-4, 257-5 (Hearing Transcripts). This included three Plaintiffs' experts, two incarcerated witnesses, and various Louisiana Department of Public Safety and Corrections ("DOC") and Louisiana State Penitentiary ("LSP") officials responsible for the operation and administration of the Farm Line.

The Court subsequently considered the testimony of two of these witnesses, Plaintiffs' expert, Dr. Susi Vassallo, and Defendants' expert, Dr. Carl Keldie, in granting Plaintiffs' Second Application for a Temporary Restraining Order ("TRO"). *See* ECF No. 253 at 25–28, 31.

The Court has allotted five days for a bench trial in February 2026. ECF Nos. 327, 329. Rather than strain judicial resources by recalling the same witnesses to repeat the same testimony from the April 2025 hearing, Plaintiffs seek to convert the class certification testimony to trial testimony, subject to any party's ability to recall the witness to offer additional testimony based on current conditions.

Defendants seem to concede that simply admitting the testimony would advance judicial economy. They have agreed to the trial admissibility of the hearing testimony from:

- Dr. Evelynn Hammonds,
- Dr. Joshua Sbicca,
- Class Representative Damaris Jackson,
- Class Member Patrick Jones,
- Assistant Warden of Field Operations Roland Sylvester, and
- Master Sergeant Orlando Scott.

Without providing a basis, Defendants will not, however, agree to admit for trial purposes the hearing testimony of:

- DOC Chief Medical Officer Dr. Randy Lavespere,
- Deputy Warden Ashli Oliveaux,
- Dr. Susi Vassallo,

- Dr. Carl Keldie,[1] and

- Dr. Deleca Reynolds-Barnes.

Plaintiffs bring the instant motion to admit the class certification evidentiary hearing testimony of these remaining contested witnesses.

## LEGAL STANDARD

"The federal courts are vested with inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *United States* v. *Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (internal citations omitted). The Fifth Circuit recognizes that a "'district judge has broad discretion in managing his docket, including trial procedure and the conduct of trial.'" *United States* v. *Burden*, 964 F.3d 339, 349 (5th Cir. 2020) (quoting *United States* v. *Gray*, 105 F.3d 956, 964 (5th Cir. 1997)). This discretion is even greater in a bench trial. *See., e.g.*, *Gabriel* v. *City of Plano*, 202 F.3d 741, 745 (5th Cir. 2000) ("A trial judge sitting without a jury is entitled to greater latitude in the admission or exclusion of evidence.") (internal citation omitted); *Mcclain* v. *Lufkin Indus.*, 519 F.3d 264, 282 (5th Cir. 2008) (recognizing a judge's "special latitude" in managing a bench trial given "the court often has become familiar with the case long before trial begins").

## ARGUMENT

**A. Admitting the class certification testimony would promote judicial efficiency by avoiding duplicative testimony.**

This Court should exercise its discretion to manage "its docket with economy of time and effort for itself, for counsel, and for litigants," *Colomb,* 419 F.3d at 299 (internal citation omitted), by admitting all of the class certification evidentiary hearing testimony. There is no dispute that

---

[1] Plaintiffs have a pending motion in *limine* to exclude Dr. Keldie from testifying at trial. ECF No. 336. Plaintiffs include him in the instant motion in the event that motion in *limine* is not granted before trial.

admitting such testimony would avoid duplicative testimony and expedite trial. The witnesses who testified at the evidentiary hearing can—and in some cases will—be called to testify at trial, but by admitting their prior testimony, the Court can focus on new evidence that it has not already heard.

For example, at the evidentiary hearing, Plaintiffs called Dr. Randy Lavespere, a two-time DOC 30(b)(6) deposition witness and DOC's Chief Medical Officer. He testified for 45 minutes on direct examination about DOC's heat pathology policy, Health Care Policy No. 8 ("HCP8"), specifically, which facilities HCP8 applies to, its general provisions, its relationship to LSP's corresponding policy, LSP Directive 13.067, its most recent revision, including the purported bases underlying DOC's decision to increase the heat alert threshold, and HCP8's Attachments A and B, the medications and conditions lists. ECF No. 257-4 at 175–221. The subject matter of Dr. Lavespere's testimony remains relevant, but nothing could have possibly changed since he testified in April 2025. HCP8 has not been subsequently revised, and the sources that Defendants previously relied upon when they last revised it could not have changed. Indeed it is quite possible that Dr. Lavespere would not need to testify at trial if his prior hearing testimony were admitted.

