UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VOICE OF THE EXPERIENCED,** a membership organization on behalf of itself and its members; **and MYRON SMITH, DAMARIS JACKSON, NATE WALKER, DARRIUS WILLIAMS, KEVIAS HICKS, JOSEPH GUILLORY, KENDRICK STEVENSON,** and **ALVIN WILLIAMS,** on behalf of themselves and all others similarly situated, | CIVIL ACTION<br><br>NO.: 3:23-cv-1304<br><br>JUDGE BRIAN A. JACKSON |
| VERSUS | |
| **JAMES LEBLANC,** in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections**; TIMOTHY HOOPER,** in his official capacity as Warden of Louisiana State Penitentiary; **MISTY STAGG**, in her official capacity as Director of Prison Enterprises, Inc.; the **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS;** and **PRISON ENTERPRISES, INC.** | MAGISTRATE JUDGE<br>ERIN WILDER-DOOMES |

## <u>OPPOSITION TO MOTION TO MOTION TO ADMIT CLASS CERTIFICATION EVIDENTIARY HEARING TESTIMONY</u>

NOW INTO COURT, through undersigned counsel, come JAMES LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections, TIMOTHY HOOPER, in his official capacity as Warden of Louisiana State Penitentiary, and the LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS ("Defendants"), who respectfully submit this memorandum in opposition to Plaintiffs' Motion to Admit Class Certification Evidentiary Testimony. R.Doc. 340.

1

Plaintiffs seek to convert testimony taken for the purposes of class certification to trial testimony, and limit any additional testimony conditions occurring after the April class certification hearing, which effectively deprives Defendants' of their right to present their case at trial on the merits. At no time before or during the hearing on class certification did Plaintiffs request or suggest that the class certification testimony would be converted to trial testimony. At the class certification hearing, counsel's decisions regarding testimony elicited, or not elicited, was governed by the scope of class certification inquiry, and the relaxed evidentiary standard. Defendants would be prejudiced by converting the testimony, intended for class certification purposes only, to merit based trial testimony, as Defendants would be precluded from presenting evidence and testimony of their own witnesses at trial. As such, Plaintiffs' motion should be denied.

## ARGUMENT

On September 30, 2024, Plaintiffs filed their motion for class certification. R.Doc. 120. On February 19, 2025, oral argument was held on Plaintiffs' Motion for Class Certification. R.Doc. 189. On February 27, 2025, this Court set a two-day evidentiary hearing on issues related to class certification. R.Doc. 193. On April 23 and 24, the evidentiary hearing on class certification took place. The parties were limited with time constraints on witness testimony, which included a 45-minute time period for expert testimony, to include qualifying each expert.[1] The testimony and the evidence at the hearing was entered for the purpose of class certification, not the merits of the action.

The rules governing class certification dictate that evidence submitted on class certification is limited to the procedural inquiries under Rule 23. "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage. Merits questions may be considered to the

---

[1] Transcript, Vol 1, p. 6. See also R.Doc. 227 wherein the parties' joint motion for additional time to qualify experts at the class certification hearing was denied.

2

extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S.455, 133 S.Ct. 1184, 1194–95, 185 L.Ed.2d 308 (2013); see also *Coastal Neurology, Inc. v. State Farm Mut. Auto. Ins. Co.*, 458 Fed.Appx. 793, 794 (11th Cir.2012).

    The scope of the testimony, and Defendants' strategy at the class certification hearing, was based on the fact that the testimony was limited to class certification issues. Because the testimony at the hearing was taken for the purposes of class certification, and not for the purposes of merits trial testimony, Defendants object to wholesale introduction of such testimony. Defendants would be prejudiced by limiting the scope of their own witnesses at trial, as well as the type of testimony to be used at the merits trial.

    Plaintiffs argue that Defendants would not be prejudiced by converting class certification testimony to merits testimony at trial because "Defendants had the opportunity to conduct direct and cross examination" at the class certification hearing. However, the scope, length and type of testimony was intended for <u>class certification purposes only</u>. Defendants' decisions and strategy at the hearing on class certification was based on the fact that the hearing was intended for class certification, not trial testimony. Plaintiffs did not request during or before the class certification hearing that the testimony should be admitted for merits trial purposes. As such, Defendants had no notice of these issues and would be prejudiced.

