UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VOICE OF THE EXPERIENCED, A
MEMBERSHIP ORGANIZATION ON
BEHALF OF ITSELF AND ITS
MEMBERS, ET AL.

CIVIL ACTION

VERSUS

JAMES LEBLANC, ET AL.

NO. 23-01304-BAJ-EWD

## ORDER

Before the Court is **Plaintiffs' Application for a Preliminary Injunction (Doc. 201).** The Motion is opposed. (Doc. 223). The matter came before the Court for a hearing. (Doc. 233).

In this case, the Court has ordered several forms of preliminary relief. (Doc. 70; Doc. 109; Doc. 253; Doc. 297). The Court's preliminary Orders went before the United States Court of Appeals for the Fifth Circuit on appeal on three occasions. (Doc. 71; Doc. 254; Doc. 298; Doc. 302; Doc. 321). In the Circuit's most recent Order dismissing the appeal as moot and vacating the underlying Order, the Circuit emphasized:[1]

> We recognize that this is the third time these parties have appeared before our court on appeal of preliminary relief in the same underlying dispute. This case was set for expedited appeal on an expedited, contemporaneous briefing schedule, with argument heard as soon as practicable—which was still just fifteen days before the injunction was set to expire as a matter of law. But the PLRA's 90-day limit does not provide for any exceptions. We note that at oral argument, VOTE averred that it does not intend to seek additional preliminary relief during the winter months where temperatures are not reasonably

---

[1] The Circuit dismissed the appeal as moot because the underlying Order expired by operation of law under the Prison Litigation Reform Act's ("PLRA") 90-day limit.

> expected to exceed 88 degrees. The panel fully anticipates that this case will be tried on the merits as scheduled in February 2026, before temperatures increase again in the spring.

(Fifth Circuit Case No. 25-30478, Doc. 96-1 at 10).

Plaintiffs' request for preliminary injunction remains, which asks the Court to order the following relief:

(1) Require certain heat alert and heat monitoring practices;

(2) Prohibit the assignment of people with heat precaution duty status ("HPDS") to the Farm Line on any day that the National Weather Service ("NWS") projects the heat index will meet or exceed 88°F;

(3) Expand the list of medications and conditions qualifying a person for HPDS as described in the Declaration of Dr. Susi Vassallo;

(4) Grant HPDS to all persons taking such medications or diagnosed with such conditions within 10 days;

(5) Ensure all protections afforded under Louisiana Department of Public Safety and Correction ("DOC") Health Care Policy No. 8 ("HCP8"), and any preliminary relief ordered by the Court, are available to all Farm Lines;

(6) Lower the threshold for all outdoor work to cease from a heat index of 113°F to a heat index of 103°F;

(7) Update LSP Directive 13.067 to reflect the heat protections offered under HCP8, the remedial measures ordered by the Court in its August 15, 2024 order, ECF 109, and the additional relief sought herein; and

(8) Appoint an expert pursuant to Federal Rule of Evidence 706 to monitor and

2

record Wet Bulb Globe Temperature ("WBGT") on the Farm Line and to consult the Court regarding Defendants' heat-related practices.

Because trial in this matter is scheduled in February 2026, and the 60 days preceding trial encompass winter months, the Court finds it appropriate to determine the appropriate relief following trial rather than ordering preliminary relief at this stage of the litigation.

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion for Preliminary Injunction (Doc. 201)** is **DENIED** without prejudice to Plaintiffs' right to re-urge their requests during trial.

Baton Rouge, Louisiana, this 4th day of December, 2025

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

3