IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VOICE OF THE EXPERIENCED**, a membership organization on behalf of itself and its members; and **MYRON SMITH, DAMARIS JACKSON, NATE WALKER, DARRIUS WILLIAMS, KEVIAS HICKS, JOSEPH GUILLORY, KENDRICK STEVENSON,** and **ALVIN WILLIAMS,** on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**JAMES LEBLANC**, in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections; **TIMOTHY HOOPER**, in his official capacity as Warden of Louisiana State Penitentiary; **MISTY STAGG**, in her official capacity as Director of Prison Enterprises, Inc.; the **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS**; and **PRISON ENTERPRISES, INC.**,<br><br>*Defendants*. | Civil Action No. 3:23-cv-1304-BAJ-EWD |

**PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO ADMIT CLASS CERTIFICATION EVIDENTIARY HEARING TESTIMONY**

Over the course of a three-day class certification hearing in April 2025, this Court heard testimony from twelve witnesses concerning issues that remain relevant to the claims and defenses that will be the focus of the February 2026 bench trial in this action. Plaintiffs have proposed a simple and common-sense solution for how to address that prior testimony in order to advance judicial economy and avoid prejudice to any party: admit for purposes of trial all of the testimony that was offered at the class certification hearing and allow the parties to supplement that prior

testimony at trial. *See* ECF No. 340-1 ("Opening Br.") at 2, 5. Thus, either party is free to elicit testimony from any witness at trial, but neither needs to elicit duplicative testimony. Defendants have stipulated to this treatment with respect to six witnesses. They oppose Plaintiffs' request with respect to six other witnesses, including five of their own witnesses—Dr. Randy Lavespere, Ashli Oliveaux, Justin Coley, Dr. Carl Keldie, and Dr. Deleca Reynolds-Barnes—as well as Plaintiffs' expert, Dr. Susi Vassallo. ECF No. 353 ("Opp'n Br.")

In their opposition brief, Defendants do not dispute that these witnesses' prior testimony remains relevant. They do not argue and would have no claim that their own witnesses' admissions are inadmissible hearsay.[1] Fed. R. Evid. 801(d)(2). And they do not dispute that admitting the prior testimony would be more efficient than having the same witnesses again provide the same testimony to the same factfinder. Instead, Defendants oppose Plaintiffs' motion on the basis of two unsupportable objections about purported prejudice they allegedly would suffer if the Court were to admit the class certification hearing testimony for purposes of trial:

*First*, Defendants repeatedly claim that they would be prejudiced if not permitted to recall and elicit additional testimony from their witnesses. *See* Opp'n Br. at 2–3, 5. This mischaracterizes the relief Plaintiffs seek. To reiterate, Plaintiffs do not seek to limit either party's ability to recall witnesses or to supplement any prior testimony. *See* Opening Br. at 5 ("Plaintiffs do not seek to preclude Defendants from recalling any of these witnesses should they wish to supplement the prior testimony. Thus, they are not precluded from entering evidence that they did not previously elicit."). In fact, for this reason, Plaintiffs expressly acknowledged in their opening brief that many of the same witnesses will likely be called at trial for just that purpose. *Id*. at 4.

---

[1] Plaintiffs recognize that although not raised, Defendants may have a hearsay objection to Plaintiffs' use of Dr. Vassallo's prior testimony and have a right to cross-examine her on that testimony. Plaintiffs therefore withdraw their request that Dr. Vassallo's prior class certification testimony be deemed admitted.

But by deeming their prior testimony admitted evidence, trial could be streamlined, enhancing judicial efficiency. *See id.* ("The witnesses who testified at the evidentiary hearing can—and in some cases will—be called to testify at trial, but by admitting their prior testimony, the Court can focus on new evidence that it has not already heard.").

Plaintiffs also do not seek to limit any witness' trial testimony solely to the issue of current conditions or to prevent either party from laying additional foundation for its experts. *See* Opp'n Br. at 3–5. At trial, either party should be permitted to elicit any testimony that is relevant and otherwise admissible.[2] But there is simply no reason to require the parties to again elicit the same testimony from the same witnesses before the same factfinder.

*Second*, Defendants argue that they would be prejudiced if certain witnesses' class certification testimony were admitted for purposes of trial because Defendants allegedly had no notice that their testimony might be used for merits purposes. Opp. Br. at 3, 4. Of course they did. The Federal Rules of Evidence clearly contemplate that statements made by a party opponent at a prior hearing may be admissible evidence when offered against that party. *See* Fed. R. Evid. 801(d)(2). The only testimony Plaintiffs now seek to admit through this motion is sworn testimony provided by Defendants' own witnesses. *See supra* at n.1. Defendants cannot credibly claim they were unaware that testimony might later be used against them at trial. Moreover, whether Defendants originally offered that testimony for merits purposes is irrelevant; they are stuck with their party admissions, and there is no reason why each of those admissions needs to be elicited yet again in front of this Court at trial. *See* Fed. R. Evid. 403 (a court may exclude admissible

---

[2] Unlike Plaintiffs, Defendants do appear to seek to limit Plaintiffs' ability to elicit testimony at trial. Defendants thus state that they "would object to Plaintiffs getting 'two bites at the apple' and submitting class certification testimony, but then be allowed rebuttal questions at trial." Opp. Br. at 4 n.3. There is no basis for that position. Plaintiffs reserve all rights to elicit any testimony at trial that they deem fit.

evidence only if "its probative value is *substantially outweighed* by a danger of . . . unfair prejudice").

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs' Motion to Admit Class Certification Evidentiary Hearing Testimony and deem the class certification testimony from Dr. Randy Lavespere, Ashli Oliveaux, Justin Coley, Dr. Carl Keldie, and Dr. Deleca Reynolds-Barnes, admitted for purposes of trial.

Dated: December 10, 2025

**THE PROMISE OF JUSTICE INITIATIVE**

*/s/ Samantha Pourciau*
Cecelia Trenticosta Kappel, La. Bar No. 32736*
Samantha Pourciau, La. Bar No. 39808
Kara Crutcher (PHV) IL Bar No. 6337639
Michael Allen, La. Bar No. 41142
1024 Elysian Fields Avenue
New Orleans, LA 70117
Tel: (504) 529-5955
ctkappel@defendla.org
sbosalavage@defendla.org
kcrutcher@defendla.org
mallen@defendla.org

**RIGHTS BEHIND BARS**

*/s/ Lydia Wright*
Lydia Wright, La. Bar No. 37926
Amaris Montes (PHV) MD Bar No. 2112150205
1800 M St. NW Fnt. 1 #33821
Washington, D.C. 20033

4

Tel: (202) 455-4399
lydia@rightsbehindbars.org
amaris@rightsbehindbars.org

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

*/s/ Jeremy A. Benjamin*
Joshua Hill Jr. (PHV) NY Bar No. 4297826
Jeremy A. Benjamin (PHV) NY Bar No. 4770277
Arielle B. McTootle (PHV) NY Bar No. 5993217
Ricardo Sabater (PHV) NY Bar No. 5993217
Leah R. Weiser (PHV) NY Bar No. 6027601
Chizoba D. Wilkerson (PHV) NY Bar No. 5903943
Christopher A. Bilicic (PHV) NY Bar No. 6233472
Janet G. Lee (PHV) NY Bar No. 6182265
Erica Paul (PHV) NY Bar No. 6157077
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000
jhill@paulweiss.com
jbenjamin@paulweiss.com
amctootle@paulweiss.com
rsabater@paulweiss.com
lweiser@paulweiss.com
cwilkerson@paulweiss.com

*Attorneys for Plaintiffs and the Proposed Classes*