IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VOICE OF THE EXPERIENCED**, a membership organization on behalf of itself and its members; and **MYRON SMITH, DAMARIS JACKSON, NATE WALKER, DARRIUS WILLIAMS, KEVIAS HICKS, JOSEPH GUILLORY, KENDRICK STEVENSON**, and **ALVIN WILLIAMS**, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**JAMES LEBLANC**, in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections; **TIMOTHY HOOPER**, in his official capacity as Warden of Louisiana State Penitentiary; **MISTY STAGG**, in her official capacity as Director of Prison Enterprises, Inc.; the **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS**; and **PRISON ENTERPRISES, INC.**,<br><br>*Defendants*. | Civil Action No. 3:23-cv-1304-BAJ-EWD |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL APRIL 2025 SELF-DECLARED EMERGENCY RECORDS**

Plaintiffs submit this memorandum in support of their motion to compel Defendants to produce all April 2025 Self-Declared Emergency ("SDEs") records from any incarcerated person assigned to the Farm Line while such person was in the fields.

## BACKGROUND

Following the October 6, 2025, status conference during which the Court reopened limited fact discovery on current conditions, *see* ECF No. 327, Plaintiffs propounded a Fifth Set of Request

for Productions, including Request No. 1 seeking: "All Documents concerning SDEs[1] called by any Incarcerated Person assigned to the Farm Line while such person was in the fields," *see* Ex. A ("Plaintiffs' Fifth RFPs") at 3. Plaintiffs' Fifth RFPs specified the relevant timeline as September 30, 2024—i.e., the close of fact discovery in this case—through the present. *Id.*

In response to Plaintiffs' Fifth RFPs, Defendants produced SDEs from October 2024 and from May through October 2025. On November 7, 2025, Defendants responded to Request No. 1 by referencing that production *See* Ex. B ("Defendants' R&Os") at 2 ("RESPONSE: See SDEs previously produced, bates 31355-31707."). Defendants' R&Os did not note any objections to Request No. 1.

On November 11, 2025, Plaintiffs inquired about Defendants' failure to produce SDEs from April 2025 and other deficiencies in the produced SDEs. *See* Ex. C at 4–5 (Email from S. Pourciau on Nov. 11, 2025). On November 14, Defendants responded that they had "provided the information to LSP" and would "provide additional documents upon receipt." *Id.* at 3 (Email from C. Payne on November 14, 2025). On November 20, Defendants supplemented their prior production but again did not produce or mention the April 2025 SDEs. Plaintiffs again followed up regarding the April 2025 SDEs on December 4, 2025. *See id.* at 2 (Email from S. Pourciau on December 4, 2025). Defendants replied "April is not in the heat season and SDEs for April have never been produced (2023, 2024)"—for the first time indicating that they would not produce the April 2025 SDEs. *Id.* at 1–2 (Email from A. Blanchfield on December 4, 2025).

---

[1] As defined Plaintiffs' Fifth RFPs, the "SDE" refers to "Self-declared emergencies." *See* Ex. A at 2. SDEs are records maintained by LSP that document medical encounters after an incarcerated man requests medical treatment. The information recorded in an SDE form typically includes the date and time of the encounter, the symptoms experienced by the patient, the patient's vital signs, and the medical staff's assessment, diagnosis, and any recommended interventions. *See, e.g.*, ECF Nos. 120-08, 120-09, 122-10, 122-11, 122-12, 122-13 (exemplar SDEs submitted as exhibits in connection with Plaintiffs' motion for class certification).

Plaintiffs requested a meet and confer on the issue, which took place on December 11, 2025. At the meet and confer, Plaintiffs reminded Defendants that the appropriateness of the May through October heat season is at issue in the litigation, and that the April 2025 SDEs, therefore, are highly relevant to the disputed issues in the case. Defendants maintained that they had not previously produced SDEs from April 2023 or April 2024, and insisted that the instant request is outside the scope of appropriate pre-trial discovery. Unable to come to a resolution on the issue, Plaintiffs file the instant motion.

## **LEGAL STANDARD**

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b); *see also Physicians All. Corp. v. WellCare Health Ins. of Ariz., Inc.*, No. 16-cv-203, 2018 WL 1704108, at *3 (M.D. La. Feb. 27, 2018).

Where a party "fails to respond fully to discovery requests made pursuant as to Rules 33 and 34 in the time allowed by the Federal Rules of Civil Procedures, the party seeking discovery may move to compel disclosure." *Janko v. Fresh Mkt., Inc.*, No. 13-cv-648, 2015 WL4656694, at *3 (M.D. La. Aug. 5, 2015). An "incomplete disclosure . . . must be treated as a failure to disclose." *Id.* (*quoting* FED. R. CIV. P. 37(a)).

**ARGUMENT**

    **A.    The April SDEs are relevant and proportional to the needs of this case.**

Throughout this litigation, Plaintiffs have alleged that Defendants' operation of the Farm Line during periods of high heat is unlawful under the Eighth Amendment, the Americans with Disabilities Act, and the Rehabilitation Act. *See*, *e.g.*, ECF No. 21 (Amended Complaint) ¶¶ 62–91; ECF No. 201-1 (Memorandum of Law in Support of Plaintiffs' Application for a Second Temporary Restraining Order and Preliminary Injunction) at 20–29. In support of those claims, Plaintiffs have pointed to, among other things, Defendants' arbitrary decision to mandate heat protections only during a specified "heat season"—May through October—rather than based upon actual weather conditions. *See*, *e.g.*, ECF No. 201-1 at 11–12; ECF No. 250-2 (Transcript of April 22, 2025 Motions Hearing for Temporary Restraining Order and Preliminary Injunction) at 42:13–43:21. Given that SDEs are evidence of injuries suffered on the Farm Line and that the appropriateness of LSP's limited heat season from May to October is at issue in the litigation, the SDEs from this past April are relevant.

