# Exhibit A

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| VOICE OF THE EXPERIENCED, a membership organization on behalf of itself and its members; and MYRON SMITH, DAMARIS JACKSON, NATE WALKER, DARRIUS WILLIAMS, KEVIAS HICKS, JOSEPH GUILLORY, KENDRICK STEVENSON, and ALVIN WILLIAMS, on behalf of themselves and all others similarly situated, <br><br> *Plaintiffs*, <br><br> - against - <br><br> JAMES LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections; TIMOTHY HOOPER, in his official capacity as Warden of Louisiana State Penitentiary; MISTY STAGG, in her official capacity as Director of Prison Enterprises, Inc.; the LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS; and PRISON ENTERPRISES, INC., <br><br> *Defendants*. | Civil Action No.: 3:23-cv-1304-BAJ-EWD |

**PLAINTIFFS' FIFTH REQUEST FOR
PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Middle District of Louisiana ("Local Civil Rules"), Plaintiffs, by their undersigned attorneys, hereby request that Defendants produce for inspection and copying the documents requested herein, beginning within thirty (30) days of service in accordance with the definitions and instructions set forth below. Production shall be at the offices of Paul, Weiss, Rifkind, Wharton & Garrison, 1285 Avenue of the Americas, New York, New York 10019-6064, or at such other time and place as may be agreed upon by counsel.

## **DEFINITIONS**

Wherever used in the Plaintiffs' Fifth Request for Production of Documents Directed to Defendants (the "Requests"), the following terms shall have the meanings set forth below:

1. Unless otherwise defined below, Plaintiffs hereby incorporate by reference each of the Definitions contained in Plaintiffs' First Request for Production of Documents, served on February 9, 2024, Plaintiffs' Second Request for Production of Documents served on June 21, 2024, Plaintiffs' Third Request for Production of Documents served on August 12, 2024, and Plaintiffs' Fourth Request for Production of Documents served on December 20, 2024.

2. "P&T Committee" means the Pharmacy and Therapeutics Committee convened by DOC.

3. "Shade pavilion" means the structures constructed and put into place by Defendants on the Farm Line as described and documented in ECF No. 212-7.

4. "Sick Calls" means a "routine sick call" as defined by LSP Directive 13.061 currently in effect at Louisiana State Penitentiary.

5. "SDE" means a "Self-declared emergency" as defined by LSP Directive 13.061 currently in effect at Louisiana State Penitentiary.

6. "Station Log" means the monitoring system used to track and record heat indexes at Louisiana State Penitentiary.

7. Rule 27 means a Schedule A Work Offense as defined in the LDPSC Disciplinary Rules and Procedures for Adult Offenders, dated June 9, 2024.

8. Rule 28 means an Aggravated Schedule B Work Offense as defined in the LDPSC Disciplinary Rules and Procedures for Adult Offenders, dated June 9, 2024.

**INSTRUCTIONS**

1. Unless otherwise instructed below, Plaintiffs hereby incorporate by reference each of the Instructions contained in Plaintiffs' First Request for Production of Documents, served on February 9, 2024, Second Request for Production of Documents served on June 21, 2024, Third Request for Production of Documents served on August 12, 2024, and Fourth Request for Production of Documents served on December 20, 2024.

2. Unless otherwise indicated, the time period covered by these Requests is from September 30, 2024 through and including the present (the "Relevant Time Period") and shall include all events or circumstances which occurred during such period.

**DOCUMENTS REQUESTED**

1. All Documents concerning SDEs called by any Incarcerated Person assigned to the Farm Line while such person was in the fields.

2. All Documents concerning medical requests, injuries, incidents, Sick Calls and/or SDEs with respect to any Incarcerated Person assigned to the Farm Line, when such requests, injuries, incidents, Sick Calls and/or SDEs occurred while such person was not in the fields.

3. All Documents concerning medical co-pays to which Incarcerated Persons assigned to the Farm Line are or may be subject to, including Documents sufficient to show the circumstances under which such people are, or are not, responsible for medical co-pays; any medical co-pays collected from or levied against them; and any instruction or information provided to them concerning LSP's medical co-pay policies and practices.

4. All Documents and communications, including, but not limited to electronic communications between or among LSP or DOC staff, concerning LSP Directive No. 13.067 and/or HCP8, including any attachments thereto.

3

5. All Documents concerning any studies, guidance, or other support considered and/or relied upon in connection with HCP8, LSP Directive 13.067, and/or any physical heat precaution planned or implemented for use on the Farm Line.

6. All Documents concerning LSP's policies and practices with respect to recording or monitoring temperature, heat indexes, or other weather conditions at LSP, including, but not limited to, Station Logs, and any policy, directive or other instruction concerning such recording and monitoring.

7. All Documents concerning any meeting of, or communications with, between, or among members of the P&T Committee concerning heat related precautions, HCP8, and/or LSP Directive 13.067.

8. All Documents concerning the development, construction, placement, and/or use of Shade Pavilions and any other physical measures planned or implemented to mitigate the risk of heat-related injury on the Farm Line.

9. Documents sufficient to identify all Incarcerated Persons granted or eligible for Heat Precaution Duty Status based on their being prescribed medications listed on HCP8 Attachment A, and the respective prescribed medication(s).

10. Documents sufficient to identify all Incarcerated Persons who are eligible for Heat Precaution Duty Status based on their being prescribed medications listed on HCP8 Attachment A, but who were otherwise denied such Heat Precaution Duty Status, including but not limited to Documents concerning any individualized medical or psychological evaluations and the decision to deny them Heat Precaution Duty Status.

