# Exhibit B

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **VOICE OF THE EXPERIENCED,** a membership organization on behalf of itself and its members; **and MYRON SMITH, DAMARIS JACKSON, NATE WALKER, DARRIUS WILLIAMS, KEVIAS HICKS, JOSEPH GUILLORY, KENDRICK STEVENSON,** and **ALVIN WILLIAMS,** on behalf of themselves and all others similarly situated, | * * * * * * * * * * * | **CIVIL ACTION** <br><br> **NO.: 3:23-cv-1304** <br><br> **JUDGE BRIAN A. JACKSON** |
| **VERSUS** | * * | |
| **JAMES LEBLANC,** in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections**; TIMOTHY HOOPER,** in his official capacity as Warden of Louisiana State Penitentiary; **MISTY STAGG**, in her official capacity as Director of Prison Enterprises, Inc.; the **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS;** and **PRISON ENTERPRISES, INC.** | * * * * * * * * * * * | **MAGISTRATE JUDGE ERIN WILDER-DOOMES** |

*************************************************************************

## RESPONSES TO PLAINTIFFS' FIFTH
## REQUEST FOR PRODUCTION OF DOCUMENTS

NOW INTO COURT, through undersigned counsel, come defendants, **JAMES LEBLANC,** in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections, **TIMOTHY HOOPER,** in his official capacity as Warden of Louisiana State Penitentiary, and **LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS** ("Defendants"), who respond to plaintiffs' fifth request for production of documents as follows:

## GENERAL OBJECTIONS & COMMENTS

These objections apply to each and every response to the requests herein. All information provided in these responses is made without waiver of and subject to these objections:

1.      Defendants object to the requests to the extent they are vague, unclear, ambiguous, and/or confusing, especially those that use undefined terms.

2.      Defendants object to the discovery requests to the extent they seek documents or information that are already in the possession or control of the plaintiffs or plaintiffs' counsel, or that are equally available to the plaintiffs as they are to Defendants.

3.      Defendants object to any purported statement of facts or implications regarding those facts or characterizations of the facts, events, circumstances or issues in this litigation as described in the requests. Any response by Defendants is not intended to indicate agreement with any alleged factual statements by plaintiffs.

4.      Defendants reserve the right to supplement any responses herein as additional facts, documents and other information are obtained through discovery.

5.      Defendants object to merits-based discovery prior to class certification.

6.      Defendants object to the overbroad time frame indicated in these requests.

7.      Defendants object to the extent any request improperly characterizes the Farm Line (which is run by LSP and harvests vegetables for inmate consumption using modern day farming techniques) and the row crops run by Prison Enterprises at LSP (which are harvested by state-of-the-art machinery). Any response by Defendants is not intended to indicate agreement with any alleged factual statements by plaintiffs.

## RESPONSES TO FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 1. All Documents concerning SDEs called by any Incarcerated Person assigned to the Farm Line while such person was in the fields.

**RESPONSE:  See SDEs previously produced, bates 31355-31707.**

2

REQUEST FOR PRODUCTION NO. 2. All Documents concerning medical requests, injuries, incidents, Sick Calls and/or SDEs with respect to any Incarcerated Person assigned to the Farm Line, when such requests, injuries, incidents, Sick Calls and/or SDEs occurred while such person was not in the fields.

**RESPONSE:  Objection. This request is overbroad, unduly burdensome and far exceeds the Court's order for limited discovery. The request is overly burdensome because Defendants would be required to manually review extensive medical records for each offender who may have been assigned to the Farm Line, for more than a one year period.**

REQUEST FOR PRODUCTION NO. 3. All Documents concerning medical co-pays to which Incarcerated Persons assigned to the Farm Line are or may be subject to, including Documents sufficient to show the circumstances under which such people are, or are not, responsible for medical co-pays; any medical co-pays collected from or levied against them; and any instruction or information provided to them concerning LSP's medical co-pay policies and practices.

**RESPONSE:  Objection. This request is vague, ambiguous, overly broad and unduly burdensome. The request further exceeds the Court's order for limited discovery. Reserving those objections, see attached, bates 32169-32172.**

REQUEST FOR PRODUCTION NO. 4. All Documents and communications, including, but not limited to electronic communications between or among LSP or DOC staff, concerning LSP Directive No. 13.067 and/or HCP8, including any attachments thereto.

**RESPONSE:  Objection. This request is vague, ambiguous, overly broad and unduly burdensome. This request is also duplicative to Plaintiff's Fourth Request for Production regarding communications relating to HCP8. Reserving those objections, 13.067 follows HCP8. See HCP8 emails previously produced and see attached communications regarding 13.067.**

REQUEST FOR PRODUCTION NO. 5. All Documents concerning any studies, guidance, or other support considered and/or relied upon in connection with HCP8, LSP Directive 13.067, and/or any physical heat precaution planned or implemented for use on the Farm Line.

