UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VOICE OF THE EXPERIENCED, A
MEMBERSHIP ORGANIZATION ON
BEHALF OF ITSELF AND ITS
MEMBERS, ET AL.

CIVIL ACTION

VERSUS

JAMES LEBLANC, ET AL.

NO. 23-01304-BAJ-EWD

ORDER

Before the Court is Plaintiffs' **Motion to Admit Class Certification Evidentiary Hearing Testimony (Doc. 340)**. The Motion is opposed. (Doc. 353). Plaintiffs filed a Reply Brief. (Doc. 357).

In the Motion, Plaintiffs ask the Court to admit and consider the testimony offered at the April 2025 class certification hearing for purposes of the upcoming bench trial. (Doc. 340 at 1).

Defendants oppose the Motion, arguing that granting Plaintiffs' request would prejudice Defendants because it would preclude them from presenting evidence and testimony of their own witnesses at trial. (Doc. 353 at 2). Defendants further assert that Plaintiffs' request "effectively deprives Defendants[] of their right to present their case at trial on the merits." (*Id.*).

Plaintiffs respond that their Motion does not seek to limit either party's ability to recall witnesses or to supplement prior testimony. (Doc. 357 at 2). Plaintiffs urge instead that they seek to limit duplicative testimony, arguing that "there is simply

no reason to require the parties to again elicit the same testimony from the same witnesses before the same factfinder." (*Id.* at 3).

The Court agrees with Plaintiffs. In a bench trial, the Court is the finder of fact. As Plaintiffs make clear, their Motion does not request that the Court limit any witness from testifying again at trial. Instead, Plaintiffs seek to avoid delay by limiting duplicative testimony. "[I]t is well established that trial court judges have broad discretion to manage the Court docket." *Jackson v. Napolitano*, No. CIV.A 11-00022-BAJ, 2013 WL 4895784, at *1 (M.D. La. Sept. 11, 2013), *aff'd*, 582 F. App'x 400 (5th Cir. 2014) (citing *Topalian v. Ehrman,* 954 F.2d 1125, 1139 (5th Cir. 1992); *Turnage v. Gen. Elec. Co.,* 953 F.2d 206, 208 (5th Cir. 1992)). Here, the Court is very familiar with the issues in this case. Duplicative testimony is unnecessary. The Court will not, however, limit the parties' ability to call or recall witnesses. The Court simply instructs the parties to avoid, to the extent practicable, eliciting duplicative testimony during the upcoming bench trial.

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion to Admit Class Certification Evidentiary Hearing Testimony (Doc. 340) is GRANTED.**

**IT IS FURTHER ORDERED** that the Court will consider the testimony offered during the hearing before the Court on April 22–24, 2025 (Doc. 233–Doc. 235) for purposes of the upcoming bench trial.

**IT IS FURTHER ORDERED** that the parties shall avoid, to the extent practicable, eliciting duplicative testimony during the upcoming bench trial.

Baton Rouge, Louisiana, this 29th day of January, 2026

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**