UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VOICE OF THE EXPERIENCED, A MEMBERSHIP ORGANIZATION ON BEHALF OF ITSELF AND ITS MEMBERS, ET AL.

CIVIL ACTION

VERSUS

JAMES LEBLANC, ET AL.

NO. 23-01304-BAJ-EWD

RULING AND ORDER

Before the Court are the Defendants' **Motion *in Limine* to Exclude Evidence Related to Incentive Pay (Doc. 129)**, and Plaintiffs' **Motion to Exclude From Trial the Testimony of Dr. Carl Keldie (Doc. 336).** The Motions are opposed. (Doc. 171; Doc. 348). For the following reasons, both Motions are **DENIED.**

I. LEGAL STANDARDS

"It is well settled that motions *in limine* are disfavored." *Auenson v. Lewis*, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996) (citing *Hawthorne Partners v. AT&T Techs.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). Moreover, *Daubert* motions and motions *in limine* are generally a waste of judicial time and resources in a bench trial. Quite simply, the "objectives" motivating such motions –i.e. juror confusion resulting from introduction of unreliable, irrelevant, misleading, or overtly prejudicial evidence – "are no longer implicated" in a bench trial, *Nassri v. Inland Dredging Co.*, 2013 WL 256747, at *1 (M.D. La. Jan. 23, 2013) (Duval, J.) (addressing *Daubert* motions (citing

authorities)), because the Court is quite capable of excluding "from its consideration inappropriate evidence of whatever ilk," *Rash v. Lafayette Cnty., Mississippi*, 2022 WL 983645, at *1 (N.D. Miss. Mar. 30, 2022) (Biggers, J.) (addressing motions *in limine* (citing authorities)). "Furthermore, vigorous cross-examination, presentation of contrary evidence, and careful [attention to] the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Nassri*, 2013 WL 256747, at *1 (quotation marks, citations, and alterations omitted).

## II. DISCUSSION

### A. Evidence Relating to Incentive Pay

Defendants ask the Court to exclude evidence relating to the amount of incentive pay that incarcerated persons at Louisiana State Penitentiary (LSP) receive for their work on the Farm Line, claiming it is irrelevant and would "confuse the issues, cause undue delay, and waste time at trial." (Doc. 129-1 at 4). Plaintiffs disagree, arguing that evidence relating to incentive pay is relevant to their claim that the Farm Line violates their Eighth Amendment rights because it "contribute[s] to a set of conditions that are unconstitutionally dehumanizing and degrading". (Doc. 171 at 6).

The Court is not convinced by Defendants' argument that this evidence is not relevant or that it will waste time. Plaintiffs sufficiently explain how it may be relevant to their Eighth Amendment claim. Further, the Court is quite capable of avoiding "confusing the issues." Accordingly, Defendants' Motion (Doc. 129) is **DENIED.**

### B. Testimony of Dr. Carl Keldie

Plaintiffs ask the Court to exclude the testimony of Dr. Carl Keldie, an expert witness proffered by Defendants, arguing that "[t]he deficiencies in Dr. Keldie's qualifications and methodology are so sweeping and fundamental as to render his opinions completely unreliable and therefore inadmissible at trial under Federal Rule of Evidence 702". (Doc. 336-1 at 1). Defendants disagree, arguing that "Dr. Keldie is qualified, his opinions are based upon reliable methodology, and his testimony is highly relevant to the issues presented in this case." (Doc. 348 at 3).

As Plaintiffs point out, the Court has previously addressed the credibility of Dr. Keldie, finding him "wholly uncredible". (Doc. 253 at 25). However, Defendants correctly note that Plaintiffs filed this *Daubert* motion a year beyond the deadline for dispositive motions as set out in the Court's Scheduling Order and the Court may dismiss Plaintiffs' Motion on that basis alone. (Doc. 106).

For similar reasons that the Court denies Defendants' Motion, the Court will deny Plaintiffs' – namely, because this is a bench trial. In a bench trial, "the objectives of *Daubert* are no longer implicated." *Nassri*, 2013 WL 256747, at *1. "Most of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000). The Court need not gatekeep for itself. Accordingly, the Plaintiffs' Motion is **DENIED**.

III.  CONCLUSION

**IT IS ORDERED** that Defendants' **Motion *in Limine* to Exclude Evidence Related to Incentive Pay (Doc. 129)** is DENIED.

**IT IS FURTHER ORDERED** that Plaintiffs' **Motion to Exclude From Trial the Testimony of Dr. Carl Keldie (Doc. 336)** is DENIED.

Baton Rouge, Louisiana, this 2nd day of February, 2026

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

4