IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VOICE OF THE EXPERIENCED**, a membership organization on behalf of itself and its members; and **MYRON SMITH, DAMARIS JACKSON, NATE WALKER, DARRIUS WILLIAMS, KEVIAS HICKS, JOSEPH GUILLORY, KENDRICK STEVENSON,** and **ALVIN WILLIAMS,** on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**JAMES LEBLANC**, in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections; **TIMOTHY HOOPER**, in his official capacity as Warden of Louisiana State Penitentiary; **MISTY STAGG**, in her official capacity as Director of Prison Enterprises, Inc.; the **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS**; and **PRISON ENTERPRISES, INC.**<br><br>*Defendants*. | Civil Action No.: 3:23-cv-1304-BAJ-EWD |

**UNOPPOSED MOTION FOR CLARIFICATION OF ADA SUBCLASS DEFINITION**

As stated on the record on February 9, 2026, Plaintiffs respectfully move the Court to clarify its Ruling and Order granting Plaintiffs' Motion for Class Certification, ECF No. 364 (the "Class Certification Order"), and revise the Americans with Disabilities Act Subclass (the "ADA Subclass") defined within to reflect the narrowed definition set forth in Plaintiffs' Post-Hearing Brief in Further Support of Motion for Class Certification: "all people incarcerated at LSP who currently are or may in the future be assigned to the Farm Line and who have disabilities that may

cause, or that are treated with medications that may cause, impaired thermoregulation." ECF No. 257 at 3.

On September 30, 2024, Plaintiffs filed their Motion for Class Certification. ECF No. 120. That motion sought to certify a General Class and an ADA Subclass, which Plaintiffs at that time defined to include "all people incarcerated at LSP *who have disabilities that substantially limit one or more of their major life activities* and who currently are, or may in the future be, assigned to the Farm Line." ECF No. 120-01 at 1.

At the February 19, 2025 hearing on the Motion for Class Certification, Plaintiffs narrowed the definition of the ADA Subclass they were seeking to certify to include only individuals with disabilities that may cause, or are treated with medications that may cause, impaired thermoregulation. *See* ECF No. 257-2 at 44–45; *see also* ECF Nos. 257-3 at 19–20, 257-5 at 123 (Plaintiffs referring to the narrowed ADA Subclass definition during the three-day class certification evidentiary hearing in April 2025). Plaintiffs further memorialized that they were seeking only to certify this more narrowly defined ADA Subclass in their Post-Hearing Brief, defining the proposed ADA Subclass as "all people incarcerated at LSP who currently are or may in the future be assigned to the Farm Line and *who have disabilities that may cause, or that are treated with medications that may cause, impaired thermoregulation*." ECF No. 257 at 3.

The Class Certification Order adopts the broader, original definition of the ADA Subclass rather than the narrowed definition Plaintiffs advanced at oral argument, the evidentiary hearing, and in subsequent briefing. *See* ECF No. 364 at 1. To clarify the record and avoid unnecessary disputes over the scope of the ADA Subclass, Plaintiffs respectfully request that the Court clarify its Class Certification Order and narrow the operative ADA Subclass definition consistent with the definition set forth in Plaintiffs' Post-Hearing Brief.

This relief is appropriate pursuant to the Court's authority to amend certification orders under Federal Rule of Civil Procedure 23(c)(1)(C), as well as its inherent authority to promote judicial economy and achieve the efficient disposition of cases. *See Amgen Inc.* v. *Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 479 n.9 (2013) ("[Class c]ertifications are not frozen once made. Rule 23 empowers district courts to alter or amend class-certification orders based on circumstances developing as the case unfolds.") (cleaned up); *Nova Scotia Health Emps.' Pension Plan* v. *McDermott Int'l, Inc.*, 2025 WL 2814735, at *6 (5th Cir. Oct. 3, 2025) (stating that "binding caselaw permits, and Rule 23 itself contemplates, modifications to class-certification orders," and collecting cases); *Chauvin* v. *Chevron Oronite Co., LLC*, 263 F.R.D. 364, 369 (E.D. La. 2009) ("District courts maintain substantial discretion in managing their cases . . . such as redefining the class and creating subclasses, in order to properly manage litigation."); *United States* v. *Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) ("The federal courts are vested with inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") (cleaned up); *see also* Fed. R. Civ. P. 60(a) (permitting a court to correct clerical mistakes, oversights, or omissions).

Defendants do not oppose this motion, but reserve all rights with respect to class certification as stated on the record on February 10, 2026.

Dated: February 10, 2026

        Respectfully Submitted,

        **THE PROMISE OF JUSTICE INITIATIVE**

        */s/ Samantha Pourciau*
        Cecelia Trenticosta Kappel, La. Bar No. 32736
        Samantha Pourciau, La. Bar No. 39808
        Michael Allen, La. Bar No. 41142
        1024 Elysian Fields Avenue

New Orleans, LA 70117
Tel: (504) 529-5955
ctkappel@defendla.org
sbosalavage@defendla.org
mallen@defendla.org

**RIGHTS BEHIND BARS**

*/s/ Lydia Wright*
Lydia Wright, La. Bar No. 37926
Amaris Montes (PHV) MD Bar No. 2112150205
1800 M St. NW Fnt. 1 #33821
Washington, D.C. 20033
Tel: (202) 455-4399
lydia@rightsbehindbars.org
amaris@rightsbehindbars.org

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

*/s/ Jeremy A. Benjamin*
Joshua Hill Jr. (PHV) NY Bar No. 4297826
Jeremy A. Benjamin (PHV) NY Bar No. 4770277
Arielle B. McTootle (PHV) NY Bar No. 5993217
Ricardo Sabater (PHV) NY Bar No. 5993217
Leah R. Weiser (PHV) NY Bar No. 6027601
Chizoba D. Wilkerson (PHV) NY Bar No. 5903943
Erica Paul (PHV) NY Bar No. 615707
Christopher A. Bilicic (PHV) NY Bar No. 6233472
Janet G. Lee (PHV) NY Bar No. 6182265
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000
jhill@paulweiss.com
jbenjamin@paulweiss.com
amctootle@paulweiss.com
rsabater@paulweiss.com
lweiser@paulweiss.com
cwilkerson@paulweiss.com
epaul@paulweiss.com
cbilicic@paulweiss.com
jglee@paulweiss.com

*Attorneys for Plaintiffs and the Certified Classes*