UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VOICE OF THE EXPERIENCED,** a membership organization on behalf of itself and its members; **and MYRON SMITH, DAMARIS JACKSON, NATE WALKER, DARRIUS WILLIAMS, KEVIAS HICKS, JOSEPH GUILLORY, KENDRICK STEVENSON,** and **ALVIN WILLIAMS,** on behalf of themselves and all others similarly situated, <br><br> **VERSUS** <br><br> **JAMES LEBLANC,** in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections**; TIMOTHY HOOPER,** in his official capacity as Warden of Louisiana State Penitentiary; **MISTY STAGG**, in her official capacity as Director of Prison Enterprises, Inc.; the **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS;** and **PRISON ENTERPRISES, INC.** | **CIVIL ACTION** <br><br> **NO.: 3:23-cv-1304** <br><br> **JUDGE BRIAN A. JACKSON** <br><br> **MAGISTRATE JUDGE ERIN WILDER-DOOMES** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO SUPPLEMENT THE RECORD AND ADMIT EVIDENCE OF CURRENT CONDITIONS

**NOW INTO COURT,** through undersigned counsel, come Defendants herein, **LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, JAMES LEBLANC,** in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections, and **TIMOTHY HOOPER,** in his official capacity as Warden of Louisiana State Penitentiary ("Defendants"), file this motion to supplement the record to admit evidence of current conditions. During the five-day bench trial, Warden Vannoy testified that because LSP now has continuous on-site temperature monitoring, LSP could and would call heat alerts when the heat

1

index reaches 88 degrees outside of the May through October "heat season" found in Directive 13.067. Following the bench trial, Warden Vannoy codified this testimony and revised Directive 13.067 to remove reference to a heat season; heat alerts will be called when the heat index reaches 88 degrees year-round under these revisions. Pursuant to well settled law that courts must consider current conditions in prison condition claims seeking injunctive relief, Defendants seek to introduce this discrete and undisputable factual development. See *Valentine v. Collier*, 993 F.3d 270 (5th Cir. 2021), (In "prison injunction case, we consider the evidence from the time suit is filed to the judgment."). Defendants pray that this motion to granted and that the current conditions at LSP be admitted into evidence and considered by the Court. Plaintiffs do not oppose Defendants' motion on the condition that Defendants make a 30(b)(6) witness available for deposition on the evidence they now seek to admit as DX-62 and that the transcript from that deposition is also entered into evidence, conditions Defendants do not oppose. Warden Vannoy's deposition is scheduled for March 13, 2026.

### I.     Procedural and Factual Background

Plaintiffs seek prospective injunctive relief only concerning conditions at LSP for the Farm Line job assignment. The Court conducted a 5-day bench trial. Warden Vannoy served as Defendants' representative at trial and was present for all testimony. After trial, this Court ordered that the parties will have 21 days following receipt of the transcript to submit proposed findings of fact and conclusions of law. The notice of transcript was filed on March 10, 2026.

At trial, Plaintiffs argued that the "heat season" in HCP 8 and 13.067, which governs both indoor and outdoor procedures that are far broader than the Farm Line, violated the constitution. Warden Vannoy testified at trial that because LSP now receives real time weather data from the weather system it recently purchased, LSP would and could call heat alerts year-round and outside of the May through October "heat season." Transcript, Day 1, p. 198.

Following trial, Warden Vannoy made the decision to codify this testimony into 13.067. While Defendants continue to dispute that a "heat season" is unconstitutional,[1] Warden Vannoy choose to expand the protections provided to offenders on the Farm Line by revising 13.067 to remove the "heat season." Under 13.067, a heat alert is now called anytime the heat index reaches 88 degrees, no matter what time of year this occurs. In connection with the revising of 13.067, LSP was required to issue new duty statuses, as the prior heat precaution duty statuses were issued for the May through October heat season. LSP also provided memorandums to staff, control center and field staff advising of these changes. Defendants move to admit this evidence of current conditions.

## II.    Law and Argument

The Supreme Court has long held that current conditions are necessary to establish whether injunctive relief should be granted in prison cases like the one brought by the Plaintiffs, saying:

> [If a prisoner] seeks injunctive relief to prevent a substantial risk of serious injury from ripening into actual harm, the subjective factor, deliberate indifference, should be determined in light of the prison authorities' **current attitudes and conduct**, their attitudes and conduct at the time the suit is brought and **persisting thereafter**. An inmate seeking an injunction on the ground that there is a contemporary violation of a nature likely to continue, must adequately plead such a violation[.]

