UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

VOICE OF THE EXPERIENCED, a membership          CIVIL ACTION NO. 3:23-cv-1304
organization on behalf of itself and its members,
et al.,

VERSUS                                          JUDGE BRIAN A. JACKSON

JAMES LEBLANC, et al.                           MAGISTRATE JUDGE ERIN
                                                WILDER-DOOMES

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES

On May 26, 2026, this Court entered judgment in favor of Defendants, James LeBlanc, in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections, Timothy Hooper, in his official capacity as Warden of Louisiana State Penitentiary, and the Louisiana Department of Public Safety and Corrections ("Defendants"), dismissing "the above-captioned action" "with prejudice." ECF No. 441 (capitalization and emphasis altered). As the "prevailing party" in this litigation, Defendants now seek appropriate attorneys' fees from Plaintiffs. Fed. R. Civ. P. 54(d); 42 U.S.C. § 1988. In particular, they seek only a small portion of the fees to which they are entitled—and they seek such fees only from Plaintiff Voice of the Experienced. Because Defendants' theory for recovery of fees is foreclosed under existing precedent, Defendants bring this motion solely for purposes of preserving the issue for appellate review.

### A. Procedural Background

Plaintiffs filed this lawsuit against Defendants under the Eighth Amendment and 42 U.S.C. § 1983, as well as the American with Disabilities Act and the Rehabilitation Act. *See* ECF Nos. 1, 21. Following a detailed Ruling and Order (ECF No. 440), this Court ordered judgment in

1

Defendants' favor and dismissed all of Plaintiffs' claims against Defendants with prejudice. ECF No. 441.

### B. Legal Background

"American courts generally cannot shift attorney fees without express authorization in a statute or contract. The Supreme Court has termed this the 'American Rule.'" *Hoyle v. City of Hernando*, No. 23-60451, 2024 WL 4039746, at *4 (5th Cir. Sept. 4, 2024) (Oldham, J., concurring). Of such "fee-shifting" statutes, 42 U.S.C. § 1988 is "perhaps the most well-known." *Id.* at *5. Under 42 U.S.C. § 1988(b), "[i]n any action or proceeding to enforce a provision of [section 1983], the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." In other words, section 1988 allows the prevailing party in section 1983 litigation to claim reasonable attorneys' fees from the losing party.

"Oddly, however, American courts have interpreted the phrase 'prevailing party' to mean 'most plaintiffs, even when they do not really prevail,' and 'virtually no defendants ever.'" *Hoyle*, 2024 WL 4039746, at *5 (Oldham, J., concurring). In the Fifth Circuit, for example, the controlling rule is that "a prevailing *defendant* cannot enjoy fee shifting unless the plaintiff's claim was 'frivolous.'" *Id.* (citing *Merced v. Kasson*, 577 F.3d 578, 595 (5th Cir. 2009)); *see also Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1053 (5th Cir. 1998) ("[P]revailing defendants cannot recover § 1988 fees without demonstrating that the plaintiff's underlying claim was frivolous, unreasonable or groundless.").

As Judge Oldham, joined by Judge Willett in a concurring opinion, recently noted, however, the Fifth Circuit's rule cannot be grounded in the text of section 1988 itself: The "plain text does *nothing* to differentiate between prevailing plaintiffs and prevailing defendants. It simply says 'the prevailing *party*' may reap the benefit of fee shifting." *Hoyle*, 2024 WL 4039746, at *5

2

(Oldham, J., concurring) (quoting 42 U.S.C. § 1988(b)). The broad use of the term "party," rather than explicitly distinguishing between plaintiffs and defendants, Judge Oldham notes, "appears to mirror the English Rule, which has provided prevailing-party fee shifting to both plaintiffs and defendants since the reign of James I." *Id.* (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 n.18 (1975)). To distinguish between plaintiffs and defendants, then, flouts Congress's intent, "[a]nd federal courts are supposed to leave policy-preference choices to Congress—not invoke them to rewrite statutes." *Id.*

