**THE UNITED STATES DISTRICT COURT FOR**
**THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **VOICE OF THE EXPERIENCED**, a membership organization on behalf of itself and its members; and **MYRON SMITH, DAMARIS JACKSON, NATE WALKER, DARRIUS WILLIAMS, KEVIAS HICKS, JOSEPH GUILLORY, KENDRICK STEVENSON,** and **ALVIN WILLIAMS,** on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**JAMES LEBLANC**, in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections; **TIMOTHY HOOPER**, in his official capacity as Warden of Louisiana State Penitentiary; **MISTY STAGG**, in her official capacity as Director of Prison Enterprises, Inc.; the **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS**; and **PRISON ENTERPRISES, INC.**<br><br>*Defendants*. | Civil Action No.: 3:23-cv-1304-BAJ-EWD |

**[PROPOSED] ORDER GRANTING MOTION FOR RECONSIDERATION AND ISSUING DECLARATORY AND INJUNCTIVE RELIEF**

Having considered the foregoing Motion for Reconsideration of Final Judgment and Additional Findings, the associated filings, the record, and the applicable law, the Court **GRANTS** the motion for reconsideration.

Furthermore, this Court, having considered the evidence and testimony presented, finds that Plaintiffs have satisfied their burden of persuasion as to each of the elements required under

28 U.S.C. § 2201 and 18 U.S.C. § 3626(a)(1) for entry of declaratory judgment and a permanent injunction:

WHEREAS that the Court having found, from the totality of circumstances and in satisfaction of Federal Rule of Civil Procedure 65, that Plaintiffs have succeeded in proving (a) the existence of a substantial risk of serious dignitary harm to men assigned to the Farm Line to which Defendants are deliberately indifferent in violation of the Eighth Amendment's prohibition on cruel and unusual punishment; (b) the existence of a substantial risk of serious heat-related harm to men assigned to the Farm Line to which Defendants are deliberately indifferent in violation of the Eighth Amendment's prohibition on cruel and unusual punishment; and (c) Defendants' failure to reasonably accommodate people on the Farm Line who have the disability of impaired thermoregulation and administration of the Farm Line in a manner that discriminates on the basis of that disability in violation of Title II of the Americans with Disabilities Act (the "ADA") and Section 504 of the Rehabilitation Act (the "Rehabilitation Act"); and further,

WHEREAS that the Court having further found that absent injunctive relief, men on the Farm Line face irreparable harm in the form of violations of their constitutional and statutory rights and harm to their health and safety; and that the balance of interests clearly favors Plaintiffs; and further,

WHEREAS that the Court having found pursuant to 18 U.S.C. § 3626(a)(1) that the prospective relief granted herein is necessary, narrow, and minimally intrusive.

The Court finds that Plaintiffs have demonstrated that they are entitled to a declaratory judgment and permanent injunctive relief.

Accordingly,

(1)     As to declaratory relief pursuant to 28 U.S.C. § 2201(a) for Defendants' violations of the Eighth Amendment, ADA, and Rehabilitation Act:

**IT IS ORDERED AND DECLARED**, that Defendants' current operation of the Farm Line:  (i) creates a substantial risk of serious dignitary harm by reenacting and perpetuating conditions and logics of slavery in contravention of contemporary standards of decency and by adding degradation and dehumanization to a sentence at hard labor in violation of the Eighth Amendment; (ii) creates a substantial risk of serious heat-related harm in violation of the Eighth Amendment; and (iii) violates the ADA and Rehabilitation Act by failing to reasonably accommodate people with the disability of impaired thermoregulation and by administering the Farm Line in a manner that discriminates on the basis of that disability.

(2)     As to injunctive relief pursuant to the Court's finding that Defendants' current operation of the Farm Line violates the Eighth Amendment's prohibition on cruel and unusual punishment:

**IT IS ORDERED** that Defendants shall cease assigning people to the Farm Line in connection with disciplinary proceedings, including as the first job assignment given after someone loses a prior job assignment due to disciplinary sanctions.

**IT IS FURTHER ORDERED** that Defendants shall cease assigning people to the Farm Line as a first job assignment upon arrival at Louisiana State Penitentiary.

**IT IS FURTHER ORDERED** that Defendants shall make available to all people assigned to the Farm Line educational programming consistent with what Warden Vannoy described in his post-trial testimony (PX-248 at 56–72).

**IT IS FURTHER ORDERED** that Defendants shall provide people assigned Farm Line shifts during which the heat index reaches or exceeds 88 degrees Fahrenheit, with regular, periodic

access to air-conditioning on that day, such as on a bus during mandatory rest breaks pursuant to LSP Directive 13.067, or for at least one hour following such shift.

**IT IS FURTHER ORDERED** that Defendants shall cease assigning people with Heat Precaution Duty Status to the Farm Line during shifts where the heat index is projected to reach or exceed 88 degrees Fahrenheit.

**IT IS FURTHER ORDERED** that Defendants shall cease all Farm Line work when the heat index meets or exceeds 103 degrees Fahrenheit.

**IT IS FURTHER ORDERED** that Defendants shall cease charging co-pays for medical care sought by men assigned to the Farm Line for symptoms consistent with heat-related illness whether such medical care is sought while in the field or within 24 hours following the end of a shift during which the heat index met or exceeded 88 degrees Fahrenheit.

**IT IS FURTHER ORDERED** that Defendants shall provide Plaintiffs' counsel with Daily Line Counts, Rosters, Perry Weather system heat index reports, Self-Declared Emergencies made from the field or from Camps C or D during weeks where the heat index met or exceeded 88 degrees Fahrenheit while the Farm Line was operating, and information on the educational programming described by Warden Vannoy (PX-248 at 56–72) for a period of two years.

**(3)** As to injunctive relief pursuant to the Court's finding that Defendants' current operation and administration of the Farm Line violates the ADA and Rehabilitation Act:

**IT IS ORDERED** that Defendants shall cease assigning people with Heat Precaution Duty Status to the Farm Line during shifts where the heat index is projected to reach or exceed 88 degrees Fahrenheit.

This Court has exercised its discretion to determine that no bond shall be required and that this Order shall be effective beginning _____, 2026.

**IT IS SO ORDERED.**

DATED: _____

_____
UNITED STATES DISTRICT JUDGE