**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| VOICE OF THE EXPERIENCED, a membership organization on behalf of itself and its members, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JAMES LEBLANC, et al., <br><br> Defendants. | CIVIL ACTION NO: 23-cv-01304-BAJ-EWD |

**MEMORANDUM IN SUPPORT OF MOTION FOR**
**LEAVE TO FILE AMICUS BRIEF**

The National Disability Rights Network ("NDRN") requests leave to file an amicus brief to aid the Court in its consideration of Plaintiffs' Motion for Reconsideration. As the representative of the largest legal services network for people with disabilities, NDRN has a special interest and helpful perspective in the application of disability rights statutes in correctional settings and in this Court's interpretation and application of the recent decision in *Parker v. Hooper*, 171 F.4th 736, 758 (5th Cir. 2026).

NDRN is the non-profit membership association of the federally mandated Protection and Advocacy (P&A) agencies across the United States. P&A agencies are authorized under federal statute to provide legal representation and advocacy services, and to investigate abuse and neglect of individuals with disabilities, in a range of settings (including correctional and detention facilities), making the P&A System the nation's largest provider of legally based advocacy for people with disabilities. Through this statutory access, P&As have developed particular insight into how incarcerated people with disabilities experience accommodation failures not only in

medical care, but in core institutional functions such as work and program assignments — the precise context at issue in this case.

Disability Rights Louisiana, the P&A for Louisiana and an NDRN member, along with P&As in other jurisdictions, has engaged in significant ADA litigation on behalf of incarcerated people with disabilities. NDRN and its members accordingly have a strong interest in ensuring that the ADA and RA's failure-to-accommodate framework is correctly applied in these contexts to the many programs and services prisons provide.

The decision to allow a nonparty like NDRN to submit an amicus brief is left to the discretion of the Court. *See Owens v. La. State Univ.*, 702 F.Supp.3d 451, 452 (M.D. La. 2023). Courts allow amicus briefs where the information presented is "timely and useful," such as "when it assists the judge by presenting aspects of ideas, arguments, theories, facts or data that are not in the parties' briefs." *Career Colleges & Schs. of Texas v. United States Dep't of Educ.*, No. 1:23-CV-433-RP, 2023 WL 11830122, at *1 (W.D. Tex. May 18, 2023). District courts have considered factors including "whether the proposed amicus sufficiently made a showing that his participation was useful to or otherwise desirable by the court, the neutrality of the proposed amicus, whether the parties were represented by competent counsel, . . .whether the parties opposed the participation as amicus," whether the amicus "argues facts" or law, and "whether the relevant law is particularly complex or ambiguous." *United States v. City of New Orleans*, No. CV 12-1924, 2022 WL 4465534, at *1 (E.D. La. Sept. 26, 2022) (citation modified).

The proposed amicus is useful in providing additional perspective on longstanding disability law standards and how the Fifth Circuit's recent decision in *Parker* should be interpreted in light of this caselaw. This topic is complex given the recent *Parker* decision and its cursory

analysis of the disability rights claims at issue in that case. The amicus brief focuses on the law and does not argue facts.

Additionally, as a network of federally mandated providers that represent persons with disabilities, NDRN has a special interest in the application of the legal standard in this case. NDRN members, including Disability Rights Louisiana, represent other disabled and incarcerated persons who will also be impacted by the interpretation of *Parker v. Hooper,* including the plaintiffs in *Parker*. NDRN is also neutral in this case: it is not a party or counsel, and it provides training and technical assistance both to those representing disabled individuals and to state and local governments and officials.[1] Though the parties are represented by competent counsel, NDRN provides a unique and helpful perspective here.

NDRN has sought consent of the parties to file an amicus brief, Plaintiffs have given consent and Defendants stated they take no position. Accordingly, NDRN respectfully asks the Court to exercise its discretion to grant leave to file the attached amicus brief.

Dated: June 24, 2026

Respectfully submitted,

*/s/ Melanie A. Bray*
Melanie A. Bray, La. Bar No. 37049
Disability Rights Louisiana
8325 Oak Street, New Orleans, LA 70118
504-208-4151; 504-272-2531 (fax)
mbray@disabilityrightsla.org

*/s/ Sara Zampierin*
Sara Zampierin*
Civil Rights Clinic, Texas A&M School of Law**
1515 Commerce St.
Fort Worth, TX 76102
T: (817) 212-4123
E: sara.zampierin@law.tamu.edu

---

[1] *See, e.g.*, *Protection & Advocacy Systems*, https://acl.gov/programs/pa-programs; *Protection & Advocacy Agencies: Partners for Police and Prosecutors*, https://bja.ojp.gov/sites/g/files/xyckuh186/files/media/document/protection_advocacy_info.pdf.

*Counsel for Proposed Amicus Curiae National Disability Rights Network*

*Motion to Appear *Pro Hac Vice* filed concurrently

**Proposed Amicus Curiae in this case are represented by a clinic operated by Texas A&M University School of Law, but this document does not purport to present the school's institutional views, if any.

4