## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF LOUISIANA

|  |  |
|---|---|
| **VOICE OF THE EXPERIENCED**, a membership organization on behalf of itself and its members; and **MYRON SMITH, DAMARIS JACKSON, NATE WALKER, DARRIUS WILLIAMS, KEVIAS HICKS, JOSEPH GUILLORY, KENDRICK STEVENSON**, and **ALVIN WILLIAMS**, on behalf of themselves and all others similarly situated,<br><br>     *Plaintiffs*,<br><br>      v.<br><br>**JAMES LEBLANC**, in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections; **TIMOTHY HOOPER**, in his official capacity as Warden of Louisiana State Penitentiary; **MISTY STAGG**, in her official capacity as Director of Prison Enterprises, Inc.; the **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS**; and **PRISON ENTERPRISES, INC.**,<br><br>     *Defendants*. | Civil Action No. 3:23-cv-1304-BAJ-EWD |

### MEMORANDUM OF LAW IN OPPOSITION TO
### <u>DEFENDANTS' MOTION FOR ATTORNEYS' FEES</u>

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .................................................................................................1

PROCEDURAL BACKGROUND............................................................................................1

ARGUMENT............................................................................................................................2

I.      The Motion Is Premature Because No Final Judgment Exists .............................2

II.     Attorneys' Fees Are Foreclosed By Supreme Court and Fifth Circuit Precedent .................................................................................................................................3

        A.      Plaintiffs' Claims Are Not Frivolous, Unreasonable, or Without Foundation. ..................................................................................................4

        B.      Defendants' "Preservation" Argument Provides No Basis for An Award of Attorneys' Fees .........................................................................................5

III.    The Requested Attorneys' Fees Are Not Recoverable, And In Any Event, Are Unreasonable................................................................................................................7

CONCLUSION........................................................................................................................8

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baker Botts L.L.P.* v. *ASARCO LLC*,
  576 U.S. 121 (2015)..................................................................................................4

*Banister* v. *Davis*,
  590 U.S. 504 (2020)..................................................................................................3

*Beach Blitz Co.* v. *City of Miami Beach, Fla.*,
  13 F.4th 1289 (11th Cir. 2021) ................................................................................6

*Bisciglia* v. *Kenosha Unified Sch. Dist. No. 1*,
  45 F.3d 223 (7th Cir. 1995) .....................................................................................6

*Braunstein* v. *Arizona Dep't of Transp.*,
  683 F.3d 1177 (9th Cir. 2012) .................................................................................6

*Christiansburg Garment Co.* v. *Equal Emp. Opportunity Comm'n*,
  434 U.S. 412 (1978)................................................................................................4, 6

*Dean* v. *Riser*,
  240 F.3d 505 (5th Cir. 2001) ...................................................................................6

*Fox* v. *Vice*,
  563 U.S. 826 (2011)..............................................................................................4, 6, 7

*Geophysical Serv. Inc.* v. *ConocoPhillips Co.*,
  2016 WL 3974834 (S.D. Tex. July 25, 2016)..........................................................3

*U.S. ex rel. Grynberg* v. *Praxair, Inc.*,
  389 F.3d 1038 (10th Cir. 2004) ...............................................................................6

*Haygood* v. *Morrison*,
  116 F.4th 439 (5th Cir. 2024), *cert. denied sub nom., Haygood* v. *Camp Morrison*, 145 S. Ct. 1329 (2025)............................................................................4

*Hensley* v. *Eckerhart*,
  461 U.S. 424 (1983)..................................................................................................7

*Hidden Oaks Ltd.* v. *City of Austin*,
  138 F.3d 1036 (5th Cir. 1998) .................................................................................4

*Hoyle* v. *City of Hernando*,
  2024 WL 4039746 (5th Cir. Sept. 4, 2024) .............................................................4

*Merced* v. *Kasson*,
   577 F.3d 578 (5th Cir. 2009) .................................................................................4

*United States* v. *Mississippi*,
   921 F.2d 604 (5th Cir. 1991) .................................................................................5

