UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

VOICE OF THE EXPERIENCED, a membership
organization on behalf of itself and its members,
et al.,

VERSUS

JAMES LEBLANC, et al.

CIVIL ACTION NO. 3:23-cv-1304

JUDGE BRIAN A. JACKSON

MAGISTRATE JUDGE ERIN
WILDER-DOOMES

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

On May 26, 2026, this Court entered judgment in favor of Defendants, James LeBlanc, in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections, Timothy Hooper, in his official capacity as Warden of Louisiana State Penitentiary, and the Louisiana Department of Public Safety and Corrections ("Defendants"), dismissing "the above-captioned action" "with prejudice." ECF No. 441 (capitalization and emphasis altered). That thorough decision reached the correct conclusion under both the law and facts, and thus, the Court should deny Plaintiffs' Motion for Reconsideration (ECF No. 446) in full. Two brief points warrant mention here.

*One*, this Court's application of the Fifth Circuit's decision in *Parker v. Hooper*, 171 F.4th 736 (5th Cir. 2026) (en banc), to dismiss Plaintiffs' Eighth Amendment, ADA, and Rehabilitation Act claims should not be disturbed. Following a thorough review of the evidence and the law, noting specifically (at 58–59) the "revised measures" now in place at LSP, this Court declined to issue further relief—and nothing about that decision constitutes legal error warranting reconsideration. Instead, that analysis properly applied the Fifth Circuit's admonition that federal courts must avoid "micromanagement of [a] prison's facilities, personnel, procedures, and

1

standards of care," especially where defendant officials are actively implementing "ongoing changes" to the contested system. *Parker*, 171 F.4th at 752, 761; *see* ECF No. 440 at 56–57. Plaintiffs' attempts to distinguish *Parker* (and, ultimately, to contest its conclusions) are arguments better suited for appeal to the Fifth Circuit, not reconsideration by this Court.

*Two*, that the Court declined to credit Plaintiffs' repackaged Thirteenth Amendment claim—after dismissing that claim as "foreclosed as a matter of law" over two years ago, ECF No. 56 at 4—was not legal error warranting reconsideration. As Defendants have consistently argued, Plaintiffs' so-called "dignitary harm theory" is based on conditions that have been long held to be constitutional. *See, e.g.*, ECF No. 431 at 41. The claim is nothing more than an improper attempt to use the Eighth Amendment to circumvent the Thirteenth Amendment and well-settled law. *See, e.g.*, *Everytown for Gun Safety Support Fund v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 984 F.3d 30, 34 (2d Cir. 2020) (citing *Dorsey v. United States*, 567 U.S. 260, 275 (2012) ("An earlier-enacted statutory requirement cannot prevent the 'plain import' or 'fair implication' of a later-enacted statute from taking effect."). Of course, "[i]n the event of a conflict," the "later enactment governs." *Id.*; *see also United States v. Hernandez-Garcia*, 44 F.4th 1157, 1165 (9th Cir. 2022). Similarly, it is well-settled that a more specific provision of law (here, the Thirteenth Amendment) governs over the more general (here, the Eighth Amendment). *See, e.g.*, *Graham v. Connor*, 490 U.S. 386, 395 (1989); *accord Gozlon-Peretz v. United States*, 498 U.S. 395, 407 (1991). Because Plaintiffs' theory could not succeed under any set of facts—and certainly not under those presented at trial—this Court did not "overlook" Plaintiffs' arguments, but rather correctly declined to order relief under Plaintiffs' misplaced theory. *Contra* Mot.1. The Court should decline to disrupt that sound conclusion on Plaintiffs' mere re-hash of arguments already made at trial and in post-trial briefing. Those arguments are preserved, and the record is

complete—Plaintiffs may present all this to the Fifth Circuit if they so wish. There is no need for

further action by this Court.

Dated: July 14, 2026                              Respectfully submitted,

                                                  /s/ *Caitlin Huettemann*
                                                  CAITLIN HUETTEMANN (La #40402)
                                                   *Assistant Solicitor General*
                                                  OFFICE OF THE LOUISIANA ATTORNEY GENERAL
                                                  1885 North Third Street
                                                  Baton Rouge, LA 70804
                                                  Telephone: (225) 326-6766
                                                  Facsimile:   (225) 326-6795
                                                  huettemannc@ag.louisiana.gov

                                                  /s/ *Andrew Blanchfield*
                                                  Andrew Blanchfield, T.A. (#16812)
                                                  Email: ablanchfield@keoghcox.com
                                                  Christopher K. Jones (#28101)
                                                  Email: cjones@keoghcox.com
                                                  C. Reynolds LeBlanc (#33937)
                                                  Email: rleblanc@keoghcox.com
                                                  Chelsea A. Payne (#35952)
                                                  Email: cpayne@keoghcox.com
                                                  Special Assistant Attorneys General
                                                  Post Office Box 1151
                                                  Baton Rouge, Louisiana 70821
                                                  Telephone: (225) 383-3796
                                                  Facsimile: (225) 343-9612

                                                  *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2026, pursuant to Federal Rule of Civil Procedure 5(b)(2)(C), a true and correct copy of the foregoing memorandum, and all attachments thereto, was served by CM/ECF.

Respectfully submitted,


  /s/ *Caitlin Huettemann*
CAITLIN HUETTEMANN (La #40402)
 *Assistant Solicitor General*
OFFICE OF THE LOUISIANA ATTORNEY
GENERAL
1885 North Third Street
Baton Rouge, LA 70804
Telephone: (225) 326-6766
Facsimile:   (225) 326-6795
huettemannc@ag.louisiana.gov

*Counsel for Defendants*