**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **VOICE OF THE EXPERIENCED**, a membership organization on behalf of itself and its members; and **MYRON SMITH**, **DAMARIS JACKSON**, **NATE WALKER**, **DARRIUS WILLIAMS**, **KEVIAS HICKS**, **JOSEPH GUILLORY**, **KENDRICK STEVENSON**, and **ALVIN WILLIAMS**, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>**JAMES LEBLANC**, in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections; **TIMOTHY HOOPER**, in his official capacity as Warden of Louisiana State Penitentiary; **MISTY STAGG**, in her official capacity as Director of Prison Enterprises, Inc.; the **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS**; and **PRISON ENTERPRISES, INC.**,<br><br>*Defendants*. | Civil Action No. 3:23-cv-1304-BAJ-EWD |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
PLAINTIFFS' MOTION FOR RECONSIDERATION OF
FINAL JUDGMENT AND ADDITIONAL FINDINGS**

Defendants' three-page opposition raises two points in response to Plaintiffs' Motion. *See* ECF No. 451. Neither has merit. Plaintiffs reply briefly on each point.

*First*, Defendants do not meaningfully engage with Plaintiffs' arguments that the Court's Order misapplied *Parker* v. *Hooper*, 171 F.4th 736 (5th Cir. 2026) (en banc) as to Plaintiffs' Eighth Amendment and ADA claims. *See* ECF No. 446-1 at 5–19, 22–24. Instead, they assert only that the Court's application of *Parker* "should not be disturbed" and Plaintiffs' arguments are "better

suited for appeal." ECF No. 451 at 1–2. But a misapplication of controlling precedent is precisely the type of manifest error that reconsideration exists to correct. *See* ECF No. 446-1 at 4–5 (citing *Rogers* v. *Nat'l Flood Ins. Prog.*, 2020 WL 6533214, at *1 (M.D. La. Nov. 5, 2020) (Jackson, J.)). Plaintiffs are entitled to ask this Court to correct a manifest legal error before, and independent of, any appellate proceeding. Defendants' suggestion to the contrary misapprehends the purpose of the Motion, and their silence on the Court's application of *Parker* leaves Plaintiffs' arguments unrebutted.

*Second*, Defendants argue that Plaintiffs' Dignitary Harm Theory is an "attempt to use the Eighth Amendment to circumvent the Thirteenth Amendment" and that the Court properly "declined to credit Plaintiffs' repackaged Thirteenth Amendment claim." ECF No. 451 at 2. This argument mischaracterizes the Order and improperly conflates two distinct claims.

The Order does not address the Dignitary Harm Theory at all, let alone reject it as duplicative of the Thirteenth Amendment claim. Nor have the claims ever overlapped. Plaintiffs' Thirteenth Amendment claim is specific to the Non-Unanimous Jury ("NUJ") subclass and asks a narrow legal question: whether men convicted by non-unanimous juries are "duly convicted" withing the meaning of the Thirteenth Amendment and therefore subject to compulsory labor on the Farm Line. *See* ECF No. 21 ¶¶ 157, 195–205. The Dignitary Harm Theory, by contrast, is an Eighth Amendment claim brought on behalf of the General Class. It asks whether conditions on the Farm Line—which replicate chattel slavery—expose class members to a substantial risk of serious dignitary harm. It does not ask whether class members may be compelled to work at all; it asks whether the conditions of that compulsory work are unconstitutional. The two claims rest on different constitutional provisions, elements, class definitions, and evidence. Tellingly, Defendants did not lodge a single objection at trial that evidence from Plaintiffs' three experts,

seven incarcerated witnesses, and LSP and DOC officials in support of their contention that the Dignitary Harm Theory was foreclosed by the Court's dismissal of the Thirteenth Amendment claim. Defendants' argument is a straw man. Because the Order never resolved the Dignitary Harm Theory on its merits, reconsideration and additional findings remain necessary to decide a claim the Court has not addressed.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court reconsider its Final Judgment and issue an opinion with additional findings that corrects its misapplication of *Parker* with respect to Plaintiffs' ADA claim and Eighth Amendment Heat and Dignitary Harm Theories and that addresses the evidence supporting Plaintiffs' Eighth Amendment Dignitary Harm Theory.

Dated: July 28, 2026

**THE PROMISE OF JUSTICE INITIATIVE**

*/s/ Samantha Pourciau*
Cecelia Trenticosta Kappel, La. Bar No. 32736
Samantha Pourciau, La. Bar No. 39808
Michael Allen, La. Bar No. 41142
1024 Elysian Fields Avenue
New Orleans, LA 70117
Tel: (504) 529-5955
ctkappel@defendla.org
sbosalavage@defendla.org
mallen@defendla.org

**RIGHTS BEHIND BARS**

*/s/ Samuel Weiss*
Samuel Weiss
1800 M Street NW Fnt. 1, No. 33821
Washington, D.C. 20033

Tel: (202) 455-4399
sam@rightsbehindbars.org

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

*/s/ Jeremy A. Benjamin*
Joshua Hill Jr. (PHV) NY Bar No. 4297826
Jeremy A. Benjamin (PHV) NY Bar No. 4770277
Arielle B. McTootle (PHV) NY Bar No. 5993217
Ricardo Sabater (PHV) NY Bar No. 5993217
Leah R. Weiser (PHV) NY Bar No. 6027601
Chizoba D. Wilkerson (PHV) NY Bar No. 5903943
Erica Paul (PHV) NY Bar No. 615707
Christopher Bilicic (PHV) NY Bar No. 6233472
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000
jhill@paulweiss.com
jbenjamin@paulweiss.com
amctootle@paulweiss.com
rsabater@paulweiss.com
lweiser@paulweiss.com
cwilkerson@paulweiss.com
epaul@paulweiss.com
cbilicic@paulweiss.com

*Attorneys for Plaintiffs and the Certified Classes*