**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA**

**VOICE OF THE EXPERIENCED**, a membership organization on behalf of itself and its members; and **MYRON SMITH, DAMARIS JACKSON, NATE WALKER, DARRIUS WILLIAMS, KEVIAS HICKS, JOSEPH GUILLORY, KENDRICK STEVENSON,** and **ALVIN WILLIAMS,** on behalf of themselves and all others similarly situated,

*Plaintiffs*,

v.

**JAMES LEBLANC**, in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections; **TIMOTHY HOOPER**, in his official capacity as Warden of Louisiana State Penitentiary; **MISTY STAGG**, in her official capacity as Director of Prison Enterprises, Inc.; the **LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS**; and **PRISON ENTERPRISES, INC.**

*Defendants*.

Civil Action No.: 3:23-cv-1304-BAJ-EWD

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs, on behalf of themselves and the certified classes, respectfully submit this Notice of Supplemental Authority to bring to the Court's attention a recent decision relevant to Plaintiffs' pending Motion for Reconsideration of Final Judgment and Additional Findings. ECF No. 446.

On September 22, 2026, the United States District Court for the Western District of Texas issued Findings of Fact and Conclusions of Law and entered Final Judgment in *Texas Citizens United for Rehabilitation of Errants, Inc.* v. *Lumpkin*, No. 1:23-cv-1004-RP (W.D. Tex. Sept. 22, 2026). The plaintiffs there, a group of advocacy organizations with members and constituents

incarcerated in Texas prisons, brought a claim under the Eighth Amendment challenging the Texas Department of Criminal Justice's ("TDCJ") failure to air condition the majority of its prisons. The court held that TDCJ had demonstrated deliberate indifference to the substantial risk of heat-related harm faced by those incarcerated in Texas prisons notwithstanding certain actions it had taken purportedly to redress that harm. Finding defendant in violation of the Eighth Amendment, the court granted declaratory and injunctive relief, and ordered TDCJ to develop and implement a plan to install air conditioning system-wide. Ex. A at 149–50.

*Lumpkin* is among the first decisions to apply the Fifth Circuit's en banc decision in *Parker* v. *Hooper*, 171 F.4th 736 (5th Cir. 2026) to an Eighth Amendment heat claim in a prison conditions case—the question presented by Plaintiffs' pending motion. Its analysis of *Parker* addresses several points relevant here.

*First*, the court applied *Parker*'s instruction, that deliberate indifference is assessed in light of prison authorities' current attitudes and conduct, both at the time suit is brought and persisting thereafter. Ex. A at 118. On that basis the court considered the defendant's conduct through and after trial. *Id.* at 130–31.

*Second*, the court read *Parker* to require a substantive assessment of whether changes a defendant made during the course of litigation constitute a "reasonable and sincere response to heat risk." *Id.* at 131. Comparing TDCJ's measures against the improvements the Fifth Circuit credited in *Parker*, the court found that "the changes implemented by TDCJ . . . do not 'indicate concern and sincerity on the part of prison officials that negate subjective indifference.'" *Id.*

*Third*, in reaching that conclusion the court examined the substance and adequacy of each measure the defendant identified, including TDCJ's mitigation methods, its system for identifying heat-sensitive individuals, and its pace of air conditioning installation. It found those measures to

reflect "minimal—and possibly harmful—changes" evincing deliberate indifference, and declined to credit the defendant's "alleged future improvement as a sincere response to address the constitutional issue." *Id.* at 131–36.

*Fourth*, the court rejected the argument that a prison official's implementation of relief previously ordered or approved by a court forecloses a finding of deliberate indifference notwithstanding later evidence of continued harm. As the court observed, that argument "would essentially hold that if a prison official has implemented some form of relief that a court has previously ordered for the type of harm at issue, there can be no deliberate indifference even if subsequent developments . . . show continued harm"—a proposition that "would essentially amount to a judicial cap on a prison official's required response to a particular issue at the level of relief that the first court to address that issue had ordered." *Id.* at 128 n.746.

*Fifth*, the court addressed the PLRA and *Parker*'s cautions against supplanting prison management with federal oversight. It found that the ordered relief is narrowly drawn, extends no further than necessary, and is the least intrusive means available, including by declining to appoint a special master, to dictate procurement and construction methods, or to impose a court-administered heat-score and housing-assignment system. *Id.* at 140–49.

Plaintiffs respectfully submit that *Lumpkin*'s analysis bears on the issues raised in their pending motion, and offer it for the Court's consideration.

A copy of the court's Findings of Fact and Conclusions of Law is attached as Exhibit A, and the court's Final Judgment is attached as Exhibit B.

Dated: September 25, 2026

Respectfully Submitted,

**THE PROMISE OF JUSTICE INITIATIVE**

*/s/ Samantha Pourciau*
Cecelia Trenticosta Kappel, La. Bar No. 32736
Samantha Pourciau, La. Bar No. 39808
Michael Allen, La. Bar No. 41142
1024 Elysian Fields Avenue
New Orleans, LA 70117
Tel: (504) 529-5955
ctkappel@defendla.org
sbosalavage@defendla.org
mallen@defendla.org

**RIGHTS BEHIND BARS**

*/s/ Samuel Weiss*
Samuel Weiss
1800 M Street NW Fnt. 1, No. 33821
Washington, D.C. 20033
Tel: (202) 455-4399
sam@rightsbehindbars.org

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

*/s/ Jeremy A. Benjamin*
Joshua Hill Jr. (PHV) NY Bar No. 4297826
Jeremy A. Benjamin (PHV) NY Bar No. 4770277
Arielle B. McTootle (PHV) NY Bar No. 5993217
Ricardo Sabater (PHV) NY Bar No. 5993217
Leah R. Weiser (PHV) NY Bar No. 6027601
Chizoba D. Wilkerson (PHV) NY Bar No. 5903943
Erica Paul (PHV) NY Bar No. 615707
Christopher Bilicic (PHV) NY Bar No. 6233472
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000
jhill@paulweiss.com
jbenjamin@paulweiss.com
amctootle@paulweiss.com
rsabater@paulweiss.com
lweiser@paulweiss.com
cwilkerson@paulweiss.com
epaul@paulweiss.com
cbilicic@paulweiss.com

*Attorneys for Plaintiffs and the Certified Classes*