Likewise, Ashli Oliveaux, another 30(b)(6) witness and LSP's deputy warden of quality management and assurance and ADA coordinator, was also called by Plaintiffs during the class certification hearing. She testified regarding LSP Directive 13.067, LSP's heat pathology policy, LSP Directive 13.063, relating to duty classifications, and HCP37, DOC's ADA policy. None of these policies have been updated since the class certification evidentiary hearing. ECF No. 257-4 at 222–44.

Dr. Vassallo has already testified about her credentials and the science that supports her opinions in this case. ECF No. 257-4 at 37–75. None of that has changed. And while she will be

4

called to testify at trial about the ongoing deficiencies of Defendants' purported remedial measures, there is simply no need for the Court to rehear the testimony she has already provided.

Defendants also had the opportunity to present their own expert witnesses, Dr. Keldie and Dr. Reynolds-Barnes, to rebut Dr. Vassallo. The Court has heard direct and cross examination testimony from both regarding their respective credentials. It has already heard Dr. Keldie testify as to his role in the revisions to HCP8 and its Attachments A and B, and his opinions about self-declared emergencies from men on the Farm Line during the summer of 2024. ECF No. 257-5 at 44–121. The Court also heard direct and cross examination testimony from Dr. Reynolds-Barnes regarding Attachment A, the medications list, and DOC's purported rationale behind the addition and exclusion of certain medications on that list's most recent revision in November 2024. ECF No. 257-4 at 247– 97. Again, none of this could have changed since the class certification evidentiary hearing, and accordingly, there is no need to expend trial time treading old ground as to those topics.

**B. Admitting the class certification testimony would not prejudice Defendants.**

Defendants would suffer no prejudice if the prior testimony were admitted. Defendants had the opportunity to conduct direct and cross examinations of all of the witnesses at the evidentiary hearing. Thus, there is no unfairness in admitting that testimony for purposes of trial. Additionally, Plaintiffs do not seek to preclude Defendants from recalling any of these witnesses should they wish to supplement the prior testimony. Thus, they are not precluded from entering evidence that they did not previously elicit.

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs' Motion to Admit Class Certification Evidentiary Hearing Testimony.

Dated: November 12, 2025

        **THE PROMISE OF JUSTICE INITIATIVE**

        */s/ Samantha Pourciau*
        Samantha Pourciau, La. Bar No. 39808
        Kara Crutcher (PHV) IL Bar No. 6337639
        Michael Allen, La. Bar No. 41142
        1024 Elysian Fields Avenue
        New Orleans, LA 70117
        Tel: (504) 529-5955
        sbosalavage@defendla.org
        kcrutcher@defendla.org
        mallen@defendla.org

        **RIGHTS BEHIND BARS**

        */s/ Lydia Wright*
        Lydia Wright, La. Bar No. 37926
        Amaris Montes (PHV) MD Bar No. 2112150205
        1800 M St. NW Fnt. 1 #33821
        Washington, D.C. 20033
        Tel: (202) 455-4399
        lydia@rightsbehindbars.org
        amaris@rightsbehindbars.org

        **PAUL, WEISS, RIFKIND, WHARTON**
        **& GARRISON LLP**

        */s/ Jeremy A. Benjamin*
        Joshua Hill Jr. (PHV) NY Bar No. 4297826
        Jeremy A. Benjamin (PHV) NY Bar No. 4770277
        Arielle B. McTootle (PHV) NY Bar No. 5993217
        Ricardo Sabater (PHV) NY Bar No. 5993217
        Leah R. Weiser (PHV) NY Bar No. 6027601
        Chizoba D. Wilkerson (PHV) NY Bar No. 5903943
        1285 Avenue of the Americas
        New York, NY 10019-6064
        Tel: (212) 373-3000
        jhill@paulweiss.com
        jbenjamin@paulweiss.com
        amctootle@paulweiss.com
        rsabater@paulweiss.com
        lweiser@paulweiss.com
        cwilkerson@paulweiss.com

        *Attorneys for Plaintiffs and the Proposed Classes*