    While Plaintiffs further argue that Defendants could supplement any testimony, their request to this Court is much more narrow. "Plaintiffs seek to convert the class certification testimony to trial testimony, subject to any party's ability to recall the witness to offer additional testimony <u>based on current conditions</u>." (emphasis added) R.Doc. 340-1, p. 2. As such, Plaintiffs seek an order allowing additional testimony, only to the extent it concerns current conditions.

3

Defendants would therefore be prohibited from questioning their own "will call" witnesses on merits based issues, and would be precluded from fully presenting their defenses.

As to the specific witness testimony, Defendants would be prejudiced by converting each witnesses' testimony on class certification to trial testimony. Plaintiffs argue that Dr. Lavespere presented 45 minutes of testimony on Plaintiffs' direct examination, and that his testimony would not change. However, Defendants' questioning of their own witness was governed by the issues concerning class certification. Defendants would be prejudiced if their only opportunity to question Dr. Lavespere occurred at the class certification hearing, especially when Defendants did not have notice that this testimony would be merits trial testimony.

Likewise, Plaintiffs seek to limit Ashli Oliveaux's testimony to her testimony at the class certification hearing. Given the procedural posture of class certification issues, <u>Defendants did not question Oliveaux at the class certification hearing</u>.[2] Oliveaux is listed on Defendants will call witness list for the merits trial. However, Plaintiffs now want to limit her testimony to *their* direct examination of Defendants' Rule 30(b)(6) witness. If Plaintiffs wish to limit their own examination of Oliveaux to the class certification testimony, that is their prerogative. However, Defendants must have the opportunity to present their case, including presentation of their "will call" witnesses, and have the opportunity to question their witnesses at all merits issues.[3]

As to Defendants' expert witnesses, Defendants were limited at the class certification hearing on the time to both qualify and to elicit testimony from both expert witnesses. For example, with regards to Dr. Keldie, the time constraints impeded counsel's ability to fully lay the foundation for Dr. Keldie's qualifications:[4]

---

[2] Transcript, Vol 2, p. 243-244.
[3] Defendants would object to Plaintiffs getting "two bites at the apple" and submitting class certification testimony, but then be allowed rebuttal questions at trial.
[4] R. Doc. 336-3, p. 75, l. 17- p. 76, ln. 21.

> Q: In your practice, Doctor, with respect to the history of your practice and in dealing with heat exertional injuries and heat pathology, do you come across classic versus exertional heat injury?
> A: Most of my experience has actually been in exertional heat illness. I have seen people with classic heat illness.
> MR. BLANCHFIELD: Your Honor, it's a common known issue replete in the literature, the difference between classic heat injury like the Ball case and exertional heat injuries like this case.
> THE COURT: Understood.
> And he's testified as to his understanding of it, but you need to wrap up. Do you have any other questions for the witness, Mr. Blanchfield?
> MR. BLANCHFIELD: Yes. Just - -
> THE COURT: A couple of more questions because you've exceeded your time, but I'll allow you to ask a couple more.[5]

Defendants have the right to fully present their expert's qualification, and testimony as to the merits of Plaintiffs' claims, at the merits trial. For the same reasons, Defendants have the right to fully cross examine Dr. Vassallo with respect to merits-based trial testimony. As such, Plaintiffs' motion to convert all class certification testimony to trial testimony should be denied and Defendants should be given the right to present their own witnesses and merits based testimony at the trial on the merits.

*(Signatures on Following Page)*

---

[5] R. Doc. 336-3, p. 76, ll. 4-20.

          Respectfully submitted,

          **LIZ MURRILL**
          **Attorney General**

          By:    s/Andrew Blanchfield
                 Andrew Blanchfield, T.A. (#16812)
                 Email: ablanchfield@keoghcox.com
                 Christopher K. Jones (#28101)
                 Email: cjones@keoghcox.com
                 C. Reynolds LeBlanc (#33937)
                 Email: rleblanc@keoghcox.com
                 Chelsea A. Payne (#35952)
                 Email: cpayne@keoghcox.com
                 Special Assistant Attorneys General
                 Post Office Box 1151
                 Baton Rouge, Louisiana 70821
                 Telephone: (225) 383-3796
                 Facsimile: (225) 343-9612

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, and a copy of the above and foregoing was this day forwarded by the Court's ECF Delivery System to all counsel of record.

Baton Rouge, Louisiana, this 3rd day of December, 2025.

                            s/Andrew Blanchfield
                            Andrew Blanchfield