Indeed, based on discovery Defendants have produced in the form of Daily Line Counts,[2] Plaintiffs know that there were at least two days in April 2025 when the Farm Line was operating after the heat index reached 88°F, a heat alert was not called, and SDEs indicating potential heat-related injuries were made on the Farm Line:

- On April 2, 2025, the heat index reached 88°F at 11:15am and stayed at or above 88°F until 4:15pm. *See* Ex. D, VOTE001742 (NWS Records for April 1–4, 2025) at -1746. On that day, Farm Line 15 was operating, picking collard

---

[2] While Defendants have refused to produce SDEs from April 2025, they *have* produced "Daily Line Counts," or "DLCs," from April 2025. These DLCs are daily logs prepared by LSP officials that document, for each day when the Farm Line operates, which Farm Lines were operating, how many men were required to work on each line, what work men on the Farm Line were required to perform, and other information. Of particular salience to this dispute, DLCs typically record whether a heat alert was called by LSP (and if so, when the heat alert was called) and whether any self-declared emergencies were made from the Farm Line (and, if so, the man who made the self-declared emergency, his symptoms, and when, if at all, medical staff arrived in response to the SDE).

4

- greens, until 3:05pm, and a man forced to work on the line made a self-declared emergency at 2:40pm because he was "feeling dizzy." *See* Ex. E, VOTE001755 (DLC for April 2, 2025) at -1755–56. LSP never called a heat alert on April 2, 2025. *Id.*

- On April 3, 2025, the heat index exceeded 88°F by 11:35am and stayed at or above 88°F until 5:55pm. *See* Ex. E, VOTE001742 (NWS Records for April 1–4, 2025) at -1744. On that day, Farm Line 15 was operating, picking turnips, until 3:00pm, and a man forced to work on the line made a self-declared emergency at 9:07am due to symptoms of being "light headed and dizzy." *See* Ex. F, VOTE001759 (DLC for April 3, 2025) at -1759. LSP never called a heat alert on April 3, 2025. *Id.*

Because Defendants have refused to produce the SDEs from these days, Plaintiffs lack more detailed information about these potential heat-related injuries that occurred on the Farm Line during April 2025, outside of LSP's designated "heat season." These examples illustrate the extreme relevancy of the April 2025 SDE records to the claims and defenses in this action.

Defendants' objection to producing April 2025 SDEs based on their having not produced in past discovery SDEs from periods outside the heat season is both irrelevant and wrong. The only relevant question is whether the documents Plaintiffs are now seeking fall within the parameters of Rule 26. They do: the requested April 2025 SDEs potentially contain evidence of recent heat related injuries occurring outside the 2025 heat season, which is highly relevant to claims Plaintiffs will advance at trial, namely, that Defendants' current policies and practices, including their arbitrary heat season, do not adequately protect men on the Farm Line from heat-related harm.

Moreover, Defendants, in fact, have previously disclosed SDEs from April 2024 in this litigation. They did so affirmatively, attaching April 2024 SDEs as an exhibit in their Opposition to Plaintiffs' May 2024 Motion for Preliminary Injunction and Temporary Restraining Order. *See* ECF 49-13. This prior disclosure of April SDEs illustrates both that it would be minimally

5

burdensome for Defendants to comply with the instant request, and that the records are relevant, since Defendants themselves put them before the Court.

## **CONCLUSION**

For the foregoing reasons, this Court should grant Plaintiffs' Motion to Compel.

Dated: December 12, 2025

**THE PROMISE OF JUSTICE INITIATIVE**

*/s/ Samantha Pourciau*
Samantha Pourciau, La. Bar No. 39808
Cecelia Trenticosta Kappel, La. Bar No. 32736
Kara Crutcher (PHV) IL Bar No. 6337639
Michael Allen, La. Bar No. 41142
1024 Elysian Fields Avenue
New Orleans, LA 70117
Tel: (504) 529-5955
sbosalavage@defendla.org
kcrutcher@defendla.org
mallen@defendla.org
ctkappel@defendla.org

**RIGHTS BEHIND BARS**

*/s/ Lydia Wright*
Lydia Wright, La. Bar No. 37926
Amaris Montes (PHV) MD Bar No. 2112150205
1800 M St. NW Fnt. 1 #33821
Washington, D.C. 20033
Tel: (202) 455-4399
lydia@rightsbehindbars.org
amaris@rightsbehindbars.org

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

*/s/ Jeremy A. Benjamin*
Joshua Hill Jr. (PHV) NY Bar No. 4297826
Jeremy A. Benjamin (PHV) NY Bar No. 4770277
Arielle B. McTootle (PHV) NY Bar No. 5993217
Ricardo Sabater (PHV) NY Bar No. 5993217
Leah R. Weiser (PHV) NY Bar No. 6027601
Chizoba D. Wilkerson (PHV) NY Bar No. 5903943
Erica M. Paul (PHV) NY Bar No. 6157077
Christopher A. Bilicic (PHV) NY Bar No. 6233472
Janet G. Lee (PHV) NY Bar No. 6182265
1285 Avenue of the Americas

New York, NY 10019-6064
Tel: (212) 373-3000
jhill@paulweiss.com
jbenjamin@paulweiss.com
amctootle@paulweiss.com
rsabater@paulweiss.com
lweiser@paulweiss.com
cwilkerson@paulweiss.com
epaul@paulweiss.com
cbilicic@paulweiss.com
jglee@paulweiss.com

*Attorneys for Plaintiffs and the Proposed Classes*