11. Documents sufficient to identify all Incarcerated Persons granted or eligible for Heat Precaution Duty Status based on their being diagnosed with medical conditions listed on HCP8 Attachment B, and the respective diagnosed condition(s).

12. Documents sufficient to identify all Incarcerated Persons who were eligible for Heat Precaution Duty Status based on their being diagnosed with medical conditions listed on HCP8 Attachment B, but who were otherwise denied such Heat Precaution Duty Status, including but not limited to Documents concerning any individualized medical or psychological evaluations and the decision to deny them Heat Precaution Duty Status.

13. Documents sufficient to show all Incarcerated Persons eligible for or granted Heat Precaution Duty Status for some reason other than their being prescribed medications listed on HCP8 Attachment A or diagnosed with medical conditions listed on HCP8 Attachment B, and the basis for such eligibility or grant.

14. Documents sufficient to show all Incarcerated Persons who have opted out of Heat Precaution Duty Status.

15. All Documents concerning the informed consent of Incarcerated Persons who have opted out of Heat Precaution Duty Status for any reason, or to participate in any LSP event, including but not limited to the bi-annual LSP Rodeo.

16. All Documents concerning any training or instruction LSP staff, including but not limited to medical and/or mental health staff and staff assigned to the field operations, receive with respect to Heat Precaution Duty Status, HCP8 Attachments A and B, and informed consent concerning waiving or opting out of Heat Precaution Duty Status protections.

17. Documents sufficient to identify all Incarcerated Persons who are taking Selective Serotonin Reuptake Inhibitors (SSRIs), Serotonin and Norepinephrine Reuptake Inhibitors (SNRIs), dihydropyridine calcium channel blockers, angiotensin converting enzyme inhibitors (ACE inhibitors), and/or angiotensin receptor blockers (ARBs).

18. Documents sufficient to identify all Incarcerated Persons with pre-diabetes, diabetes, coronary artery disease, any hypertension, sickle cell disease, and/or any seizure disorder.

19. All Documents concerning any updates to the following policies, including any attachments thereto, made or implemented during the Relevant Time Period: HCP8; Health Care Policy No. 14; Health Care Policy No. 37; LSP Directive 13.061 (Access to Sick Call and Clinical Services); LSP Directive 13.063 (Duty Status Classification System); LSP Directive 18.002 (Classification Plan); LSP Directive 19.001 (Incentive Wages); LSP Directive 19.003 (Offender Work Plan); LSP Directive 19.004 (Leather Work Gloves and Plastic Drinking Cups); LSP Offender Orientation Information/Manual; and the LDPSC Disciplinary Rules and Procedures for Adult Offenders handbook.

20. All Documents concerning disciplinary actions taken in response to the following rule violations against any Incarcerated Person in connection with work on the Farm Line: (a) violations of Rule 27 (Work Offenses, Schedule A), and (b) violations of Rule 28 (Work Offenses, Aggravated, Schedule B).

21. All Documents concerning the operation of Line 15, 15(b), 24, and/or 25.

22. Documents sufficient to show the agricultural yield from the Farm Line, including but not limited to the proportion of the agricultural yield that is utilized for consumption at LSP and the proportion that is discarded.

23. Documents sufficient to show commissary prices, including but not limited to the prices of personal protective equipment likely used while working on the Farm Line such as boots, hats, gloves, sunscreen, etc.

Dated: New York, New York
      October 8, 2025

    *Jeremy A. Benjamin*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Joshua Hill Jr. (PHV) NY Bar No. 4297826
Jeremy A. Benjamin (PHV) NY Bar No. 4770277
Arielle B. McTootle (PHV) NY Bar No. 5993217
Ricardo Sabater (PHV) NY Bar No. 5993217
Leah R. Weiser (PHV) NY Bar No. 6027601
Chizoba D, Wilkerson (PHV) NY Bar No. 5903943
1285 Avenue of the Americas,
New York, NY 10019-6064
Tel: (212) 373-3000
jhill@paulweiss.com
jbenjamin@paulweiss.com
amctootle@paulweiss.com
rsabater@paulweiss.com
lweiser@paulweiss.com
cwilkerson@paulweiss.com

**THE PROMISE OF JUSTICE INITIATIVE**
Samantha Pourciau, La. Bar No. 39808
Kara Crutcher (PHV) IL Bar No. 6337639
Michael Allen, La. Bar No. 41142
1024 Elysian Fields Avenue
New Orleans, LA 70117
Tel: (504) 529-5955
sbosalavage@defendla.org
kcrutcher@defendla.org
mallen@defendla.org

**RIGHTS BEHIND BARS**
Lydia Wright, La. Bar No. 37926
Amaris Montes (PHV) MD Bar No. 2112150205
1800 M St. NW Fnt. 1 #33821
Washington, D.C. 20033
Tel: (202) 455-4399
lydia@rightsbehindbars.org
amaris@rightsbehindbars.org

*Attorneys for Plaintiffs and the Proposed Classes*

7

## CERTIFICATE OF SERVICE

I certify that on October 8, 2025, I served a true and correct copy of**:**

- **PLAINTIFFS' FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS**

on Andrew Blanchfield (ablanchfield@keoghcox.com), Chelsea Payne (cpayne@keoghcox.com),

and Reynolds LeBlanc (releblanc@keoghcox.com) counsel for Defendants, via e-mail.

>   */s/ Jeremy Benjamin*
>   Jeremy A. Benjamin