**RESPONSE:  Objection. This request is vague, ambiguous, overly broad and unduly burdensome. This request is also duplicative to Plaintiff's Fourth Request for Production.**

**Reserving those objections, 13.067 follows HCP8. See HCP8 emails previously produced and see attached communications regarding 13.067.**

REQUEST FOR PRODUCTION NO. 6. All Documents concerning LSP's policies and practices with respect to recording or monitoring temperature, heat indexes, or other weather conditions at LSP, including, but not limited to, Station Logs, and any policy, directive or other instruction concerning such recording and monitoring.

**RESPONSE:  See documents previously produced, bates 31708-31960.**

REQUEST FOR PRODUCTION NO. 7. All Documents concerning any meeting of, or communications with, between, or among members of the P&T Committee concerning heat related precautions, HCP8, and/or LSP Directive 13.067.

**RESPONSE:  Objection. This request is vague, ambiguous, overly broad and unduly burdensome. This request is also duplicative to Plaintiff's Fourth Request for Production. See P&T meeting minutes regarding HCP8, previously produced.**

REQUEST FOR PRODUCTION NO. 8. All Documents concerning the development, construction, placement, and/or use of Shade Pavilions and any other physical measures planned or implemented to mitigate the risk of heat-related injury on the Farm Line.

**RESPONSE:  Objection. This request is vague, ambiguous, overly broad and unduly burdensome. Reserving those objections, see attached.**

REQUEST FOR PRODUCTION NO. 9. Documents sufficient to identify all Incarcerated Persons granted or eligible for Heat Precaution Duty Status based on their being prescribed medications listed on HCP8 Attachment A, and the respective prescribed medication(s).

**RESPONSE: See attached.**

REQUEST FOR PRODUCTION NO. 10. Documents sufficient to identify all Incarcerated Persons who are eligible for Heat Precaution Duty Status based on their being prescribed medications listed on HCP8 Attachment A, but who were otherwise denied such Heat Precaution

4

Duty Status, including but not limited to Documents concerning any individualized medical or psychological evaluations and the decision to deny them Heat Precaution Duty Status.

**RESPONSE:  Objection. This request is vague, ambiguous, overly broad and duplicative. Reserving those objections, see Defendants' response to Interrogatory Nos. 7 and 8 of Plaintiffs' Fourth Request for Production.**

REQUEST FOR PRODUCTION NO. 11. Documents sufficient to identify all Incarcerated Persons granted or eligible for Heat Precaution Duty Status based on their being diagnosed with medical conditions listed on HCP8 Attachment B, and the respective diagnosed condition(s).

**RESPONSE:  See attached.**

REQUEST FOR PRODUCTION NO. 12. Documents sufficient to identify all Incarcerated Persons who were eligible for Heat Precaution Duty Status based on their being diagnosed with medical conditions listed on HCP8 Attachment B, but who were otherwise denied such Heat Precaution Duty Status, including but not limited to Documents concerning any individualized medical or psychological evaluations and the decision to deny them Heat Precaution Duty Status.

**RESPONSE:  See response and objection to Request for Production No. 10.**

REQUEST FOR PRODUCTION NO. 13. Documents sufficient to show all Incarcerated Persons eligible for or granted Heat Precaution Duty Status for some reason other than their being prescribed medications listed on HCP8 Attachment A or diagnosed with medical conditions listed on HCP8 Attachment B, and the basis for such eligibility or grant.

**RESPONSE:  This request is vague, ambiguous, and overly broad. Reserving those objections, see attached list of offenders with heat precaution duty status.**

REQUEST FOR PRODUCTION NO. 14. Documents sufficient to show all Incarcerated Persons who have opted out of Heat Precaution Duty Status.

**RESPONSE:  This request is vague, ambiguous, and overly broad. Reserving those objections, see attached.**

REQUEST FOR PRODUCTION NO. 15. All Documents concerning the informed consent of Incarcerated Persons who have opted out of Heat Precaution Duty Status for any reason, or to participate in any LSP event, including but not limited to the bi-annual LSP Rodeo.

**RESPONSE:  This request is vague, ambiguous, and overly broad. Reserving those objections, see attached.**

REQUEST FOR PRODUCTION NO. 16. All Documents concerning any training or instruction LSP staff, including but not limited to medical and/or mental health staff and staff assigned to the field operations, receive with respect to Heat Precaution Duty Status, HCP8 Attachments A and B, and informed consent concerning waiving or opting out of Heat Precaution Duty Status protections.

**RESPONSE:  Objection. This request is vague, ambiguous and duplicative. See response to Request for Production No. 13 of Plaintiffs' Fourth Request for Production.**

REQUEST FOR PRODUCTION NO. 17. Documents sufficient to identify all Incarcerated Persons who are taking Selective Serotonin Reuptake Inhibitors (SSRIs), Serotonin and Norepinephrine Reuptake Inhibitors (SNRIs), dihydropyridine calcium channel blockers, angiotensin converting enzyme inhibitors (ACE inhibitors), and/or angiotensin receptor blockers (ARBs).