(Emphasis added) *Farmer v. Brennan*, 511 U.S. 825, 845–46 (1994) (internal quotations and citations omitted). See also *Castillo v. Cameron Cnty., Tex.*, 238 F.3d 339, 353 (5th Cir. 2001)("[I]n order to make the required finding of a current and ongoing violation of a Federal right required by § 3626(b)(3) a court must look at the conditions in the jail at the time termination is sought, not at conditions that existed in the past or at conditions that may possibly occur in the future, to determine if there is a violation of a federal right.").

---

[1] In Eighth Amendment cases, plaintiffs can only obtain a remedy that reduces the risk of harm to a socially acceptable level. *Ball v. LeBlanc*, 792 F.3d 584, 599 (5th Cir. 2015). Some risk is permissible and perhaps unavoidable. *Id*.

Further, current conditions are critical in cases seeking prospective injunctive relief to determine the threshold issue of whether Plaintiffs have an actual case or controversy under Article III of the Constitution. In determining whether a case or controversy exists in an action seeking prospective relief for allegedly unconstitutional practices, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief… if unaccompanied by any continuing, present adverse effects." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1982) (emphasis added). As the Supreme Court has repeatedly held, an actual controversy "must exist not only at the time the complaint is filed, but through all stages of the litigation." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013) (internal quotation marks omitted).

The Fifth Circuit continues to affirm the principle that current conditions must be considered at the time of an injunction issuing. In *Valentine v. Collier*, 993 F.3d 270 (5th Cir. 2021), prisons brought deliberate indifference claims against a Texas prison. After an 18-day bench trial, the district court found that the Defendants violated the Eight Amendment and granted an injunction. The Fifth Circuit reversed, finding that Plaintiffs failed to prove entitlement to relief. The Fifth Circuit specifically reviewed all steps taken by Defendants after suit was filed, "**including post-trial reports of Defendants to the district court**." (Emphasis added). In so holding, the Court stated:

> When there is a possible constitutional violation that is likely to continue over time as in a prison injunction case, we consider the evidence **from the time suit is filed to the judgment**. Deliberate indifference is determined based on prison officials' current attitudes and conduct. The evidence must show over the course of the timeline that officials knowingly and unreasonably disregarded an objectively intolerable risk of harm, and that they will continue to do so; and finally to establish eligibility for an injunction, the inmate must demonstrate the continuance of that disregard during the remainder of the litigation and into the future.

In *Dockery v. Cain*, 7 F.4th 375 (5th Cir. 2021), the Fifth Circuit again addressed current conditions for injunctive relief claims. In *Dockery*, the Fifth Circuit upheld the district court/s

4

ruling denying an injunction. The district court specifically considered current conditions at the prison at the time of trial and post-trial. Fifth Circuit considered current conditions and found them to be constitutional, noting that the conditions had "changed dramatically" since the beginning of the case. *Dockery v. Cain*, 7 F. 4th at 377.

    As such, it is well settled that in prison condition cases where Plaintiffs seek injunctive relief, courts must consider evidence of "current conditions," including conditions presented before a judgment is issued. In accordance with this well-settled law, Defendants seek to admit evidence of a policy change that was discussed at trial by Warden Vannoy. Plaintiffs do not oppose this request if Warden Vannoy's deposition transcript is also admitted. As such, Plaintiffs are not prejudiced by the introduction of this evidence, as they have the opportunity to question Warden Vannoy on this very issue and further it is undisputedly more protective to the class Plaintiffs. This evidence cannot be disputed, is vital to current conditions, and therefore vital to whether Plaintiffs can show entitlement to injunctive relief. As the Fifth Circuit states, in injunctive relief cases, courts "consider the evidence from the time suit is filed to the judgment." *Valentine v. Collier*, 993 F.3d 270 (5th Cir. 2021).

    As such, Defendants request that the record be supplemented and that the affidavit of Vannoy and attachments be admitted into evidence as DX-62. The parties will further supplement the record with Warden Vannoy's deposition testimony once the transcript is received.

Respectfully submitted,

**LIZ MURRILL**
**Attorney General**

By:   s/Andrew Blanchfield
      Andrew Blanchfield, T.A. (#16812)
      Email: ablanchfield@keoghcox.com
      Christopher K. Jones (#28101)
      Email: cjones@keoghcox.com
      C. Reynolds LeBlanc (#33937)
      Email: rleblanc@keoghcox.com
      Chelsea A. Payne (#35952)
      Email: cpayne@keoghcox.com
      Special Assistant Attorneys General
      Post Office Box 1151
      Baton Rouge, Louisiana 70821
      Telephone: (225) 383-3796
      Facsimile: (225) 343-9612

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, and a copy of the above and foregoing was this day forwarded by the Court's ECF Delivery System to all counsel of record.

Baton Rouge, Louisiana, this 11th day of March, 2026.

      s/Andrew Blanchfield
      Andrew Blanchfield