### C. Argument

#### a. The Controlling Rule for Fee-Shifting Under Section 1988 is Wrong.

Here, it is clear that Defendants were the "prevailing part[ies]" in an "action ... to enforce a provision of" section 1983. 42 U.S.C. § 1988(b); *see* ECF Nos. 440, 441. As Judge Oldham opined, it does not matter, under the "plain text" of section 1988, whether the winning party was the plaintiff or the defendant when it comes to the question of awarding fees. *Hoyle*, 2024 WL 4039746, at *5 (Oldham, J., concurring). Thus, Defendants should be entitled to reasonable attorneys' fees, whether or not Plaintiffs' claims were "frivolous, unreasonable or groundless." *Hidden Oaks Ltd.*, 138 F.3d at 1053. But because this Court is bound by existing Fifth Circuit precedent—and because Defendants do not argue, for purposes of this motion, that Plaintiffs' claims were frivolous, unreasonable, or groundless—Defendants assert this argument for preservation purposes only.

#### b. Defendants' Request for Fees and Costs is Reasonable.

Reasonable attorneys' fees in federal actions are determined by performing a two-step lodestar analysis. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Calix v. Ashton Marine LLC*, No. 14-2430, 2016 WL

4194119, at *1 (E.D. La. July 14, 2016). First, "[a] lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work." *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). A reasonable hourly rate is "to be calculated according to the prevailing market rates in the relevant community," and is a rate "adequate to attract competent counsel." *Blum v. Stenson*, 465 U.S. 886, 895, 897 (1984) (citation omitted). Second, the district court may decrease or enhance the lodestar based on the relative weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

Although this matter was pending for over two years, Defendants seek only a small portion of their incurred attorneys' fees, during only a short period of time spanning December 2025 to March 2026—the months surrounding the February 2026 bench trial. As more fully detailed in the attached Affidavit of Andrew Blanchfield, Defendants incurred a total of $385,837 in attorneys' fees for legal services provided by the law firm of Keogh, Cox & Wilson, Ltd. (the "Firm"), based on 1,268.1 hours of billed work from December 2025 to March 2026. *See* Exhibit A, ¶ 7. Defendants respectfully submit that the lodestar, based upon counsel's hourly rate of $350, multiplied by the reasonably expended hours set forth in the attachments hereto, supports the award of the fees sought. *See* Exhibit A, ¶¶ 4–7. Mr. Blanchfield attests to the legal services provided by the Firm, as well as the Firm's Invoices, each describing the nature of the services rendered, the date and time involved, and the fees billed by the Firm. Exhibits A-1, A-2, A-3, A-4; *see* Local R. 54(b)(1).

The Firm's customary rates are reasonable and consistent with the hourly rates charged by attorneys of comparable skills, experience, background, and reputation for civil rights defense litigation in Louisiana. The professional services rendered were performed by attorneys with broad

4

experience and a competent skill level in the areas for which they have been employed. *See* Exhibit A, ¶¶ 4, 6, 8. Defendants submit that the attorneys effectively and efficiently met the requirements of the tasks assigned, and the attorneys' experience in these matters has enabled the results obtained here.

### D. Conclusion

Accordingly, pursuant to Federal Rule of Civil Procedure 54(d)(2), Defendants respectfully move for an award of reasonable attorneys' fees—to be paid by Plaintiff Voice of the Experienced alone—and all further relief that the Court deems proper.

Dated: June 9, 2026

Respectfully submitted,

 /s/ *Caitlin Huettemann*
CAITLIN HUETTEMANN (La #40402)
 *Assistant Solicitor General*
OFFICE OF THE LOUISIANA ATTORNEY GENERAL
1885 North Third Street
Baton Rouge, LA 70804
Telephone: (225) 326-6766
Facsimile:   (225) 326-6795
huettemannc@ag.louisiana.gov

/s/ *Andrew Blanchfield*
Andrew Blanchfield, T.A. (#16812)
Email: ablanchfield@keoghcox.com
Christopher K. Jones (#28101)
Email: cjones@keoghcox.com
C. Reynolds LeBlanc (#33937)
Email: rleblanc@keoghcox.com
Chelsea A. Payne (#35952)
Email: cpayne@keoghcox.com
Special Assistant Attorneys General
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Facsimile: (225) 343-9612

*Counsel for Defendants*