*Myers* v. *City of West Monroe*,
   211 F.3d 289 (5th Cir. 2000) .......................................................................4, 5, 6, 8

*Op Art, Inc.* v. *B.I.G. Wholesalers, Inc.*,
   2005 WL 646869 (N.D. Tex. Mar. 18, 2005) .........................................................3

*Parker* v. *Hooper*,
   171 F.4th 736 (5th Cir. 2026) (en banc) ................................................................2

*Payne* v. *Univ. of S. Mississippi*,
   681 F. App'x 384 (5th Cir. 2017) ..........................................................................7

*Raab* v. *City of Ocean City, New Jersey*,
   833 F.3d 286 (3d Cir. 2016).................................................................................6

*Raburn* v. *Wiener, Weiss & Madison*,
   2019 WL 6696420 (M.D. La. Dec. 9, 2019)...........................................................2

*Riddle* v. *Egensperger*,
   266 F.3d 542 (6th Cir. 2001) ...............................................................................6

*Rolex Watch USA, Inc.* v. *BeckerTime, L.L.C.*,
   96 F.4th 715 (5th Cir. 2024) ................................................................................2

*Rounseville* v. *Zahl*,
   13 F.3d 625 (2d Cir. 1994)...................................................................................6

*Torres-Santiago* v. *Mun. of Adjuntas*,
   693 F.3d 230 (1st Cir. 2012)................................................................................6

*Unus* v. *Kane*,
   565 F.3d 103 (4th Cir. 2009) ...............................................................................6

*Williams* v. *City of Carl Junction, Mo.*,
   523 F.3d 841 (8th Cir. 2008) ...............................................................................6

**Statutes**

42 U.S.C. § 1988(b) .................................................................................... *passim*

**Other Authorities**

FED. R. APP. P. 4(a)(4)(A)......................................................................................3

iii

FED. R. CIV. P. 54(d)(2) ................................................................................................2

FED. R. CIV. P. 52(b) ...............................................................................................2, 3

FED. R. CIV. P. 59(e) ...............................................................................................2, 3

iv

Plaintiffs, on behalf of themselves and the certified classes, respectfully submit this memorandum of law in opposition to Defendants' Motion for Attorneys' Fees, ECF No. 445 (the "Motion").

## PRELIMINARY STATEMENT

Defendants demand $385,837 from a civil rights organization for a fee award that they admit the law forbids. Defendants' Motion fails for three reasons. *First*, it is premature: Plaintiffs' pending motion for reconsideration leaves no final judgment on which any fee award could be based. *Second*, it is "foreclosed under existing precedent," as Defendants readily admit. Under well-established Supreme Court and Fifth Circuit precedent, a prevailing defendant may recover fees under 42 U.S.C. § 1988(b) only if the plaintiff's claims were frivolous. Defendants do not argue that Plaintiffs' claims are frivolous; nor do they argue that this precedent is not binding. Instead, they seek fees "solely" to preserve the issue for appeal—while conceding that there is no basis in current law for that award. That concession alone decides the Motion. *Third*, the fees Defendants seek are neither recoverable nor reasonable. The Motion should be denied.

## PROCEDURAL BACKGROUND[1]

Plaintiffs filed this action on September 16, 2023, seeking declaratory and injunctive relief for violations of the Eighth Amendment's prohibition on cruel and unusual punishment, Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. ECF Nos. 1, 21.

Over the past two and a half years, this Court has granted three separate preliminary injunctions, repeatedly requiring Defendants to remedy dangerous conditions on the Farm Line in order to protect the health and safety of Plaintiffs and class members. ECF No. 70 (granting first preliminary injunction); ECF No. 109 (ordering Defendants to remedy heat-related dangers on the

---

[1] Plaintiffs recognize the Court's familiarity with the issues in this case. Plaintiffs recite here only those facts relevant to the arguments raised in this motion.