**RESPONSE:  Objection. This request is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. This request further far exceeds the limited discovery order set forth by the Court. Further objection is made to this request that seeks information for all offenders at LSP, where no class has been certified.**

REQUEST FOR PRODUCTION NO. 18. Documents sufficient to identify all Incarcerated Persons with pre-diabetes, diabetes, coronary artery disease, any hypertension, sickle cell disease, and/or any seizure disorder.

**RESPONSE:  Objection. This request is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Defendants would be required to manually review thousands of medical charts to determine these diagnoses, which is not proportional to the needs of the case. This request further far exceeds the limited discovery order set forth by the Court. Further objection is**

**made to this request that seeks information for all offenders at LSP, where no class has been certified.**

REQUEST FOR PRODUCTION NO. 19. All Documents concerning any updates to the following policies, including any attachments thereto, made or implemented during the Relevant Time Period: HCP8; Health Care Policy No. 14; Health Care Policy No. 37; LSP Directive 13.061 (Access to Sick Call and Clinical Services); LSP Directive 13.063 (Duty Status Classification System); LSP Directive 18.002 (Classification Plan); LSP Directive 19.001 (Incentive Wages); LSP Directive 19.003 (Offender Work Plan); LSP Directive 19.004 (Leather Work Gloves and Plastic Drinking Cups); LSP Offender Orientation Information/Manual; and the LDPSC Disciplinary Rules and Procedures for Adult Offenders handbook.

**RESPONSE: See documents previously produced, bates 31961-32012.**

REQUEST FOR PRODUCTION NO. 20. All Documents concerning disciplinary actions taken in response to the following rule violations against any Incarcerated Person in connection with work on the Farm Line: (a) violations of Rule 27 (Work Offenses, Schedule A), and (b) violations of Rule 28 (Work Offenses, Aggravated, Schedule B).

**RESPONSE: Objection. This request is vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and not narrowly tailored to the needs of this case. See Defendants' Response to Request for Production No. 12 to Plaintiffs' First Request for Production. This request further far exceeds the limited discovery order set forth by the Court.**

REQUEST FOR PRODUCTION NO. 21. All Documents concerning the operation of Line 15, 15(b), 24, and/or 25.

**RESPONSE: Objection. This request is vague, ambiguous, and overly broad. See weekly reporting previously produced.**

REQUEST FOR PRODUCTION NO. 22. Documents sufficient to show the agricultural yield from the Farm Line, including but not limited to the proportion of the agricultural yield that is utilized for consumption at LSP and the proportion that is discarded.

**RESPONSE: Objection. This request is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Reserving those objections, see attached.**

REQUEST FOR PRODUCTION NO. 23. Documents sufficient to show commissary prices, including but not limited to the prices of personal protective equipment likely used while working on the Farm Line such as boots, hats, gloves, sunscreen, etc..

**RESPONSE:    Objection. This request is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Reserving those objections, see attached.**

*Defendants reserve the right to supplement and/or amend these responses as additional information becomes available.*

Respectfully submitted,

**LIZ MURRILL**
**Attorney General**

By:     s/Andrew Blanchfield
        Andrew Blanchfield, T.A. (#16812)
        Email: ablanchfield@keoghcox.com
        C. Reynolds LeBlanc (#33937)
        Email: rleblanc@keoghcox.com
        Chelsea A. Payne (#35952)
        Email: cpayne@keoghcox.com
        Special Assistant Attorneys General
        Post Office Box 1151
        Baton Rouge, Louisiana 70821
        Telephone:  (225) 383-3796
        Facsimile:  (225) 343-9612

8

<u>**CERTIFICATE OF SERVICE**</u>

     I HEREBY CERTIFY that a copy of the above and foregoing has been served upon the following counsel of record via electronic mail only:

Samantha Pourciau
Kara Crutcher
Michael Allen
The Promise of Justice Initiative
1024 Elysian Fields Avenue
New Orleans, LA 70117
sbosalavage@defendla.org
kcrutcher@defendla.org
mallen@defendla.org

Lydia Wright
Amaris Montes
Rights Behind Bars
416 Florida Avenue NW, Ste. 26152
Washington, DC 20001
lydia@rightsbehindbars.org
amaris@rightsbehindbars.org

Joshua Hill, Jr.
Jeremy A. Benjamin
Arielle B. McTootle
Ricardo B. Sabater
Leah R. Weiser
Chizoba D, Wilkerson
Paul, Weiss, Rifkind, Wharton
  & Garrison, LLP
1285 Avenue of the Americas
New York, NY  10019-6064
jhill@paulweiss.com
jbenjamin@paulweiss.com
amctootle@paulweiss.com
rsabater@paulweiss.com
lweiser@paulweiss.com
cwilkerson@paulweiss.com

     Baton Rouge, Louisiana, this 7th day of November, 2025.

                    <u>s/Andrew Blanchfield</u>
                    Andrew Blanchfield