Farm Line); ECF No. 253 (granting second preliminary injunction); ECF No. 297 (granting motion for renewed injunctive relief). The Court granted Plaintiffs' motion to certify a General Class comprised of every individual incarcerated at LSP currently assigned or at risk of being assigned to the Farm Line, as well as an ADA Subclass comprised of every individual assigned or at risk of being assigned to the Farm Line who has a condition or takes medication that impairs their ability to thermoregulate. ECF Nos. 364, 407. Following a five-day bench trial, at which this Court heard testimony from Plaintiffs and class members, expert witnesses, and DOC and LSP officials, the Court found that Plaintiffs had met their burden of demonstrating a constitutional violation under Supreme Court precedent but entered judgment in favor of Defendants on the ground that it was constrained by the Fifth Circuit's intervening en banc decision in *Parker* v. *Hooper*, 171 F.4th 736 (5th Cir. 2026) (en banc). ECF No. 440 at ¶¶ 121, 123.

On June 9, 2026, Defendants moved for $385,837 in attorneys' fees against Plaintiff Voice of the Experienced under 42 U.S.C. § 1988(b) and Federal Rule of Civil Procedure 54(d)(2). ECF No. 445. In that Motion, Defendants concede that their theory for recovery "is foreclosed under existing precedent" and that they move "solely for the purpose of preserving the issue for appellate review." ECF No. 445-1 at 1.

On June 23, 2026, Plaintiffs timely moved to alter or amend the Court's final judgment and for additional findings under Federal Rules of Civil Procedure 59(e) and 52(b). ECF No. 446.

**ARGUMENT**

**I.      THE MOTION IS PREMATURE BECAUSE NO FINAL JUDGMENT EXISTS**

A motion for attorneys' fees can only be filed "within fourteen days of entry of *final* judgment." *Rolex Watch USA, Inc.* v. *BeckerTime, L.L.C.*, 96 F.4th 715, 724 (5th Cir. 2024) (emphasis added); *Raburn* v. *Wiener, Weiss & Madison*, 2019 WL 6696420, at *5 (M.D. La. Dec. 9, 2019). A timely motion to alter, amend, or reconsider a final judgment under Rules 59(e) and

2

52(b) suspends the finality of that judgment until the court resolves it. *Banister* v. *Davis*, 590 U.S. 504, 508 (2020) (finding that after filing Rule 59(e) motion, "there is no longer a final judgment to appeal from"); *see also* Fed. R. App. P. 4(a)(4)(A) (stating that if a party timely files in the district court a Rule 59(e) or 52(b) motion, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion").

Plaintiffs timely filed a motion for reconsideration of the Court's final judgment and additional findings under Rules 59(e) and 52(b) on June 23, 2026. ECF No. 446. That motion may alter or vacate the judgment on which Defendants' fee request depends. Until the Court resolves it, there is no final judgment. Accordingly, the Motion should be denied as premature. *See Op Art, Inc.* v. *B.I.G. Wholesalers, Inc.*, 2005 WL 646869, at *1 (N.D. Tex. Mar. 18, 2005) (denying attorneys' fees motion as premature pending the disposition of plaintiffs' renewed motion for reconsideration); *Geophysical Serv. Inc.* v. *ConocoPhillips Co.*, 2016 WL 3974834, at *2 (S.D. Tex. July 25, 2016) (denying the motion for attorneys' fees as premature because the court had reconsidered and withdrawn its final judgment under Rule 59(e)).

## II.    ATTORNEYS' FEES ARE FORECLOSED BY SUPREME COURT AND FIFTH CIRCUIT PRECEDENT

Even if the judgment were final (it is not), the Motion fails on the merits. Controlling Supreme Court and Fifth Circuit precedent permits a prevailing defendant to recover fees under Section 1988(b) *only* when the plaintiff's claims were frivolous, unreasonable, or without foundation. Defendants do not argue that standard is met here. Defendants cannot circumvent well-established legal precedent by claiming the Motion is for "appellate preservation." ECF No. 445-1 at 1. The Motion should be denied.

3

A.    **Plaintiffs' Claims Are Not Frivolous, Unreasonable, or Without Foundation.**

Under the American Rule, "[e]ach litigant pays his own attorney's fees," unless explicitly stated otherwise in a statute or contract. *Baker Botts L.L.P.* v. *ASARCO LLC*, 576 U.S. 121, 126 (2015). Although 42 U.S.C. § 1988(b) gives district courts discretion to award reasonable attorneys' fees to a prevailing party, the Supreme Court and the Fifth Circuit have long held that a prevailing *defendant* faces a far more demanding standard than a prevailing plaintiff: a prevailing defendant may recover only "upon [a] finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Fox* v. *Vice*, 563 U.S. 826, 833 (2011) (quoting *Christiansburg Garment Co.* v. *Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421 (1978)); *accord Haygood* v. *Morrison*, 116 F.4th 439, 444–45 (5th Cir. 2024), *cert. denied sub nom., Haygood* v. *Camp Morrison*, 145 S. Ct. 1329 (2025); *Merced* v. *Kasson*, 577 F.3d 578, 595 (5th Cir. 2009); *Myers* v. *City of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2000); *Hidden Oaks Ltd.* v. *City of Austin*, 138 F.3d 1036, 1053 (5th Cir. 1998) ("[P]revailing defendants cannot recover § 1988 fees without demonstrating that the plaintiff's underlying claim was frivolous, unreasonable or groundless."). Fees are therefore "presumptively unavailable for prevailing defendants." *Hoyle* v. *City of Hernando*, 2024 WL 4039746, at *4 (5th Cir. Sept. 4, 2024) (cleaned up).

Defendants do not—and cannot—argue that Plaintiffs' claims were frivolous, unreasonable, or groundless. Indeed, they expressly disclaim that argument. ECF No. 445-1 at 3 ("Defendants do not argue, for purposes of this motion, that Plaintiffs' claims were frivolous, unreasonable, or groundless."). That concession alone defeats this Motion.

In any event, the record forecloses any contrary finding. *See* ECF No. 440 ¶ 150 ("The Court emphasizes that each of the [requested] items of relief are well-founded, arising from consultation with experts, site visits, discussions with incarcerated persons working on the Farm

4

Line, and several years of dedicated work on the part of Plaintiffs' Counsel to identify possible constitutional deficiencies.").  A full trial on the merits is itself strong evidence that a plaintiff's claims were not frivolous.  *United States* v. *Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991) (explaining that the "factors important to frivolity determinations" include "whether the district court dismissed the case or held a full-blown trial" and concluding that plaintiffs' claims were not frivolous where the district court held a five-day hearing); *see also Myers*, 211 F.3d at 293 (finding district court abused its discretion in finding that the plaintiff's claims were frivolous where "district court allowed a complete trial on [those] claims and sent them to the jury").  Plaintiffs here did far more than reach trial.  The Court granted them preliminary injunctive relief on multiple occasions, *see* ECF Nos. 70,  253, 297, certified a General Class and ADA Subclass, *see* ECF Nos. 364, 407, denied Defendants' evidentiary motions, *see* ECF No. 226; and after a five-day bench trial, found that Defendants had violated Plaintiffs' constitutional rights under Supreme Court precedent, *see* ECF No. 440 at ¶¶ 121–123.  Indeed, in its merits ruling, "[t]he Court emphasizes that in several meaningful respects, due to the committed efforts of Plaintiffs' Counsel and the class representatives, this litigation has obtained the relief Plaintiffs seek—more significant protections for incarcerated persons laboring on the Farm Line."  ECF No 440 ¶ 152.  In short, Plaintiffs' claims were anything but frivolous, unreasonable, or groundless.

> **B.     Defendants' "Preservation" Argument Provides No Basis for An Award of Attorneys' Fees**

Defendants candidly admit that their request for fees "is foreclosed under existing precedent" and that they file this Motion "solely for the purposes of preserving the issue for appellate review."  ECF No. 445-1 at 1.  Their preservation argument—that "prevailing party" under Section 1988(b) should be interpreted identically for plaintiffs and defendants—is meritless.  *Id.* at 2–3.

The Supreme Court has expressly rejected this argument, explaining that the equitable considerations justifying a fee award to a prevailing civil-rights plaintiff who vindicates congressional policy by enforcing federal rights are wholly absent when the defendant prevails. *Christiansburg Garment Co.*, 434 U.S. at 418–419; *see also Fox*, 563 U.S. at 833.  The Fifth Circuit (and *every* Circuit that has addressed this issue) has consistently upheld this equitable distinction.[2]  *See Myers,* 211 F.3d at 292 n.1 (attorneys' fees to prevailing plaintiff in civil rights action are awarded against a violator of federal law and "in favor of the individual chosen by Congress to vindicate an important policy"); *Dean* v. *Riser*, 240 F.3d 505, 507–08 (5th Cir. 2001) ("Congress wanted to make it easier for a plaintiff of limited means to bring a meritorious suit"). The purpose of limiting defendants' attorneys' fees is to "prevent any chilling effect on the enforcement of civil rights." *Myers*, 211 F.3d at 292 n.1.

---

[2]  *See also Torres-Santiago* v. *Mun. of Adjuntas*, 693 F.3d 230, 234 (1st Cir. 2012) ("[F]ee-shifting in favor of a prevailing defendant is the exception" because awarding "fees to prevailing defendants when the history of a case does not justify it undercuts that goal and chills civil rights litigation."); *Rounseville* v. *Zahl*, 13 F.3d 625, 632 (2d Cir. 1994) (finding that the court is hesitant to award attorneys' fees to prevailing defendants in Section 1983 claims due to "the potential chilling effect on Section 1983 plaintiffs—who are the chosen instrument of Congress to vindicate a policy of the highest national priority" (cleaned up)); *Raab* v. *City of Ocean City, New Jersey*, 833 F.3d 286, 297 (3d Cir. 2016) (affirming that "the standard for awarding attorney's fees to prevailing defendants is more stringent than that for awarding fees to prevailing plaintiffs" (cleaned up)); *Unus* v. *Kane*, 565 F.3d 103, 127 (4th Cir. 2009) (emphasizing that the purpose for distinguishing between fee awards for defendants compared to plaintiffs is the "chilling effect" that would be felt by potential civil rights plaintiffs); *Riddle* v. *Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001) (finding that an award of "attorney fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct" (cleaned up)); *Bisciglia* v. *Kenosha Unified Sch. Dist. No. 1*, 45 F.3d 223, 227 (7th Cir. 1995) ("Despite its neutral wording, the purpose of Section 1988 was to encourage meritorious civil rights litigation by allowing prevailing plaintiffs to obtain an award of attorney's fees almost as a matter of course but prevailing defendants only if the suit was frivolous." (cleaned up)); *Williams* v. *City of Carl Junction, Mo.*, 523 F.3d 841, 843 (8th Cir. 2008) (Unlike prevailing plaintiffs, "[a] prevailing defendant, however, is entitled to attorney's fees only in very narrow circumstances."); *Braunstein* v. *Arizona Dep't of Transp.*, 683 F.3d 1177, 1187 (9th Cir. 2012) ("[B]ecause Congress wanted to encourage individuals to seek relief for violations of their civil rights, § 1988 operates asymmetrically."); *U.S. ex rel. Grynberg* v. *Praxair, Inc.,* 389 F.3d 1038, 1058 n.22 (10th Cir. 2004) ("The more stringent test for the recovery of attorney fees by a defendant is based on the distinction between the equitable considerations adhering to the parties."); *Beach Blitz Co.* v. *City of Miami Beach, Fla.*, 13 F.4th 1289, 1296–97 (11th Cir. 2021) ("Congress intended for prevailing defendants to recover fees *only* when forced to defend suits having no legal or factual basis." (emphasis added)).

The contrary "plain text" theory that Defendants advance rests on a nonbinding concurrence and would require this Court to disregard settled Supreme Court and Fifth Circuit precedent—a step this Court cannot take and one that would chill the very civil-rights enforcement Section 1988(b) was enacted to encourage. The Motion should be denied.

## III.    THE REQUESTED ATTORNEYS' FEES ARE NOT RECOVERABLE, AND IN ANY EVENT, ARE UNREASONABLE

Even if Defendants could clear the foregoing barriers, the fees they seek fail on their own terms for two reasons. *First*, Section 1988(b) allows a prevailing defendant to recover only those fees "incurred because of, but only because of, a frivolous claim." *Fox*, 563 U.S. at 836; *Payne* v. *Univ. of S. Mississippi*, 681 F. App'x 384, 390 (5th Cir. 2017) (prevailing defendant can only recover fees "that would not have been incurred *but for* the frivolous claims" (emphasis added)). Defendants seek attorneys' fees for time spent preparing for and conducting the bench trial in February 2026—legal services that were rendered solely in defense of Plaintiffs' Eighth Amendment and ADA/RA claims, which Defendants concede were not frivolous. Because Defendants cannot point to any fee "incurred because of" a frivolous claim, the recoverable amount is zero.

*Second*, the amount Defendants request could not be deemed reasonable. A party seeking fees bears the burden of establishing their reasonableness, and a fee must bear a reasonable relationship to the results the party actually achieved. *See Hensley* v. *Eckerhart*, 461 U.S. 424, 436–37 (1983). Defendants seek $385,837 for 1,268.1 hours billed over approximately four months.[3] The results of this litigation do not remotely support that sum. Plaintiffs were successful

---

[3]    Defendants assert that they are seeking attorney fees incurred over a "short period of time spanning December 2025 to March 2026." ECF No. 445-1 at 4. In reality, Defendants seek fees related to work performed as far back as October 2025, with $86,034 of sought funds resulting from work performed before December 2025. ECF No. 445-4.

at nearly every critical juncture in this litigation. Throughout the litigation, Defendants were repeatedly enjoined and altered their policies and practices in response to Plaintiffs' suit, including revising their heat policy as late as January 2026, one month before trial, and March 2026, weeks after trial concluded. The Court did not vindicate Defendants' conduct; indeed, it found that conduct unconstitutional and entered judgment for Defendants only because it deemed itself bound by *Parker*. ECF No. 440 ¶¶ 121, 150. Defendants have achieved no success warranting shifting their fees onto Plaintiffs. To award fees on these facts would not only be unreasonable, it would invert Section 1988(b) and chill the civil-rights enforcement Congress sought to encourage. *Myers*, 211 F.3d at 292 n.1.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion for Attorneys' Fees.

Dated: June 30, 2026

**THE PROMISE OF JUSTICE INITIATIVE**

*/s/ Samantha Pourciau*
Cecelia Trenticosta Kappel, La. Bar No. 32736
Samantha Pourciau, La. Bar No. 39808
Michael Allen, La. Bar No. 41142
1024 Elysian Fields Avenue
New Orleans, LA 70117
Tel: (504) 529-5955
ctkappel@defendla.org
sbosalavage@defendla.org
mallen@defendla.org

**RIGHTS BEHIND BARS**

*/s/ Samuel Weiss*
Samuel Weiss
1800 M Street NW Fnt. 1, No. 33821
Washington, D.C. 20033

8

Tel: (202) 455-4399
sam@rightsbehindbars.org

**PAUL, WEISS, RIFKIND, WHARTON
 & GARRISON LLP**

*/s/ Joshua Hill Jr.*
Joshua Hill Jr. (PHV) NY Bar No. 4297826
Jeremy A. Benjamin (PHV) NY Bar No. 4770277
Arielle B. McTootle (PHV) NY Bar No. 5993217
Ricardo Sabater (PHV) NY Bar No. 5993217
Leah R. Weiser (PHV) NY Bar No. 6027601
Chizoba D. Wilkerson (PHV) NY Bar No.  5903943
Erica Paul (PHV) NY Bar No. 615707
Janet Lee (PHV) NY Bar No. NY Bar No. 6182265
Christopher Bilicic (PHV) NY Bar No. 6233472
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000
jhill@paulweiss.com
jbenjamin@paulweiss.com
amctootle@paulweiss.com
rsabater@paulweiss.com
lweiser@paulweiss.com
cwilkerson@paulweiss.com
epaul@paulweiss.com
jglee@paulweiss.com
cbilicic@paulweiss.com

*Attorneys for Plaintiffs and the Certified Classes*